**No. 25-7380**

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

WHATSAPP INC., a Delaware corporation; META PLATFORMS, INC., FKA FACEBOOK INC.,

*Plaintiffs-Appellees*,

v.

NSO GROUP TECHNOLOGIES LIMITED; Q CYBER TECHNOLOGIES LIMITED,

*Defendants-Appellants*,

*On Appeal from the U.S. District Court for the Northern District of California, No. 4:19-cv-07123-PJH, Hon. Phyllis J. Hamilton*

### EXCERPTS OF RECORD VOLUME III OF III (ER-364-552)

STEPHEN A. BROOME
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000

HOPE D. SKIBITSKY
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
295 5th Ave., 9th Floor
New York, NY 10016
(212) 849-7000

DEREK L. SHAFFER
RACHEL FRANK QUINTON
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 13th St. NW, Suite 600
Washington, DC 20004
(202) 538-8000

ALEX H. LOOMIS
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
111 Huntington Ave., Suite 520
Boston, MA 02199
(617) 712-7100

*Counsel for Defendants-Appellants*

February 11, 2026

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION AND FOR PARTIAL SUMMARY JUDGMENT; POINTS AND AUTHORITIES** <br><br> Date:  November 1, 2024 <br> Time:  1:30 p.m. <br> Place:  Courtroom 3, Ronald V. Dellums Federal Building & U.S. Courthouse, 1301 Clay Street, Oakland, California <br><br> Action Filed: 10/29/2019 |

**ER-365**

## TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION ........................................................................................................ 1

POINTS AND AUTHORITIES ........................................................................................... 1

BACKGROUND ................................................................................................................. 3

ARGUMENT ...................................................................................................................... 7

    I.    Plaintiffs cannot prove that NSO is subject to personal jurisdiction in California. ................................................................................................... 8

        A.    NSO did not purposefully direct any case-related conduct toward California. ................................................................................ 9

        B.    NSO is not subject to nationwide jurisdiction under Rule 4(k)(2). .............. 17

    II.    NSO is entitled to summary judgment on all claims based on the operational use of Pegasus by NSO's government customers. .............................. 18

        A.    Plaintiffs have no evidence NSO ever unlawfully used Pegasus. ................. 18

        B.    The act of state doctrine bars Plaintiffs' claims based on the operational use of Pegasus by NSO's government customers. ...................... 19

    III.    NSO is entitled to summary judgment on Plaintiffs' CFAA claim. ...................... 20

        A.    Plaintiffs cannot pursue a "without authorization" claim or a claim based on WhatsApp's terms of service. .............................................. 21

        B.    Plaintiffs cannot pursue an "exceeds authorized access" claim. ................... 22

        C.    CFAA's law-enforcement exception shields NSO's R&D after December 2018. .......................................................................................... 23

    IV.    NSO is entitled to summary judgment on Plaintiffs' CDAFA claim because Plaintiffs cannot prove NSO knowingly took any action in California. ............................................................................................................... 24

CONCLUSION .................................................................................................................. 25

**PLEASE TAKE NOTICE** that on November 1, 2024, at 1:30 p.m., Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. (collectively "NSO") will bring on for hearing before the Honorable Phyllis J. Hamilton, United States District Judge, in the United States Courthouse, 1301 Clay Street, Courtroom 3, Oakland, California, a motion to dismiss or for summary judgment for lack of personal jurisdiction and for partial summary judgment. The motion is based on the following Points and Authorities; the Declarations of Yaron Shohat, Terrence McGraw, and Joseph N. Akrotirianakis (and the exhibits to those Declarations); the pleadings, papers, and records on file in this case; and such oral argument as may be presented.

*First*, NSO moves to dismiss under Rule 12(b)(2), or for summary judgment under Rule 56, because the Court lacks personal jurisdiction over NSO.  Courts have treated such motions both as motions for summary judgment, *Stoliarov v. Marshmello Creative, LLC*, 2021 WL 1781870 (C.D. Cal. Apr. 7, 2021), and as motions to dismiss, *Kiwijet, LLC v. Mena Technics Co.*, 2022 WL 20401312 (C.D. Cal. Dec. 16, 2022).[1]  However the Court characterizes this motion, it should "make any necessary factual findings and decide the jurisdictional issue" as a matter of law. *Berardinelli v. Castle & Cooke Inc.*, 587 F.2d 37, 39 (9th Cir. 1978).  *Second*, NSO moves for partial summary judgment under Rule 56 on: (1) all of Plaintiffs' claims based on the *use* of Pegasus; (2) Plaintiffs' Computer Fraud and Abuse Act ("CFAA") claim; and (3) Plaintiffs' California Comprehensive Computer Data Access and Fraud Act ("CDAFA") claim.

## POINTS AND AUTHORITIES

Plaintiffs' claims challenge actions Israeli corporations took in Israel to design a technology licensed to foreign governments to use to investigate foreign crimes.  The only connection this case has to California (or even the United States) is that Plaintiffs, like nearly every other large tech company, placed their headquarters in the Bay Area.  For that reason, California has never had any basis to exercise personal jurisdiction over NSO.  To argue otherwise, Plaintiffs told this Court that NSO's "Pegasus" technology "*sought out specific* [WhatsApp] servers—including servers *in California*—in order to transmit malicious code through those servers." (Dkt. 111 at 22 (emphases

---

[1] When a defendant moves to dismiss pre-trial for lack of personal jurisdiction, "the mode of [the motion's] determination is left to the trial court."  *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

added).)  The Court denied NSO's motion to dismiss and allowed this action to proceed on the basis of that assertion.  But that assertion was false.  And instead of correcting it, Plaintiffs have engaged in an abusive fishing expedition—plumbing NSO's most sensitive documents for something, *anything*, that could tie NSO to California.  They found nothing.

So now, after more than four and a half years, the record proves what Plaintiffs must have known all along: NSO did not and could not target *any* specific WhatsApp server, much less servers in California.  Almost none of WhatsApp's servers were even in California.  And wherever they were, neither NSO nor its government customers targeted any server based on its location.  Nor could they have—*WhatsApp* alone chose which servers would handle Pegasus messages.  So if WhatsApp's own decisions about how to design its system caused any Pegasus message to pass through servers in California, that reflected Plaintiffs' "unilateral activity," which cannot support jurisdiction over NSO.  *Walden v. Fiore*, 571 U.S. 277, 286 (2014).  Plaintiffs cannot identify any other proper basis for personal jurisdiction over NSO.  Therefore, the Court should dismiss all of Plaintiffs' claims for lack of personal jurisdiction.

NSO is also entitled to partial summary judgment on the merits of most claims.  ***First***, NSO is entitled to summary judgment on all of Plaintiffs' claims to the extent they rest on the *use* of Pegasus to monitor WhatsApp *users'* devices.  NSO *never* operated Pegasus on any nonconsenting WhatsApp user's device.  Only NSO's government customers did so, and Plaintiffs have no evidence otherwise.  Moreover, the "act of state" doctrine bars Plaintiffs from "question[ing] the legality" of a foreign government's "sovereign act" of using Pegasus.  *IAM v. OPEC*, 649 F.2d 1354, 1359 (9th Cir. 1981).  ***Second***, NSO is entitled to summary judgment on Plaintiffs' claim under the Computer Fraud and Abuse Act ("CFAA").  This Court already held that Plaintiffs cannot pursue a claim under CFAA's "without authorization" prong (Dkt. 111 at 37), and there is no basis for Plaintiffs to revive that claim now.  Nor can Plaintiffs pursue a claim under CFAA's "exceeds authorized access" prong, because NSO never "obtain[ed] or alter[ed] information in" WhatsApp's servers that it was "not entitled so to obtain or alter."  18 U.S.C. § 1030(e)(6).  And in all events, Plaintiffs cannot challenge any of NSO's research and development ("R&D") for Pegasus after December 2018 because it was authorized by the FBI, a "law enforcement agency of the United

States." *Id.* § 1030(f). ***Third***, NSO is entitled to summary judgment on Plaintiffs' claim under the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"). CDAFA does not apply to conduct outside of California, and Plaintiffs have no evidence that NSO took any actions prohibited by CDAFA within California.

## Background

**A. NSO's business.** NSO is an Israeli technology company that designs and markets to government agencies a highly regulated technology only for use in investigating crimes and terrorism. (Shohat Decl. ¶¶ 3-4.) This case involves an NSO product called "Pegasus." NSO licenses Pegasus exclusively to select government agencies approved by the Government of Israel, never to any private customer. (Shohat Decl. ¶ 9; Akro. Exh. H at 138:12-15; Akro. Exh. I at 93:13-19.)[2]

A Pegasus license includes a year of "support[] and maintenance," including software updates and "new[] versions" of Pegasus. (Shohat Exhs. A & B at 9, 14-15.) Maintaining and updating Pegasus requires continuous R&D. (Shohat Decl. ¶ 15; Akro. Exh. H at 104:3-13.) NSO, however, *never operates* Pegasus—only its government customers may do so. (Shohat Decl. ¶¶ 14-16, Exh. A ¶ 2.4, Exh. B ¶ 2.4; Akro. Exh. H at 234:8-236:10, Exh. I at 316:11-317:2.) NSO requires its government customers to agree that they will (1) "fully comply with all privacy and national security related laws and regulations, international standards, and any other laws and regulations that are applicable to the use of [Pegasus], including by way of obtaining all judicial warrants . . . to the extent required by law," (2) use Pegasus "only for the prevention and investigation of crimes and terrorism and ensure that [Pegasus] will not be used for human rights violations," and (3) "immediately notify" NSO of any "misuse or potential misuse." (Shohat Exh. A ¶ 18.5, Exh. B ¶ 19.5.) NSO can suspend or terminate service to customers that misuse its technology, and it has done so. (Shohat Decl. ¶ 12; Akro. Exh. H at 21:16-25, 26:23-31:17, 181:10-15.)

NSO has no presence or operations in the United States. (Shohat Decl. ¶ 4; Akro. Exh. H at 87:14-89:1.) In the past, an independent Delaware company called Westbridge Technologies

---

[2] Israel strictly regulates Pegasus and must approve each request for a license. (Shohat Decl. ¶¶ 5-7.) Israel requires NSO's government customers to execute end-use certificates on a government-to-government basis, promising to use Pegasus only for the "[c]ollection of data from mobile devices for the prevention and investigation of crimes and terrorism, in compliance with privacy and national security laws." (Akro. Exh. N; Shohat Decl. ¶ 6.)

**ER-369**

Inc. marketed NSO's products to potential U.S. government customers.  Westbridge was within the same broad corporate family as NSO and Q Cyber but was not a parent or subsidiary of either entity.  (Shohat Exh. C; Akro. Exh. H at 81:9-14; Akro. Exh. G at 123:5-14.)  NSO's and Westbridge's interactions were governed by a contract that identified Westbridge as "an independent contractor" rather than an "agen[t]."  (Shohat Exh. D ¶ 12.)  NSO did not control or direct any of Westbridge's marketing efforts.  (Akro. Exh. G at 155:14-20, 287:4-17, 290:2-7, Exh. J at 288:9-293:1, 314:14-315:5, 333:7-12, Exh. H at 140:6-141:6; Shohat Decl. ¶ 20.)  Westbridge had its own operations, employees, executives, offices, bank accounts, and other corporate formalities.  (Akro. Exh. G at 84:20-21, 270:2-271:14, 272:17-275:14, Exh. J at 32:6-33:21, 273:6-277:19; Shohat Decl. ¶ 20.)  NSO was not Westbridge's "exclusive" supplier (Shohat Exh. D ¶ 2.1), and Westbridge also marketed products designed by a separate company called CS Circles Solutions Ltd. (Shohat Exh. E at 8; Akro. Exh. G at 158:16-159:10, 242:15-243:8).

Westbridge's marketing efforts for Pegasus were largely unsuccessful.  (Akro. Exh. G at 177:2-13; Akro. Exh. J at 64:22-25.)  In 2016 Westbridge unsuccessfully marketed Pegasus to a few local law-enforcement agencies in California.  (Akro. Exh. J at 211:4-10, 318:22-319:5.) Westbridge alone made the decision to market to these agencies, with no input from NSO.  (Akro. Exh. J at 288:9-290:24, 315:2-5.)  No California entity ever licensed Pegasus.  (Akro. Exh. G at 236:16-22.)  Westbridge did successfully market Pegasus to the FBI in December 2018.  (Akro. Exh. G at 264:7-18, Exh. O.)  The FBI purchased a Pegasus license, which required NSO to provide continuous "maintenance" and updates.  (Akro. Exh. N, Exh. G at 332:3-333:21.)

**B. NSO's Pegasus technology.**  Pegasus includes (1) an "agent" designed to reside on a target device and collect information from that device, and (2) various delivery mechanisms (or "vectors") for delivering the agent to target devices.  (McGraw Decl. ¶¶ 38, 45; Akro. Exh. I at 30:7-23, 42:23-43:5.)  The Pegasus "agent" cannot function on any device that is in the United States or has a U.S. phone number.  (Shohat Decl. ¶ 13; Akro. Exh. I at 316:3-7, 327:11-328:14.)

Between April 2018 and May 2020, NSO licensed three delivery "vectors" for the Pegasus agent—known as "Heaven," "Eden," and "Erised," and collectively as "Hummingbird"—that

operated by messaging target devices through WhatsApp. (Akro. Exh. I at 67:15-24.)[3] All three vectors used WhatsApp to send messages to target devices that, if successful, would cause the target devices to download the Pegasus agent from a third-party "payload server" controlled by Pegasus's government operator. (McGraw Decl. ¶¶ 30-39.) As Plaintiffs admitted, "WhatsApp servers were not compromised by" the vectors' use of the WhatsApp service to send WhatsApp messages. (Akro. Exh. P at 4.) Pegasus did not damage, alter, or impair WhatsApp's servers or the servers' code in any way. (McGraw Decl. ¶¶ 80-85; Akro. Exh. L at 183:1-184:7.) Nor had NSO "introduce[d]" any "vulnerability into [WhatsApp's] code base." (Akro. Exh. K at 200:25-201:10.) The messages Pegasus sent simply traveled through WhatsApp servers like any other WhatsApp message would have—akin to mail sent through the postal service. (McGraw Decl. ¶ 74).

Due to how WhatsApp designed its own infrastructure, WhatsApp messages sent by any WhatsApp user, including a governmental Pegasus operator, passed through "signaling" and "relay" servers controlled by WhatsApp. (*Id.* ¶¶ 20-28, 41-54.) WhatsApp alone, not NSO or its government customers, chose how to route messages Pegasus sent over WhatsApp's servers. (*Id.*)

***Signaling Servers.*** WhatsApp signaling servers (also called "chatd" servers) create the initial connection between two callers. (McGraw Decl. ¶ 20.) In 2019, all of WhatsApp's signaling servers were in data centers in Iowa, Oregon, and North Carolina. (Akro. Exh. L at 184:21-185:9.) When any WhatsApp user, including a governmental Pegasus operator, initiated a WhatsApp call, WhatsApp sent a call request to a domain name identified solely as "chat.whatsapp.com." (Akro. Exh. L at 86:1-19.) At that point, WhatsApp unilaterally chose the signaling server that would be involved in the call. (McGraw Decl. ¶ 21; Akro. Exh. L at 89:4-90:6, 96:25-98:16, 102:4-104:15, 129:15-20.) WhatsApp chose the signaling server according to its own internal algorithms, to balance server loads across its infrastructure. (*Id.*)

***Relay Servers.*** WhatsApp's relay servers convey audio and video data during a call. (McGraw Decl. ¶¶ 14, 26.) In 2019, WhatsApp's relay servers were located in over 100 "edge locations" worldwide, only two of which were in California. (Akro. Exh. L at 82:15-17, 132:22-133:10.)

---

[3] NSO does not now have any "installation vector for Pegasus . . . that uses [Plaintiffs'] technology in any way." (Akro. Exh. H at 51:23-52:3.)

WhatsApp's "signaling server is the one that actually pick[ed] the relay servers involved in [a] call," using an algorithm designed by WhatsApp. (Akro. Exh. L at 81:17-82:21.) The signaling server picked the relay servers for any call (including calls initiated with Pegasus) by generating a short list of URLs associated with the relay servers that WhatsApp's algorithm determined had the best performance. (Akro. Exh. L at 117:21-121:20; McGraw Decl. ¶¶ 28, 47.) The signaling server then provided callers (including Pegasus users) "tokens" authorizing them to access those relay servers; as Plaintiffs' corporate designee testified, "as long as you have a valid token, you can use the relay." (Akro. Exh. L at 118:19-119:25; McGraw Decl. ¶¶ 28, 47.) The WhatsApp application would then reach out to those URLs, and WhatsApp would again decide which relay servers to use based on an algorithmic assessment of server performance. (Akro. Exh. L at 120:1-121:2, Exh. I at 319:7-19; McGraw Decl. ¶¶ 28, 50.) Just like the WhatsApp application, the Eden and Erised installation vectors used whichever relay server happened to have the best performance, without considering the server's location. (McGraw Decl. ¶¶ 48-54; Akro. Exh. I at 323:9-325:22.)[4] Thus, it was always WhatsApp that chose the servers any message Pegasus sent was passed through.

As designed, *every message* Pegasus sent through WhatsApp servers complied fully with every technical requirement imposed by those servers—otherwise, the servers would have rejected the message. (McGraw Decl. ¶¶ 65-79.) Pegasus did not execute any foreign code on the WhatsApp servers or introduce any vulnerability into WhatsApp's code. (*Id.* ¶¶ 34, 37, 39, 69; Akro. Exh. K at 200:25-201:10, 202:10-18.) Nor did Pegasus access any server information that was off-limits to any other WhatsApp user, let alone breach any code-based access barriers protecting such information. (McGraw Decl. ¶¶ 65-79.) Pegasus merely invoked messaging functions that WhatsApp servers made available to it (*id.* ¶¶ 39, 65-79), and thus accessed only those parts of the server that WhatsApp programmed those functions to access (Akro. Exh. L at 129:15-130:23). The only difference between Pegasus's use of servers and other WhatsApp users' use of the same servers was the *content* of the messages Pegasus passed through them. Plaintiffs may not have liked the content of those messages, but they were not prohibited by anything in WhatsApp's server code. (McGraw Decl. ¶ 67.)

[4] Heaven did not use WhatsApp relay servers at all. (McGraw Decl. ¶ 45; Akro. Exh. I at 258:17-260:2.)

ER-372

constitute "extensive contacts" with the United States because NSO "also marketed in other countries." *Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC*, 458 F. Supp. 3d 1202, 1212 (N.D. Cal. 2020), *rev'd on other grounds*, 2021 WL 5861279 (9th Cir. Dec. 10, 2021). Out of all of NSO's Pegasus contracts, the FBI was the only U.S. government agency to ever use Pegasus. (Akro. Exh. H at 148:16-21.) That one sale is too limited a contact with the United States to support jurisdiction "on a national scale." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127 (9th Cir. 2002) ("seven East Cost shipments" were too "few in number" to trigger Rule 4(k)(2)).[14] And again, if contacts between NSO and the FBI *were* sufficient to create personal jurisdiction, then NSO would be subject to specific jurisdiction in Washington, D.C., and Rule 4(k)(2) would not apply. *Platinum Performance, Inc. v. Pro Dev., GmbH*, 2009 WL 10676261, at *6 (C.D. Cal. Jun 3, 2009).

## II. NSO is entitled to summary judgment on all claims based on the operational use of Pegasus by NSO's government customers.

Plaintiffs alleged in their Complaint that NSO itself operates Pegasus, another claim that discovery proved to be untrue. Plaintiffs, however, continue to assert claims based on the use of Pegasus to monitor the targets of governmental investigations. NSO is entitled to summary judgment on all of these claims. As a threshold matter, Plaintiffs have no evidence that NSO ever operated Pegasus to access any target user's device. Even if Plaintiffs had such evidence, the act of state doctrine would bar any claim challenging foreign governments' use of Pegasus.

### A. Plaintiffs have no evidence NSO ever unlawfully used Pegasus.

Plaintiffs' claims against NSO related to the use of Pegasus fail for the simple reason that they cannot attribute any use of Pegasus to NSO. NSO's government customers alone operate Pegasus and make all decisions about how to do so. (Shohat Exh. A ¶ 2.4, Exh. B ¶ 2.4.) Plaintiffs

---

[14] *Holland*, 485 F.3d at 462 ("isolated incident" in Florida insufficient under Rule 4(k)(2)); *accord Michael Grecco Prods. Inc. v. ImageSelect B.V.*, 2024 WL 1640911, at *9-10 (C.D. Cal. Mar. 11, 2024); *St Andrews Links Ltd. v. Source & Design Int'l (UK) LTD*, 2022 WL 11902199, at *4-5 (N.D. Cal. Oct. 20, 2022); *Travelers Prop. Cas. Co. of Am. v. Apex Shipping Co. (NYC)*, 2020 WL 5608476, at *6 (N.D. Cal. Aug. 31, 2020).

know that the users of Pegasus are "nation states" (Akro. Exh. R[15]), and they have no evidence from which a reasonable jury could find that *NSO*, rather than its government customers, ever used Pegasus to access a nonconsenting WhatsApp user's device. Without evidence of any such conduct *by* NSO, Plaintiffs cannot pursue a claim *against* NSO for the use of Pegasus.

**B.     The act of state doctrine bars Plaintiffs' claims based on the operational use of Pegasus by NSO's government customers.**

Even if Plaintiffs could attribute governments' use of Pegasus to NSO, the act of state doctrine prohibits U.S. courts from resolving any claim based on that conduct. The act of state doctrine bars lawsuits that "question the legality of the sovereign acts of foreign states." *IAM*, 649 F.2d at 1359. It applies, at a minimum, when "(1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed in the action would require a court in the United States to declare invalid the foreign sovereign's official act." *Sea Breeze Salt, Inc. v. Mitsubishi Corp.*, 899 F.3d 1064, 1069 (9th Cir. 2018) (cleaned up). The "doctrine is to be applied pragmatically and flexibly, with reference to its underlying considerations." *In re Philippine Nat'l Bank*, 397 F.3d 768, 773 (9th Cir. 2005) (cleaned up). "Thus, even when an act of a foreign state affects property outside of its territory, the considerations underlying the act of state doctrine may still be present" when justified by an "underlying governmental interest." *Id.* at 773-74 (cleaned up).[16] A "private litigant may raise the act of state doctrine, even when no sovereign state is a party to the action." *IAM*, 649 F.2d at 1359.

The act of state doctrine applies to foreign governments' use of Pegasus. NSO exclusively licensed Pegasus to governments and government agencies, and a government's use of Pegasus is an "official, sovereign act[]." *Sea Breeze Salt*, 899 F.3d at 1069. When a government engages in "clandestine surveillance and espionage," it "employ[s] powers that . . . are peculiar to sovereigns." *Broidy Cap. Mgmt., LLC v. Qatar*, 982 F.3d 582, 594 (9th Cir. 2020) (cleaned up). Even though Plaintiffs contend that some uses of Pegasus occasionally sent messages through WhatsApp servers

---

[15] *See, e.g.*, Akro. Exh. S ("MX government[]"), Exh. T ("Saudi Arabian government[]"), Exh. U ("Uzbekistan's government[]"), Exh. V ("UAE government[]").

[16] *See AdvanFort Co. v. Cartner*, 2015 WL 12516240, at *7 (E.D. Va. Oct. 30, 2015) ("the fact that a government entity acted outside the physical boundaries of the sovereign will not automatically defeat the doctrine's application where the decision . . . is 'governmental' in nature").

And while CDAFA covers several forms of computer-related misconduct, the minimum requirement for its prohibitions is "knowing[]" access to a computer. Cal. Penal Code § 502(c). For that conduct to occur within California, the defendant must knowingly access a computer *in California*. Otherwise, "the liability-creating conduct" would "occur[] outside of California," and CDAFA would not apply. *Oman*, 889 F.3d at 1079.[18] That is true even when the plaintiff lives in California, because "the concept of extraterritoriality . . . concerns legislation that regulates *conduct* that occurs in a foreign jurisdiction—regardless of the plaintiff's residency." *English v. Gen. Dynamics Mission Sys.*, 2019 WL 2619658, at *6 (C.D. Cal. May 8, 2019) (cleaned up).[19]

This rule dooms Plaintiffs' CDAFA claim because they cannot prove NSO knowingly accessed any California-based WhatsApp server. As discussed above, WhatsApp had no signaling servers in California, and NSO had no advance knowledge or control of which relay servers any Pegasus message passed through. Accordingly, any access to California servers by NSO would not have been "knowing[]," as CDAFA requires. Moreover, any connection between NSO and California-based WhatsApp servers would be purely fortuitous, and such incidental contact with California would not "show a sufficient nexus between California and [NSO's] alleged wrongful conduct" to permit application of California law. *Nowak*, 2020 WL 6822888, at *6 (CDAFA did not apply to hacking of plaintiff's Bitcoin account even though account was in California); *see Sajfr v. BBG Comms., Inc.*, 2012 WL 398991, at *4 (S.D. Cal. Jan. 10, 2012) (California law did not apply to foreign calls "routed through switches in the United States" and "rated and billed from San Diego").

### Conclusion

The Court should grant NSO's motion and enter judgment in NSO's favor.

Dated: September 27, 2024                    KING & SPALDING LLP

                                             By: *Joseph N. Akrotirianakis*
                                             JOSEPH N. AKROTIRIANAKIS
                                             AARON S. CRAIG
                                             *Attorneys for Defendants*

---

[18] *See Terpin*, 399 F. Supp. 3d at 1047 (dismissing CDAFA claim because plaintiff did "not allege that the hacks . . . occurred in California"); *M Seven*, 2013 WL 12072526, at *3 (CDAFA did not apply to hacking of Korean computer).

[19] *See Allergan, Inc. v. Athena Cosmetics*, 738 F.3d 1350, 1358-59 (Fed. Cir. 2013) (California law did not apply to foreign sales, even if sales "cause[d] [plaintiff] an injury . . . in California").

**ER-375**

Greg D. Andres
Antonio J. Perez-Marques
Craig T. Cagney
Luca Marzorati
  (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email:   greg.andres@davispolk.com
         antonio.perez@davispolk.com
         craig.cagney@davispolk.com
         luca.marzorati@davispolk.com

Micah G. Block (SBN 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111
Email:   micah.block@davispolk.com

*Attorneys for Plaintiffs*
*WhatsApp LLC and Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP LLC and META PLATFORMS, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                    Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   November 1, 2024<br>Time:   1:30 p.m.<br>Ctrm:   3<br>Judge:  Hon. Phyllis J. Hamilton<br>Action Filed: October 29, 2019 |

## TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

BACKGROUND ......................................................................................................3

LEGAL STANDARD.................................................................................................5

ARGUMENT ...........................................................................................................5

    I. NSO IS LIABLE ON PLAINTIFFS' BREACH OF CONTRACT CLAIM.......................5

        A.    NSO Agreed to the Terms...................................................................6

        B.    NSO Breached the Contract................................................................8

        C.    Plaintiffs Fulfilled Its Obligations and Suffered Damages From NSO's Breaches ..........................................................................11

    II.    NSO IS LIABLE ON PLAINTIFFS' CFAA CLAIMS............................................11

        A.    NSO Violated § 1030(a)(2) and § 1030(a)(4) of the CFAA ...........11

                1.    NSO Intentionally Accessed WhatsApp's Servers and the Target Devices....................................................................12

                2.    NSO Accessed WhatsApp Servers and the Official Client on Target Devices Without Authorization or Exceeded Any Purported Authorized Access ..........................................13

                        a)    NSO Bypassed the Restrictions Built Into the Official Client....................................................................15

                        b)    NSO Circumvented Plaintiffs' 2018 Security Updates..........17

                        c)    NSO Developed, Tested, and Used a WhatsApp Malware Vector After Plaintiffs Filed This Action and Revoked NSO's Access ...................................................................18

                        d)    NSO Exceeded Any Purported Authorization to Access WhatsApp's Servers.............................................................19

                        e)    NSO Accessed Target Devices Without Authorization.........20

                  3.    NSO Obtained Information in Violation of § 1030(a)(2) ..................20

                  4.    NSO Defrauded Plaintiffs and WhatsApp Users in Violation of § 1030(a)(4) ...........................................................22

        B.    NSO Conspired with Clients to Use Its Technology in Violation of § 1030(b)....................................................................23

i

C.    NSO Trafficked in Password-Like Information in Violation of § 1030(a)(6) .................................................................................................24

D.    NSO Caused Plaintiffs a Loss of More than $5,000 ....................................25

III.    NSO IS LIABLE ON PLAINTIFFS' CDAFA CLAIM ...........................................25

CONCLUSION ..............................................................................................................................25

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 4:19-CV-07123-PJH

ER-378

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 29, 2019, Plaintiffs WhatsApp and Meta filed their Complaint against Defendants NSO Group and Q Cyber (collectively, "NSO"), alleging violations of the Computer Fraud and Abuse Act ("CFAA") and California Comprehensive Data Access and Fraud Act ("CDAFA"), and contractual breaches of WhatsApp's Terms of Service. By its Order dated July 16, 2020, the Court held that Plaintiffs' allegations, if proven, sufficed to establish liability on those claims, as well as personal jurisdiction. Now, with fact discovery completed, the undisputed evidence—including the deposition testimony of Defendants' own percipient and corporate representative witnesses, and Defendants' limited production of internal documents[1]—has confirmed the truth of those allegations. Because the undisputed evidence establishes Defendants' liability on all claims, summary judgment should be entered for Plaintiffs, leaving only the amount of damages to be tried.

As a threshold matter, NSO admits that it developed and sold the spyware described in the Complaint, and that NSO's spyware—specifically its zero-click installation vector called "Eden," which was part of a family of WhatsApp-based vectors known collectively as "Hummingbird" (collectively, the "Malware Vectors")—was responsible for the attacks described in the Complaint. NSO's Head of R&D has confirmed that those vectors worked precisely as alleged by Plaintiffs. Defendants have admitted that they developed those exploits by extracting and decompiling WhatsApp's code, reverse-engineering WhatsApp, and designing and using their own "WhatsApp Installation Server" (or "WIS") to send malformed messages (which a legitimate WhatsApp client could not send) through WhatsApp servers and thereby cause target devices to install the Pegasus spyware agent—all in violation of federal and state law and the plain language of WhatsApp's Terms of Service. NSO's documents reflect that it was well aware of WhatsApp's prohibition on

---

[1] Subject to further conferring with NSO, Plaintiffs intend to file a separate motion for sanctions in light of NSO's violation of the Court's discovery orders, including through its failure to produce categories of documents, such as source code, which the Court ordered Defendants to produce. Because summary judgment is warranted on the undisputed facts, Plaintiffs' motion is not contingent on the Court granting the relief in Plaintiffs' anticipated sanctions motion. Nonetheless, sanctions are warranted given the scope of NSO's misconduct and its prejudicial impact on Plaintiffs' ability to prosecute this case.

1

reverse-engineering, and NSO's Head of R&D admits NSO made no effort to comply with WhatsApp's Terms of Service in developing the Malware Vectors.

The purpose of NSO's conduct is also undisputed: to extract valuable information from WhatsApp servers and target devices, and do so secretly, in a manner intentionally designed to deceive and evade detection by not only the owners of the target devices, but by WhatsApp itself. NSO has admitted that it never sought or obtained authorization from WhatsApp to engage in this conduct, and it knew full well that if WhatsApp detected NSO's conduct, it would put a stop to NSO's lucrative venture. Indeed, NSO has admitted that, on several occasions, WhatsApp's security updates disabled its Malware Vectors, at least temporarily. NSO also admits that in those instances, it modified the exploit or developed a new one to circumvent WhatsApp's technical restrictions and continue its unauthorized use of WhatsApp servers to install Pegasus.

Even after WhatsApp detected and blocked the exploit described in the Complaint in May 2019, NSO admits that it developed yet another installation vector (known as Erised) that also used WhatsApp servers to install Pegasus.[2] NSO continued to use and make Erised available to customers even after this litigation had been filed, until changes to WhatsApp blocked its access sometime after May 2020. NSO's witnesses have refused to answer whether it developed further WhatsApp-based Malware Vectors thereafter. All of these facts are undisputed, drawn principally from the corporate representative testimony of NSO's own witnesses, which is binding on Defendants.

These undisputed facts, and others set forth herein, leave no triable issue as to Defendants' liability on any claim. NSO's admitted actions in developing and deploying the Malware Vectors violate the plain terms of the WhatsApp Terms of Service and constitute contractual breaches as a matter of law. The undisputed evidence establishes that NSO accepted those Terms, on dozens of occasions, in creating WhatsApp accounts to develop, test, and deploy its spyware. The admitted

---

[2] These newly discovered facts stand in stark contrast to NSO's arguments, in seeking dismissal of Plaintiffs' claims for injunctive relief, that Plaintiffs faced no continuing risk of harm following the May 2019 security update, because the Complaint alleged "only past conduct that will not—cannot—reoccur" and that "WhatsApp is once again secure." (Dkt. No. 105 at 1-3).

operation of NSO's spyware–including through its admitted intent to evade detection by WhatsApp or target device owners, to extract valuable information, and to circumvent WhatsApp security updates—establishes violations of the CFAA and CDAFA.  NSO's access to WhatsApp servers and the target devices was unauthorized and exceeded any authorized access, and NSO knew it.  And as to Plaintiffs' claim under CFAA § 1030(a)(6), for trafficking in password or similar information, NSO admits the access afforded by its spyware is tantamount to having a target device's password.

In short, discovery confirmed the very allegations this Court already ruled were sufficient for liability—as well as revealing new, undisputed facts further establishing liability.  Judgment as a matter of law should be entered in Plaintiffs' favor as to liability on all their claims.

## BACKGROUND

WhatsApp provides an encrypted communication service available on mobile devices and desktop computers.[3]  *See* Ex. 1 (Youssef Rep.) at 10.[4]  WhatsApp users must first install the legitimate WhatsApp client application ("Official Client"), and agree to the WhatsApp Terms of Service ("Terms") before using WhatsApp.  Ex. 2 (Lee Dep.) at 176:5-179:4; *see also* Ex. 3 (Woog Dep.) at 177:7-23; Ex. 1 (Youssef Rep.) at 26-27.  WhatsApp signaling servers authenticate the Official Client based on an encrypted key created during registration, and then provide a temporary token used to access WhatsApp's relay servers.  Ex. 4 (Gheorghe Dep.) at 117:21-119:25, 136:5-137:13.  The signaling servers start the call between users, and the relay servers "handl[e] the realtime traffic between devices during a call."  *Id.* at 31:14-17, 33:10-21.

NSO's principal spyware product is called "Pegasus."  *See, e.g.*, (Dkt. No. 182-1, Ex. Q) (noting NSO's "key surveillance product" is Pegasus).  NSO uses Pegasus as a trade name to refer to several component pieces of software used collectively.  Ex. 5 (Defs.' Supp. Resps. to Pls.' First Interrogs.) at 6-13.  A Pegasus "agent" is the software that runs on the target devices to collect and extract information.  Ex. 6 (Gazneli Dep.) at 42:23-43:5.  The Malware Vectors are the software

---

[3] Meta served as WhatsApp's service provider, which entails providing both infrastructure and security for WhatsApp.  *See* Ex. 4 (Gheorghe Dep.) at 36:17-37:9; 92:18-21.

[4] Citations to "Ex_" refer to the exhibits submitted in connection with the Declaration of Micah G. Block filed contemporaneously herewith, except as otherwise noted.

3

used to install the Pegasus agent, *id.* at 30:3-31:13; Ex. 5 (Defs.' Supp. Resps. to Pls.' First Interrogs.) at 9-13, which NSO's documents characterize as the "heart of any intelligence operation." Ex. 7 (PX2032) at -687; Ex. 6 (Gazneli Dep.). at 97:17-22, 113:3-115:3.

Prior to April 2018, NSO researched, developed, and tested potential installation vectors using WhatsApp by creating an internal environment replicating WhatsApp's servers and by "decompiling" the Official Client's code to understand how to circumvent the security measures built into it.[5] Ex. 6 (Gazneli Dep.) at 70:2-15, 226:17-227:14. Based on this reverse-engineering work, NSO developed an installation vector called "Heaven" that used NSO's own modified client application called the "WhatsApp Installation Server" (or "WIS"). *Id.* at 157:7-164:9. The WIS was able to impersonate the Official Client to access WhatsApp's servers and send messages, including call settings, that the Official Client could not. *Id.* at 237:10-238:16, 278:16-279:6. NSO began testing Heaven on WhatsApp servers around April 2018, and began distributing it to customers shortly afterward. *Id.* at 76:12-22, 87:9-18. NSO created WhatsApp accounts to use with the WIS because it could not access WhatsApp's servers without the authentication key created during registration. *Id.* at 278:16-23. NSO also set up anonymized WhatsApp accounts and server infrastructure for its customers. *See* Ex. 8 (Eshkar Dep.) at 39:15-17, 151:3-153:8.

Heaven had used manipulated messages to force WhatsApp's signaling servers to direct target devices to a third-party relay server controlled by NSO. *Id.* at 196:2-6. In September 2018 and again in December 2018, Plaintiffs made security updates to WhatsApp's servers that prevented NSO's access to the servers and target devices. *See* Ex. 1 (Youssef Rep.) at 38; Ex. 6 (Gazneli Dep.) at 254:14-17. The server changes permanently disabled the Heaven Malware Vector. *See* Ex. 9 (PX2007).

By February 2019, NSO developed a new exploit called "Eden" to circumvent those security updates. Ex. 6 (Gazneli Dep.) 256:16-258:5. The primary difference was that Eden "need[ed] to go through WhatsApp relay servers," not NSO's own relay server. *Id.* at 258:17-22;

---

[5] "Decompiling" and "reverse engineering" the Official Client are expressly prohibited by the Terms. Ex. 11 (WA-NSO-00014825) at -827.

4

*see also* Ex. 5 (Defs.' Supp. Resps. to Pls.' First Interrogs.) at 8. NSO admits its Eden technology was responsible for the attacks against the approximately 1,400 devices that Plaintiffs observed in May 2019, as described in the Complaint. *See* Ex. 10 (Shohat Dep.) at 69:13-18.

After detecting NSO's malicious messages in May 2019, Plaintiffs' employees invested significant time investigating the source of the exploit and remediating it by making changes to its servers and the Official Client. Ex. 4 (Gheorghe Dep.) at 29:22-25; Ex. 12 (Trexler Rep.) at 21-31. These changes permanently disabled the Eden Malware Vector. Ex. 13 (PX2058) ("Eden/ Heaven/ Hummingbird R.I.P. announcement"); Ex. 14 (PX2039) ("Eden has finished its duty with us"). Plaintiffs also disabled NSO's WhatsApp accounts, *see, e.g.*, Ex. 15 (SHANER_WHATSAPP_ 00001480), and filed this lawsuit. (Dkt. No. 1). NSO then developed a new Malware Vector called "Erised" that continued using WhatsApp as an installation vector through at least May 2020—even after this litigation had been filed—until changes to WhatsApp eventually disabled that Malware Vector, too. Ex. 6 (Gazneli Dep.) at 45:15-46:16, 267:2-10. NSO refused to state whether it developed further WhatsApp-based Malware Vectors after May 10, 2020. *Id.* at 47:2-6.

## LEGAL STANDARD

A motion for summary judgment must be granted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). As the party bearing the burden of proof at trial, Plaintiffs "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In response to such showing, NSO must set forth "*specific facts* showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)).

## ARGUMENT

### I. NSO IS LIABLE ON PLAINTIFFS' BREACH OF CONTRACT CLAIM

There is no genuine dispute as to any element of Plaintiffs' breach of contract claim, which requires proof of: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012, 1015 (N.D. Cal. 2016). NSO admits it created WhatsApp

5

accounts, and thus agreed to the Terms by doing so.  NSO reverse-engineered WhatsApp's servers and the Official Client, impermissibly collected information on other users, and accessed WhatsApp's systems without authorization and for illegal purposes, which all violate the Terms. NSO's breaches indisputably damaged Plaintiffs, and Plaintiffs are entitled to summary judgment.

### A.  NSO Agreed to the Terms

NSO admits its employees created and used WhatsApp accounts while developing and using NSO's Malware Vectors.  *See, e.g.*, Ex. 6 (Gazneli Dep.) at 272:9-276:18; Ex. 8 (Eshkar Dep.) at 17:13-23, 21:13-24; Ex. 14 (PX2039) at -490.  There is no genuine dispute that the employees agreed to the Terms, a necessary step in the WhatsApp registration process, which is sufficient to have bound NSO to the Terms.  *See AWR Corp. v. ZTE*, *Corp.*, 2011 WL 13217534, at *2–3 (C.D. Cal. June 13, 2011) (employees can bind employers to agreements "incidental to and reasonably proper in the performance of an assigned task." (citation omitted)).

Plaintiffs have established—and NSO does not dispute—that agreeing to the Terms is necessary to create a WhatsApp account and use WhatsApp.  During the registration process, a prospective user is notified about and required to consent to the Terms.  *See* Ex. 2 (Lee Dep.) at 176:5-1:4 ("[I]n order to proceed with the registration flow, you have to click a button . . . to demonstrate agreement of the terms of service, and to continue with the registration process."); *accord* Ex. 3 (Woog Dep.) at 177:7-23; Ex. 1 (Youssef Rep.) at 26-27; *see Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *8-9 (N.D. Cal. June 25, 2014) (parties "accepted the TOS when they created accounts" by "click[ing] a box . . . that appeared near a hyperlink to the TOS to indicate acceptance of the TOS").  There is no genuine dispute that NSO followed this required process. *See* Ex. 8 (Eshkar Dep.) at 70:16-72:25; Ex. 16 (Shaner Dep.) at 326:9-327:9.  In addition, the Terms provide that a user "agrees to [WhatsApp's] Terms of Service by installing, accessing, or using our apps [and] services."  Ex. 11 (WA-NSO-00014825) at -825; *see Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014) ("explicit textual notice that continued use will act as a manifestation of the user's intent to be bound" suffices).

*First*, it is undisputed that NSO employees created WhatsApp accounts for NSO and its customers for business purposes.  NSO created WhatsApp accounts because legitimate WhatsApp

6

authentication keys were necessary for NSO's Malware Vectors to gain access to the WhatsApp servers. *See* Ex. 6 (Gazneli Dep.) at 278:16-279:6. NSO created at least 50 WhatsApp accounts on "company owned devices" around April 2018 to test its Malware Vectors on WhatsApp's servers. *See id.* at 80:2-81:7; 83:12-21; 86:23-87:18; 223:4-224:14. NSO's documents identify at least another 41 devices "owned and controlled" by NSO on which WhatsApp had been installed and which were used by NSO to test Malware Vectors through at least May 2020. Ex. 6 (Gazneli Dep.) at 272:9-276:18; Ex. 17 (NSO_WHATSAPP_00044814).[6] NSO also admits it had a "White Services Department" dedicated to creating WhatsApp accounts for customers to use when deploying Pegasus. *See* Ex. 8 (Eshkar Dep.) at 17:13-23, 21:13-24; Ex. 6 (Gazneli Dep.) at 188:12-25. According to WhatsApp's business records, NSO registered the phone numbers used in the May 2019 attacks with WhatsApp from October 2018 to May 2019. Ex. 18 (WA-NSO-00192176).

*Second*, NSO's employees created and used WhatsApp accounts to send and receive NSO business-related communications. *See* Ex. 20 (Defs.' Resp. to Pls.' First RFAs) at 22-23 (admitting certain NSO employees "used WhatsApp in 2019"); Ex. 8 (Eshkar Dep.) at 65:10-66:20 (NSO's VP of Client Executives "communicate[s] with [] coworkers" using WhatsApp); Ex. 21 (Gil Dep.) at 91:10-92:4 (NSO's VP of Global Business Operations uses WhatsApp "for work purposes"); Ex. 6 (Gazneli Dep.) at 252:12-253:14 (NSO's customer support team used WhatsApp to report on updates to installation vectors). Messages sent by various NSO employees using WhatsApp indicated that they used WhatsApp to discuss business matters directly relevant to this case. For example, on December 5, 2018, after the changes that disabled Heaven, a member of NSO's "support team" for "Q [Cyber Technologies]," Ex. 10 (Shohat Dep.) at 175:19-176:14, reported to other NSO employees *via WhatsApp* that "WhatsApp had made changes in their servers that currently fail all installations and can cause crashes." Ex. 9 (PX2007) at -098. On May 12, 2019, after WhatsApp began to remediate the May 2019 attacks, the same employee informed other NSO

---

[6] NSO designated the phone numbers HC-AEO and refused to allow Plaintiffs to obtain their WhatsApp registration information. But versions of WhatsApp released only after January 2020 were installed on some devices, indicating NSO's consent to the 2020 amended Terms. *See* Andre Decl. ¶ 9, Ex. A; Block Decl. ¶ 18 Ex. 23 (WA-NSO-00195067); Ex. 17 (NSO_WHATSAPP_00044814).

7

employees *via WhatsApp* that "Eden will not work" because "per r&d they [WhatsApp] close [the] vector from the server side." Ex. 22 (PX2057) at -488. In another *WhatsApp message* that same day, Tomer Timor, the manager of NSO's "pre-sales team," Ex. 8 (Eshkar Dep.) at 84:14-85:1, reported that "Eden has finished its duty with us as a patch was done on the server side with the application it works with," but NSO has "the resources to find some thing [sic] new in a relatively short time." Ex. 14 (PX2039) at -490. At least 50 NSO employees involved in these messages agreed to the Terms between 2016 and 2017. Block Decl. ¶¶ 36-37; Andre Decl. ¶¶ 3-8, Ex. A.

### B. NSO Breached the Contract

The undisputed facts show that NSO violated the Terms in multiple ways. Indeed, NSO's head of R&D Tamir Gazneli—who was "in charge of developing the installation vector[s]" using WhatsApp—admitted he did not "make an effort to comply with the WhatsApp terms of service." Ex. 6 (Gazneli Dep.) at 222:1-224:16. It is therefore unsurprising that nearly every aspect of NSO's development, testing, sale, and use of its Malware Vectors breached those Terms.

*Reverse-Engineering*: The Terms prohibit, "directly or through automated means . . . reverse engineer[ing], alter[ing], modify[ing], creat[ing] derivative works from, decompil[ing], or extract[ing] code from [WhatsApp's] Services." Ex. 11 (WA-NSO-00014825) at -827. NSO violated these provisions by "decompiling" the Official Client and reverse engineering the functionality and architecture of WhatsApp's servers to develop a modified client application—the WIS—to carry out NSO's exploit. *See* Ex. 6 (Gazneli Dep.) at 66:2-77:2, 226:2-227:5; Ex. 1 (Youssef Rep.) at 34-36 (opining that NSO engaged in reverse-engineering to gain sophisticated "non-public" understanding of WhatsApp); *infra* § II.A.2.a. Mr. Gazneli admitted NSO engaged in "reverse engineering," as he understood the term, by "us[ing] all the tools it should use in order to be able to find the vulnerabilities" in WhatsApp and to "learn the mechanisms and the way [the] client functions." Ex. 6 (Gazneli Dep.) at 144:10-15; 146:18-147:23. According to an internal NSO document, NSO knew that "WhatsApp explicitly claim[ed] against reversing their app," and would ban anyone it discovered doing so, Ex. 24 (PX2033) at -959, but NSO did so anyway.

*Sending Harmful Computer Code*: The Terms prohibit "directly or through automated means . . . send[ing], stor[ing], or transmit[ting] viruses or other harmful code through or onto

8

[WhatsApp's] Services."  Ex. 11 (WA-NSO-00014825) at -827.  By its own admission, NSO violated this provision by sending messages containing hidden computer code, such as malicious bash or shell scripts,[7] designed to take over a target device through the WhatsApp service.  *See* Ex. 6 (Gazneli Dep.) at 300:16-19 (admitting NSO "would insert a bash script in the connecting tone desc field"); *id.* at 311:13-312:15 (admitting NSO's exploit installed and activated the bash script on the target device); *see also* Ex. 5 (Defs.' Supp. Resps. to Pls' First Interrogs.) at 11 (same).

     ***Collecting User Information***:  The Terms prohibit, "directly or through automated means," using or assisting others in using WhatsApp to "collect the information of or about [WhatsApp's] users in any impermissible or unauthorized manner."  Ex. 11 (WA-NSO-00014825) at -827.  The undisputed facts show that NSO violated this term.  NSO admits that it used WhatsApp to install Pegasus, *see* Ex. 8 (Eshkar Dep.) at 122:24-125:24, 134:11-136-16, and that it developed, designed, and marketed Pegasus "to collect information from a Device."  Ex. 20 (Defs.' Resps. to Pls.' First RFAs) at 10-11, 17-19.  NSO admits the type of information Pegasus collects is "generally the same information that you could access if you had a password to the device" itself.  Ex. 6 (Gazneli Dep.) at 247:4-17.  And NSO admits it sold Pegasus to customers so they could obtain that information.  *Id.* at 111:3-112:14 ("[T]his is information that customers would like to get access to. That is why we developed the capabilities.").

     NSO concedes it never asked WhatsApp or targets for their permission or authorization to collect this information.  *See* Ex. 10 (Shohat Dep.) at 49:13-18.  NSO knew WhatsApp would block NSO if it had discovered NSO's conduct.  Ex. 24 (PX2033) at -958-60 (identifying WhatsApp as a "Threat Actor[]," along with the "target" itself); Ex. 6 (Gazneli Dep.) at 206:12-208:1 (admitting "Threat Actors" are "parties that might detect and seek to prevent the exploit" including "WhatsApp itself").  And WhatsApp users could not have consented because NSO concedes that Pegasus "does not require any interaction from the target," Ex. 6 (Gazneli Dep.) at 37:24-38:1, and "the target is not aware that the agent is being installed," *id.* at 98:8-11.

---

[7] A bash script is a common form of program on Android devices that is comprised of "a series of commands to be interpreted by the operating system."  Ex. 1 (Youssef Rep.) at 14, n.42

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 4:19-CV-07123-PJH

**ER-387**

***Accessing or Attempting to Access WhatsApp Without Authorization***:  The Terms state that WhatsApp must be accessed and used "only for legal, authorized, and acceptable purposes." Ex. 11 (WA-NSO-00014825) at -827.  The terms also prohibit "gain[ing] or attempt[ing] to gain unauthorized access to [WhatsApp's] Services or systems."  *Id.*   As demonstrated below, *see infra* § II.A.2, the undisputed facts show that NSO violated these terms.

NSO admits it accessed WhatsApp's servers using its own fake client—the WIS—to send messages that are not permitted by the Official Client.  *See, e.g.*, *infra* § II.A.2.a; Ex. 6 (Gazneli Dep.) at 298:12-299:20 (Official Client cannot use XOR cipher); *id.* at 299:21-300:23 (cannot use connecting_tone_desc field); *id.* at 301:18-302:19 (cannot send oversized bit width detection package); *id.* at 304:23-305:19 (cannot send duplicate call offer message).  NSO knew using a fake client was unauthorized and banned.  *See* Ex. 24 (PX2033) at -959.

WhatsApp also implemented security measures in September and December 2018 that blocked NSO's unauthorized access to and use of WhatsApp's servers and target devices.  *See infra* § II.A.2.b; Ex. 1 (Youssef Rep.) at 38; Ex. 25 (Vance Rep.) at 6-10.  Collectively, these changes disabled NSO's Heaven Malware Vector.  *See* Ex. 6 (Gazneli Dep.) at 256:23-25, 258:6-8.  Yet NSO developed a new installation vector to circumvent those changes.  *Id.* at 254:2-258:16.

There is no dispute that NSO continued to access WhatsApp after it was on clear notice its access was unauthorized.  *See infra* § II.A.2.c.  As part of remediating NSO's May 2019 attacks, Plaintiffs "purge[d]" the WhatsApp accounts of the attacker phone numbers used in the May 2019 attacks, as well as other accounts affiliated with NSO.  *See* Exs. 18 & 19 (WA-NSO-00192176); *see* Ex. 15 (SHANER_WHATSAPP_00001480) at -481 (acknowledging that WhatsApp had blocked the account credentials).  Plaintiffs then filed this lawsuit alleging that NSO's access was unauthorized and violated the Terms and federal and state law.  (Dkt. No. 1).  Yet, NSO admits it continued using WhatsApp for its Malware Vectors afterward.  *See* Ex. 6 (Gazneli Dep.) at 270:16-271:13.  There is thus no genuine dispute NSO "gain[ed] or attempt[ed] to gain unauthorized access to [WhatsApp's] Services" in violation of the Terms.  Ex. 11 (WA-NSO-00014825) at -827.

***Using WhatsApp for Illegal Purposes***:  Finally, the Terms prohibit using WhatsApp in ways that "are illegal."  *Id*.  As explained in Section II and III, *infra*, NSO's use of WhatsApp

10

violated the CFAA and CDAFA, and breached the Terms for that reason as well.

## C. Plaintiffs Fulfilled Their Obligations and Suffered Damages From NSO's Breaches

There is no genuine dispute that WhatsApp fulfilled its contractual obligations by providing its services, *Facebook, Inc. v. Sluchevsky*, 2020 WL 5823277, at *7 (N.D. Cal. Aug. 28, 2020), and suffered damages from NSO's breaches. Plaintiffs incurred costs investigating and remediating NSO's breaches, *see, e.g.*, Ex. 33 (Robinson Dep.) at 287:2-295:11; *infra* § II.D, which are recoverable as damages. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 402 F. Supp. 3d 615, 659 (N.D. Cal. 2019). NSO realized millions of dollars in unlawful gains from its breaching conduct, *see* Ex. 26 (Trexler Supp. Rep.) at 2-3; Ex. 27 (PX2045); which Plaintiffs are entitled to have disgorged as contract damages. *See, e.g.*, *Artifex Software, Inc. v. Hancom, Inc.*, 2017 WL 4005508, at *4 (N.D. Cal. Sept. 12, 2017). And California law permits recovery of nominal damages based on the breach alone. *See Silicon Image, Inc. v. Analogix Semiconductor*, 642 F. Supp. 2d 957, 964 (N.D. Cal. 2008). Thus, for the foregoing reasons, the Court should grant partial summary judgment finding NSO liable on Plaintiffs' claim for breach of contract.

## II. NSO IS LIABLE ON PLAINTIFFS' CFAA CLAIMS

The undisputed facts show that Defendants violated the CFAA. NSO admits that (1) it developed, tested, and licensed Pegasus; (2) Pegasus was used as alleged in the Complaint; (3) NSO developed and used multiple methods to install Pegasus on a target device that relied on WhatsApp servers and the Official Client; (4) NSO circumvented multiple WhatsApp security measures, including multiple server updates implemented by Plaintiffs that at various times prevented NSO's access; (5) Pegasus obtains valuable information from devices on which it is installed, including encrypted WhatsApp messages, and (6) the access afforded by Pegasus is similar to the access one could obtain with the device's password. NSO is therefore liable for knowingly and intentionally accessing WhatsApp's servers and users' devices without authorization or in excess of any purported authorization; conspiring with its customers to do the same; and trafficking in password-like information that provided such unauthorized access.

### A. NSO Violated § 1030(a)(2) and § 1030(a)(4) of the CFAA

Section 1030(a)(2) prohibits "intentionally access[ing] a computer without authorization or

11

(identifying litigation filed in Israel over Plaintiffs disabling NSO employee accounts)). Plaintiffs also filed this litigation alleging NSO's access was unauthorized and seeking to permanently enjoin NSO from accessing WhatsApp. (Dkt. No. 1). Yet, NSO now admits it developed, tested, accessed, and used a new WhatsApp Malware Vector while this litigation was pending. *See* Ex. 6 (Gazneli Dep.) at 269:19-271:13. That continued access and circumvention of the May 2019 security updates, after Plaintiffs expressly revoked NSO's access, was, again, unauthorized in the context of the CFAA. *See Nosal II*, 844 F.3d at 1035-36; *Power Ventures*, 844 F.3d at 1067.

### d) NSO Exceeded Any Purported Authorization to Access WhatsApp's Servers

Setting aside that NSO had no authorization to access WhatsApp's servers for its Malware Vectors, summary judgment would still be warranted because NSO exceeded any purported authorized access by circumventing WhatsApp's "technological (or 'code-based') limitations on access" and "limits contained in contracts or policies." *See Van Buren*, 593 U.S. at 390 n.8.

There is no dispute that NSO "created a program that went beyond [the server's] restrictions by evading WhatsApp's security features and manipulating the technical call settings." (Dkt. No. 111 at 37). As explained above, the Official Client contains technological, code-based limitations preventing users from sending the types of messages that NSO needed for its exploit, which NSO circumvented by developing its own modified application with greater functionality. *See supra* § II.A.2.a. NSO knew that doing so was prohibited by WhatsApp's Terms and policies, *see* Ex. 24 (PX2033) at -959, and has admitted that using its modified client allowed it to send messages that, in numerous respects, the Official Client was prevented from sending, *see supra* § II.A.2.a.

NSO also deliberately circumvented technological, code-based limitations on WhatsApp's servers. As demonstrated above, NSO knew by at least 2018 that "WhatsApp had [sic] made changes in their servers that currently fail all installations." Ex. 9 (PX2007) at -098. NSO then developed new ways to circumvent these changes to continue its exploit. As the Ninth Circuit has made clear, "[o]nce permission has been revoked, technological gamesmanship . . . will not excuse liability." *Power Ventures*, 844 F.3d at 1067. Thus, the mere fact that NSO was able to send messages for a time before WhatsApp discovered and blocked NSO again does not mean its access was within the scope of any purported authorization. *See United States v. Phillips*, 477 F.3d 215,

19

220 (5th Cir. 2007) ("[C]onduct, like 'password guessing' or finding 'holes in ... programs,' that uses computer systems not 'in any way related to their intended function' amounts to obtaining unauthorized access." (quoting *United States v. Morris*, 928 F.2d 504, 510 (2d Cir. 1991))).

### e) *NSO Accessed Target Devices Without Authorization*

There is no genuine dispute that NSO caused target devices to be accessed without authorization. Any claim by NSO that it never used its technology itself on devices it did not own or control is legally irrelevant. First, because NSO's access to WhatsApp servers was without authorization, the fact that it obtained data from a target device it controlled is not a defense to liability. Once NSO's access to WhatsApp's servers is shown to be without authorization, the source of the information obtained does not matter. *See* 18 U.S.C. § 1030(a)(2), (4); *see also Morris*, 928 F.2d at 511. Moreover, NSO exclusively decided *how* its customers installed Pegasus on target devices, "[b]ecause customers don't care which vector they use, as long as they get the intelligence they need." Ex. 10 (Shohat Dep.) at 68:1-16 ("That's a matter for NSO and the system to take care of, not a matter for customers to operate[.]") NSO's documents explain its installation method is "invisible to the target," "doesn't require their engagement," and "cannot be stopped." Ex. 7 (PX2032) at -687, -689; Ex. 6 (Gazneli Dep.) at 97:23-99:20; Ex. 5 (Defs.' Supp. Resps. to Pls.' First Interrogs.) at 9-11. Furthermore, the agent is "persistent," and "designed to withstand aggressive" efforts to remove it, including factory resets. Ex. 7 (PX2032) at -688. NSO included those features because *NSO designed* Pegasus to be installed without authorization.

### 3. **NSO Obtained Information in Violation of § 1030(a)(2)**

NSO used its unauthorized access to obtain "information from any protected computer." 18 U.S.C. § 1030(a)(2)(C). A "protected computer" is one "used in or affecting interstate or foreign commerce or communication," *id.* § 1030(e)(2)(B), and includes "effectively any computer connected to the Internet." *hiQ Labs*, 31 F.4th at 1195. WhatsApp's servers and the target devices were indisputably connected to the internet. *See* Ex. 6 (Gazneli Dep.) at 107:5-18.

The undisputed evidence shows that NSO did obtain information from the WhatsApp servers and target devices by means of its unauthorized access. NSO admits it obtained information regarding whether a user has an active WhatsApp account directly from WhatsApp's

20

servers. *See id.* at 294:10-15. NSO also obtained information "[v]ia the WhatsApp servers" from the target device, such as the structure of its operating system, *see id.* at 300:24- 304:22, and the location of crucial memory files, which "a regular WhatsApp user using the WhatsApp client app cannot obtain," *id.* at 306:12-307:15. NSO also caused WhatsApp's servers to send messages that only the server can send, *see id.* at 158:14-160:17, and to direct targets to a malicious relay server controlled by NSO, rather than a WhatsApp relay server, *see id.* at 189:25-194:5.

NSO also admits the Malware Vectors were designed to install Pegasus to extract information from target devices. *Id.* at 83:22-84:11 ("Pegasus eventually delivers the data to the customers which are sent to the customers by the [Pegasus] agent."). The product description for Pegasus (Dkt. No. 1-1, Ex. 10), which NSO authenticated, Ex. 20 (Defs.' Resps. to Pls.' First RFAs) at 13-16, describes the many types of data and information Pegasus exfiltrates from target devices. And images of the Pegasus "Installation Status" panel produced in discovery show the same target device phone numbers that were recorded in Plaintiffs' server logs being successfully compromised with Pegasus. Ex. 25 (Vance Rep.) at 13-20. A sales representative for NSO's U.S. reseller affiliate confirmed these installations resulted in extracting information from target devices. *See* Ex. 16 (Shaner Dep.) at 123:3-23, 193:4-195:14, 296:6-298:16 ("[W]ould you similarly demonstrate the ability to extract information from the devices? . . . THE WITNESS: Yes.").

It makes no difference whether the information came from the servers or the target devices, because Section 1030(a)(2)(C) prohibits "access[ing] *a computer*" and "thereby" obtaining information "from *any protected computer*," not the same computer. "It is a well-established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words." *SEC v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003). By requiring unauthorized access to "a *computer*," but information from "any *protected computer*," Congress made clear the "protected computer" need not be the same "computer" accessed without authorization. *See Theofel*, 359 F.3d at 1078 ("The civil remedy extends to '[a]ny person,'" and "'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'" (quoting first 18 U.S.C. § 1030(g), then *HUD v. Rucker*, 535 U.S. 125, 131 (2002))); *Morris*, 928 F.2d at 511 ("Congress was punishing those . . .

21

Dated:  September 27, 2024          Respectfully Submitted,

                                    DAVIS POLK & WARDWELL LLP


                                    By:  /s/ Micah G. Block
                                         Greg D. Andres
                                         Antonio J. Perez-Marques
                                         Craig T. Cagney
                                         Luca Marzorati
                                           (admitted *pro hac vice*)
                                         DAVIS POLK & WARDWELL LLP
                                         450 Lexington Avenue
                                         New York, New York 10017
                                         Telephone: (212) 450-4000
                                         Facsimile: (212) 701-5800
                                         Email: greg.andres@davispolk.com
                                                antonio.perez@davispolk.com
                                                craig.cagney@davispolk.com
                                                luca.marzorati@davispolk.com

                                         Micah G. Block (SBN 270712)
                                         DAVIS POLK & WARDWELL LLP
                                         1600 El Camino Real
                                         Menlo Park, California 94025
                                         Telephone: (650) 752-2000
                                         Facsimile:  (650) 752-2111
                                         Email: micah.block@davispolk.com

                                         *Attorneys for Plaintiffs*
                                         *WhatsApp LLC and Meta Platforms, Inc.*

26

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 4:19-CV-07123-PJH

**ER-393**

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF COL. TY M. SHEPARD (RET.) IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

DECLARATION OF COL. TY M.                              Case No. 4:19-cv-07123-PJH
SHEPARD (RET.)

**ER-394**

I, Col. Ty M. Shepard, declare as follows:

1.      I retired from the United States Army in May 2023 and from the California Military Department in May 2024.  During my tenure in the military, I held a number of positions relating to cybersecurity and cyberoperations.  Most recently, that included serving as the Cyber Operations Director for the California Military Department from 2018 to 2023.  I have personal knowledge of the facts in this declaration, and I could and would testify competently to these facts if called as a witness.

2.      I have been engaged by Defendants NSO Group Technologies, Limited and Q Cyber Technologies Limited (collectively "NSO") to offer testimony based on my experience, including with the use of surveillance technology in military and intelligence operations.

3.      In connection with my engagement, I considered a variety of government, industry, and media publications, as well as certain documents produced in this litigation.

4.      I then prepared a report setting forth (among other things) my qualifications, my opinions, the basis and reasons for my opinions, and the facts and data that I considered when forming my opinions.

5.      Attached as **Exhibit A** is a true and correct copy of the report that I prepared, dated August 30, 2024.

6.      I affirm that the information, statements, and opinions set forth in Exhibit A were, and are, true and correct.

7.      If called as a witness at trial, I could and would testify to the information, statements, and opinions set forth in Exhibit A.


I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of October 2024.


_Ty M Shepard_

COL. TY M. SHEPARD (RET.)

DECLARATION OF COL. TY M. SHEPARD (RET.)                    1                    Case No. 4:19-cv-07123-PJH

**ER-395**

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 4:19-cv-07123-PJH |

## **<u>REPORT OF COL. TY M. SHEPARD (RET.)</u>**

1

**ER-397**

**TABLE OF CONTENTS**

**Pages**

I.      INTRODUCTION ............................................................................................. 3

II.     QUALIFICATIONS............................................................................................ 3

III.    MATERIALS CONSIDERED AND SUPPORTING EXHIBITS..................................... 6

IV.     INTENDED TESTIMONY AND REASONING ......................................................... 6

V.      STATEMENT OF COMPENSATION.................................................................... 12

VI.     APPENDIX I - LIST OF INFORMATION CONSIDERED........................................... 13

2

**ER-398**

16.     I retired from the California Military Department in May 2024.

17.     My awards and decorations include the Legion of Merit, Bronze Star, Defense Meritorious Service Medal, Meritorious Service Medal (with four Oak Leaf Clusters), Army Commendation Medal, Army Achievement Medal (with three Oak Leaf Clusters), Ranger Tab, Combat Action Badge, Airborne badge, and Expert Infantrymen's badge.

18.     Through my various assignments, I am familiar with the marketplace of commercial and non-commercial cyber-surveillance tools, including Pegasus, used by the United States and its allies/partners.  I am also familiar with the technical tradecraft practiced by significant U.S. adversaries, including nation-states, terrorist groups, international criminal syndicates, drug traffickers, human smugglers, and others.

19.     I have not testified as an expert at trial or by deposition during the last four years.

20.     I have not authored any publications in the prior ten years.

### III.     MATERIALS CONSIDERED AND SUPPORTING EXHIBITS

21.     In preparing this report, I have relied on facts and data from various sources, including those set forth in Appendix I.

22.     I do not plan to use any exhibits during my testimony.

### IV.     INTENDED TESTIMONY AND REASONING

***Threat Actors Use Encrypted Messaging Applications to Undermine U.S. and Allied National Security***

23.     Various threat actors, including terrorist organizations, narcotics groups, human traffickers, organized crime, cross-border gangs, and nation-states, routinely use encrypted messaging applications, including WhatsApp, to conceal their activities from detection by military, national security, and law-enforcement agencies.  These threat actors need to maintain command and control over their operations, which requires the ability to communicate discreetly, quickly,

6

**ER-399**

across borders, and in multiple domains. U.S. and allied law enforcement and intelligence agencies (hereafter "agencies") have significant signals intelligence gathering capabilities, but companies that provide messaging applications often design their systems to prevent anyone, including government agencies, from decrypting communications stored or sent using the applications. To overcome such encryption and conduct lawful surveillance, government agencies need to develop or purchase licenses to use special surveillance tools. Many companies regularly update their applications to block such decryption tools, so government agencies must continually update their tools or purchase licenses to use updated tools.

### *Threat Examples*

24.    I have witnessed threat actors using encrypted messaging applications and the related challenges posed for U.S. and allied intelligence agencies in the several theaters where I have been deployed or for which I have otherwise had operational responsibilities. These include Russian intelligence services (and proxies) operating in Ukraine and Eastern Europe, terrorist groups in the Middle East, and groups trafficking in drugs, other illicit items, or human beings on the U.S. southern border. All of these groups use encrypted messaging applications as a convenient and easily accessible method of planning and committing crimes and attacks that undermine the public safety and national security of the United States and its allies\partners.

25.    Law enforcement and intelligence agencies often cannot gain access to and read communications of such threat actors directly through legal process served on communications providers such as WhatsApp, even with the approval of federal judges. When presented with lawful court orders authorizing agencies to collect substantive communications on messaging platforms, such providers often respond that they only have the ability to provide the *encrypted* message traffic, which they cannot decipher. As a result, U.S. and allied law enforcement and

7

intelligence agencies face a constant challenge from malicious groups who use encrypted messaging applications to plan and commit crimes such as terrorism, smuggling drugs, illicit items, and humans, and even assassinations.

*The U.S. and its Allies Widely Use Surveillance Tools like Pegasus to Protect National Security*

26.    U.S. military and intelligence agencies, as well as those of U.S. allies, routinely use surveillance tools similar to Pegasus to combat a variety of threat actors.  Such tools sometimes are developed by agencies, sometimes purchased from private companies, and sometimes have elements of both. Such tools can allow intelligence officers to learn about communications involving threat actors while operating remotely and secretly.

27.    Government agencies use surveillance tools like Pegasus to gain insight into operational planning, threat actor identities, and specific plots.

28.    Tools like Pegasus provide intelligence insight to the U.S. and allied national security agencies.  Based on this insight, U.S. and allied national security agencies are often able to successfully disrupt attempts to injure or kill people, damage or destroy critical infrastructure, and otherwise threaten public safety and security.  There would be significant risks and harm to American lives and critical infrastructure if these tools did not exist or if the U.S. and its allies did not have access to them.

29.    Such tools allow for the collection of intelligence remotely and secretly.  In the absence of these tools, agencies would need to place more intelligence officers in harm's way through human "undercover" style collection to gain insights and collect intelligence through direct and dangerous interactions.  Even if agencies dedicated more resources to these types of undercover losses, they would be constrained by funds, trained personnel, and other resources to

8

**ER-401**

replace the insight from surveillance tools.  Some threat actors would successfully evade detection if cyber-surveillance tools were not available.

30.       Cyber surveillance tools allow for greater insight into threat actors' intentions, identities, and operational plans.  Without such tools, intelligence agencies would increasingly be unable to spot threats in their earlier stages and would more often investigate in a reactive manner, after incidents had occurred and damage had already been done.  This would have adverse consequences in a range of situations, including the inability to counter human trafficking, drug smuggling, and terrorist infiltration on the U.S. southern border and the loss of information about foreign government efforts to carry out assassinations.

### *The U.S. and Its Allies Draw on a Large Market of Cyber Surveillance Tools*

31.       Based on my experience, there is a wide market of commercial and open-source tools like Pegasus.  Agencies rely on a variety of sources to develop or obtain surveillance tools. While some tools are developed internally, agencies often draw upon tools, or components, that are available on the dark web or from commercial providers.

32.       Commercial tools are particularly important for U.S. allies who do not have the resources to develop and maintain their own cyber surveillance capabilities.  The ability of allied government agencies to access commercial surveillance tools is vital for intelligence gathering, including intelligence that directly affects joint U.S.-allied operations and U.S. national security.

33.       Nation-states and other adversaries of the U.S. routinely develop and use surveillance tools. If the U.S. and allied nations were not able to use such surveillance tools, it would create a strategic battlefield imbalance that would threaten the U.S.'s future because the country with the best technology usually prevails in international competition.

9

**ER-402**

*Cyber Surveillance Tools Require Stealth*

34.     In my experience, many encrypted messaging application providers such as WhatsApp do not help the government obtain access to encrypted communications, even with lawful processes issued by courts. Usually, these requests are denied or acted upon slowly.  Where they are acted upon, such providers may identify internal policies that prohibit them from cooperating or technological restrictions that prevent them from disclosing clear text communications of messaging sent on their platforms.

35.     In my experience, government agencies do not normally disclose sophisticated technical surveillance tools or methods to encrypted messaging application providers because such disclosures would potentially lead those providers to update their software to render those tools or methods non-functional.

*Government Agencies Routinely Ignore "Terms of Service"*

36.     Encrypted messaging platforms often have "Terms of Service" in place for users of their platforms. Intelligence agencies typically do not follow ordinary terms of service when acting in a governmental capacity and pursuing major security and safety threats.

37.     Moreover, many non-government users routinely engage in activities that are inconsistent with the Terms of Service and without adverse action by providers.  For example, users routinely register using pseudonyms and avoid disclosing their true identities or locations even when required by the terms of service, and providers typically do not enforce such policies. Indeed, the level of unlawful activity that occurs through encrypted messaging platforms suggests that companies do not ordinarily enforce their Terms of Service.

*Many Cyber Surveillance Tools Do Not Have the Safeguards that Pegasus Does*

38.     I am aware that NSO employs a number of safeguards to limit misuse of its surveillance tool Pegasus.  All of NSO's customers are known to it, and NSO requires each customer to sign a contract certifying that it will use the tool only to investigate terrorism and serious crime.  NSO does not rely solely on an end-user licensing agreement. It also takes other steps to prevent misuse.

39.     I have reviewed NSO's vetting process and find it is robust and human rights-focused.  Under its vetting process, NSO has guidelines and a clear process that prohibits any sale of its surveillance products to countries and customers that are not trusted to use them appropriately.

40.     NSO, as a policy, does not license its Pegasus technology to agencies of adversaries of the United States and cannot provide its technology to agencies that are not approved by the State of Israel, a democracy and an ally of the United States.

41.     NSO, moreover, has a track record of enforcing its guidelines and taking action when it learns about customer violations.

42.     It is also notable that the Israeli government—a U.S. ally and a democracy—participates in oversight of NSO's surveillance technology.  I understand that this oversight includes prohibiting the export of the tool to objectionable potential customers and withdrawing it from customers who misuse it.

43.     While no company policy can prevent all misuse of technology, many companies that provide surveillance technology do not engage in similar diligence.  When NSO refuses to sell its tool to a country and agency, in most cases, that country and agency can acquire tools with

11

similar functions from other companies that do not impose similar restrictions or develop the tools themselves.

44.     I am unaware of a strategic available commercial off-the-shelf (COTS) surveillance tool used internationally that has more safeguards than Pegasus.

45.     In the commercial cyber surveillance tool market, most companies and individuals who create such tools do not perform due diligence on customers. Indeed, cyber surveillance tools and exploits are often readily available on the dark web or through open-source technology.

## V.     <u>STATEMENT OF COMPENSATION</u>

46.     I will be paid $500 per hour for my work on this matter.  My compensation is not contingent upon the outcome of the case.

Executed on August 30, 3024, in Folsom, California.

_____
Ty M. Shepard

12

**ER-405**

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 4:19-cv-07123-PJH <br><br> **DECLARATION OF YARON SHOHAT IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** <br><br> Action Filed:   10/29/2019 |

**REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL**

DECLARATION OF YARON SHOHAT                                Case No. 4:19-cv-07123-PJH

**ER-406**

I, Yaron Shohat, declare as follows:

1.      I am a citizen and resident of Israel. I am the Chief Executive Officer ("CEO") of Defendant NSO Group Technologies Limited ("NSO") and Defendant Q Cyber Technologies Limited ("Q Cyber") (collectively "Defendants"). Q Cyber is NSO's sole director and shareholder. As Defendants' CEO, I am an employee of Q Cyber.

2.      I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each of those facts.

3.      NSO is a technology company that designs and licenses technology solely to governments and government agencies for national security and law enforcement purposes. Among those products are a suite of different technologies and functions that are collectively branded and marketed as "Pegasus."

4.      Each of Defendants is incorporated and has a principal place of business in Israel. Defendants have no presence in any other country. Defendants do no business in California and have no offices or employees in California or elsewhere in the United States.  Defendants have not performed any actions relevant to Plaintiffs' lawsuit in California or the United States, and they have not targeted any activities relevant to the lawsuit towards California or the United States.

5.      Sales of NSO's Pegasus technology are strictly monitored and regulated by the Government of Israel.  The export of NSO's Pegasus technology is regulated under Israel's Defense Export Control Law ("ECL"), with which I am familiar as Defendants' CEO.

6.      To export its Pegasus technology, NSO is required to register with the Israeli Ministry of Defense ("MoD") and to seek and obtain a license for each export of the Pegasus technology.  The required export licenses include a marketing license that must be obtained before the technology can be marketed to a potential end-user and a separate export license for any proposed end user of the technology.  Under the ECL, the MoD is empowered to investigate NSO and its business, refuse or cancel NSO's registration, or deny NSO's license requests, taking into account factors including the intended use of NSO's Pegasus technology and the identity of NSO's customers. The MoD can (and does) ask NSO to provide documentation about its customers and prospective customers and their intended uses of NSO's Pegasus technology. The MoD requires

DECLARATION OF YARON SHOHAT                    1                    Case No. 4:19-cv-07123-PJH

this documentation from NSO for each license to market or export NSO's Pegasus technology.

7.     The MoD requires, prior to the licensing of any Pegasus technology, that NSO provide the MoD with signed certificates from the end-users of NSO's Pegasus technology.  In the end-user certificate, the end-user declares to the MOD that NSO's Pegasus technology will be used only for prevention and investigation of crimes and terrorism, in compliance with privacy and national security laws.

8.     As part of its contracting process, NSO requires proposed Pegasus end-user customers to demonstrate that they are a government or an authorized governmental national security or law enforcement agency and to provide any other necessary documentation for approval by the MoD.

9.     NSO markets and licenses its Pegasus technology exclusively to sovereign governments and authorized agencies for national security and law enforcement purposes, and it does so only after receiving the necessary export control licenses from the MoD.  NSO does not now market or sell, and has never marketed or sold, its Pegasus technology for use by any private entity.



10.     Attached hereto as **Exhibit A** and **Exhibit B** are ███████████████ ███████████████████ with which I am familiar as Defendants' CEO.  Exhibit A is an example of ████████████████████████████████ ██████████.  Exhibit B is an example of ██████████████ ██████████████████████ ███████████████ ██████████████ Exhibits A and B accurately ████████████ ████████████████████████████████████████ ██ █████ and █████.     Exhibit A was produced in this litigation at Bates range NSO_WHATSAPP_00000179–00000199, and Exhibit B was produced at Bates range NSO_WHATSAPP_00000200–00000222.

11.     In seeking permission to license or market its Pegasus technology, NSO takes into account U.S. and European Union export control restrictions.  NSO conducts due diligence of potential   customers,   including   examining   publicly-available   information,   evaluating

into a contract with QuadraNet.   That investigation confirmed my understanding that neither Defendant has ever entered into any contract with QuadraNet.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 26th day of September 2024, at Sde Warburg, Israel.

YARON SHOHAT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WHATSAPP INC., et al.,

　　　　　Plaintiffs,

　　　v.

NSO GROUP TECHNOLOGIES
LIMITED, et al.,

　　　　　Defendants.

Case No. 19-cv-07123-PJH

**ORDER RE MOTIONS TO COMPEL
AND MOTION FOR RELIEF FROM
CASE MANAGEMENT ORDER**

Re: Dkt. No. 235, 236, 239, 240, 249,
257, 260, 264, 265, 272, 276, 279, 280

Before the court are plaintiffs' motion to compel discovery, defendants' motion to compel discovery, and defendants' motion for relief from the case management schedule. The motions came on for hearing on February 15, 2024. Plaintiffs WhatsApp Inc. and Facebook, Inc. appeared through their counsel, Antonio Perez-Marques, Craig Cagney, Micah Block, and Greg Andres. Defendants appeared through their counsel, Joseph Akrotirianakis and Aaron Craig. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

## BACKGROUND

On October 29, 2019, plaintiffs filed this lawsuit, alleging that defendants sent spyware, using WhatsApp's system, to approximately 1,400 mobile phones and devices designed to infect those devices for the purpose of surveilling the users of those phones and devices. Dkt. 1, ¶ 1. The complaint alleges four causes of action: (1) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) violation of the California

**ER-410**

United States District Court
Northern District of California

Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502; (3) breach of contract; and (4) trespass to chattels.[1]

Defendants previously filed a motion for protective order, seeking an order excusing it from compliance with discovery obligations due to various U.S. and Israeli restrictions.  See Dkt. 186.  The court denied defendants' motion to the extent that it sought a blanket order excusing it from all discovery, but also concluded that defendants may be partially excused from certain discovery obligations based on the framework set forth by Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1475 (9th Cir. 1992).  See Dkt. 233.

The Richmark court set forth the following factors for a court to consider "in deciding whether or not foreign statutes excuse non-compliance with discovery orders:" (1) the importance to the investigation or litigation of the documents or other information requested, (2) the degree of specificity of the request, (3) whether the information originated in the United States, (4) the availability of alternative means of securing the information, (5) and the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.  959 F.2d at 1475.

After considering Richmark as applied to this case, the court concluded that "to the extent that discovery disputes arise between the parties, the court's analysis will focus on factors (1) and (2), and in instances where the requested discovery is sufficiently important and specific, the court will order compliance with those discovery requests."  Dkt. 233 at 10.

Plaintiffs' motion to compel discovery now raises a dispute where the discovery requests must be analyzed as to factor (1) and (2), i.e., the importance of the requests to the litigation, and the degree of specificity of the requests.

---

[1] The court dismissed plaintiffs' fourth cause of action under Rule 12(b)(6), and no amended complaint was filed.  See Dkt. 111.  That leaves only the first three causes of action as operative claims in this case.

2

**ER-411**

Defendants have also filed a motion to compel discovery that does not relate to the Richmark factors, as well as a motion for relief from the case management schedule. Those motions will be addressed after addressing plaintiffs' discovery motion. The parties have also filed a number of motions to seal (Dkt. 235, 239, 249, 257, 260, 264, 272, 276), which are GRANTED.

## DISCUSSION

A.      Plaintiffs' motion to compel discovery (Dkt. 236)

As an initial matter, as stated at the hearing, defendants have already conceded that some of plaintiffs' requests do seek information that is sufficiently important and specific under Richmark, and those documents must indeed be produced. See Dkt. 252 at 5. As to the remaining discovery sought by plaintiffs' motion, the court will address those requests with reference to the four categories set forth in the parties' briefs: (1) what versions of the alleged spyware must be produced, (2) what functionality of the alleged spyware must be produced, (3) whether defendants' clients must be disclosed, and (4) whether defendants' server architecture information must be disclosed. See Dkt. 236 at 12.

As to category (1), as stated at the hearing, the court adopts plaintiffs' definition of "all relevant spyware" as set forth in their motion: "any NSO spyware targeting or directed at Whatsapp servers, or using Whatsapp in any way to access Target Devices." See Dkt. 236 at 13. As also stated at the hearing, defendants have not identified a basis for limiting its production to the Pegasus program, or to any particular single operating system. The complaint alleges that "Pegasus or another remote access trojan developed by defendants" was responsible for the data breaches, and that the programs were used "on mobile devices using the Android, iOS, and Blackberry operating systems." See Dkt. 1, ¶¶ 24, 32. Accordingly, the definition of "all relevant spyware" shall not be read to include only Pegasus, or only a single operating system's program. Under Richmark, those documents are sufficiently important and specific such that compliance with discovery obligations may not be excused.

3

ER-412

As to the timeframe of documents that must be produced, the court concludes that, at this stage of the case, the Richmark factors weigh in favor of production for "all relevant spyware" for a period of one year before the alleged attack to one year after the alleged attack; in other words, from April 29, 2018 to May 10, 2020.  See Dkt. 1, ¶ 42.  If, after reviewing the relevant spyware from that timeframe, plaintiffs are able to provide evidence that any attack lasted beyond that timeframe, plaintiffs may seek further discovery at that time.  At the hearing, the parties discussed the possibility of stipulating to a timeframe for the production of "all relevant spyware," and may substitute their own stipulation for the timeframe set forth in this order.

As to category (2), the court rejects defendants' argument that their production should be limited to the installation layer of the alleged spyware, and instead concludes that defendants must produce information concerning the full functionality of the relevant spyware.  As discussed at the hearing, the complaint contains numerous instances alleging not only that spyware was installed on users' devices, but also that information was accessed and/or extracted from those devices.  See, e.g., Dkt. 1, ¶ 27 ("Pegasus could 'remotely and covertly extract valuable intelligence from virtually any mobile device,'" . . . "intercept communications sent to and from a device, including communications over iMessage, Skype, Telegram, WeChat, Facebook Messenger, Whatsapp, and others," and could be "customized for different purposes, including to intercept communications, capture screenshots, and exfiltrate browser history."); ¶ 32 ("Pegasus or another remote access trojan" was used "for the purpose of accessing data and communications on target devices."); ¶ 41 ("Defendants' malware was designed to give defendants and their customers access to information and data on the target devices, including their communications.").

Plaintiffs also pointed out at the hearing that their first cause of action under 18 U.S.C. § 1030 expressly includes as an element that the defendant "accesses a computer" and "thereby obtains information."  18 U.S.C. § 1030(a)(2).

Defendants' proposal of producing information showing the functionality of only the

4

installation layer of the relevant spyware would not allow plaintiffs to understand how the relevant spyware performs the functions of accessing and extracting data, and thus, the court directs defendants to provide information sufficient to show the full functionality of all relevant spyware.  Under Richmark, that information is sufficiently important and specific such that compliance with discovery obligations may not be excused.

As to category (3), the court concludes that defendants need not disclose the identities of their third-party clients.  Plaintiffs are indeed correct in arguing that defendants have raised the actions of those third-party clients as a defense, and plaintiffs are permitted to discover information about what actions were taken by those third parties, but plaintiffs need not discover the specific identities of the third parties in order to discover what role defendants played in any use of alleged spyware.  Here, the court also notes that defendants have "offered to stipulate that Pegasus has been used by its government customers to obtain information from target devices."  Dkt. 252 at 14.

As to category (4), the court concludes that defendants need not provide specific information regarding the server architecture at this time.  At the hearing, the court asked plaintiffs' counsel to identify what information could be gleaned from this category of information, and plaintiffs pointed to the ability to understand the fuller picture of how the alleged spyware functioned.  Based on the information presented the court, it appears that plaintiffs would be able to glean the same information from the full functionality of the alleged spyware, as discussed in category (2) above.

Thus, overall, plaintiffs' motion to compel discovery is GRANTED in part and DENIED in part.

B.      Defendants' motion to compel discovery (Dkt. 240)

Defendants' motion seeks two categories of documents: (1) plaintiffs' communications with third-party witness Citizen Lab, and (2) plaintiffs' internal documents relating to their identification of the users allegedly targeted by defendants' software.  As to (2), plaintiffs produced documents after the filing of this motion, and as stated at the hearing, while the parties may still have disputes about individual documents that may be

5

**ER-414**

resolved through the meet-and-confer process, there is no ripe dispute for the court to resolve at this time.

As to (1), defendants argue that the Citizen Lab communications are relevant to the claims and defenses asserted in this case because "plaintiffs' central theme in this case is that Pegasus is misused by NSO's customers against 'civil society,' and plaintiffs have specifically identified Citizen Lab as having relevant information about that core allegation."  Dkt. 240 at 11.

Plaintiffs argue that they "have produced all communications between plaintiffs and Citizen Lab relevant to Citizen Lab's role related to the case, which occurred entirely before the complaint was filed."  Dkt. 250 at 8.  To the extent that defendants seek post-complaint communications with Citizen Lab, plaintiffs argue that defendants have "fail[ed] to explain why plaintiffs' post-complaint communications with Citizen Lab are likely to have any connection to the case."  Id.

The court concludes that defendants have not shown how the requested discovery is warranted under Rule 26(b)(1).  Defendants argue that the "core allegation" of the complaint is that "Pegasus is misused by NSO's customers against 'civil society,'" but defendants have not explained how the "civil society" allegation relates to any of the specific three causes of action that remain operative in the case, or any of the specific affirmative defenses asserted in response.  In fact, in a footnote in their reply, defendants offer that "[i]f plaintiffs would agree to withdraw from their case Citizen Lab's contention that Pegasus was used against members of 'civil society' rather than to investigate terrorism and serious crime, there would be much less need for this discovery."  See Dkt. 258 at 4, n.1.  It appears from that representation that the "civil society" allegation appears to be an ancillary part of this case – rather than relating to one of the elements of the asserted claims or defenses in this case.  On that basis, the court fails to see the relevance of the requested discovery, and thus, denies defendants' motion to the extent that it seeks post-complaint communications between plaintiffs and Citizen Lab.

United States District Court
Northern District of California

6

**ER-415**

United States District Court
Northern District of California

C.     Defendants' motion for relief from case management schedule (Dkt. 265)

Defendants have filed a motion for relief from the case management schedule, seeking approximately a six-month extension for discovery deadlines, as well as extended deadlines for summary judgment and trial.  At the hearing, the court stated that defendants' motion was granted in large part.  As stated at the hearing, expert disclosures shall be due by August 30, 2024, the start of trial shall be continued to March 3, 2025, and the parties shall submit a stipulation as to the remaining dates.  The parties' stipulation shall conform with this court's standing order and allow at least 120 days between the summary judgment hearing and the start of trial.

Also, as stated at the hearing, by granting defendants' motion, the additional two motions filed by plaintiffs – namely, the motion for interim schedule relief (Dkt. 279) and administrative motion to shorten time (Dkt. 280) are denied as moot.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel discovery (Dkt. 236) is GRANTED in part and DENIED in part, defendants' motion to compel discovery (Dkt. 240) is DENIED, and defendants' motion for relief from the case management schedule (Dkt. 265) is GRANTED.  Plaintiffs' motion for interim schedule relief (Dkt. 279) and administrative motion to shorten time (Dkt. 280) are denied as moot.  The parties' motions to seal (Dkt. 235, 239, 249, 257, 260, 264, 272, 276) are also GRANTED.

**IT IS SO ORDERED.**

Dated:  February 23, 2024

_____/s/ *Phyllis J. Hamilton*_____
PHYLLIS J. HAMILTON
United States District Judge

7

**ER-416**

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:     (213) 443-4355
Facsimile:     (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF AMENDED MOTION OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED FOR A PROTECTIVE ORDER**<br><br>Judge:   Hon. Phyllis J. Hamilton<br><br>Action Filed:   10/29/2019 |

**ER-417**

I, Joseph N. Akrotirianakis, declare as follows:

1.      I am a member of the California State Bar and the bar of this court and a partner in the law firm of King & Spalding LLP, counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited ("Defendants").  I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2.      Plaintiffs served their First Requests for Production ("RFPs") on June 2, 2020, before this Court stayed all proceedings in the action.  A true and correct copy of Plaintiffs' First Requests for Production is attached hereto as **Exhibit A**.

3.      On March 13 and 16, 2023, my colleague Aaron Craig and I met and conferred with Plaintiffs' counsel, Antonio Perez-Marques and a number of his colleagues, about Defendants' motion for protective order.  During our discussions, Mr. Perez-Marques took the position that the relevance and specificity of Plaintiffs' RFPs are irrelevant to whether Defendants should receive a protective order based on Israeli law.  Mr. Perez-Marques stated his client's position that every one of Plaintiffs' RFPs was sufficiently relevant and specific, and that Plaintiffs can properly seek discovery of every document requested by Plaintiffs' RFPs.  Mr. Perez-Marques said Plaintiffs might consider proposals to narrow some of Plaintiffs' RFPs *after* the Court decides Defendants' motion for protective order, but he refused to narrow any RFP before that time. He agreed that Defendants' motion would appropriately address Plaintiffs' RFPs "as drafted."

4.      In Plaintiffs' Complaint and Initial Disclosures in this action, Plaintiffs claimed to seek damages for "damage to Plaintiffs' reputation, and damage to the relationships and goodwill between Plaintiffs and their users and potential users." (*E.g.*, Compl. ¶ 64.)  However, on April 4, 2023—after Defendants filed their first Motion for a Protective Order—Mr. Perez-Marques informed me that "Plaintiffs do not intend to seek reputational damages."  A true and correct copy of Mr. Perez-Marques's email is attached hereto as **Exhibit B**.

5.      Absent their now-abandoned reputational damages, Plaintiffs calculated their compensatory damages as "approximately $1 million" in their Initial Disclosures.  A true and correct copy of Plaintiffs' Initial Disclosures is attached hereto as **Exhibit C**.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 10th day of April 2023, at Los Angeles, California.

/s/ *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS

# EXHIBIT B

13

# Aaron Craig

| | |
|---|---|
| **From:** | Perez-Marques, Antonio J. <antonio.perez@davispolk.com> |
| **Sent:** | Tuesday, April 4, 2023 5:51 AM |
| **To:** | Mina Tunson-Stevenson; Aaron Craig; Joe Akrotirianakis; Andres, Greg D.; Cagney, Craig; Block, Micah G. |
| **Cc:** | fb.nso |
| **Subject:** | RE: WhatsApp Inc. et al v. NSO Group Technologies Limited et al |

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,

Thank you for providing these notices.  Can you please confirm that you have provided notice of all third party subpoenas served by Defendants?  We will do the same on our part.

We received hard copies of at least some of the subpoenas by fed ex.  Going forward, we would propose that such notices be provided promptly via email, consistent with our agreement regarding service and Plaintiffs' practice in this case to date.  Please include the distribution list fb.nso@davispolk.com on such notices.

In addition, please note that Plaintiffs object to all such third-party requests to the extent the requests seek information related to Meta's reputation.  As will be stated in Plaintiffs' forthcoming response and objections, Plaintiffs do not intend to seek reputational damages, meaning that these requests are not relevant to any claims or defenses in this action.

Best,

Tony


**Antonio J. Perez-Marques**

**Davis Polk & Wardwell LLP**
+1 212 450 4559 office
+1 917 504 7980 mobile
antonio.perez@davispolk.com

---

**From:** Mina Tunson-Stevenson <MTunson@KSLAW.com>
**Sent:** Monday, April 3, 2023 7:41 PM
**To:** Andres, Greg D. <greg.andres@davispolk.com>; Perez-Marques, Antonio J. <antonio.perez@davispolk.com>; Cagney, Craig <craig.cagney@davispolk.com>; Block, Micah G. <micah.block@davispolk.com>
**Cc:** Aaron Craig <ACraig@KSLAW.com>
**Subject:** WhatsApp Inc. et al v. NSO Group Technologies Limited et al

Counsel,
Attached for service are the following Notices of Third-Party Subpoenas:
1. Notice of Third-Party Subpoena (Lieff Cabraser);
2. Notice of Third-Party Subpoena (Phillips, Erlewine, Given & Carlin LLP); and
3. Notice of Third-Party Subpoena (The Arnold Law Firm).
4. Notice of Third-Party Subpoena (Bleichmar Fonti & Auld LLP

1

14

**Wilhelamina Tunson-Stevenson**
LPA Coordinator & Development Specialist

T: +1 213 443 4338  |  E: mtunson@kslaw.com

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071



kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

2

15

**ER-422**

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WHATSAPP INC., et al.,

      Plaintiffs,

      v.

NSO GROUP TECHNOLOGIES
LIMITED, et al.,

      Defendants.

Case No. 19-cv-07123-PJH

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS AND DENYING MOTION TO
STAY DISCOVERY**

Re: Dkt. Nos. 45, 95

Before the court is defendants NSO Group Technologies, Ltd. ("NSO") and Q

Cyber Technologies Ltd.'s ("Q Cyber," and together with NSO, "defendants") motion to

dismiss. The matter is fully briefed and suitable for decision without oral argument.

Having read the parties' papers and carefully considered their arguments and the

relevant legal authority, and good cause appearing, the court rules as follows.

## BACKGROUND

On October 29, 2019, plaintiffs WhatsApp Inc. ("WhatsApp") and Facebook, Inc.

("Facebook" and together with WhatsApp, "plaintiffs") filed a complaint ("Compl.") alleging

that defendants sent malware, using WhatsApp's system, to approximately 1,400 mobile

phones and devices designed to infect those devices for the purpose of surveilling the

users of those phones and devices. Dkt. 1, ¶ 1. The complaint alleges four causes of

action: (1) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030;

(2) violation of the California Comprehensive Computer Data Access and Fraud Act, Cal.

Penal Code § 502; (3) breach of contract; and (4) trespass to chattels.

Plaintiff WhatsApp is a Delaware corporation with its principal place of business in

Menlo Park, California and is owned by plaintiff Facebook, which is also a Delaware corporation with its principal place of business in Menlo Park, California. Compl. ¶¶ 3–4. WhatsApp provides an encrypted communication service that is accessed through the WhatsApp application ("app") that users must download to their personal devices. Id. ¶ 17. Defendant NSO is an Israeli limited liability company and defendant Q Cyber is an Israeli corporation and NSO's only active director and the majority shareholder. Id. ¶¶ 5–6. Defendants are alleged to manufacture, distribute, and operate surveillance technology "designed to intercept and extract information and communications from mobile phones and devices" Id. ¶ 24.

In order to use the WhatsApp app and service, WhatsApp users consent to WhatsApp's terms of service in which they agree to "use [WhatsApp's] Services according to [WhatsApp's] Terms and policies" and further agree to "access and use [WhatsApp's] Services only for legal, authorized, and acceptable purposes." Id. ¶¶ 19–20. WhatsApp's terms prohibit users from using services in ways that "violate, misappropriate, or infringe the rights of WhatsApp, [its] users, or others," "are illegal, intimidating, harassing, . . . or instigate or encourage conduct that would be illegal, or otherwise inappropriate;" or "involve sending illegal or impermissible communications." Id. ¶ 21. Additionally, users are not permitted to:

> (a) reverse engineer, alter, modify, create derivative works from, decompile, or extract code from our Services, (b) send, store, or transmit viruses or other harmful computer code through or onto our Services; (c) gain or attempt to gain unauthorized access to our Services or systems; (d) interfere with or disrupt the safety, security, or performance of our Services; [or] . . . (f) collect the information of or about our users in any impermissible or unauthorized manner.

Id. ¶ 22.

Plaintiffs allege that defendants created a data program, termed Pegasus, that could "remotely and covertly extract valuable intelligence from virtually any mobile device." Id. ¶ 27. Defendants licensed Pegasus and sold support services to customers. Id. ¶ 29. According to public reporting and as alleged, defendants' customers include

2

sovereign nations such as the Kingdom of Bahrain, the United Arab Emirates, and Mexico. Id. ¶ 43. Defendants could customize Pegasus for different purposes such that, once installed on a user's device, they could intercept communications, capture screenshots, or exfiltrate browser history and contacts from that user's device. Id. ¶¶ 27, 41. Defendants used a network of computers to monitor and update the version of Pegasus implanted on a user's phone as well as control the number of devices that a customer could compromise using Pegasus. Id. ¶ 28.

Between January 2018 and May 2019, defendants are alleged to have created WhatsApp accounts that could be used to send malicious code to personal devices in April and May 2019. Id. ¶ 33. Defendants also leased servers and internet hosting services from third parties such as Choopa, QuadraNet, and Amazon Web Service; the leased servers were used to distribute malware and relay commands to users' devices. Id. ¶ 34. Defendants reverse engineered the WhatsApp app and developed Pegasus to emulate legitimate WhatsApp network traffic. Id. ¶ 35.

Pegasus is alleged to operate by first routing malicious code through WhatsApp's relay servers to a user's device. Id. ¶ 36. Defendants formatted certain messages containing the malicious code to appear like a legitimate call and concealed the code within the call settings. Id. ¶ 37. To avoid technical restrictions built into the WhatsApp signaling servers, defendants formatted call initiation messages that contained the malicious code to appear as a legitimate call. Id. The call would inject the malicious code into a device's memory whether or not the user answered the call. Id. After the malicious code was delivered to a device, defendants caused encrypted data packets to be sent to a user's device via WhatsApp's relay servers, designed to activate the malicious code residing on the memory of the target devices. Id. ¶ 39. Once activated, the malicious code caused the target device to connect to one of the leased, remote servers hosting defendants' malware, which was then downloaded and installed on the target devices. Id. ¶ 40. The malware would then give defendants and their customers access to information on the target devices. Id. ¶ 41.

3

**ER-425**

Between April 29, 2019 and May 10, 2019, defendants caused their malicious code to be transmitted over WhatsApp's servers reaching approximately 1,400 devices used by "attorneys, journalists, human rights activists, political dissidents, diplomats, and other senior foreign government officials." Id. ¶ 42. On May 13, 2019, Facebook announced that it had investigated the vulnerability and WhatsApp and Facebook closed the vulnerability around that time. Id. ¶ 44.

## DISCUSSION

### A. Legal Standard

#### 1. Rule 12(b)(1)

A federal court may dismiss an action under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears," the burden to prove its existence "rests on the party asserting federal subject matter jurisdiction." Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc., No. C03-3560 SI, 2003 WL 22862662, at *3 (N.D. Cal. Nov. 26, 2003) (quoting Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 969 (9th Cir. 1981); and citing Cal. ex rel. Younger v. Andrus, 608 F.2d 1247, 1249 (9th Cir. 1979)). A jurisdictional challenge may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). When the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction. Id. Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." Id.

When resolving a factual dispute about its federal subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction"); see also Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of the District Court's

4

United States District Court
Northern District of California

jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist.").  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Safe Air for Everyone, 373 F.3d at 1039.

> **2.** **Rule 12(b)(2)**

A federal court may dismiss an action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  When resolving a motion to dismiss under Rule 12(b)(2) on written materials, the court accepts uncontroverted facts in the complaint as true and resolves conflicts in affidavits in the plaintiffs' favor.  Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011).  The party seeking to invoke a federal court's jurisdiction bears the burden of demonstrating jurisdiction.  Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015).  "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  Daimler AG v. Bauman, 571 U.S. 117, 125 (2014); see Fed. R. Civ. P. 4(k)(1)(a).  California's long arm statute permits exercise of personal jurisdiction to the fullest extent permissible under the U.S. Constitution, therefore, the court's inquiry "centers on whether exercising jurisdiction comports with due process."  Picot, 780 F.3d at 1211; see Cal. Code Civ. P. § 410.10.

The Due Process Clause of the Fourteenth Amendment "limits the power of a state's courts to exercise jurisdiction over defendants who do not consent to jurisdiction."  Martinez v. Aero Caribbean, 764 F.3d 1062, 1066 (9th Cir. 2014).  Due process requires that the defendant "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  Under the "minimum contacts" analysis, a court can exercise either "general or all-purpose jurisdiction," or "specific or conduct-linked jurisdiction."  Daimler, 571 U.S. at 121–22 (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

A court may exercise specific jurisdiction over a defendant if its less-substantial contacts with the forum give rise to the claim or claims pending before the court—that is, if the cause of action "arises out of" or has a substantial connection with that activity. Hanson v. Denckla, 357 U.S. 235, 250–53 (1958); see also Goodyear, 564 U.S. at 924–25. The inquiry into whether a forum state may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation. Walden v. Fiore, 571 U.S. 277, 283–84 (2014) (citation omitted).

To determine whether a defendant's contacts with the forum state are sufficient to establish specific jurisdiction, the Ninth Circuit employs a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1142 (9th Cir. 2017). A plaintiff bears the burden of satisfying the first two prongs. Id. If the plaintiff does so, then the burden shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477–78 (1985)).

**3.    Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock Inc., 349 F.3d 1191, 1199–1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

6

**ER-428**

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999), superseded by statute on other grounds as stated in In re Quality Sys., Inc. Sec. Litig., 865 F.3d 1130 (9th Cir. 2017)); see also Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) ("[A] court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document." (citation omitted)). The court may also consider matters that are properly the subject of judicial notice (Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001)), and exhibits attached to the complaint (Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989)).

**4.    Rule 12(b)(7)**

Federal Rule of Civil Procedure 12(b)(7) permits a party to move for dismissal for

7

**ER-429**

failure to join a party recognized as indispensable by Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7); Quileute Indian Tribe v. Babbitt, 18 F.3d 1459, 1458 (9th Cir. 1994). Federal Rule of Civil Procedure 19 "governs compulsory party joinder in federal district courts." E.E.O.C. v. Peabody W. Coal Co. ("Peabody I"), 400 F.3d 774, 778 (9th Cir. 2005). When determining whether dismissal is appropriate under Rule 12(b)(7), the court undertakes "three successive inquiries." Id. at 779.

"First, the court must determine whether a nonparty should be joined under Rule 19(a)"—that is, whether a nonparty is "necessary." Id. A nonparty is "necessary" if joinder is "'desirable' in the interests of just adjudication." Id. (quoting Fed. R. Civ. P. 19 Advisory Committee Note (1966)). "There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a). . . . The determination is heavily influenced by the facts and circumstances of each case." E.E.O.C. v. Peabody W. Coal Co. ("Peabody II"), 610 F.3d 1070, 1081 (9th Cir. 2010) (quoting N. Alaska Envtl. Ctr. v. Hodel, 803 F.2d 466, 468 (9th Cir. 1986)).

A nonparty can be necessary under Rule 19(a)(1)(A) or Rule 19(a)(1)(B). A nonparty is necessary under Rule 19(a)(1)(A) if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). A nonparty is necessary under Rule 19(a)(1)(B) if that person "claims a legally protected interest in the subject of the suit such that a decision in its absence will (1) impair or impede its ability to protect that interest; or (2) expose [an existing party] to the risk of multiple or inconsistent obligations by reason of that interest." Dawavendewa v. Salt River Project Agr. Imp. & Power Dist., 276 F.3d 1150, 1155 (9th Cir. 2002).

Second, if a nonparty is necessary, the court determines "whether it is feasible to order that the absentee be joined." Peabody I, 400 F.3d at 779. Joinder is not feasible "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." Id. Third, if joinder is not feasible, the court must determine whether the party is "indispensable" under Rule 19(b), that is, whether "in equity and good conscience, the action should proceed among the

8

**ER-430**

existing parties or should be dismissed." Fed. R. Civ. P. 19(b). "The inquiry is a practical one and fact specific and is designed to avoid the harsh results of rigid application." Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990) (citations omitted).

When considering a motion to dismiss under Rule 12(b)(7), the court accepts as true the allegations in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of Los Angeles, 637 F.3d 993, 996 n.1 (9th Cir. 2011). But the court may consider evidence outside of the pleadings. See McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960). "The moving party has the burden of persuasion in arguing for dismissal" for failure to join. Makah Indian Tribe, 910 F.2d at 558.

**B.     Analysis**

**1.     Subject Matter Jurisdiction**

As an initial observation, plaintiffs' complaint pleads a cause of action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, invoking the court's federal question jurisdiction. See Gully v. First Nat'l Bank, 299 U.S. 109, 111 (1936). Defendants' attack on the court's subject matter jurisdiction is, therefore, not facial, but factual.

Defendants contend that the court lacks subject matter jurisdiction because the conduct giving rise to the complaint was performed by foreign sovereigns and the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. §§ 1602–11, bars any lawsuit on that basis. Mtn. at 8–9. Defendants also assert that the court should extend the doctrine of derivative sovereign immunity to them because defendants were contractors of the foreign sovereigns acting within the scope of their employment. Id. at 9–10.

The FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States" except as provided in the FSIA. 28 U.S.C. § 1604. The parties agree that defendants, as private foreign entities, do not qualify as foreign states and cannot directly avail themselves of the FSIA. Opp. at 3; Reply at 9. More pertinent is whether defendants may avail themselves of some sort of derivative sovereign immunity. There are two relevant doctrines implicated by defendants'

9

**ER-431**

United States District Court
Northern District of California

argument: foreign official immunity and derivative sovereign immunity.  The court addresses each in turn.

### a.  Foreign Official Immunity

In Samantar v. Yousuf, 560 U.S. 305, 308 (2010), the Supreme Court addressed whether the FSIA afforded a former Somali vice president and defense minister with immunity from suit based on actions taken in his official capacity.  While the Court ultimately concluded that the FSIA did not extend to foreign officials, the Court separately discussed the common law doctrine of foreign sovereign immunity, which potentially applies to the acts of foreign officials not covered by the FSIA.  See id. at 311 (citing Schooner Exchange v. McFaddon, 7 Cranch 116, 3 L.Ed. 287 (1812)).  Over time, courts formulated a "two-step procedure developed for resolving a foreign state's claim of sovereign immunity."  Id.  The first step involves requesting a "suggestion of immunity" from the U.S. State Department.  Id.  If the State Department declines to issue the suggestion, then a district court "ha[s] authority to decide for itself whether all the requisites for immunity exist[ ]."  Id. (quoting Ex parte Peru, 318 U.S. 578, 587 (1943)).  At this second step, the court will grant immunity if "the ground of immunity is one which it is the established policy of the [State Department] to recognize."  Id. at 312 (quoting Republic of Mex. v. Hoffman, 324 U.S. 30, 36 (1945)).

At the second step of foreign official immunity, courts distinguish between status-based immunity and conduct-based immunity.  "Status-based immunity is reserved for diplomats and heads of state and attaches 'regardless of the substance of the claim.'"  Lewis v. Mutond, 918 F.3d 142, 145 (D.C. Cir. 2019) (quoting Chimène I. Keitner, The Common Law of Foreign Official Immunity, 14 Green Bag 2d 61, 64 (2010)).  "Conduct-based immunity is afforded to "any [ ] [p]ublic minister, official, or agent of the state with respect to acts performed in his official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state.'"  Id. (alterations in original) (quoting Restatement (Second) of Foreign Relations Law § 66(f) (1965) ("Restatement")); accord Doğan v. Barak, 932 F.3d 888, 894 (9th Cir. 2019).  While the Supreme Court "expressed

10

ER-432

United States District Court
Northern District of California

no view on whether Restatement § 66 correctly sets out the scope of common-law immunity applicable to current or former foreign officials," Samantar 560 U.S. at 321 n.15, in Doğan v. Barak, 932 F.3d at 893–94, the Ninth Circuit cited with approval Restatement § 66 to determine conduct-based immunity.  Restatement § 66 provides a three factor test for such immunity: "First, whether the actor is a public minister, official, or agent of the foreign state.  Second, whether the acts were performed in her official capacity.  And third, whether exercising jurisdiction would serve to enforce a rule of law against the foreign state."  Lewis, 918 F.3d at 146.

Here, defendants do not argue that the U.S. State Department has issued them a suggestion of immunity or that status-based immunity is available to them.  Instead, they contend that conduct-based foreign sovereign immunity applies to a foreign sovereign's private agents when the agent acts on behalf of the state and that this standard applies to their conduct on behalf of foreign sovereigns.[1]  Reply at 10.

With respect to the first factor, plaintiffs do not contest that defendants are agents of foreign governments; indeed, the complaint alleges that defendants' customers include the Kingdom of Bahrain, the United Arab Emirates, and Mexico.  Compl. ¶ 43.  With respect to the second factor, defendants argue that foreign states used defendants' technology to fight terrorism and serious crime, which are official public acts.  Mtn. at 9 n.9.  Plaintiffs do not contend that defendants were acting outside the scope of their contracts with their customers, though they take issue with the idea that attacks on journalists and attorneys is consistent with fighting terrorism and crime.  Opp. at 4 n.2.  Regardless of the character of the governments' actions, no argument is made that defendants operated outside their official capacity.

With regard to the third factor, plaintiffs argue that a judgment enjoining NSO from

---

[1] Defendants suggest that derivative immunity is grounded in the common law of foreign sovereign immunity and that Butters v. Vance International, Inc., 225 F.3d 462 (4th Cir. 2000), applied the common law of foreign sovereign immunity.  Reply at 10.  Defendants appear to be merging two distinct doctrines, foreign official immunity and derivative sovereign immunity.  For clarity, the court only addresses foreign official immunity in this section and then addresses derivative immunity, as discussed in Butters.

11

**ER-433**

creating or using accounts with WhatsApp would bind only NSO and that a monetary judgment would not be paid from a foreign state's coffers. Opp. at 6. Defendants do not directly address whether exercising jurisdiction would enforce a rule of law against a foreign state. However, in the context of their Rule 12(b)(7) motion to dismiss for failure to join necessary parties, defendants argue that, because defendants' customers were the entities that accessed plaintiffs' services, injunctive relief would necessarily bind those sovereign nations. Mtn. at 19.

In Lewis, 918 F.3d at 147, the D.C. Circuit, in evaluating the third factor, reasoned that the defendants in that case failed to demonstrate that the plaintiff sought "to draw on the [foreign state's] treasury or force the state to take specific action, as would be the case if the judgment were enforceable against the state. Defendants in this case are being sued in their individual capacities and Plaintiff [did] not seek[] compensation out of state funds." Applying here, defendants have not argued that any of their foreign sovereign customers would be forced to pay a judgment against defendants if plaintiffs were to prevail in this lawsuit. Plaintiffs also request injunctive relief against defendants "and all other persons acting in concert or conspiracy with any of them or who are affiliated with" defendants. Compl., Request for Relief. This issue is addressed in greater depth with respect to defendants' 12(b)(7) motion, but, briefly, the court can craft injunctive relief that does not require a foreign sovereign to take an affirmative action. Thus, plaintiffs do not seek to enforce a rule of law against defendants' customers.

For the foregoing reasons, defendants do not qualify as foreign officials under the content-based prong of the foreign official immunity test.

### b.   Derivative Sovereign Immunity

Next, defendants argue that the court should apply the derivative sovereign immunity doctrine articulated by the Fourth Circuit in Butters v. Vance International, Inc., 225 F.3d at 466. That case involved a suit by a U.S. employee against her employer, a U.S. corporation. Id. at 464. The employer provided "security services to corporations and foreign sovereigns," specifically to the wife of the king of Saudi Arabia while she was

12

undergoing medical treatment in California. Id. The employee was employed to provide security services but, because of the religious beliefs of the Saudi entourage, was not permitted to work in the command post and eventually filed a gender discrimination suit against her employer. Id.

On appeal, the Fourth Circuit determined that the U.S. company could assert derivative sovereign immunity. Id. at 466. The court cited Yearsley v. W.A. Ross Construction Co., 309 U.S. 18, 21–22 (1940), for the proposition that "contractors and common law agents acting within the scope of their employment for the United States have derivative sovereign immunity." Id. (emphasis added). The court then extended the rule of derivative sovereign immunity to American private agents of foreign governments:

> It is but a small step to extend this privilege to the private agents of foreign governments. All sovereigns need flexibility to hire private agents to aid them in conducting their governmental functions. This is especially true for foreign sovereigns given their lack of human resources while operating within the United States. To abrogate immunity would discourage American companies from entering lawful agreements with foreign governments and from respecting their wishes even as to sovereign acts.

Id.

Plaintiffs argue that the court should not apply Butters because no court in this circuit has extended derivative domestic sovereign immunity to work performed for foreign sovereigns. Opp. at 4. They also argue that Samantar effectively abrogated Butters' holding because Butters cited and relied on the FSIA to extend sovereign immunity to a private entity working for a foreign sovereign. Id. at 6. In response, defendants contend that Butters remains good law and compare the facts here to Yearsley where a contractor's performance was "authorized and directed" by the government. Reply at 10–11 (quoting Yearsley, 309 U.S. at 20).

The court need not decide whether Samantar abrogated Butters because Butters is neither controlling nor persuasive authority. Significantly, as plaintiffs note, the Ninth Circuit has not held that the doctrine of derivative sovereign immunity applies to the

13

foreign contractors of foreign sovereigns.[2]  Nor is it clear that the circuit would do so because, as the district court in Broidy Capital Management LLC v. Muzin, No. 19-CV-0150 (DLF), 2020 WL 1536350, at *7 (D.D.C. Mar. 31, 2020), pointed out, there are different rationales underlying domestic and foreign sovereign immunity.  Foreign sovereign immunity is "a matter of grace and comity on the part of the United States, and not a restriction imposed by the Constitution."  Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 486 (1983).  Conversely, domestic derivative sovereign immunity stems from a valid exercise of constitutional authority where the contractor does not exceed such authority.  Yearsley, 309 U.S. at 20–21 ("[I]t is clear that if this authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will.").  Moreover, the Supreme Court has cautioned that while "'government contractors obtain certain immunity in connection with work which they do pursuant to their contractual undertakings with the United States[,]' . . . [t]hat immunity, . . . unlike the sovereign's, is not absolute."  Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 672 (2016) (quoting Brady v. Roosevelt S.S. Co., 317 U.S. 575, 583 (1943)).  In light of these divergent doctrines and the lack of controlling authority, there is no compelling reason to extend derivative sovereign immunity to a foreign entity working on behalf of a foreign sovereign.

Even if the court were to apply Butters as persuasive authority, defendants fail to meet its standard because they are not incorporated or formed in the United States.  In

---

[2] Other circuits are split on the issue of whether Yearsley constitutes a rule of jurisdictional immunity.  Compare Adkisson v. Jacobs Eng'g Grp., Inc., 790 F.3d 641, 647 (6th Cir. 2015) ("Yearsley immunity is, in our opinion, closer in nature to qualified immunity for private individuals under government contract, which is an issue to be reviewed on the merits rather than for jurisdiction." (citing Filarsky v. Delia, 566 U.S. 377, 389–92 (2012)); Ackerson v. Bean Dredging LLC, 589 F.3d 196, 207 (5th Cir. 2009) ("Yearsley does not discuss sovereign immunity or otherwise address the court's power to hear the case . . . ."), with Cunningham v. Gen. Dynamics Info. Tech., Inc., 888 F.3d 640, 650 (4th Cir. 2018) (reaffirming holding that "Yearsley doctrine operates as a jurisdictional bar to suit and not as a merits defense to liability").  Because the court can resolve the derivative sovereign immunity question on other grounds, it need not wade into the circuit split concerning whether a Yearsley defense is jurisdictional.

United States District Court
Northern District of California

Butters, the defendant asserting derivative sovereign immunity was a U.S. corporation and the Fourth Circuit's reasoning indicated that the U.S. citizenship of the company was necessary to its holding. 225 F.3d at 466 ("To abrogate immunity would discourage American companies from entering lawful agreements with foreign governments and from respecting their wishes even as to sovereign acts." (emphasis added)). None of the other cases cited by defendants involve the application of derivative sovereign immunity to foreign entities.[3] E.g., Ivey for Carolina Golf Dev. Co. v. Lynch, No. 1:17CV439, 2018 WL 3764264, at *7 (M.D.N.C. Aug. 8, 2018) (applying Butters to find that United States citizen acting as agent of foreign sovereign was immune); see also Broidy Capital Mgmt. LLC v. Muzin, No. 19-CV-0150 (DLF), 2020 WL 1536350, at *6 (D.D.C. Mar. 31, 2020) (recognizing Butters, Ivey, and Alicog v. Kingdom of Saudi Arabia, 860 F. Supp. 379, 384 (S.D. Tex. 1994), as cases "in which courts have extended foreign sovereign immunity to U.S. citizens").

Accordingly, the doctrine of derivative domestic sovereign immunity is not applicable to defendants. For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

**2.      Personal Jurisdiction**

**a.      Consent**

Defendants argue that they have not consented to personal jurisdiction by accepting WhatsApp's terms of service. Mtn. at 11. The Ninth Circuit has recognized that accepting a forum selection clause evidences consent to personal jurisdiction in that forum. SEC v. Ross, 504 F.3d 1130, 1149 (9th Cir. 2007) (citing Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315–16 (1964); and Dow Chem. Co. v. Calderon, 422 F.3d

---

[3] In a case cited by defendants, Moriah v. Bank of China Ltd., 107 F. Supp. 3d 272, 277 n.4 (S.D.N.Y. 2015), the district court cited Butters while discussing derivative foreign sovereign immunity as applied to a foreign official. However, the court's reasoning applied the "'two-step procedure' to assess common-law claims of foreign sovereign immunity" required by Samantar. Id. at 276 & n.27 (quoting Samantar, 560 U.S. at 312). Thus, the court's citation of Butters was not necessary to its finding and did not discuss the distinction between derivative sovereign immunity and foreign official immunity.

15

827, 831 (9th Cir. 2005)). Forum selection clauses are presumptively valid, M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10 (1972), and courts "apply federal law to the interpretation of the forum selection clause." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing Manetti–Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988)).

"Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999). A contract is interpreted as a whole and each part is interpreted with reference to the whole. Id. "A primary rule of interpretation is '[t]hat the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it.'" Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987) (quoting 4 Williston, A Treatise on the Law of Contracts, § 618 (W. Jaeger 3d ed. 1961)).

Here, the forum selection clause in WhatsApp's terms of service that were in effect at the time of the alleged conduct provided:

> If you are not subject to the "Special Arbitration Provision for United States or Canada Users" section below, you agree that you will resolve any Claim you have with us relating to, arising out of, or in any way in connection with our Terms, us, or our Services (each, a "Dispute," and together, "Disputes") exclusively in the United States District Court for the Northern District of California or a state court located in San Mateo County in California, and you agree to submit to the personal jurisdiction of such courts for the purpose of litigating all such Disputes.

Declaration of Joseph N. Akrotirianakis ("Akro. Decl."), Ex. 6, Dkt. 45-7, at 9; Declaration of Michael P. Duffy ("Duffy Decl."), Ex. 1, Dkt. 55-4, at 4. As defined earlier in the terms of service, "us" is defined as WhatsApp and "you" is not defined but appears to refer to the counterparty accepting the terms of service, i.e., the user. Duffy Decl., Ex. 1 at 2.

Defendants do not argue that the terms of service are unreasonable, unjust, or

16

**ER-438**

United States District Court
Northern District of California

otherwise inapplicable to them.  Instead, they contend that the present litigation does not fall within the defined term "Dispute" because a dispute involves "any Claim you have with us," which would not apply to claims WhatsApp has with its users.  Mtn. at 11–12. Plaintiffs contend that the better reading of that phrase would include any claim between WhatsApp and its users, regardless of who initiated the claim.  Opp. at 11.

The question here is whether the parties to the terms of service intended for the definition of the term "Dispute" to apply as a one-way street, i.e., a user filing a claim against WhatsApp, or a two-way street, either a user or WhatsApp filing a claim against the other.  By creating a parenthetical with the word "Dispute," WhatsApp defined that term in reference to the sentence preceding the parenthetical.  In relevant part, the term "Dispute" means "any Claim you have with us relating to, arising out of, or in any way in connection with our Terms, us, or our Services."  The common or normal meaning of the word "have" in the phrase "any Claim you have with us" is as a transitive verb meaning "to hold or maintain as a possession, privilege, or entitlement."  Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/have (last visited June 22, 2020).  In the phrase "any Claim you have with us," the subject that has "any Claim" is "you," not "us."  Thus, the entity holding or maintaining the claim as a possession, privilege, or entitlement is the user not WhatsApp.  Reading the foregoing together, the ordinary meaning of the term "Dispute" is that a user holds in possession any claim against WhatsApp and not that WhatsApp possesses a claim against a user.

Plaintiffs argue that the court should read the choice of law provision to interpret the way in which the term "Dispute" is read in the forum selection clause.  The choice of law provision states: "The laws of the State of California govern our Terms, as well as any Disputes, whether in court or arbitration, which might arise between WhatsApp and you, without regard to conflict of law provisions."  Duffy Decl., Ex. 1 at 4.  The phrase "any Disputes . . . between WhatsApp and you" indicates that it applies to a dispute shared by or common to the parties.  It is notable that WhatsApp chose to use "between" in the choice of law provision but not the forum selection clause.  Had WhatsApp

17

intended to provide for claims initiated by either a user or by WhatsApp, WhatsApp could have (but did not) use the term "between" when defining the term "dispute."  Additionally, the choice of law provision uses the defined term "Disputes," which indicates that the definition from the forum selection clause should simply be applied in the choice of law provision but not that the term accumulates an additional meaning (i.e., between) because of the choice of law provision.

Accordingly, the terms of service's forum selection clause do not apply to claims initiated by WhatsApp against its users and, therefore, defendants did not consent to personal jurisdiction.

### b.   Specific Jurisdiction

Plaintiffs contend that the court should exercise specific jurisdiction over defendants under both a purposeful direction theory (based on their tort claims) and a purposeful availment theory (based on their contract claim).  Opp. at 12.

### i.   Purposeful Direction

Under the Calder effects test, plaintiffs must show that defendants (1) committed an intentional act, (2) expressly aimed at the forum state, (3) caused harm that the defendant knew was likely to be suffered in the forum state.  Calder v. Jones, 465 U.S. 783, 789–90 (1984).

With regard to the first element, plaintiffs have identified the intentional act as the targeting of WhatsApp's systems and servers by defendants to disseminate malicious code and malware.  Opp. at 14.  Defendants contend that they did not commit the intentional act in question; instead, foreign governments committed the intentional acts and have submitted a declaration to that effect.  Mtn. at 14.  Plaintiffs respond that the court cannot accept defendants' contention at the pleading stage.  Opp. at 14 n.11.

For purposes of personal jurisdiction, there does not appear to be any dispute that someone sent malicious code and malware through WhatsApp's servers, accessed WhatsApp's servers without authorization, and sent unauthorized commands to WhatsApp's computers.  Rather the dispute concerns whether defendants' evidence

United States District Court
Northern District of California

18

ER-440

United States District Court
Northern District of California

demonstrates that someone other than defendants committed the intentional act. Plaintiffs allege that defendants accessed WhatsApp's computers and servers and user's devices without authorization. Compl. ¶¶ 54, 60. To rebut those allegations, defendants offer the declaration of Shalev Hulio, NSO's CEO and co-founder, wherein he declares that "NSO markets and licenses the Pegasus technology to its sovereign customers, which then operate the technology themselves . . . ." Hulio Decl. ¶ 14. "Defendants role is limited to NSO providing advice and technical support to assist customers in setting up—not operating—the Pegasus technology." Id.

Two points limit the persuasiveness of the declaration. First, the declaration itself leaves open the possibility of defendants' involvement in the intentional act because Hulio qualifies his statement on defendants' limited advice and technical support role by stating "[w]hen Defendants provide those support services, they do so entirely at the direction of their government customers, and Defendants follow those directions completely." Id. Thus, it appears defendants retained some role in conducting the intentional act, even if it was at the direction of their customers. Second, the complaint goes beyond the statements in the Hulio declaration because plaintiffs allege that defendants designed and manufactured a program to exploit WhatsApp's app, servers, and infrastructure. At this stage, the boundary between defendants' conduct and their clients' conduct is not clearly delineated or definitively resolved by the Hulio declaration. Because the court resolves conflicts in affidavits in plaintiffs' favor and plaintiffs only need to demonstrate that they have established a prima facie showing of jurisdictional facts, Mavrix Photo, 647 F.3d at 1223, plaintiffs have sufficiently demonstrated that defendants committed an intentional act.

The second element "asks whether the defendant's allegedly tortious action was 'expressly aimed at the forum.'" Picot, 780 F.3d at 1214 (quoting Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1129 (9th Cir. 2010), abrogated on other grounds by Walden, 571 U.S. 277). "The 'express aiming' analysis depends, to a significant degree, on the specific type of tort at issue." Schwarzenegger v. Fred Martin Motor Co.,

19

United States District Court
Northern District of California

374 F.3d 797, 807 (9th Cir. 2004).  The alleged torts in the complaint center on the improper access to and misuse of WhatsApp's application, servers, and network.

Defendants advance several arguments why plaintiffs fail to show express aiming, including a lack of allegations that the leased, third-party servers are located in California and, if they are in California, courts have rejected the argument that the mere location of a server may give rise to personal jurisdiction.  Mtn. at 14.  Further, the complaint does not allege that any of defendants' code was routed through WhatsApp's servers located in California or that they even have California servers.  Id. at 14–15.  Defendants also argue that the contact created between an out-of-state defendant and a server is de minimis.  Id. at 15.  In response, plaintiffs argue that defendants' acts targeted a California-based company and used WhatsApp's and third-party QuandraNet's California-based servers.  Opp. at 14–15.  Plaintiffs distinguish the cases cited by defendants on the grounds that they dealt with incidental access to third-party servers rather than intentional targeting of WhatsApp's California-based servers.  Id. at 15.  Plaintiffs also point to marketing by a U.S.-based advertising arm that advertised defendants' ability to target WhatsApp.  Id.

Much of the express aiming argument centers on the role of computer servers.  There are two categories of servers at issue in the personal jurisdiction analysis: third-party servers that were leased by defendants for the alleged purpose of transmitting malware from the leased server to a user's phone (Compl. ¶ 34) and WhatApp's signaling and relay servers through which defendants routed malicious code to a user's phone (id. ¶ 36).  The servers leased by defendants were owned by third parties such as Choopa, QuadraNet, and Amazon Web Services and located in different countries, including the United States.  Id. ¶ 34.  The complaint does not allege any of these third-party servers are located in California, but declarations attached to plaintiffs' opposition brief aver that QuadraNet is a California-based company with California-based servers.  Dkt. 55-1 ¶¶ 3–5; Dkt. 55-6 ¶¶ 2–4, Exs. 1–5.

With respect to the leased third-party servers, plaintiffs have not demonstrated that

20

defendants expressly aimed their conduct at the forum state. As other district courts have noted, "the mere location of a third party or its servers is insufficient to give rise to personal jurisdiction." Hungerstation LLC v. Fast Choice LLC, No. 19-CV-05861-HSG, 2020 WL 137160, at *5 (N.D. Cal. Jan. 13, 2020) (collecting cases). Plaintiffs have identified one third party, QuadraNet, that allegedly leased servers, located in California, to defendants.[4] Defendants filed a supplemental declaration[5] with their reply brief that expressly denies that defendants contracted with QuadraNet for use of servers. Dkt. 62-1, ¶ 3. This supplemental declaration casts doubt on the fact that defendants used the QuadraNet servers in California. Even without the declaration, the connection between defendants and any leased server located in California is fortuitous. Neither party controlled where the third parties placed their servers and the servers were not the ultimate target of the intentional act. The leased servers were utilized to send malware and other commands to users' devices but not WhatsApp's servers. Yet, these users are not alleged to be located in California.

With respect to the location of WhatsApp's relay and signaling servers, two critical facts are relevant. First, the servers in question are not owned by third parties but are WhatsApp's own servers and, contrary to defendants' contention in their motion, plaintiffs allege that at least some of those servers were located in California. Compl. ¶ 60 ("Defendants knowingly and without permission used and caused to be used WhatsApp Signaling Servers and Relay Servers, including servers located in California, in violation

---

[4] Plaintiffs request the court judicially notice information from nonparty QuadraNet's website. Dkt. 56. Specifically, plaintiffs request the court notice QuadraNet's terms of service as it appeared on its website on January 29, 2019 and the current version of the terms of service, which became effective March 4, 2020. Id. at 2–3. The request is unopposed. Generally, when considering whether to grant a request for judicial notice, a court may consider factual information from the internet as long as the facts are not subject to reasonable dispute. See, e.g., Perkins v. LinkedIn Corp., 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014). Accordingly, the court **GRANTS** plaintiffs' request for judicial notice.

[5] Civil Local Rule 7-3(c) permits declarations to be submitted with a reply brief. Civil Local Rule 7-3(d)(1) permits an opposing party to file an objection to "new evidence [that] has been submitted in the reply . . . ." Plaintiffs did not file an objection (timely or otherwise) to the supplemental declaration.

21

ER-443

United States District Court
Northern District of California

of California Penal Code § 502(c)(3)." (emphasis added)).  Defendants have not controverted the allegation that WhatsApp's servers were located in California and the court accepts the allegation as true.  Second, defendants are alleged to have targeted WhatsApp's signaling and relay servers and caused malicious code to be routed through those servers.  Id. ¶ 36 ("WhatsApp's Signaling Servers facilitated the initiation of calls between different devices using the WhatsApp Service.  WhatsApp's Relay Servers facilitated certain data transmissions over the WhatsApp Service.").  These allegations indicate that defendants' program sought out specific servers—including servers in California—in order to transmit malicious code through those servers.

Because defendants are alleged to have targeted WhatsApp's own servers, this case is distinguishable from Hungerstation LLC, 2020 WL 137160, at *5, and Rosen v. Terapeak, Inc., No. CV-15-00112-MWF (EX), 2015 WL 12724071, at *9 (C.D. Cal. Apr. 28, 2015), where the servers in question were incidental to the alleged conduct and owned by third parties.  Instead, this case is similar to Seattle Sperm Bank, LLC v. Cryobank Am., LLC, No. C17-1487 RAJ, 2018 WL 3769803, at *1 (W.D. Wash. Aug. 9, 2018), where former employees, located in Phoenix, of the Seattle-based plaintiff were alleged to have "copied 10 folders onto a removable hard drive . . . . contain[ing] more than 1,500 documents . . . . These materials were housed on a server in Seattle, Washington."  The court went on to reason that

> [d]efendants worked for a company whose principal place of business in Seattle, Washington, a fact that they had knowledge of, as Defendants attest that Blaine interviewed for his job there and Kumar had his initial training there. [The defendant employees] downloaded the allegedly misappropriated information from servers located in Seattle, Washington.  Not only is Plaintiff headquartered in Seattle, but Defendants' actions allegedly caused harm likely to be suffered in Washington.

Id. at *2 (citation omitted).

Here, similar to Seattle Sperm Bank, defendants sought out and accessed

22

**ER-444**

plaintiffs' servers.[6]  Defendants are alleged to have reverse-engineered the WhatsApp app and developed a program that emulated legitimate WhatsApp network traffic in order to transmit malicious code over WhatsApp servers.  Compl. ¶ 35.  This indicates a knowledge of how WhatsApp's servers worked and where they were located such that defendants could exploit WhatsApp's servers for their own use and the use of their customers.

In their reply brief, defendants argue that, even if WhatsApp had servers in California and NSO sent messages through those servers, there is no allegation or argument that NSO selected the location of the server.  Reply at 6.  In other words, defendants contend the location of the server is fortuitous and their claims would have been the same if the servers were located in Cleveland, Paris, or Timbuktu.  Id. at 7.  The express aiming prong depends on the type of tort alleged, Picot, 780 F.3d at 1214, and here plaintiffs allege that defendants targeted and accessed WhatsApp's servers without authorization.  The location of the servers is, therefore, not a fortuity but central to the alleged tortious conduct.  For example, courts have analogized a CFAA cause of action to digital "breaking and entering" and a "trespass offense" hiQ Labs, Inc. v. LinkedIn Corp., 938 F.3d 985, 1001 (9th Cir. 2019) (citations omitted), similar to the common law trespass to chattels offense alleged.  By sending malicious code to the California based servers, defendants allegedly caused a digital transmission to enter California, which then effectuated a breaking and entering of a server in California.  Cf. Picot, 780 F.3d at 1215 (concluding personal jurisdiction not appropriate in California where the defendant interfered with a contract "without entering California, contacting any person in California, or otherwise reaching out to California").

---

[6] Defendants would distinguish Seattle Sperm Bank on the grounds that the plaintiff in that case intentionally stole data from the servers, which defendants are not alleged to have done here.  Reply at 7 n.9.  The difference between the misappropriation of trade secrets tort alleged in Seattle Sperm Bank, 2018 WL 3769803, at *2, and the trespass to chattels and unauthorized access torts alleged here is not material for purposes of express aiming.  Both cases involve an intentional tort that seeks access to a computer system without permission.

23

United States District Court
Northern District of California

United States District Court
Northern District of California

Finally, defendants argue that even if defendants targeted plaintiffs and knew plaintiffs to be California residents, plaintiffs have not shown defendants targeted California. Mtn. at 13–14. Defendants are correct to note that plaintiffs cannot rely on a theory of individualized targeting. Prior to Walden v. Fiore, courts in this circuit found the express aiming element to be satisfied where a defendant knew of the plaintiff's connection to the forum and there was a foreseeable harm to the plaintiff. See, e.g., Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1105 (C.D. Cal. 2007). As the Ninth Circuit's opinion in Axiom Foods, Inc. v. Acerchem International, Inc., 874 F.3d 1064, 1069–70 (9th Cir. 2017), held, Walden requires more than knowledge of a plaintiff's forum connections combined with the foreseeable harm that plaintiffs suffered in the forum. This holding effectively abrogated any individualized targeting theory. Rather, a court "must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." Id. at 1070 (quoting Walden, 571 U.S. at 289). "Calder made clear that mere injury to a forum resident is not a sufficient connection to the forum. . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."[7] Walden, 571 U.S. at 290.

Applying here, it is clear that the alleged conduct goes beyond defendants' knowledge that plaintiffs are located in California and would suffer harm in California. The complaint avers that defendants sought out WhatsApp's California-based servers for the purpose of routing malicious code through those servers to ultimately reach individual users' phones. By sending the malicious code, defendants electronically entered the

---

[7] While Walden reaffirmed that a defendant's conduct remains the touchstone of specific jurisdiction, the Court expressly reserved deciding the amount of minimum contacts "where intentional torts are committed via the Internet or other electronic means (e.g., fraudulent access of financial accounts or 'phishing' schemes)." Walden, 571 U.S. at 290 n.9. The Court characterized intentional torts committed using electronic means as "present[ing] the very different questions whether and how a defendant's virtual 'presence' and conduct translate into 'contacts' with a particular State." Id. This footnote reinforces the court's conclusion that where a defendant enters a forum state with malicious code and seeks out servers owned by a plaintiff in that forum state and then commits an intentional tort, such conduct is sufficient to find personal jurisdiction.

24

**ER-446**

United States District Court
Northern District of California

forum state seeking out plaintiffs' servers, which were a necessary component to transmit the malicious code to the users.  Defendants created a connection with the forum beyond an individualized targeting theory.  Accordingly, plaintiffs have demonstrated that defendants expressly aimed their intentional act at the forum state.

The third element of the Calder effects test is whether the defendants caused harm that they knew would likely be suffered in the forum state.  Defendants do not offer any argument as to this element.  Plaintiffs have alleged that defendants harmed them by interfering with the WhatsApp service and burdening their network and have injured plaintiffs' reputation, public trust, and goodwill.  Compl. ¶¶ 46–47.  If defendants did access plaintiffs' servers without authorization (or exceeded authorized access), then they would have known they were harming plaintiffs.  See id., Ex. 10 at 33 (product description naming Facebook and WhatsApp as applications to be monitored).  Defendants also knew that such harm would be suffered in California; for example, the Hulio declaration states that Facebook contacted NSO to inquire about certain capabilities of Pegasus, indicating that defendants were well aware of plaintiffs and their principal place of business in California.  Hulio Decl. ¶ 10.  Therefore, plaintiffs have demonstrated the purposeful direction element of specific jurisdiction.  For that reason, the court does not reach plaintiffs' argument that the court has jurisdiction under Rule 4(k)(2).

### ii.     Purposeful Availment

A prima facie showing of purposeful availment "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there.  By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  Schwarzenegger, 374 F.3d at 802 (quoting Hanson, 357 U.S. at 253).  When analyzing purposeful availment, the court must "use a highly realistic approach that recognizes that a contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of

25

the business transaction." Burger King, 471 U.S. at 479 (internal quotation marks and citation omitted).  Generally, an individual's contract with an out-of-state party alone cannot establish sufficient minimum contracts. Id. at 478.  "To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting Sher v. Johnson, 911 F.2d 1357, 1362 (9th Cir. 1990)).  Courts examine the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" that "determin[e] whether the defendant purposefully established minimum contacts with the forum." Burger King, 471 U.S. at 479.

Defendants argue that plaintiffs cannot demonstrate purposeful availment because defendants did not take any actions in the forum, such as executing or performing a contract in California.  Mtn. at 16.  While defendants acknowledge they accepted the terms of service, they contend a contract alone does not establish minimum contacts and there are no other allegations of affirmative conduct in California. Id.  Plaintiffs argue that defendants purposefully availed themselves of California's benefits for three reasons.  First, the terms of service included a California choice-of-law clause, which shows an intent by defendants to avail themselves of California law.  Opp. at 12.  Second, defendants continuously performed under the terms of service. Id. at 12–13.  Third, defendants engaged in activities directed at California such as developing Pegasus with financing from a California-based private equity firm and contracting with a California-based technology company, QuadraNet. Id. at 13.

Beginning with prior negotiations, there is no allegation or evidence that the parties engaged in prior negotiations.  Nor would one expect there to be any negotiations because terms of service are contracts of adhesion that users choose to either accept or reject based on whether they desire to use a company's service.  Next, the contemplated performance does not center on California.  WhatsApp's terms of service apply to every

26

user no matter where they are located. As plaintiffs point out, the terms of service committed defendants to continuously perform under the contract, but nothing about that performance had anything to do with California—especially in this instance where defendants are not alleged to have traveled to or otherwise performed in California after they agreed to the terms of service.

With respect to the terms of the contract, plaintiffs point to the choice-of-law provision in the terms of service. That provision stated: "[t]he laws of the State of California govern our Terms, as well as any Disputes, whether in court or arbitration, which might arise between WhatsApp and you, without regard to conflict of law provisions." Duffy Decl., Ex. 1. WhatsApp's choice of law provision would be relevant if it were combined with other facts to demonstrate that defendants purposefully availed themselves of California law. In Google, Inc. v. Eolas Technologies Inc., No. 13-cv-05997-JST, 2014 WL 2916621, at *3 (N.D. Cal. June 24, 2014), the court found the choice of law provision persuasive in the context of a 20-year licensing agreement whereby the defendant entered into the agreement in California, was formerly a California entity, and agreed to ongoing marketing, litigation, and bookkeeping obligations as part of a patent royalty agreement. Similarly, in Facebook, Inc. v. Rankwave Co., No. 19-cv-03738-JST, 2019 WL 8895237, at *6 (N.D. Cal. Nov. 14, 2019), the court assumed that the defendant, as a "sophisticated entity . . . consented to the [terms of service] and its choice-of-law provision for seven of the years during which it created and operated apps on Facebook's platform." Thus, the choice of law provision may be relevant but only when combined with other facts that defendants intended to avail themselves of California law.

There are no such facts here. This case involves a contract of adhesion where defendants, despite being sophisticated entities, had no ability to negotiate the terms of service. Unlike Eolas (licensing agreement) and Rankwave (creating apps), defendants were only using WhatsApp's service as any individual consumer might. If the court were to accept plaintiffs' argument, then any user simply by accepting the terms of service and

27

otherwise having no interaction with California could be said to have purposefully availed him or herself of California's laws.

Plaintiffs advance a few other arguments that involve conduct outside the four corners of the terms of service. First, defendants are alleged to have received financing from a California-based private equity firm. From 2014 to February 2019, a San Francisco-based entity owned a controlling interest in NSO. Compl. ¶ 5 & Ex. 4. This fact represents a potential connection with California, but plaintiffs have not connected it to the WhatsApp terms of service, the alleged conduct (which occurred after Q Cyber acquired NSO), or that the funding was instrumental to the alleged conduct. Second, plaintiffs argue that defendants intentionally exploited WhatsApp's California-based infrastructure. This allegation is relevant to the purposeful direction test but is not relevant to purposeful availment. Third, plaintiffs point to defendants' contract with QuadraNet to use QuadraNet's servers to direct malware to WhatsApp's users. Defendants have denied this fact in a supplemental declaration. Nor is it clear how a contract with a third party informs the purposeful availment analysis concerning the terms of service agreed to by WhatsApp and defendants.

In sum, plaintiffs have not met their burden to demonstrate purposeful availment. Because, however, plaintiffs have met their burden with respect to purposeful direction, the court turns to whether exercising personal jurisdiction would comport with fair play and substantial justice.

### iii.    Reasonableness and Pendent Jurisdiction

The factors that are relevant to the fair play and substantial justice evaluation are: "(1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." CollegeSource, 653 F.3d at 1079. No one factor is dispositive

28

United States District Court
Northern District of California

and the court must balance all of the factors. Core-Vent Corp. v. Nobel Indus., AB, 11 F.3d 1482, 1488 (9th Cir. 1993). The more attenuated the contacts with the forum state, the less a defendant must show in terms of unreasonableness to defeat the court's exercise of jurisdiction. Id. At this step of the specific jurisdiction analysis, the burden shifts to defendants to present a compelling case that jurisdiction would be unreasonable. Burger King, 471 U.S. at 477.

First, the purposeful injection factor is analogous to the purposeful direction analysis. Corp. Inv. Bus. Brokers v. Melcher, 824 F.2d 786, 790 (9th Cir. 1987) ("Ninth Circuit cases give the 'purposeful interjectment' factor no weight once it is shown that the defendant purposefully directed its activities to the forum state . . . ." (citations omitted)). Because plaintiffs demonstrated purposeful direction, defendants injected themselves into the forum state.

Second, courts "examine the burden on the defendant in light of the corresponding burden on the plaintiff." Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1199 (9th Cir. 1988) (quoting Brand v. Menlove Dodge, 796 F.2d 1070, 1075 (9th Cir. 1986)). Here, the burden on defendants to litigate in California is substantial given that their witnesses and evidence are located in Israel. However, the burden on plaintiffs to litigate in Israel would be similarly burdensome as their witnesses and evidence are located in California. Defendants have also secured U.S.-based outside counsel and a U.S.-based public relations firm for the express purpose of this lawsuit (Dkt. 20-6), which indicates the burden is somewhat mitigated. Further, given the advances in technology, it is not clear that the burden of litigating is so great as to violate due process. See Sinatra, 796 F.2d at 1199 (observing, in 1988, that "modern advances in communications and transportation have significantly reduced the burden of litigating in another country" (citations omitted)). In sum, this factor is in equipoise.

Third, "conflict with the sovereignty of the defendant's state 'is not dispositive because, if given controlling weight, it would always prevent suit against a foreign national in a United States court.'" Id. (quoting Gates Learjet Corp. v. Jensen, 743 F.2d

29

**ER-451**

1325, 1333 (9th Cir. 1984)).  "The Supreme Court, though, has cautioned against extending state long arm statutes in an international context."  Id. (citing Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty., 480 U.S. 102, 115 (1987)).  Here, while defendants have presented no evidence as to a particular interest, the state of Israel has some presumable interest in adjudicating conflicts concerning their corporate citizens.  See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1133 (9th Cir. 2003) ("While [defendant] has presented no evidence of the United Kingdom's particular interest in adjudicating this suit, we may presume for present purposes that there is such an interest.").  This factor cuts in favor of defendants.

Fourth, California maintains a strong interest in providing an effective means of redress for its residents tortuously injured in California.  Sinatra, 854 F.2d at 1200.  Here, plaintiffs' principal places of business are Menlo Park, California and they were allegedly harmed in California.  This factor militates in favor of exercising jurisdiction.

Fifth, in considering which forum could most efficiently resolve this dispute, courts "focus on the location of the evidence and witnesses."  Harris Rutsky, 328 F.3d at 1133 (citing Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 129 (9th Cir. 1995)).  Here, defendants' evidence and witnesses are located in Israel and plaintiffs' evidence and witnesses are in California.  This factor is neutral especially given the advances of modern technology.  See Panavision Int'l v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998) (noting factor is "no longer weighed heavily given the modern advances in communication and transportation" (citation omitted)).

Sixth, "[i]n evaluating the convenience and effectiveness of relief for the plaintiff, we have given little weight to the plaintiff's inconvenience."  Id. at 1324 (citing Ziegler v. Indian River Cty., 64 F.3d 470, 476 (9th Cir. 1995)).  Here, the maintenance of this suit in a foreign country would be inconvenient for plaintiffs.  This factor tips in plaintiffs' favor, though only slightly.

Seventh, the parties dispute which party has the burden to show Israel is inadequate as an alternative forum.  Defendants cite Ballard v. Savage, 65 F.3d 1495,

30

1502 (9th Cir. 1995), where the Ninth Circuit stated that the defendant "Royal claims that an Austrian court could hear [the plaintiff's] claims, but it presents absolutely no evidence on this issue, erroneously assuming that the burden is on [the plaintiff] to prove the lack of an alternate forum." Ballard cites no authority for the proposition that the defendant must prove lack of alternate forum. In contrast, defendants cite Amoco Egypt Oil Co. v. Leonis Navigation Co., where the court stated that the plaintiff "Amoco has the burden of proving the unavailability of an alternative forum." 1 F.3d 848, 853 (9th Cir. 1993) (citing Pac. Atl. Trading Co. v. M/V Main Exp., 758 F.2d 1325, 1331 (9th Cir. 1985)). Both Sinatra, 854 F.2d at 1201, and Harris Rutsky, 328 F.3d at 1134, cases decided before and after Ballard, hold that the burden is on plaintiffs to prove unavailability. The weight of authority holds that plaintiffs have the burden on this factor and they have not cited any evidence that Israel is not an available alternative forum whereas defendants cite several cases finding Israel to be an available forum. E.g., Israel Discount Bank Ltd. v. Schapp, 505 F. Supp. 2d 651, 659 (C.D. Cal. 2007). This factor points towards defendants.

In sum, some factors tip in defendants' favor and others tip in plaintiffs' favor. The Ninth Circuit has indicated that, in such an instance, a defendant has not carried its burden to present a compelling case that exercising jurisdiction would be unreasonable. See Harris Rutsky, 328 F.3d at 1134 ("The balance is essentially a wash, since some of the reasonableness factors weigh in favor of [defendant], but others weigh against it."); see also Roth v. Garcia Marquez, 942 F.2d 617, 625 (9th Cir. 1991) (finding exercise of jurisdiction was reasonable even though only two reasonableness factors favored plaintiff, while three favored defendant). Accordingly, exercising personal jurisdiction over defendants comports with fair play and substantial justice.

Finally, plaintiffs argue that, if the court finds personal jurisdiction is appropriate over some but not all claims, the court should exercise pendent jurisdiction over the remaining claims. Opp. at 18. They contend that NSO's unauthorized use of WhatsApp's infrastructure underpins each of plaintiffs' claims. Id. at 19. Defendants do not address pendent jurisdiction.

"Personal jurisdiction must exist for each claim asserted against a defendant."[8] Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004) (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)).  "[A] court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction."  Id.  In this case, the breach of contract claim involves the same common nucleus of operative facts as the tort claims and pendent jurisdiction is appropriate.

For the foregoing reasons, defendants' motion to dismiss the complaint for lack of personal jurisdiction is DENIED.

### 3.  Failure to Join Necessary Parties

Defendants move to dismiss the complaint because plaintiffs failed to join defendants' foreign sovereign customers under Rule 19.  Mtn. at 18.  As an initial matter, defendants argue only that their customers are required parties under Rule 19(a)(1)(A), (id. at 19), and the court focuses its analysis on that provision.

Finding a party to be necessary under Rule 19(a)(1)(A) requires the court to

---

[8] The court uses the term "pendent personal jurisdiction" to distinguish the concept from the supplemental jurisdiction statute, 28 U.S.C. § 1367.  As explained by a leading treatise:

> In recent years, there has been some debate about whether Section 1367 of Title 28, the supplemental jurisdiction statute, should be read to include the doctrine of pendent personal jurisdiction.  Neither the plain meaning of this statute, which shows it to be a subject matter jurisdiction provision, nor its legislative history supports the conclusion that Congress intended Section 1367 to include personal jurisdiction . . . . [I]f pendent personal jurisdiction exists, it must be properly understood to be a federal common law doctrine.  For the sake of clarity, this section will refer to "pendent personal jurisdiction" rather than "supplemental personal jurisdiction" to highlight the fact that Section 1367 should not be read to subsume personal as well as subject matter jurisdiction.

4A Wright & Miller, Federal Practice & Procedure, § 1069.7 (4th ed. 2020).

32

**ER-454**

determine that "complete relief" cannot be accorded between the existing parties absent the joinder of the nonparty. "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983) (citing Advisory Committee's Note, 39 F.R.D. 89, 91 (1966)). In conducting a Rule 19(a)(1)(A) analysis, courts ask whether the absence of the nonparty party would preclude the court from fashioning meaningful relief as between the parties. Id. at 1044. This prong only concerns current parties to the action. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004); see also NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) ("The effect a decision may have on the absent party is not material." (internal quotation marks and citation omitted)).

Here, the parties focus on whether the court can issue an injunction that would afford plaintiffs complete relief. The complaint requests the following: "[t]hat the Court enter a permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, and assigns, and all other persons acting in concert with or conspiracy with any of them or who are affiliated with Defendants from" various actions including accessing or attempting to access WhatsApp's service or platform. Compl., Request for Relief. There are two possible readings of the underlined language. On the one hand "all other persons acting in concert with or conspiracy with any of them" could be read as seeking an injunction against defendants' customers who both parties acknowledge are sovereign nations. On the other hand, the language could be read as standard boilerplate drawn from Rule 65(d)(2)(C) that does not necessarily bind the sovereign nations by requiring them to take an affirmative action.

In EEOC v. Peabody Western Coal Co., 610 F.3d 1070, 1079 (9th Cir. 2010), the Ninth Circuit encountered a similar Rule 19 challenge concerning the scope of potential injunctive relief. There, the defendant argued that a sovereign entity (previously a defendant to the suit but dismissed by an earlier appellate decision) was a necessary

33

party because of the plaintiff's request for injunctive relief, using language drawn from Rule 65.  Id.  The court reasoned that the "better reading of the boilerplate language in the complaint" was that the plaintiff was not seeking injunctive relief against a non-party sovereign entity.  This reasoning indicates that the better reading of plaintiffs' relief, which involves similar boilerplate language from Rule 65, is that plaintiffs are not seeking injunctive relief against defendants' foreign sovereign customers.  Such reasoning is not a complete answer because Peabody Western relied, in part, on the fact that an earlier Ninth Circuit opinion in that case determined that the sovereign entity could not be sued.  No such finding has been made in this case.

More importantly, defendants' customers are not required parties because the court can craft injunctive relief that excludes or carves out any sovereign nation.  Peabody Western recognized as much stating, "the district court nonetheless erred in dismissing EEOC's suit.  Because we had held in Peabody II that joinder of the Nation was feasible despite the unavailability of injunctive relief against it, the proper response of the district court would have been simply to deny EEOC's request for injunctive relief.  610 F.3d at 1080 (emphasis added).  The district court in Broidy Capital Management, LLC v. Qatar, No. CV 18-2421-JFW(Ex), 2018 WL 6074570, at *10 (C.D. Cal. Aug. 8, 2018), arrived at a similar conclusion in a CFAA case involving the sovereign nation of Qatar.  The district court determined that Qatar was a necessary party under Rule 19(a)(1)(A) because "[p]laintiffs seek injunctive relief prohibiting all defendants including Qatar, from accessing Plaintiffs' protected computers without authorization . . . ." Id. at *9.  However, the court determined that Qatar was not an indispensable party because relief could be effected without Qatar.  Id. at *10 ("[A]ny potential prejudice by Qatar's absence from this action can be lessened or avoided entirely by crafting injunctive relief that would affect only the remaining defendants, and not Qatar.").  Though the court resolved the Rule 19 analysis at the subdivision (b) step, the reasoning is applicable to the Rule 19(a) analysis.

Defendants rely on the holding from Republic of Philippines v. Pimentel, 553 U.S.

34

**ER-456**

United States District Court
Northern District of California

851, 867 (2008), that "[a] case may not proceed when a required-entity sovereign is not amenable to suit." In Pimentel, "[t]he application of subdivision (a) of Rule 19 [was] not contested" and the foreign sovereigns in that case were "required entities." Id. at 863–64. Pimentel's analysis proceeds from the starting point that the sovereign is a necessary (or required party) under Rule 19(a). Thus, Pimentel is distinguishable because Rule 19(a) is contested in this case and Peabody Western controls the Rule 19(a)(1)(A) analysis and outcome. Because defendants' foreign sovereign customers are not necessary parties, Pimentel's holding does not apply.

For the foregoing reasons, defendants' motion to dismiss the complaint for failure to join necessary parties is DENIED.

### 4. Failure to State a Claim

#### a. First Claim: CFAA

"The CFAA prohibits acts of computer trespass by those who are not authorized users or who exceed authorized use." Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1065 (9th Cir. 2016). "It creates criminal and civil liability for whoever "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer." Id. at 1065–66 (alteration in original) (quoting 18 U.S.C. § 1030(a)(2)(C)). "The statute thus provides two ways of committing the crime of improperly accessing a protected computer: (1) obtaining access without authorization; and (2) obtaining access with authorization but then using that access improperly." Musacchio v. United States, 136 S. Ct. 709, 713 (2016). "[T]he CFAA is best understood as an anti-intrusion statute and not as a 'misappropriation statute.'" hiQ Labs, Inc. v. LinkedIn Corp., 938 F.3d 985, 1000 (9th Cir. 2019) (quoting United States v. Nosal ("Nosal I"), 676 F.3d 854, 857–58 (9th Cir. 2012) (en banc)). The operative question is whether "the conduct at issue is analogous to 'breaking and entering.'" Id. at 1001 (citation omitted).

#### i. WhatsApp's Servers

Defendants argue that the allegations in the complaint are analogous to LVRC

35

ER-457

Holdings LLC v. Brekka, 581 F.3d 1127 (9th Cir. 2009), because, as WhatsApp users, they had authorization, pursuant to the terms of service, to access WhatsApp's computers and servers to send messages over the WhatsApp app.  Mtn. at 21.  Plaintiffs respond that whether access to a computer is "authorized" depends on actions by the computer's owner to grant or deny permission.  Opp. at 20.  In this case, no WhatsApp user had permission to access the technical call settings or evade WhatsApp's security and, thus, there was no authorization.  Id. at 21.

In Brekka, 581 F.3d at 1129, an employee was given permission by his employer to access the employer's website using an administrative login that gave the employee broad access to the data on the website.  During this time, the employee emailed documents he obtained to his personal computer.  Id.  The employee eventually ceased working for the employer but continued to use his administrative login, which had not been revoked by the employer, to access the employer's website.  Id. at 1130.

The court first determined that because the employer gave the employee permission to access a company computer, the employee could not have been acting "without authorization."  Id. at 1133.  Further, an employee is not acting "without authorization" simply because the "employee resolves to use the computer contrary to the employer's interest."  Id.  In support of that conclusion, the court examined the difference between the "without authorization" and "exceeds authorized access" prongs of the CFAA.  The CFAA defines the term "exceeds authorized access" as meaning "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter."  18 U.S.C. § 1030(e)(6).

> As this definition makes clear, an individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has "exceed[ed] authorized access." . . . In other words, for purposes of the CFAA, when an employer authorizes an employee to use a company computer subject to certain limitations, the employee remains authorized to use the computer even if the employee violates those limitations.

United States District Court
Northern District of California

36

**ER-458**

Brekka, 581 F.3d at 1133 (first alteration in original). The court then summarized the two prongs as follows: "a person who 'intentionally accesses a computer without authorization,' accesses a computer without any permission at all, while a person who 'exceeds authorized access,' has permission to access the computer, but accesses information on the computer that the person is not entitled to access." Id. (citing 18 U.S.C. § 1030(a)(2), (a)(4)).

Applying here, the complaint confirms that "[d]efendants created WhatsApp accounts that they used and caused to be used to send malicious code to Target Devices in April and May 2019." Compl. ¶ 33. By creating WhatsApp accounts and accepting the terms of service, defendants, as is true of any WhatsApp user, had authorization to send messages using the WhatsApp app, which would be transmitted over WhatsApp's servers. For that reason, this case is similar to the Brekka employee's conduct prior to his termination because defendants here had at least some level of authorized access to the protected computers in question. Therefore, the facts alleged are not an instance where a person accesses a computer without any permission at all. With regard to the WhatsApp servers, plaintiffs have not stated a claim for a violation of 18 U.S.C. § 1030(a)(2) and (a)(4) by intentionally accessing information on a protected computer "without authorization."

This is not the end of the inquiry because the factual allegations detail conduct that meets the "exceeds authorized access" prong of 18 U.S.C. § 1030(a)(2) and (a)(4). WhatsApp imposes certain limitations on accessing portions of its servers, such as prohibiting access to the technical call settings. Defendants are alleged to have created a program that went beyond those restrictions by evading WhatsApp's security features and manipulating the technical call settings. For example, plaintiffs allege that defendants used their program to "avoid the technical restrictions built into WhatsApp Signaling Servers" and "formatted call initiation messages containing malicious code to appear like a legitimate call and concealed the code within call settings." Compl. ¶ 37. Defendants' program would then use "WhatsApp servers to route malicious code, which

masqueraded as a series of legitimate calls and call settings, to a Target Device using telephone number (202) XXX-XXXX." Id. ¶ 38. Defendants also are alleged to have used "WhatsApp's Relay Servers without authorization to send encrypted data packets designed to activate the malicious code injected into the memory of the Target Devices." Id. ¶ 39. These factual allegations meet the definition of exceeds authorized access because defendants had permission to access a portion of the computer in question (the WhatsApp servers) but did not have permission to access other portions. See Nosal I, 676 F.3d at 857 ("[A]ssume an employee is permitted to access only product information on the company's computer but accesses customer data: He would "exceed [ ] authorized access" if he looks at the customer lists." (second alteration in original)).

Defendants offer two rejoinders to the exceeds authorized access prong. Neither is persuasive. First, defendants argue that even if the court applies the "exceeds authorized access" prong of the CFAA, the Ninth Circuit has held that the CFAA does not apply to "violations of corporate computer use restrictions." Mtn. at 21–22 (quoting Nosal I, 676 F.3d at 862. Defendants are correct that "a violation of the terms of use of a website—without more—cannot establish liability under the CFAA." Power Ventures, 844 F.3d at 1067. Plaintiffs' allegations go beyond any restrictions imposed by WhatsApp's terms of service because they allege that defendants' program "avoid[ed] the technical restrictions built into WhatsApp Signaling Servers." Compl. ¶ 37. Avoiding technical restrictions goes beyond any contractual limits imposed by the terms of service. See Nosal I, 676 F.3d at 863 (purpose of CFAA is "to punish hacking—the circumvention of technological access barriers").

Second, defendants cite hiQ Labs for the proposition that technical restrictions imposed by plaintiffs cannot state a "without authorization" theory. Reply at 13. That case involved a data scraping company that scraped LinkedIn's servers for information that was publicly available. hiQ Labs, 938 F.3d at 992. The court summarized:

> it appears that the CFAA's prohibition on accessing a computer "without authorization" is violated when a person circumvents a computer's generally applicable rules regarding access

38

ER-460

United States District Court
Northern District of California

permissions, such as username and password requirements, to gain access to a computer. It is likely that when a computer network generally permits public access to its data, a user's accessing that publicly available data will not constitute access without authorization under the CFAA. The data hiQ seeks to access is not owned by LinkedIn and has not been demarcated by LinkedIn as private using such an authorization system.

Id. at 1003–04. hiQ Labs turned on the fact that the data in question was publicly available, not owned by LinkedIn, and the servers in question were not protected by generally applicable access permissions. Those facts are not present here. The information defendants are alleged to have accessed is private and WhatsApp's servers are protected from access by generally applicable access permissions.

In sum, plaintiffs have stated a claim for violation of 18 U.S.C. § 1030(a)(2) and (a)(4) under the exceeds authorized access prong.

### ii. Harm Based on Access to Users' Devices

Next, defendants argue that, with regard to alleging a claim based on accessing individual users' devices without authorization, plaintiffs did not suffer a loss as defined by the CFAA. This argument stems from plaintiffs' allegations that defendants accessed "Target Devices" (i.e., individual user's devices) without authorization. Compl. ¶¶ 53–54. As plaintiffs point out, the Ninth Circuit has held that a plaintiff can recover for violation of the CFAA when a defendant accesses a third party's device as long as the plaintiff is harmed by such an act, particularly if the plaintiff has a right to data stored on the third party device. Theofel v. Farey-Jones, 359 F.3d 1066, 1078 (9th Cir. 2004).

With respect to harm, "[t]he statute permits a private right of action when a party has suffered a loss of at least $5,000 during a one-year period." Power Ventures, 844 F.3d at 1066 (citing 18 U.S.C. § 1030(c)(4)(A)(i)(I)). CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." § 1030(e)(11).

Here, plaintiffs' alleged losses include the expenditure of resources to investigate

39

and remediate defendants' conduct.  This type of loss is described by the statute's reference to "the cost of responding to an offense."  18 U.S.C. § 1030(e)(11).  Defendants do not quarrel with this interpretation but instead contend that plaintiffs' loss derived from responding to a <u>vulnerability</u> in the WhatsApp system and not to the accessing of information on individual users' devices.  Mtn. at 22.  Citing <u>Theofel</u>, defendants argue that a plaintiff would be injured by a defendant's access to a third party's device if the plaintiff had rights to data stored on the device.  <u>Id.</u>

However, as plaintiffs point out, they have alleged rights to at least some data on users' devices.[9]  Moreover, they have alleged that they incurred costs responding to the unauthorized access to users' phones by upgrading the WhatsApp system in response to defendants' intrusion.  <u>See</u> <u>Multiven, Inc. v. Cisco Sys., Inc.</u>, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010) ("It is sufficient to show that there has been an impairment to the integrity of data . . . and the rightful computer owner must take corrective measures 'to prevent the infiltration and gathering of confidential information.'" (quoting <u>Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc.</u>, 119 F. Supp. 2d 1121, 1126–27 (W.D. Wash. 2000))).  These allegations are sufficient to state a claim for loss based on responding to an offense on a third party's device.

Finally, assuming the court determines that plaintiffs' CFAA § 1030(a)(2) and (a)(4) claims survive the motion to dismiss, then the conspiracy claim under § 1030(b) would also survive because the only argument defendants make as to the conspiracy claim is that plaintiffs cannot state a claim under § 1030(a)(2) or (a)(4).

For the foregoing reasons, defendants' motion to dismiss plaintiffs' first cause of action for violation of the Computer Fraud and Abuse Act is DENIED.

### b.   Fourth Claim: Trespass to Chattels

"Under California law, trespass to chattels 'lies where an intentional interference

---

[9] Plaintiffs assert that the WhatsApp terms of service, which are referenced in the complaint, provide for WhatsApp to retain intellectual property rights on a user's device. Opp. at 23 (citing Compl. ¶ 19).  Defendants do not appear to contest this point.

40

**ER-462**

United States District Court
Northern District of California

with the possession of personal property has proximately caused injury." Intel Corp. v. Hamidi, 30 Cal. 4th 1342, 1350–51 (2003) (emphasis omitted) (quoting Thrifty-Tel, Inc. v. Bezenek, 46 Cal. App. 4th 1559, 1566 (Ct. App. 1996)).  A plaintiff may only recover "the actual damages suffered by reason of the impairment of the property or the loss of its use." Id. (emphasis omitted) (quoting Zaslow v. Kroenert, 29 Cal. 2d 541, 551 (1946)). To state a trespass to chattels claim, a plaintiff must plead that "(1) the defendant intentionally and without authorization interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use[ ] proximately caused damage." Brodsky v. Apple Inc., — F. Supp. 3d —, No. 19-CV-00712-LHK, 2020 WL 1694363, at *6 (N.D. Cal. Apr. 7, 2020) (alteration in original) (quoting In re Facebook Internet Tracking Litig., 263 F. Supp. 3d 836, 842 (N.D. Cal. 2017)).

In this case, defendants argue that plaintiffs cannot state a claim for trespass to chattels because they have not alleged that defendants' conduct caused actual damage to plaintiffs' servers.  Mtn. at 23.  Defendants contend that plaintiffs' allegations concerning investigating and remediation of defendants' conduct is not harm to their servers.  Id.  While plaintiffs allege that the conduct burdened plaintiffs' computer network, defendants argue that such an allegation is unsupported by any factual allegations.  Id. at 24.  Plaintiffs respond that trespass to chattels includes claims that a defendant interfered with the intended functioning of a system and defendants have done so in here.  Opp. at 24.  Plaintiffs aver that the value of their system is based on their ability to securely and accurately transmit communications between users and argue that NSO's misuse of that system interfered with its intended functioning.  Id.  Plaintiffs focus not on the quantity of messages sent but the effect of those messages in impairing the integrity, quality, and value of WhatsApp's services.  Id. at 25.

The leading California case on electronic trespass to chattels is Intel Corp. v. Hamidi, 30 Cal. 4th at 1347, where the California Supreme Court held that trespass to chattels "does not encompass . . . an electronic communication that neither damages the recipient computer system nor impairs its functioning."  In Hamidi, Intel alleged that the

41

defendant used Intel's email system to send six mass email to Intel's employees that criticized Intel's employment practices, urged Intel's employees to find other employment, and other anti-Intel messaging.  Id. at 1348–49.  The mass emails did not involve the defendant breaching Intel's security and did not damage, slow, or impair Intel's computer system.  Id. at 1349.  The court reasoned that "the undisputed evidence revealed no actual or threatened damage to Intel's computer hardware or software and no interference with its ordinary and intended operation."  Id. at 1352–53.

The following passage from the opinion succinctly summarizes the key issues relevant here:

> [W]e conclude that under California law the tort does not encompass, and should not be extended to encompass, an electronic communication that neither damages the recipient computer system nor impairs its functioning.  Such an electronic communication does not constitute an actionable trespass to personal property, i.e., the computer system, because it does not interfere with the possessor's use or possession of, or any other legally protected interest in, the personal property itself.  The consequential economic damage Intel claims to have suffered, i.e., loss of productivity caused by employees reading and reacting to Hamidi's messages and company efforts to block the messages, is not an injury to the company's interest in its computers—which worked as intended and were unharmed by the communications—any more than the personal distress caused by reading an unpleasant letter would be an injury to the recipient's mailbox, or the loss of privacy caused by an intrusive telephone call would be an injury to the recipient's telephone equipment.

Id. at 1347 (citations omitted).

This case is similar to Hamidi because the alleged actions did not degrade or damage WhatsApp's servers.  Nor do plaintiffs advance the argument that approximately 1,400 messages out of the 1.5 billion people in 180 countries who use the WhatsApp service (Compl. ¶ 17) impaired the physical functioning of WhatsApp's servers.  In fact, defendants' program was reliant on WhatsApp's servers to function exactly as intended. Defendants' program is alleged to emulate legitimate WhatsApp network traffic in order to transmit malicious code, undetected, to a user's device over WhatsApp's servers.  Id. ¶ 35.

United States District Court
Northern District of California

42

**ER-464**

Nonetheless, plaintiffs contend that defendants impaired the value and quality of WhatsApp's servers by designing a program that concealed malicious code and made it appear that WhatsApp, rather than defendants, sent the code. Opp. at 24. This argument conflates the impairment of the value and quality of WhatsApp's servers with the impairment to "the integrity, quality, and value of WhatsApp's services." Id. at 25 (emphasis added). Plaintiffs have not alleged that the value of the servers were degraded as a result defendants' actions. Instead, they only plead consequential economic damages, such as the expenditure of resources[10] responding to the breach, and the loss of goodwill in WhatsApp's business due to a perceived weakness in WhatsApp's encryption or its services. Compl. ¶ 78. Hamidi forecloses consequential economic damages, 30 Cal. 4th at 1347, and questioned whether the "loss of business reputation and customer goodwill" is cognizable under an action for trespass to chattels. Id. at 1358. Arguing that goodwill is cognizable, plaintiffs only cite out of circuit cases that did not apply Hamidi, Microsoft Corp. v. Does 1–18, No. 13cv139 (LMB/TCB), 2014 WL 1338677, at *10 (E.D. Va. Apr. 2, 2014); CompuServe Inc. v. Cyber Promotions, Inc., 962 F. Supp. 1015, 1023 (S.D. Ohio 1997), but district courts applying Hamidi and addressing similar financial injuries have found that a financial injury resulting from a trespass to a computer is not an actual harm actionable, see Hiossen, Inc. v. Kim, No. CV1601579SJOMRWX, 2016 WL 10987365, at *11 (C.D. Cal. Aug. 17, 2016); Fields v. Wise Media, LLC, No. C 12-05160 WHA, 2013 WL 5340490, at *4 (N.D. Cal. Sept. 24, 2013).

Plaintiffs are correct in pointing out that Hamidi did not explicitly foreclose a goodwill argument and the court considered such economic injuries as an alternative

---

[10] In support of harm due to responding to a digital attack, plaintiffs cite Twitch Interactive, Inc. v. Does 1 Through 100, No. 19-CV-03418-WHO, 2019 WL 3718582, at *4 (N.D. Cal. Aug. 7, 2019), where the plaintiff asserted that the "defendants' breach caused it lost profits and led it to expend resources to combat the attack." Twitch is not persuasive because the court cited that harm in its analysis concerning the plaintiff's breach of contract claim, not its trespass to chattels claim. Further, due to the procedural posture of that case, the court did not engage at length with the actual harm argument advanced by defendants in this case.

43

United States District Court
Northern District of California

argument.  30 Cal. 4th at 1358.  The court went on to reject such an argument because the complaint did not concern the functioning of the computer system, but the content of the emails.  Id.  Even if this court were to follow a similar course and consider plaintiffs' allegations concerning goodwill, plaintiffs have not alleged that they have lost goodwill or customers because of the impairment to WhatsApp's servers as opposed to impairment of WhatsApp's service.  Cf. CompuServe Inc., 962 F. Supp. at 1023 ("Many subscribers have terminated their accounts specifically because of the unwanted receipt of bulk e-mail messages.  Defendants' intrusions into CompuServe's computer systems, insofar as they harm plaintiff's business reputation and goodwill with its customers, are actionable under Restatement § 218(d)." (emphasis added) (citations omitted)).

Finally, plaintiffs cite several cases, including Craigslist Inc. v. 3Taps Inc., 942 F. Supp. 2d 962, 981 (N.D. Cal. 2013), Coupons, Inc. v. Stottlemire, No. CV 07-03457 HRL, 2008 WL 3245006, at *6 (N.D. Cal. July 2, 2008), and Thrifty-Tel, 46 Cal. App. 4th at 1564, 1566, for the proposition that courts routinely find cognizable injury when the defendant impaired the ability of a plaintiff's equipment to serve customers as intended. Craigslist and Coupons, Inc. only stand for the proposition that whether the defendants caused actual damage or impairment to the computer systems was a question of fact more appropriate for summary judgment or trial than for a motion to dismiss.  This point is true, assuming plaintiffs can allege actual harm.  Thrifty-Tel, 46 Cal. App. 4th at 1564, involved a computer hack that "den[ied] some subscribers access to phone lines." Plaintiffs in this case have not alleged that any WhatsApp customer was deprived or denied access to the WhatsApp system.  The lack of an allegation similar to Thrifty-Tel only reinforces the conclusion that, as currently alleged, the complaint does not detail any actual harm caused by defendants' program or access to WhatsApp's computers or servers.

For the foregoing reasons, plaintiffs' fourth cause of action for trespass to chattels is DISMISSED WITH LEAVE TO AMEND.

/ / /

44

### 5.    Motion to Stay Discovery

While the present motion to dismiss was pending, defendants subsequently filed a motion to stay discovery pending final resolution of their motion to dismiss.  Dkt. 95.  Defendants argue that because their motion is based in part on a foreign sovereign immunity argument, they should be free from all burdens of litigation.  Id. at 2.  They also argue that good cause exists to stay discovery pending disposition of the motion beyond the sovereign immunity argument.  Id. at 3–4.

Defendants advance no reason to stay discovery other than the pending motion to dismiss.  Because this order adjudicates their pending motion, defendants' request to stay discovery is moot.  Accordingly, the court DENIES AS MOOT defendants' motion to stay discovery.

### CONCLUSION

For the foregoing reasons, the court GRANTS defendants' Rule 12(b)(6) motion to dismiss plaintiffs' fourth cause of action for trespass to chattels but DENIES their motion in all other respects.  The court further DENIES AS MOOT defendants' motion to stay discovery.  Because plaintiffs have not alleged actual harm, the court is skeptical that the fourth cause of action can be amended to state a claim.  That said, it is not clear that amendment would be futile.  Plaintiffs shall file any amended complaint within 21 days of the date of this order to amend only the fourth cause of action.  No new parties or causes of action may be pleaded without leave of court or the agreement of defendants.  Upon the filing of any amended complaint, plaintiffs must also file a redline clearly demarcating their changes from the existing complaint.

**IT IS SO ORDERED.**

Dated: July 16, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:     (213) 443-4355
Facsimile:     (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES
LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. 4:19-cv-07123-PJH<br><br>**DECLARATION OF NACHUM FALEK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULES 12(B)(1), 12(B)(2), 12(B)(6), AND 12(B)(7)**<br><br>Date:     May 13, 2020<br>Time:     9:00 a.m.<br>Ctrm:     3<br><br>Action Filed:   10/29/2019 |

DECLARATION OF NACHUM FALEK                                    Case No. 4:19-cv-07123-PJH

**ER-468**

I, Nachum Falek, declare as follows:

1.      I am a citizen and resident of Israel.  I am the Chief Financial officer of NSO Group Technologies Limited ("NSO").  I have personal knowledge of the facts set forth herein.

2.      Attached hereto as Exhibit 1 is an Independent Accountant's Report prepared by Kost Forer Gabbay & Kasierer, a member of Ernst & Young Global ("EY").  EY regularly audits the books and records of NSO by performing audits and agreed upon procedures.  When EY completes its various audits and agreed upon procedures for NSO, it prepares reports of the type attached hereto as Exhibit 1.

3.      The Independent Account's Report attached as Exhibit 1 is a record of an event—the agreed upon procedures described in Exhibit 1.  The report was made at or near the time of the agreed upon procedures by the EY accountants who conducted the agreed upon procedures and who had knowledge of their own work.

4.      EY prepared the report attached hereto as Exhibit 1 (and all other reports of a similar type) as part of its regularly conducted activities of auditing the books and records of NSO, and NSO keeps the report attached hereto as Exhibit 1 (and all other reports of a similar type) in the course of NSO's regularly conducted activities of operating its business.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 2d day of April 2020, at Herzliya, Israel.



Nachum Falek

DECLARATION OF NACHUM FALEK                    1                    Case No. 4:19-cv-07123-PJH

# EXHIBIT 1

**EY**
Building a better
working world

**Kost Forer Gabbay & Kasierer**
144 Menachem Begin Road, Building A
Tel-Aviv 6492102, Israel

Tel: +972-3-6232525
Fax: +972-3-5622555
ey.com

### Independent Accountant's Report

NSO Group Technologies Ltd. (the "Company" or "NSO")

We have performed the procedures enumerated below in order to confirm that (1) all of the revenues from the export of NSO's Pegasus product recorded in NSO's book of accounts for the years ended on December 31, 2018 and December 31, 2019 included in the accompanying information provided to us by management of NSO, are derived from contracts that are subject to export licenses from the Defense Export Control Agency of the State of Israel Ministry of Defense ("Export License") and (2) such Export Licenses explicitly indicate that the use of the licenses are only for government agencies in specified countries. NSO is responsible for recording the revenues from its Pegasus product in its book of accounts and to validate that all related contracts are subject to such Export Licenses with the mentioned above indication.

NSO has agreed to and acknowledged that the procedures performed are appropriate to meet the intended purpose of confirming that NSO's revenues related to the export of the Pegasus product recorded in the NSO's book of accounts for the years ended on December 31, 2018 and December 31, 2019 are derived from contracts with Export License for government agencies' use. This report may not be suitable for any other purpose. The procedures performed may not address all the items of interest to a user of this report and may not meet the needs of all users of this report and, as such, users are responsible for determining whether the procedures performed are appropriate for their purposes.

The procedures and the associated findings are as follows:

1.  We received NSO's detailed revenue schedule for fiscal years 2018 and 2019 with breakdowns by end user, by contact, and by product.  We compared the schedule received to NSO's book of accounts for the years ended in December 31, 2018 and December 31, 2019.

    We found no exceptions as a result of the procedures.

**ER-471**

**EY**
Building a better
working world

**Kost Forer Gabbay & Kasierer**
144 Menachem Begin Road, Building A
Tel-Aviv 6492102, Israel

Tel: +972-3-6232525
Fax: +972-3-5622555
ey.com

2. We sampled 100% from NSO's contracts that included the export of NSO's Pegasus product for fiscal years 2018 and 2019. We obtained all export licenses and the related appendices related to Pegasus product for fiscal year 2018 and 2019. We compared the information outlined in the export license including customer name and product to the contracts.

We found no exceptions as a result of the procedures for fiscal year 2019. We found no exceptions as a result of the procedures for fiscal year 2018 other than that the revenue received from one customer was not confirmed against an Export License as this license was not received from the Company prior to the completion of this report.

3. We confirmed that all Export Licenses reviewed explicitly indicate that the use of the licenses are only for government agencies in specified countries.

We found no exceptions as a result of the procedures.

We were engaged by NSO to perform this agreed-upon procedures engagement and conducted our engagement in accordance with attestation standards established by the AICPA. We were not engaged to and did not conduct an examination or review engagement, the objective of which would be the expression of an opinion or conclusion, respectively, on the measures described above. Accordingly, we do not express such an opinion or conclusion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

We are required to be independent of NSO and to meet our other ethical responsibilities, in accordance with the relevant ethical requirements related to our agreed-upon procedures engagement.

*Kost Forer Gabbay & Kasierer*
Kost Forer Gabbay & Kasierer
A Member of EY Global

April 2, 2020

**ER-472**

COOLEY LLP
TRAVIS LEBLANC (251097) (tleblanc@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
101 California Street, 5th floor
San Francisco, CA   94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

DANIEL J. GROOMS (D.C. Bar No. 219124) (*pro hac vice* forthcoming)
(dgrooms@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400
Telephone:   (202) 842-7800
Facsimile:   (202) 842-7899

Attorneys for Plaintiffs
WHATSAPP INC. and FACEBOOK, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP INC., a Delaware corporation, and FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

COMPLAINT

Plaintiffs WhatsApp Inc. and Facebook, Inc. (collectively, "Plaintiffs") allege the following against Defendants NSO Group Technologies Ltd. ("NSO Group") and Q Cyber Technologies Ltd. ("Q Cyber") (collectively, "Defendants"):

**INTRODUCTION**

1.      Between in and around April 2019 and May 2019, Defendants used WhatsApp servers, located in the United States and elsewhere, to send malware to approximately 1,400 mobile phones and devices ("Target Devices").  Defendants' malware was designed to infect the Target Devices for the purpose of conducting surveillance of specific WhatsApp users ("Target Users").  Unable to break WhatsApp's end-to-end encryption, Defendants developed their malware in order to access messages and other communications after they were decrypted on Target Devices.  Defendants' actions were not authorized by Plaintiffs and were in violation of WhatsApp's Terms of Service.  In May 2019, Plaintiffs detected and stopped Defendants' unauthorized access and abuse of the WhatsApp Service and computers.

2.      Plaintiffs bring this action for injunctive relief and damages pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502, and for breach of contract and trespass to chattels.

**PARTIES**

3.      Plaintiff WhatsApp Inc. ("WhatsApp") is a Delaware corporation with its principal place of business in Menlo Park, California.

4.      Plaintiff Facebook, Inc. ("Facebook") is a Delaware corporation with its principal place of business in Menlo Park, California.  Facebook acts as WhatsApp's service provider for security-related issues.

5.      Defendant NSO Group was incorporated in Israel on January 25, 2010, as a limited liability company.  Ex. 1.  NSO Group had a marketing and sales arm in the United States called WestBridge Technologies, Inc.  Ex. 2 and 3.  Between 2014 and February 2019, NSO Group obtained financing from a San Francisco–based private equity firm, which ultimately purchased a controlling stake in NSO Group.  Ex. 4.  In and around February 2019, NSO Group was reacquired by its founders

and management.  *Id.*  NSO Group's annual report filed on February 28, 2019, listed Defendant Q Cyber as the only active director of NSO Group and its majority shareholder.  Ex. 5.

6.     Defendant Q Cyber was incorporated in Israel on December 2, 2013, under the name L.E.G.D. Company Ltd.  Ex. 6 and 7.  On May 29, 2016, L.E.G.D. Company Ltd. changed its name to Q Cyber.  Ex. 7.  Until at least June 2019, NSO Group's website stated that NSO Group was "a Q Cyber Technologies company."  Ex. 8.  Q Cyber's annual report filed on June 17, 2019, listed OSY Technologies S.A.R.L. as the only Q Cyber shareholder and active Director.  Ex. 9

7.     At all times material to this action, each Defendant was the agent, partner, alter ego, subsidiary, and/or coconspirator of and with the other Defendant, and the acts of each Defendant were in the scope of that relationship.  In doing the acts and failing to act as alleged in this Complaint, each Defendant acted with the knowledge, permission, and consent of each other; and, each Defendant aided and abetted each other.

### JURISDICTION AND VENUE

8.     The Court has federal question jurisdiction over the federal causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1331.

9.     The Court has supplemental jurisdiction over the state law causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1367 because these claims arise out of the same nucleus of operative fact as Plaintiffs' federal claims.

10.     In addition, the Court has jurisdiction over all the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 because complete diversity between the Plaintiffs and each of the named Defendants exists, and because the amount in controversy exceeds $75,000.

11.     The Court has personal jurisdiction over Defendants because they obtained financing from California and directed and targeted their actions at California and its residents, WhatsApp and Facebook.  The claims in this Complaint arise from Defendants' actions, including their unlawful access and use of WhatsApp computers, several of which are located in California.

12.     The Court also has personal jurisdiction over Defendants because Defendants agreed to WhatsApp's Terms of Service ("WhatsApp Terms") by accessing and using WhatsApp.  In relevant part, the WhatsApp Terms required Defendants to submit to the personal jurisdiction of this Court.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

**COMPLAINT**

13.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), as the threatened and actual harm to WhatsApp and Facebook occurred in this District.

14.     Pursuant to Civil L.R. 3-2(d), this case may be assigned to either the San Francisco or Oakland division because WhatsApp and Facebook are located in San Mateo County.

### FACTUAL ALLEGATIONS

**A.     Background on Facebook**

15.     Facebook is a social networking website and mobile application that enables its users to create their own personal profiles and connect with each other on their personal computers and mobile devices. As of June 2019, Facebook daily active users averaged 1.59 billion and monthly active users averaged 2.41 billion.

16.     In October 2014, Facebook acquired WhatsApp.  At all times relevant to this action, Facebook has served as WhatsApp's service provider, which entails providing both infrastructure and security for WhatsApp.

**B.     Background on WhatsApp**

**1.     The WhatsApp Service**

17.      WhatsApp provides an encrypted communication service available on mobile devices and desktop computers (the "WhatsApp Service").  Approximately 1.5 billion people in 180 countries use the WhatsApp Service.  Users must install the WhatsApp app to use the WhatsApp Service.

18.     Every type of communication (calls, video calls, chats, group chats, images, videos, voice messages, and file transfers) on the WhatsApp Service is encrypted during its transmission between users.  This encryption protocol was designed to ensure that no one other than the intended recipient could read any communication sent using the WhatsApp Service.

**2.     WhatsApp's Terms of Service**

19.     Every WhatsApp user must create an account and agree and consent to WhatsApp's Terms (available at https://www.whatsapp.com/legal?eea=0#terms-of-service).

20.     The WhatsApp Terms stated that "You must use our Services according to our Terms and policies" and that users agreed to "access and use [WhatsApp's] Services only for legal, authorized, and acceptable purposes."

21.     The WhatsApp Terms prohibited using the WhatsApp services in ways that (a) "violate, misappropriate, or infringe the rights of WhatsApp, our users, or others, including privacy;" (b) "are illegal, intimidating, harassing, . . . or instigate or encourage conduct that would be illegal, or otherwise inappropriate;" [or] . . . (e) "involve sending illegal or impermissible communications."

22.     The WhatsApp Terms prohibited users from "exploiting [WhatsApp's] Services in impermissible or unauthorized manners, or in ways that burden, impair, or harm us, our Services, systems, our users, or others."  The Terms also required users to agree not to: "(a) reverse engineer, alter, modify, create derivative works from, decompile, or extract code from our Services; (b) send, store, or transmit viruses or other harmful computer code through or onto our Services; (c) gain or attempt to gain unauthorized access to our Services or systems; (d) interfere with or disrupt the safety, security, or performance of our Services; [or] . . . (f) collect the information of or about our users in any impermissible or unauthorized manner."

23.     The WhatsApp Terms prohibited users not just from personally engaging in the conduct listed above, but also from assisting others in doing so.

**C.     Background on NSO Group and Pegasus**

24.     Defendants manufactured, distributed, and operated surveillance technology or "spyware" designed to intercept and extract information and communications from mobile phones and devices. Defendants' products included "Pegasus," a type of spyware known as a remote access trojan. Ex. 10 and 11.  According to Defendants, Pegasus and its variants (collectively, "Pegasus") were designed to be remotely installed and enable the remote access and control of information—including calls, messages, and location—on mobile devices using the Android, iOS, and BlackBerry operating systems. *Id*.

25.     On information and belief, in order to enable Pegasus' remote installation, Defendants exploited vulnerabilities in operating systems and applications (e.g., CVE-2016-4657) and used other malware delivery methods, like spearphishing messages containing links to malicious code. *Id*.

26.     According to media reports and NSO documents, Defendants claimed that Pegasus could be surreptitiously installed on a victim's phone without the victim taking any action, such as

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

**COMPLAINT**

**ER-477**

clicking a link or opening a message (known as remote installation).[1] *Id.* Defendants promoted that Pegasus's remote installation feature facilitated infecting victims' phones without using spearphishing messages that could be detected and reported by the victims.

27.     According to NSO Group, Pegasus could "remotely and covertly extract valuable intelligence from virtually any mobile device." *Id.* Pegasus was designed, in part, to intercept communications sent to and from a device, including communications over iMessage, Skype, Telegram, WeChat, Facebook Messenger, WhatsApp, and others. *Id.* On information and belief, Pegasus was modular malware, which meant that it could be customized for different purposes, including to intercept communications, capture screenshots, and exfiltrate browser history and contacts from the device. *Id.*

28.     Defendants used a network of computers to monitor and update the version of Pegasus implanted on the victims' phones. *Id.* These Defendant-controlled computers relayed malware, commands, and data between a compromised phone, Defendants, and Defendants' customers. This network served as the nerve center through which Defendants supported and controlled their customers' operation and use of Pegasus. In some instances, Defendants limited the number of concurrent devices that their customers could compromise with Pegasus to 25. Ex. 11.

29.     Defendants profited by licensing Pegasus and selling support services to their customers, which included Pegasus installation, monitoring, and training. Ex. 10 and 11. Defendants also offered technical support to customers using Pegasus to infect victims' phones, including: (a) technical support by email and phone; and (b) remote troubleshooting by Defendants' engineers through remote desktop software and a virtual private network. *Id.*

---

[1] *See* Financial Times, "Israel's NSO: the business of spying on your iPhone" (May 14, 2019), *available at* https://www.ft.com/content/7f2f39b2-733e-11e9-bf5c-6eeb837566c5; Vice, "They Got Everything" (September 20, 2018), *available at* https://www.vice.com/en_us/article/qvakb3/inside-nso-group-spyware-demo.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

**COMPLAINT**

**D.      Defendants Agreed to the WhatsApp Terms**

30.      Between January 2018 and May 2019, Defendants created and caused to be created various WhatsApp accounts and agreed to the WhatsApp Terms.  Defendants' employees and agents accepted and agreed to be bound by the Terms on behalf of Defendants.

31.      At all times relevant to this Complaint, Defendants were bound by the WhatsApp Terms.

**E.      Defendants Accessed and Used Plaintiffs' Servers Without Authorization and Infected Target Users' Devices With Malware**

**1.      Overview**

32.      Defendants took a number of steps, using WhatsApp servers and the WhatsApp Service without authorization, to send discrete malware components ("malicious code") to Target Devices. *First*, Defendants set up various computer infrastructure, including WhatsApp accounts and remote servers, used to infect the Target Devices and conceal Defendants' identity and involvement.  *Second*, Defendants used and caused to be used WhatsApp accounts to initiate calls through Plaintiffs' servers that were designed to secretly inject malicious code onto Target Devices.  *Third*, Defendants caused the malicious code to execute on some of the Target Devices, creating a connection between those Target Devices and computers controlled by Defendants (the "remote servers").  *Fourth*, on information and belief, Defendants caused Target Devices to download and install additional malware—believed to be Pegasus or another remote access trojan developed by Defendants—from the remote servers for the purpose of accessing data and communications on Target Devices.

**2.      Defendants Set Up Computer Infrastructure Used to Infect the Target Devices**

33.      Between approximately January 2018 and May 2019, Defendants created WhatsApp accounts that they used and caused to be used to send malicious code to Target Devices in April and May 2019.  The accounts were created using telephone numbers registered in different counties, including Cyprus, Israel, Brazil, Indonesia, Sweden, and the Netherlands.

34.      Beginning no later than 2019, Defendants leased and caused to be leased servers and internet hosting services in different countries, including the United States, in order to connect the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                                                        **COMPLAINT**

**ER-479**

Target Devices to a network of remote servers intended to distribute malware and relay commands to the Target Devices. This network included proxy servers and relay servers (collectively, "malicious servers"). The malicious servers were owned by Choopa, Quadranet, and Amazon Web Services ("AWS"), among others. The IP address of one of the malicious servers was previously associated with subdomains used by Defendants.

### 3.   Defendants' Unauthorized Access of Plaintiff's Servers

35.   On information and belief, Defendants reverse-engineered the WhatsApp app and developed a program to enable them to emulate legitimate WhatsApp network traffic in order to transmit malicious code—undetected—to Target Devices over WhatsApp servers. Defendants' program was sophisticated, and built to exploit specific components of WhatsApp network protocols and code. Network protocols generally define rules that control communications between network computers, including protocols for computers to identify and connect with other computers, as well as formatting rules that specify how data is packaged and transmitted.

36.   In order to compromise the Target Devices, Defendants routed and caused to be routed malicious code through Plaintiffs' servers—including Signaling Servers and Relay Servers—concealed within part of the normal network protocol. WhatsApp's Signaling Servers facilitated the initiation of calls between different devices using the WhatsApp Service. WhatsApp's Relay Servers facilitated certain data transmissions over the WhatsApp Service. Defendants were not authorized to use Plaintiffs' servers in this manner.

37.   Between approximately April and May 2019, Defendants used and caused to be used, without authorization, WhatsApp Signaling Servers, in an effort to compromise Target Devices. To avoid the technical restrictions built into WhatsApp Signaling Servers, Defendants formatted call initiation messages containing malicious code to appear like a legitimate call and concealed the code within call settings. Disguising the malicious code as call settings enabled Defendants to deliver it to the Target Device and made the malicious code appear as if it originated from WhatsApp Signaling Servers. Once Defendants' calls were delivered to the Target Device, they injected the malicious code into the memory of the Target Device—even when the Target User did not answer the call.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

**COMPLAINT**

38.     For example, on May 9, 2019, Defendants used WhatsApp servers to route malicious code, which masqueraded as a series of legitimate calls and call settings, to a Target Device using telephone number (202) XXX-XXXX.  On information and belief, the malicious code concealed within the calls was then installed in the memory of the Target Device.

39.     Between April and May 2019, Defendants also used and caused to be used WhatsApp's Relay Servers without authorization to send encrypted data packets designed to activate the malicious code injected into the memory of the Target Devices.  When successfully executed, the malicious code caused the Target Device to send a request to one of the malicious servers controlled by Defendants.

40.     On information and belief, the malicious servers connected the Target Devices to remote servers hosting Defendants' malware.  The malicious code on the Target Devices then downloaded and installed Defendants' malware from those servers.

41.     On information and belief, after it was installed, Defendants' malware was designed to give Defendants and their customers access to information and data stored on the Target Devices, including their communications.

42.     Between approximately April 29, 2019, and May 10, 2019, Defendants caused their malicious code to be transmitted over WhatsApp servers in an effort to infect approximately 1,400 Target Devices.  The Target Users included attorneys, journalists, human rights activists, political dissidents, diplomats, and other senior foreign government officials.

43.     The Target Users had WhatsApp numbers with country codes from several countries, including the Kingdom of Bahrain, the United Arab Emirates, and Mexico.  According to public reporting, Defendants' clients include, but are not limited to, government agencies in the Kingdom of Bahrain, the United Arab Emirates, and Mexico as well as private entities.[2]

---

[2] *See* Fast Company, "Israeli cyberweapon targeted the widow of a slain Mexican journalist" (March 20, 2019), *available at* https://www.fastcompany.com/90322618/nso-group-pegasus-cyberweapon-targeted-the-widow-of-a-slain-mexican-journalist; New York Times, "Hacking a Prince, and Emir and a Journalist to Impress a Client" (August 31, 2018), *available at* https://www.nytimes.com/2018/08/31/world/middleeast/hacking-united-arab-emirates-nso-group.html; The Guardian, "Israeli firm linked to WhatsApp spyware attack faces lawsuit" (May 18, 2019), *available at* https://www.theguardian.com/world/2019/may/18/israeli-firm-nso-group-linked-to-whatsapp-spyware-attack-faces-lawsuit.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9                                                              COMPLAINT

44.     On or about May 13, 2019, Facebook publicly announced that it had investigated and identified a vulnerability involving the WhatsApp Service (CVE-2019-3568).   WhatsApp and Facebook closed the vulnerability, contacted law enforcement, and advised users to update the WhatsApp app.

45.     Defendants subsequently complained that WhatsApp had closed the vulnerability. Specifically, NSO Employee 1 stated, "You just closed our biggest remote for cellular . . . It's on the news all over the world."

**F.      Defendants' Unlawful Acts Have Caused Damage and Loss to WhatsApp and Facebook**

46.     Defendants' actions and omissions interfered with the WhatsApp Service and burdened Plaintiffs' computer network.

47.     Defendants' actions injured Plaintiffs' reputation, public trust, and goodwill.

48.     Defendants have caused Plaintiffs damages in excess of $75,000 and in an amount to be proven at trial.

**FIRST CAUSE OF ACTION**

(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

49.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

50.     At various times between April 29, 2019, and May 10, 2019, Defendants accessed, used, or caused to be accessed or used Plaintiffs' Signaling Servers and Relay Servers without authorization in an effort to compromise approximately 1,400 Target Devices.

51.     Plaintiffs' Signaling Servers and Relay Servers and the Target Devices were "computers" as defined by 18 U.S.C. § 1030(e)(1).

52.     Plaintiffs' Signaling Servers and Relay Servers and the Target Devices were "protected computers" as defined by 18 U.S.C. § 1030(e)(2)(B) because they are "used in or affecting interstate or foreign commerce or communication."

53.     Defendants violated 18 U.S.C. § 1030(a)(2) because they intentionally accessed and caused to be accessed (a) Plaintiffs' computers, and (b) Target Devices, without authorization and, on information and belief, obtained data from the Target Devices.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

COMPLAINT

**ER-482**

54. Defendants violated 18 U.S.C. § 1030(a)(4) because they knowingly and with intent to defraud accessed and caused to be accessed (a) Plaintiffs' protected computers and (b) Target Devices without authorization, and by means of such conduct furthered the intended fraud and obtained something of value. Defendants' fraud included falsely agreeing to the WhatsApp Terms, sending unauthorized commands to Plaintiffs' computers and concealing the commands as legitimate network traffic, in order to gain access of the Target Devices without the Target Users' knowledge or consent. As a result of the fraud, Defendants obtained money, customers, remote access and control of the Target Devices, data from the Target Devices, and unauthorized use of the WhatsApp service, the value of which exceeds $5,000.

55. Defendants violated 18 U.S.C. § 1030(b) by conspiring and attempting to commit the violations alleged in the preceding paragraphs.

56. Defendants' conduct caused a loss to Plaintiffs and the Target Users in excess of $5,000 during a one-year period.

57. Defendants' actions caused Plaintiffs to incur a loss as defined in 18 U.S.C. § 1030(e)(11), including the expenditure of resources to investigate and remediate Defendants' fraud and unauthorized access. Plaintiffs are entitled to be compensated for losses and damages, and any other amount to be proven at trial.

### SECOND CAUSE OF ACTION

(California Comprehensive Computer Data Access and Fraud Act,
California Penal Code § 502)

58. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

59. Defendants knowingly accessed and without permission altered and used Plaintiffs' data, computer, computer system, and computer network in order to (a) devise and execute a scheme and artifice to defraud and deceive, and (b) wrongfully control and obtain money, property, and data in violation of California Penal Code § 502(c)(1).

60. Defendants knowingly and without permission used and caused to be used WhatsApp Signaling Servers and Relay Servers, including servers located in California, in violation of California Penal Code § 502(c)(3).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

COMPLAINT

61.     Defendants knowingly and without permission provided and assisted in providing a means of accessing Plaintiffs' computers, computer systems, and computer networks, including those located in California, in violation of California Penal Code § 502(c)(6).

62.     Defendants knowingly and without permission accessed and caused to be accessed Plaintiffs' computers, computer systems, and computer networks, including those located in California, in violation of California Penal Code § 502(c)(7).

63.     Defendants knowingly introduced a computer contaminant into Plaintiffs' computers, computer systems, and computer networks in violation of California Penal Code § 502(c)(8).

64.     Defendants' actions caused Plaintiffs to incur losses and damages, including, among other things, the expenditure of resources to investigate and remediate Defendants' conduct, damage to Plaintiffs' reputation, and damage to the relationships and goodwill between Plaintiffs and their users and potential users. Plaintiffs have been damaged in an amount to be proven at trial.

65.     Because Plaintiffs suffered damages and a loss as a result of Defendants' actions and continue to suffer damages as result of Defendants' actions, Plaintiffs are entitled to compensatory damages, attorneys' fees, and any other amount of damages to be proven at trial, as well as injunctive relief under California Penal Code §§ 502(e)(1) and (2).

66.     Because Defendants willfully violated California Penal Code § 502, and there is clear and convincing evidence that Defendants acted with malice and oppression and committed "fraud" as defined by section 3294 of the Civil Code, Plaintiffs are entitled to punitive and exemplary damages under California Penal Code § 502(e)(4).

## THIRD CAUSE OF ACTION

(Breach of Contract)

67.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

68.     Access to and use of WhatsApp is governed by the WhatsApp's Terms and related WhatsApp policies.

69.     Defendants agreed to and became bound by the WhatsApp's Terms when they used WhatsApp and the WhatsApp Service.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

COMPLAINT

70.     WhatsApp and Facebook have performed all conditions, covenants, and promises required of it in accordance with the WhatsApp's Terms.

71.     Defendants' violations of the WhatsApp's Terms have directly and proximately caused and continue to cause harm and injury to WhatsApp.

72.     When Defendants agreed to and became bound by the WhatsApp Terms, both Plaintiffs and Defendants knew or could have reasonably foreseen that the harm and injury to Plaintiffs was likely to occur in the ordinary course of events as a result of Defendants' breach.

73.     Defendants' actions caused Plaintiffs to incur losses and other economic damages, including, among other things, the expenditure of resources to investigate and remediate Defendants' conduct, damage to Plaintiffs' reputation, and damage to the relationships and goodwill between Plaintiffs and their users and potential users. Plaintiffs have been damaged in an amount to be proven at trial, and in excess of $75,000.

## FOURTH CAUSE OF ACTION

### (Trespass to Chattels)

74.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

75.     At all times mentioned in this Complaint, Plaintiffs had legal title to and actual possession of their computer systems.

76.     Defendants intentionally and without authorization interfered with Plaintiffs' possessory interest in their computer systems, including by accessing and using Plaintiffs' servers to transmit malicious code for the purpose of unlawfully compromising Target Users' devices, all without authorization from Plaintiffs and Target Users.

77.     Defendants' access to Plaintiffs' computer systems exceeded the scope of the conditional access that Plaintiffs grant to legitimate users of the WhatsApp Service.

78.     Defendants' actions caused Plaintiffs to incur losses and other economic damages, including, among other things, the expenditure of resources to investigate and remediate Defendants' conduct, damage to Plaintiffs' reputation, and damage to the relationships and goodwill between Plaintiffs and their users and potential users. Plaintiffs have been damaged in an amount to be proven at trial, and in excess of $75,000.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

**COMPLAINT**

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs request judgment against Defendants as follows:

1.  That the Court enter judgment against Defendants that Defendants have:

    a.  Violated the Computer Fraud and Abuse Act, in violation of 18 U.S.C. § 1030;

    b.  Violated the California Comprehensive Computer Data Access and Fraud Act, in violation California Penal Code § 502;

    c.  Breached their contracts with WhatsApp in violation of California law;

    d.  Wrongfully trespassed on Plaintiffs' property in violation of California law.

2.  That the Court enter a permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, and assigns, and all other persons acting in concert with or conspiracy with any of them or who are affiliated with Defendants from:

    a.  Accessing or attempting to access WhatsApp's and Facebook's service, platform, and computer systems;

    b.  Creating or maintaining any WhatsApp or Facebook account;

    c.  Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Plaintiffs' service, platform, and computer systems; and

    d.  Engaging in any activity, or facilitating others to do the same, that violates WhatsApp's or Facebook's Terms;

3.  That WhatsApp and Facebook be awarded damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law and in such amounts to be proven at trial.

4.  That WhatsApp and Facebook be awarded their reasonable costs, including reasonable attorneys' fees.

5.  That WhatsApp and Facebook be awarded pre- and post-judgment interest as allowed by law.

6.  That the Court grant all such other and further relief as the Court may deem just and proper.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

**COMPLAINT**

**ER-486**

**PLAINTIFFS RESPECTFULLY DEMAND A JURY TRIAL.**

Dated:  October 29, 2019                    Respectively submitted,

                                            COOLEY LLP


                                            /s/ Travis LeBlanc
                                            Travis LeBlanc
                                            Daniel J. Grooms
                                            Joseph D. Mornin

                                            Attorneys for Plaintiffs
                                            WHATSAPP INC. and FACEBOOK, INC.

                                            Platform Enforcement and Litigation
                                            Facebook, Inc.
                                            Jessica Romero
                                            Tyler Smith
                                            Michael Chmelar
                                            Bridget Freeman

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15                                          COMPLAINT

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** | Northern District of California |

## Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: | 4:19-cv-07123-PJH |

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: | 10/29/2019 |

Date of judgment or order you are appealing: | 11/12/2025 |

Docket entry number of judgment or order you are appealing: | 808-810 |

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

⊙ Yes   ○ No   ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

| NSO Group Technologies Limited; Q Cyber Technologies Limited |

Is this a cross-appeal?   ○ Yes   ⊙ No

If yes, what is the first appeal case number? | |

Was there a previous appeal in this case?   ⊙ Yes   ○ No

If yes, what is the prior appeal case number? | 20-16408 |

Your mailing address (if pro se):

| King & Spalding LLP |

| 633 West Fifth Street, Suite 1600 |

City: | Los Angeles |   State: | CA |   Zip Code: | 90071 |

Prisoner Inmate or A Number (if applicable): | |

**Signature** | /s/ |   **Date** | |

*Complete and file with the attached representation statement in the U.S. District Court*
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**                                                         *Rev. 06/09/2022*

ER-488

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

NSO Group Technologies Limited; Q Cyber Technologies Limited

Name(s) of counsel (if any):

King & Spalding LLP
Joseph Akrotirianakis, Aaron Craig, Matthew Dawson, Matthew Noller

Address: 633 West Fifth Street, Ste 1600, Los Angeles, CA 90071

Telephone number(s): 213-443-4355

Email(s): jakro@kslaw.com

Is counsel registered for Electronic Filing in the 9th Circuit?    ◉ Yes    ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Meta Inc., WhatsApp Inc.

Name(s) of counsel (if any):

Davis Polk
Greg Andres, Antonio Perez, Micah Block

Address: 450 Lexington Ave., New York, NY 10017

Telephone number(s): 212-540-4724

Email(s): greg.andres@davispolk.com

*To list additional parties and/or counsel, use next page.*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 6**                           *1*                           *New 12/01/2018*

**ER-489**

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

**Appellees**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                        *2*                                 *New 12/01/2018*

**ER-490**

**U.S. District Court**
**California Northern District (Oakland)**
**CIVIL DOCKET FOR CASE #: 4:19-cv-07123-PJH**

WhatsApp Inc. et al v. NSO Group Technologies Limited et al
Assigned to: Judge Phyllis J. Hamilton
Referred to: Magistrate Judge Sallie Kim (Settlement)
  Case in other court:    Ninth Circuit Court of Appeals, 20-16408

                     Supreme Court of the United States, 21-01338

                     Ninth Circuit, 25-07380
Cause: 28:1331 Fed. Question

Date Filed: 10/29/2019
Date Terminated: 02/02/2026
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

ER-491

**WhatsApp Inc.**
*a Delaware corporation*

represented by

**Amelia Birnie**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-3105
Email: amelia.birnie@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Antonio J. Perez-Marques**
Davis Polk and Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-4000
Email: antonio.perez@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catalina Joos Vergara**
O'Melveny and Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899
213-430-6000
Fax: 213-430-6407
Email: cvergara@omm.com
*ATTORNEY TO BE NOTICED*

**Craig Cagney**
Davis Polk and Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-4000
Email: craig.cagney@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Joseph Grooms**
Cooley LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
202-842-7800
Fax: 202-842-7899
Email: dgrooms@cooley.com
*TERMINATED: 09/25/2020*
*PRO HAC VICE*

**Elizabeth B Prelogar**
Cooley LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
202-776-2076
Email: eprelogar@cooley.com
*TERMINATED: 09/25/2020*

**Gersham Johnson**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-3449
Email: gersham.johnson@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gina M Cora**
Paul Hastings LLP
New York
200 Park Avenue
New York
New York, NY 10166
212-318-6000
Email: ginacora@paulhastings.com

**ER-492**

app.pacerpro.com/cases/11756078/print?q=

*TERMINATED: 09/02/2025*
*PRO HAC VICE*

**Greg D Andres**
Davis Polk and Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-4000
Email: greg.andres@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ian Shapiro**
Cooley LLP
55 Hudson Yards
New York, NY 10001
212-479-6000
Email: ishapiro@cooley.com
*TERMINATED: 09/25/2020*
*PRO HAC VICE*

**Jeffrey A. N. Kopczynski**
O'Melveny & Myers LLP
NY 3155, Times Square Tower
1301 Avenue of the Americas
Suite 1700
New York, NY 10019-6022
212-728-5675
Fax: 212-326-2061
Email: jkopczynski@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Douglas Mornin**
3141 College Ave.
#1
Berkeley, CA 94705
206-330-7871
Email: jmornin@cooley.com
*TERMINATED: 09/25/2020*

**Kyle Wong**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
415-693-2000
Fax: 415-693-2222
Email: kwong@cooley.com
*TERMINATED: 09/25/2020*

**Luca E. Marzorati**
Davis Polk & Wardwell LLP
450 Lexington Ave
New York, NY 10017
212-450-3660
Email: luca.marzorati@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meenu Ann Mathews**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-3441
Email: meenu.mathews@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Micah Galvin Block**
Davis Polk & Wardwell LLP
900 Middlefield Road
Suite 200

**ER-493**

Redwood City, CA 94063
650-752-2000
Email: micah.block@davispolk.com
*ATTORNEY TO BE NOTICED*

**Michael R. Dreeben**
OMelveny Myers LLP
1625 Eye Street, NW
Washington, DC 20006
202-383-5300
Email: mdreeben@omm.com
*TERMINATED: 12/15/2023*
*PRO HAC VICE*

**Michael Graham Rhodes**
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
(415) 693-2000
Fax: (415) 693-2222
Email: rhodesmg@mac.com
*TERMINATED: 09/25/2020*

**Muhammad Sardar**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-3301
Fax: 212-701-6301
Email: muhammad.sardar@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Quentin J. Ullrich**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212-450-3340
Email: quentin.ullrich@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald Arthur Lehmann**
Fischer (FBC & Co.)
146 Menachem Begin Rd.
Tel Aviv
Israel
+97236944145
Fax: +97236944208
Email: rlehmann@fbclawyers.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Travis LeBlanc**
Cooley LLP
1299 Pennsylvania Ave NW
Ste 700
Washington, DC 20004
202-728-7018
Email: tleblanc@cooley.com
*TERMINATED: 09/25/2020*

**Plaintiff**

ER-494

**Meta Platforms, Inc.**
*formerly known as*
Facebook Inc.

represented by **Amelia Birnie**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Antonio J. Perez-Marques**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Catalina Joos Vergara**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Cagney**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel Joseph Grooms**
(See above for address)
*TERMINATED: 09/25/2020*
*PRO HAC VICE*

**Elizabeth B Prelogar**
(See above for address)
*TERMINATED: 09/25/2020*

**Gersham Johnson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gina M Cora**
(See above for address)
*TERMINATED: 09/02/2025*
*PRO HAC VICE*

**Greg D Andres**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ian Shapiro**
(See above for address)
*TERMINATED: 09/25/2020*
*PRO HAC VICE*

**Jeffrey A. N. Kopczynski**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Douglas Mornin**
(See above for address)
*TERMINATED: 09/25/2020*

**Kyle Wong**
(See above for address)
*TERMINATED: 09/25/2020*

**Luca E. Marzorati**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meenu Ann Mathews**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ER-495**

**Micah Galvin Block**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael R. Dreeben**
(See above for address)
*TERMINATED: 12/15/2023*
*PRO HAC VICE*

**Michael Graham Rhodes**
(See above for address)
*TERMINATED: 09/25/2020*

**Muhammad Sardar**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Quentin J. Ullrich**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald Arthur Lehmann**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Travis LeBlanc**
(See above for address)
*TERMINATED: 09/25/2020*

V.

**Defendant**

**ER-496**

**NSO Group Technologies Limited**

represented by

**Derek Lawrence Shaffer**
Quinn Emanuel Urquhart & Sullivan LLP
555 13th Street NW
Suite 600
Washington, DC 20004
202-538-8000
Email: derekshaffer@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Emmett Gilles**
Wiggin and Dana LLP
265 Church St
New Haven, CT 06510
203-498-4353
Email: egilles@wiggin.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jonathan M. Freiman**
265 Church Street
New Haven, CT 06510
203-498-4584
Email: jfreiman@wiggin.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph N. Akrotirianakis**
King & Spalding LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
(213-443-44355
Fax: 213-443-4310
Email: jakro@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steve Malech**
Wiggin and Dana LLP
437 Madison Ave
Ste 35th Floor
New Haven, CT 06510
212-551-2633
Email: smalech@wiggin.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aaron S Craig**
KING & SPALDING LLP
633 WEST 5TH STREET
SUITE 1700
Los Angeles, CA 90071
310-443-4311
Fax: 310-443-4310
Email: acraig@kslaw.com
*ATTORNEY TO BE NOTICED*

**John V Coghlan**
Torridon Law PLLC
801 Seventeenth St. NW
Suite 1100
Washington, DC 20006
202-249-6900
Fax: 202-249-6899
Email: jcoghlan@torridonlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ER-497**

**Jonathan Weinberg**
King and Spalding LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006
(202) 207-3945
Fax: (202) 756-7411
Email: jweinberg@kslaw.com
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Noller**
King & Spalding LLP
50 California Street
Suite 3300
San Francisco, CA 94111
415-318-1200
Email: mnoller@kslaw.com
*ATTORNEY TO BE NOTICED*

**Michael J. Shepard**
Farmer Brownstein Jaeger Siegel & Shepard LLP
155 Montgomery Street
Suite 301
San Francisco, CA 94104
415-738-6210
Fax: 415-520-5678
Email: mshepard@fbjgk.com
*TERMINATED: 06/23/2025*

**Patrick F. Philbin**
Torridon Law PLLC
801 Seventeenth St. NW
Suite 1100
Washington, DC 20006
202-249-6633
Email: pphilbin@torridonlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Roy Falik**
King & Spalding
1401 Lawrence St
Suite 1900
Denver, CO 80202
858-344-7745
Email: rfalik@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ER-498**

| | | |
|---|---|---|
| **Q Cyber Technologies Limited** | represented by | **Derek Lawrence Shaffer**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Joseph N. Akrotirianakis**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Aaron S Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Matthew Vincent Noller**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael J. Shepard**<br>(See above for address)<br>*TERMINATED: 06/23/2025* |
| | | **Roy Falik**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**3rd party defendant**

| | | |
|---|---|---|
| **Francisco Partners LP** | represented by | **Matthew Gordon Ball**<br>Shook, Hardy & Bacon LLP<br>555 Mission Street<br>Suite 2300<br>San Francisco, CA 94105<br>415-544-1900<br>Fax: 415-391-0281<br>Email: mgball@shb.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Interested Party**

| | | |
|---|---|---|
| **United States Department of Justice** | represented by | **Emmet P. Ong**<br>Bryan Cave Leighton Paisner LLP<br>Three Embarcadero Center<br>7th Floor<br>San Francisco, CA 94111<br>415-675-3459<br>Email: emmet.ong@bclplaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Miscellaneous**

| | | |
|---|---|---|
| **King & Spalding LLP** | represented by | **Jessica R. MacGregor**<br>Long & Levit LLP<br>465 California Street<br>5th Floor<br>San Francisco, CA 94104<br>415-397-2222<br>Fax: 415-397-6392<br>Email: jmacgregor@longlevit.com<br>*ATTORNEY TO BE NOTICED* |

**Miscellaneous**

ER-499

**Bill Marczak**                     represented by   **Marc J. Zwillinger**
                                                      ZwillGen PLLC
                                                      1900 M Street, NW, Suite 250
                                                      Washington, DC 20036
                                                      202-296-3585
                                                      Fax: 202-706-5298
                                                      Email: marc@zwillgen.com
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Sheri B. Pan**
                                                      ZwillGen Law LLP
                                                      369 Pine Street, Suite 506
                                                      94104
                                                      San Francisco, CA 94104
                                                      415-590-2341
                                                      Email: sheri@zwillgen.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Steven L Lane**
                                                      ZwillGen PLLC
                                                      National Security Division
                                                      1900 M Street NW STE 250
                                                      20036
                                                      Washington, DC 20530
                                                      202-296-3585
                                                      Email: steven.lane@zwillgen.com
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**The Citizen Lab**                  represented by   **Steven L Lane**
                                                      ZwillGen PLLC
                                                      ZwillGen PLLC
                                                      1900 M Street NW STE 250
                                                      Ste 6500
                                                      20036
                                                      Washington, DC 20530
                                                      202-296-3585
                                                      Email: steven.lane@zwillgen.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Josh Shaner**                      represented by   **Matthew H. Dawson**
                                                      King & Spalding LLP
                                                      50 California Street
                                                      Suite 3300
                                                      San Francisco, CA 94111
                                                      415-318-1200
                                                      Fax: 415-318-1300
                                                      Email: mdawson@kslaw.com
                                                      *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Terry Divittorio**                 represented by   **Matthew H. Dawson**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Westbridge Technologies, Inc.**    represented by   **Matthew H. Dawson**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**ER-500**

| # | Docket Text | Date Filed |
|---|---|---|
| 1 | COMPLAINT against NSO Group Technologies Limited, Q Cyber Technologies Limited ( Filing fee $ 400, receipt number 0971-13834740.). Filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit 1 through 11, # 2 Civil Cover Sheet)(LeBlanc, Travis) (Filed on 10/29/2019) (Entered: 10/29/2019) | 10/29/2019 |
| 2 | Proposed Summons. (LeBlanc, Travis) (Filed on 10/29/2019) (Entered: 10/29/2019) | 10/29/2019 |
| 3 | Case assigned to Magistrate Judge Jacqueline Scott Corley. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit E-Filing A New Civil Case at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 11/12/2019. (bwS, COURT STAFF) (Filed on 10/29/2019) (Entered: 10/29/2019) | 10/29/2019 |
| 4 | Corporate Disclosure Statement by Facebook Inc. (LeBlanc, Travis) (Filed on 10/29/2019) (Entered: 10/29/2019) | 10/29/2019 |
| 5 | Corporate Disclosure Statement by WhatsApp Inc. identifying Corporate Parent Facebook Inc. for WhatsApp Inc.. (LeBlanc, Travis) (Filed on 10/29/2019) (Entered: 10/29/2019) | 10/29/2019 |
| 6 | Certificate of Interested Entities by Facebook Inc., WhatsApp Inc. (LeBlanc, Travis) (Filed on 10/29/2019) (Entered: 10/29/2019) | 10/29/2019 |
| 7 | MOTION for leave to appear in Pro Hac Vice for Attorney Daniel J. Grooms ( Filing fee $ 310, receipt number 0971-13838792.) filed by Facebook Inc., WhatsApp Inc.. (Grooms, Daniel) (Filed on 10/30/2019) (Entered: 10/30/2019) | 10/30/2019 |
| 8 | NOTICE of Appearance by Joseph Douglas Mornin for Plaintiffs WhatsApp Inc. and Facebook, Inc. (Mornin, Joseph) (Filed on 10/30/2019) (Entered: 10/30/2019) | 10/30/2019 |
| 9 | Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 1/23/2020. Initial Case Management Conference set for 1/30/2019 01:30 PM in San Francisco, Courtroom F, 15th Floor. (slhS, COURT STAFF) (Filed on 11/1/2019) (Entered: 11/01/2019) | 11/01/2019 |
| 10 | Summons Issued as to NSO Group Technologies Limited, Q Cyber Technologies Limited. (slhS, COURT STAFF) (Filed on 11/1/2019) (Entered: 11/01/2019) | 11/01/2019 |
| 11 | CLERK'S NOTICE Re: Consent or Declination: Plaintiffs shall file a consent or declination to proceed before a magistrate judge by 12/2/2019. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. (ahm, COURT STAFF) (Filed on 11/18/2019) (Entered: 11/18/2019) | 11/18/2019 |
| 12 | ORDER by Magistrate Judge Jacqueline Scott Corley granting 7 Motion for Pro Hac Vice as to Daniel J. Grooms. (ahm, COURT STAFF) (Filed on 11/18/2019) (Entered: 11/18/2019) | 11/18/2019 |
|  | Set/Reset Hearing: Initial Case Management Conference reset for 1/30/2020 at 01:30 PM in San Francisco, Courtroom F, 15th Floor. (ahm, COURT STAFF) (Filed on 11/18/2019) (Entered: 11/18/2019) | 11/18/2019 |
| 13 | NOTICE of Appearance by Kyle Christopher Wong (Wong, Kyle) (Filed on 11/26/2019) (Entered: 11/26/2019) | 11/26/2019 |
| 14 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Facebook Inc., WhatsApp Inc... (LeBlanc, Travis) (Filed on 12/2/2019) (Entered: 12/02/2019) | 12/02/2019 |
| 15 | CLERK'S NOTICE REGARDING TIME OF INITIAL CASE MANAGEMENT CONFERENCE. Due to the Court's trial schedule, the initial case management conference scheduled for 1/30/2020 shall commence at 3:00 p.m., in San Francisco, Courtroom E, 15th Floor. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ahm, COURT STAFF) (Filed on 12/27/2019) (Entered: 12/27/2019) | 12/27/2019 |
| 16 | ADMINISTRATIVE MOTION To Reschedule Case Management Conference Under Local Rules 7-11 and 16-2(d) filed by Facebook Inc., WhatsApp Inc.. Responses due by 1/13/2020. (Attachments: # 1 Declaration of Joseph D. Mornin, # 2 Proposed Order) (LeBlanc, Travis) (Filed on 1/7/2020) (Entered: 01/07/2020) | 01/07/2020 |
| 17 | ORDER by Magistrate Judge Jacqueline Scott Corley granting 16 Administrative Motion to Reschedule Case Management Conference Under Local Rules 7-11 and 16-2(d). Case Management Statement due by 2/6/2020. Initial Case Management Conference reset for 2/13/2020 at 1:30 PM in San Francisco, Courtroom E, 15th Floor. (ahm, COURT STAFF) (Filed on 1/10/2020) (Entered: 01/12/2020) | 01/10/2020 |
| 18 | SEPARATE CASE MANAGEMENT STATEMENT and [Proposed] Order filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Joseph D. Mornin iso Plaintiffs' Separate Case Management Statement, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18)(LeBlanc, Travis) (Filed on 2/6/2020) (Entered: 02/06/2020) | 02/06/2020 |

**ER-501**

app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 19 | Minute Entry for proceedings held before Magistrate Judge Jacqueline Scott Corley: Initial Case Management Conference held on 2/13/2020. Plaintiff to submit application for entry of default directly to chambers. Further Case Management Conference set for 3/26/2020 at 1:30 p.m. in San Francisco, Courtroom E, 15th Floor. Case Management Statement due by 3/19/2020. (Not Reported) (Time 00:08)Attorney for Plaintiffs: Travis LeBlanc; Kyle Wong. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ahm, COURT STAFF) (Date Filed: 2/13/2020) (Entered: 02/13/2020) | 02/13/2020 |
| 20 | Plaintiffs' Application for Entry of Default filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Eitan Newman, # 2 Exhibit 1 to Newman Declaration, # 3 Declaration of Joseph D. Mornin, # 4 Exhibit 1 to Mornin Declaration, # 5 Exhibit 2 to Mornin Declaration, # 6 Exhibit 3 to Mornin Declaration, # 7 Exhibit 4 to Mornin Declaration, # 8 Exhibit 5 to Mornin Declaration, # 9 Exhibit 6 to Mornin Declaration, # 10 Exhibit 7 to Mornin Declaration, # 11 Exhibit 8 to Mornin Declaration, # 12 Exhibit 9 to Mornin Declaration, # 13 Exhibit 10 to Mornin Declaration, # 14 Exhibit 11 to Mornin Declaration, # 15 Exhibit 12 to Mornin Declaration, # 16 Exhibit 13 to Mornin Declaration, # 17 Exhibit 14 to Mornin Declaration, # 18 Exhibit 15 to Mornin Declaration, # 19 Exhibit 16 to Mornin Declaration, # 20 Exhibit 17 to Mornin Declaration, # 21 Proposed Order)(LeBlanc, Travis) (Filed on 2/27/2020) (Entered: 02/27/2020) | 02/27/2020 |
| 21 | Request for Judicial Notice in Support of re 20 Plaintiffs' Application for Entry of Default filed by Facebook Inc., WhatsApp Inc.. (Attachments: #(1) [Proposed] Order)(Related document(s) 20 ) (LeBlanc, Travis) (Filed on 2/27/2020) (Entered: 02/27/2020) | 02/27/2020 |
| 22 | Clerk's Notice of ENTRY OF DEFAULT against Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited. (Related documents(s) 20 ) (tnS, COURT STAFF) (Filed on 3/2/2020) (Entered: 03/02/2020) | 03/02/2020 |
| 23 | NOTICE of Appearance by Joseph N Akrotirianakis (Akrotirianakis, Joseph) (Filed on 3/6/2020) (Entered: 03/06/2020) | 03/06/2020 |
| 24 | APPLICATION to Set Aside Default and to Enlarge Time to File Responsive Pleading to Complaint filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 4/16/2020 09:00 AM in San Francisco, Courtroom E, 15th Floor before Magistrate Judge Jacqueline Scott Corley. Responses due by 3/20/2020. Replies due by 3/27/2020. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit 1-5 to the Declaration of Joseph N. Akrotirianakis, # 3 Declaration of Shalev Hulio, # 4 Proposed Order Setting Aside Default and Enlarging Time to File Responsive Pleading) (Akrotirianakis, Joseph) (Filed on 3/6/2020) (Entered: 03/06/2020) | 03/06/2020 |
| 25 | Certification of Interested Entities or Persons filed by NSO Group Technologies Limited, Q Cyber Technologies Limited re 24 Application to Set Aside Default and to Enlarge Time to File Responsive Pleading to Complaint (Akrotirianakis, Joseph) (Filed on 3/6/2020) (Entered: 03/06/2020) | 03/06/2020 |
| 26 | NOTICE of Appearance by Aaron S Craig (Craig, Aaron) (Filed on 3/6/2020) (Entered: 03/06/2020) | 03/06/2020 |
| 27 | CLERK'S NOTICE Re: Consent or Declination: Defendants shall file a consent or declination to proceed before a magistrate judge by 3/23/2020. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. (ahm, COURT STAFF) (Filed on 3/9/2020) (Entered: 03/09/2020) | 03/09/2020 |
| 28 | MOTION for Sanctions filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 4/16/2020 09:00 AM in San Francisco, Courtroom E, 15th Floor before Magistrate Judge Jacqueline Scott Corley. Responses due by 3/23/2020. Replies due by 3/30/2020. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Proposed Order Granting Defendants NSO Group Technologies Limited's Motion for Sanctions Against Plaintiffs Whatsapp Inc., Facebook, Inc., and Their Counsel) (Akrotirianakis, Joseph) (Filed on 3/9/2020) (Entered: 03/09/2020) | 03/09/2020 |
| 29 | CROSS-MOTION to Authorize Alternative Service Pursuant to Federal Rule of Civil Procedure 4(F)(3) and OPPOSITION/RESPONSE to (re 24 Application to Set Aside Default and to Enlarge Time to File Responsive Pleading to Complaint) filed by Facebook Inc., WhatsApp Inc. (Attachments: # 1 Declaration of Joseph D. Mornin in Support of Plaintiffs' Opposition, # 2 Exhibit 1 to Declaration of Joseph D. Mornin, # 3 Exhibit 2 to Declaration of Joseph D. Mornin, # 4 Exhibit 3 to Declaration of Joseph D. Mornin, # 5 Declaration of Aaron Lukken in Support of Plaintiffs' Opposition, # 6 Exhibit 1 to Declaration of Aaron Lukken, # 7 Exhibit 2 to Declaration of Aaron Lukken, # 8 Proposed Order)(LeBlanc, Travis) (Filed on 3/9/2020) Modified on 3/24/2020 (kcS, COURT STAFF). (Entered: 03/09/2020) | 03/09/2020 |
| 30 | NOTICE of Appearance by Michael Graham Rhodes (Rhodes, Michael) (Filed on 3/12/2020) (Entered: 03/12/2020) | 03/12/2020 |
| 31 | REPLY (re 24 APPLICATION to Set Aside Default and to Enlarge Time to File Responsive Pleading to Complaint) filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 3/17/2020) (Entered: 03/17/2020) | 03/17/2020 |
| 32 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(LeBlanc, Travis) (Filed on 3/18/2020) (Entered: 03/18/2020) | 03/18/2020 |
| 33 | Notice of Supplemental Facts re 29 Opposition/Response to Application to Set Aside Default and to Enlarge Time to File Responsive Pleading to Complaint filed by Facebook Inc., WhatsApp Inc.. (LeBlanc, Travis) (Filed on 3/18/2020) (Entered: 03/18/2020) | 03/18/2020 |
| 34 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by NSO Group Technologies Limited, Q Cyber Technologies Limited.. (Akrotirianakis, Joseph) (Filed on 3/19/2020) (Entered: 03/19/2020) | 03/19/2020 |
| 35 | CASE MANAGEMENT STATEMENT Plaintiffs Separate Case Management Statement and [Proposed] Order filed by Facebook Inc., WhatsApp Inc.. (LeBlanc, Travis) (Filed on 3/19/2020) (Entered: 03/19/2020) | 03/19/2020 |

**ER-502**

| # | Docket Text | Date Filed |
|---|---|---|
| 36 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned. ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED. This is a text only docket entry; there is no document associated with this notice. (ahm, COURT STAFF) (Filed on 3/20/2020) (Entered: 03/20/2020) | 03/20/2020 |
| 37 | ORDER, Case Reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Phyllis J. Hamilton for all further proceedings. Magistrate Judge Jacqueline Scott Corley no longer assigned to the case.. Signed by The Clerk on 3/20/20. (haS, COURT STAFF) (Filed on 3/20/2020) (Entered: 03/20/2020) | 03/20/2020 |
| 38 | ORDER SETTING CASE MANAGEMENT CONFERENCE. Joint Case Management Statement due by 5/21/2020. Initial Case Management Conference set for 5/28/2020 at 02:00 PM in Oakland, Courtroom 3, 3rd Floor. Signed by Judge Phyllis J. Hamilton on 3/20/2020. (kcS, COURT STAFF) (Filed on 3/20/2020) (Entered: 03/20/2020) | 03/20/2020 |
| 39 | OPPOSITION/RESPONSE (re 28 MOTION for Sanctions ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Julian A. Lamm, # 2 Declaration of Yael Riemer, # 3 Proposed Order)(LeBlanc, Travis) (Filed on 3/23/2020) (Entered: 03/23/2020) | 03/23/2020 |
| 40 | Statement of Non-Opposition to 29 Cross-Motion to Authorize Alternative Service by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 3/23/2020) Modified on 3/24/2020 (kcS, COURT STAFF). (Entered: 03/23/2020) | 03/23/2020 |
| 41 | ORDER by Judge Phyllis J. Hamilton granting in part and denying in part 24 Motion to Set Aside Default; denying 29 Motion for Alternative Service. (pjhlc1S, COURT STAFF) (Filed on 3/25/2020) (Entered: 03/25/2020) | 03/25/2020 |
| 42 | REPLY (re 28 MOTION for Sanctions ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 3/30/2020) (Entered: 03/30/2020) | 03/30/2020 |
| 43 | AMENDED NOTICE of Motion by NSO Group Technologies Limited, Q Cyber Technologies Limited re 36 Clerk's Notice of Impending Reassignment - Text Only,,, 28 MOTION for Sanctions \ (Akrotirianakis, Joseph) (Filed on 3/31/2020) Modified on 4/1/2020 (ajsS, COURT STAFF). (Entered: 03/31/2020) | 03/31/2020 |
| 44 | CLERK'S NOTICE VACATING MOTION HEARING RE NOTICE IN ALL CIVIL MATTERS PENDING BEFORE JUDGE PHYLLIS J. HAMILTON (SEE SCHEDULING NOTES ON USDC WEBSITE). You are hereby notified that the hearing re 28 Motion for Sanctions is VACATED. The matter is taken under submission on the papers. In the event that the court determines that oral argument is necessary, the court will issue a notice to the parties setting a telephonic hearing on the noticed hearing date, or other date to be determined by the court, and directing the parties to appear telephonically. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kcS, COURT STAFF) (Filed on 3/31/2020) (Entered: 03/31/2020) | 03/31/2020 |
| 45 | MOTION to Dismiss Under Federal Rules of Civil Procedure 12(B)(1), 12(B)(2), 12(B)(6), and 12(B)(7); Memorandum of Points and Authorities in Support Thereof filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 5/13/2020 09:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 4/16/2020. Replies due by 4/23/2020. (Attachments: # 1 Declaration of Joseph N. Akrotirians in Support of Defendants' Motion to Dimiss, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Declaration of Shalev Hulio In Support of Defendants' Motion to Dimiss, # 12 Exhibit A, # 13 Declaration of Nachum Falek in Support of Defendants' Motion to Dismiss, # 14 Exhibit 1, # 15 Proposed Order Granting Defendants' Motion to Dismiss)(Akrotirianakis, Joseph) (Filed on 4/2/2020) Modified on 4/3/2020 (ajsS, COURT STAFF). (Entered: 04/02/2020) | 04/02/2020 |
| 46 | STIPULATION WITH PROPOSED ORDER to Enlarge Time for Plaintiffs to Oppose Defendants Motion to Dismiss and Defendants to Reply in Support of Motion to Dismiss Pursuant to L.R. 6-1(b), 6-2 re 45 MOTION to Dismiss filed by Facebook Inc., WhatsApp Inc, Q Cyber Technologies Limited, and NSO Group Technologies Limited. (Attachments: # 1 Declaration of Kyle C. Wong) (Rhodes, Michael) (Filed on 4/9/2020) Modified on 4/10/2020 (ajsS, COURT STAFF). Modified on 4/13/2020 (kcS, COURT STAFF). (Entered: 04/09/2020) | 04/09/2020 |
| 47 | Administrative Motion to File Under Seal Documents Related to WhatsApps Motion to Disqualify Defense Counsel based on Prior Representation in a Sealed Matter filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Daniel J. Grooms iso Motion to Seal - SEALED, # 2 Proposed Order Granting Motion to Seal, # 3 Motion to Disqualify Defense Counsel Based on Prior Representation in a Sealed Matter - SEALED, # 4 Declaration of Jacob Sommer in Support of Motion to Disqualify - SEALED, # 5 Declaration of Travis LeBlanc iso Motion to Disqualify - SEALED, # 6 Exhibit A to Declaration of Travis LeBlanc - SEALED, # 7 Exhibit B to Declaration of Travis LeBlanc - SEALED, # 8 Declaration of Nitin Gupta iso Motion to Disqualify - SEALED, # 9 Proposed Order Granting Motion to Disqualify, # 10 Request for Judicial Notice in Support of Motion to Disqualify - SEALED, # 11 Proposed Order Granting Request For Judicial Notice - SEALED, # 12 Ex Parte Motion for Protective Order, # 13 Proposed Order Granting Limited Protective Order, # 14 Certificate/Proof of Service SEALED, # 15 Certificate/Proof of Service)(Rhodes, Michael) (Filed on 4/10/2020) (Entered: 04/10/2020) | 04/10/2020 |
| 48 | ORDER by Judge Phyllis J. Hamilton denying 28 Motion for Sanctions. (pjhlc1S, COURT STAFF) (Filed on 4/13/2020) (Entered: 04/13/2020) | 04/13/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 49 | JOINT STIPULATION AND ORDER TO ENLARGE TIME FOR PLAINTIFFS TO OPPOSE DEFENDANTS' MOTION TO DISMISS AND DEFENDANTS TO REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO L.R. 6-1(B), 6-2 by Judge Phyllis J. Hamilton granting 46 Stipulation. (kcS, COURT STAFF) (Filed on 4/14/2020) (Entered: 04/14/2020) | 04/14/2020 |
| 50 | AMENDED JOINT STIPULATION AND ORDER **AS MODIFIED BY THE COURT** TO ENLARGE TIME FOR PLAINTIFFS TO OPPOSE DEFENDANTS' MOTION TO DISMISS AND DEFENDANTS TO REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO L.R. 6-1(B), 6-2 by Judge Phyllis J. Hamilton granting 46 Stipulation. (kcS, COURT STAFF) (Filed on 4/14/2020) (Entered: 04/14/2020) | 04/14/2020 |
|  | Reset Deadlines as to 45 MOTION to Dismiss. Opposition due by 4/23/2020. Reply due by 4/30/2020. Motion Hearing set for 5/27/2020 09:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kcS, COURT STAFF) (Filed on 4/14/2020) (Entered: 04/14/2020) | 04/14/2020 |
| 51 | SECOND DECLARATION re 47 Administrative Motion to File Under Seal Documents Related to WhatsApps Motion to Disqualify Defense Counsel based on Prior Representation in a Sealed Matter Second Declaration of Daniel J. Grooms iso WhatsApp's Administrative Motion to Seal filed byFacebook Inc., WhatsApp Inc.. (Related document(s) 47 ) (Grooms, Daniel) (Filed on 4/20/2020) Modified on 4/21/2020 (ajsS, COURT STAFF). (Entered: 04/20/2020) | 04/20/2020 |
| 52 | ORDER by Judge Phyllis J. Hamilton denying 47 Administrative Motion to File Under Seal. (pjhlc1S, COURT STAFF) (Filed on 4/22/2020) (Entered: 04/22/2020) | 04/22/2020 |
| 53 | NOTICE of Appearance by Jessica R. MacGregor Of Third Party King & Spalding LLP (MacGregor, Jessica) (Filed on 4/23/2020) (Entered: 04/23/2020) | 04/23/2020 |
| 54 | MOTION for leave to appear in Pro Hac Vice re: Michael R. Dreeben ( Filing fee $ 310, receipt number 0971-14404736.) filed by Facebook Inc., WhatsApp Inc.. (Dreeben, Michael) (Filed on 4/23/2020) Modified on 4/24/2020 (ajsS, COURT STAFF). (Entered: 04/23/2020) | 04/23/2020 |
| 55 | OPPOSITION/RESPONSE (re 45 MOTION to Dismiss ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of Claudio Gheorghe, # 3 Declaration of Michael P. Duffy, # 4 Exhibit 1 to Declaration of Michael P. Duffy, # 5 Declaration of Caleb Nguyen, # 6 Declaration of Joseph D. Mornin, # 7 Exhibit 1 to Declaration of Joseph D. Mornin, # 8 Exhibit 2 to Declaration of Joseph D. Mornin, # 9 Exhibit 3 to Declaration of Joseph D. Mornin, # 10 Exhibit 4a to Declaration of Joseph D. Mornin, # 11 Exhibit 4b to Declaration of Joseph D. Mornin, # 12 Exhibit 4c to Declaration of Joseph D. Mornin, # 13 Exhibit 5 to Declaration of Joseph D. Mornin, # 14 Exhibit 6 to Declaration of Joseph D. Mornin, # 15 Exhibit 7 to Declaration of Joseph D. Mornin, # 16 Exhibit 8 to Declaration of Joseph D. Mornin, # 17 Exhibit 9 to Declaration of Joseph D. Mornin)(LeBlanc, Travis) (Filed on 4/23/2020) (Entered: 04/23/2020) | 04/23/2020 |
| 56 | Request for Judicial Notice re 55 Opposition/Response to Motion,,, In Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of Travis LeBlanc, # 3 Exhibit 1 to the Declaration of Travis LeBlanc, # 4 Exhibit 2 to the Declaration of Travis LeBlanc)(Related document(s) 55 ) (LeBlanc, Travis) (Filed on 4/23/2020) (Entered: 04/23/2020) | 04/23/2020 |
| 57 | ORDER by Judge Phyllis J. Hamilton granting 54 Motion for Pro Hac Vice as to Michael R. Dreeben. (kcS, COURT STAFF) (Filed on 4/24/2020) (Entered: 04/24/2020) | 04/24/2020 |
| 58 | NOTICE of Appearance by Elizabeth B Prelogar for Plaintiffs WhatsApp Inc. and Facebook, Inc. (Prelogar, Elizabeth) (Filed on 4/24/2020) Modified on 4/27/2020 (ajsS, COURT STAFF). (Entered: 04/24/2020) | 04/24/2020 |
| 59 | Amended Administrative Motion to File Under Seal Confidential Material in WhatsApp's Motion to Disqualify Defense Counsel and Supporting Documents filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order Granting Amended Administrative Motion to Seal, # 2 Declaration of Daniel J. Grooms iso Amended Administrative Motion to Seal - SEALED, # 3 Declaration of Daniel J. Grooms iso Amended Administrative Motion to Seal - REDACTED, # 4 Motion to Disqualify Defense Counsel Based On Prior Representation in a Sealed Matter - SEALED, # 5 Motion to Disqualify Defense Counsel Based On Prior Representation in a Sealed Matter - REDACTED, # 6 Declaration of Jacob Sommer iso Motion to Disqualify - SEALED, # 7 Declaration of Jacob Sommer iso Motion to Disqualify - REDACTED, # 8 Declaration of Travis LeBlanc iso Motion to Disqualify - SEALED, # 9 Declaration of Travis LeBlanc iso Motion to Disqualify - REDACTED, # 10 Exhibit A to the Declaration of Travis LeBlanc - SEALED, # 11 Exhibit A to the Declaration of Travis LeBlanc - REDACTED, # 12 Exhibit B to the Declaration of Travis LeBlanc - SEALED, # 13 Exhibit B to the Declaration of Travis LeBlanc - REDACTED, # 14 Declaration of Nitin Gupta iso Motion to Disqualify, # 15 Request for Judicial Notice iso Motion to Disqualify - SEALED, # 16 Request for Judicial Notice iso Motion to Disqualify - REDACTED, # 17 Proposed Order Granting Request for Judicial Notice iso Motion to Disqualify - SEALED, # 18 Proposed Order Granting Request for Judicial Notice iso Motion to Disqualify - REDACTED, # 19 Declaration of Daniel J. Grooms iso Administrative Motion to Seal (4-10-2020) - SEALED, # 20 Declaration of Daniel J. Grooms iso Administrative Motion to Seal (4-10-2020) - REDACTED, # 21 Proof of Service (4-10-2020) - SEALED, # 22 Proof of Service (4-10-2020) - REDACTED, # 23 Proof of Service (4-29-2020) - SEALED, # 24 Proof of Service (4-29-2020) - REDACTED)(LeBlanc, Travis) (Filed on 4/29/2020) (Entered: 04/29/2020) | 04/29/2020 |
| 60 | Administrative Motion to File Under Seal filed by United States Department of Justice. (Attachments: # 1 Declaration of Emmet P. Ong, # 2 Proposed Order, # 3 Exhibit Exhibit A-DOJ Attorney Declaration)(Ong, Emmet) (Filed on 4/29/2020) (Entered: 04/29/2020) | 04/29/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 61 | EXHIBITS re 59 Amended Administrative Motion to File Under Seal Confidential Material in WhatsApp's Motion to Disqualify Defense Counsel and Supporting Documents Declaration of DOJ Attorney-SEALED filed byUnited States Department of Justice. (Attachments: # 1 Exhibit Exhibit A-SEALED)(Related document(s) 59 ) (Ong, Emmet) (Filed on 4/29/2020) (Entered: 04/29/2020) | 04/29/2020 |
| 62 | REPLY (re 45 MOTION to Dismiss ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Supplement Declaration of Shalev Hulio)(Akrotirianakis, Joseph) (Filed on 4/30/2020) (Entered: 04/30/2020) | 04/30/2020 |
| 63 | SUPPLEMENT re 59 Amended Administrative Motion to File Under Seal Confidential Material in WhatsApp's Motion to Disqualify Defense Counsel and Supporting Documents Supplement to Amended Administrative Motion to Seal filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order Granting Supplement to Amended Administrative Motion to Seal, # 2 Declaration of Daniel J. Grooms iso Administrative Motion to Seal (4-20-2020) - SEALED, # 3 Declaration of Daniel J. Grooms iso Administrative Motion to Seal (4-20-2020) - REDACTED, # 4 Certificate/Proof of Service (5-1-2020) - SEALED, # 5 Certificate/Proof of Service (5-1-2020) - REDACTED)(Related document(s) 59 ) (LeBlanc, Travis) (Filed on 5/1/2020) Modified on 5/4/2020 (ajsS, COURT STAFF). (Entered: 05/01/2020) | 05/01/2020 |
| 64 | CLERK'S NOTICE VACATING MOTION HEARING. In light of the continuing COVID-19 public health emergency, access to the Oakland Courthouse remains temporarily restricted to the public until June 1, 2020. You are hereby notified that the hearing re 45 MOTION to Dismiss Under Federal Rules of Civil Procedure 12(B)(1), 12(B)(2), 12(B)(6), and 12(B)(7) is VACATED. The matter is taken under submission on the papers. In the event that the court determines that oral argument is necessary, the court will issue a notice to the parties setting a telephonic hearing on the noticed hearing date, or other date to be determined by the Court. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kcS, COURT STAFF) (Filed on 5/1/2020) (Entered: 05/01/2020) | 05/01/2020 |
| 65 | Amended Administrative Motion to File Under Seal filed by United States Department of Justice. (Attachments: # 1 Declaration of Emmet P. Ong, # 2 Proposed Order, # 3 Exhibit Exhibit A-SEALED)(Ong, Emmet) (Filed on 5/1/2020) (Entered: 05/01/2020) | 05/01/2020 |
| 66 | AMENDED DECLARATION re 59 Amended Administrative Motion to File Under Seal Confidential Material in WhatsApp's Motion to Disqualify Defense Counsel and Supporting Documents Amended DOJ Attorney Declaration-SEALED filed byUnited States Department of Justice. (Attachments: # 1 Exhibit Exhibit A-SEALED)(Related document(s) 59 ) (Ong, Emmet) (Filed on 5/1/2020) Modified on 5/4/2020 (ajsS, COURT STAFF). Modified on 5/11/2020 (ajsS, COURT STAFF). (Entered: 05/01/2020) | 05/01/2020 |
| 67 | ORDER by Judge Phyllis J. Hamilton granting 59 Administrative Motion to File Under Seal; granting 60 Administrative Motion to File Under Seal; granting 65 Administrative Motion to File Under Seal. (pjhlc1S, COURT STAFF) (Filed on 5/6/2020) (Entered: 05/06/2020) | 05/06/2020 |
| 68 | ORDER Re: Motions to File Under Seal and Ex Parte Motion for Protective Order by Judge Phyllis J. Hamilton. (pjhlc1S, COURT STAFF) (Filed on 5/8/2020) (Entered: 05/08/2020) | 05/08/2020 |
| 69 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (LeBlanc, Travis) (Filed on 5/8/2020) (Entered: 05/08/2020) | 05/08/2020 |
| 70 | PROOF OF SERVICE re 47 Administrative Motion to File Under Seal Documents Related to WhatsApps Motion to Disqualify Defense Counsel based on Prior Representation in a Sealed Matter Proof of Service (May 8, 2020) filed byFacebook Inc., WhatsApp Inc.. (Related document(s) 47 ) (Grooms, Daniel) (Filed on 5/8/2020) Modified on 5/11/2020 (ajsS, COURT STAFF). (Entered: 05/08/2020) | 05/08/2020 |
| 71 | ADR Certification (ADR L.R. 3-5 b) of discussion of ADR options (Akrotirianakis, Joseph) (Filed on 5/11/2020) (Entered: 05/11/2020) | 05/11/2020 |
| 72 | JOINT STIPULATION WITH PROPOSED ORDER To Enlarge Time filed by King & Spalding LLP, WhatsApp Inc., Facebook Inc. (Attachments: # 1 Declaration Of Jessica R. MacGregor In Support of Joint Stipulation, # 2 Proposed Order Granting Joint Stipulation)(MacGregor, Jessica) (Filed on 5/18/2020) Modified on 5/19/2020 (ajsS, COURT STAFF). Modified on 5/19/2020 (ajsS, COURT STAFF). (Entered: 05/18/2020) | 05/18/2020 |
| 73 | ORDER GRANTING JOINT STIPULATION TO ENLARGE TIME FOR DEFENDANTS TO OPPOSE PLAINTIFFS' MOTION TO DISQUALIFY AND PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISQUALIFY by Judge Phyllis J. Hamilton granting 72 Stipulation. (kcS, COURT STAFF) (Filed on 5/20/2020) (Entered: 05/20/2020) | 05/20/2020 |
| 74 | AMENDED ORDER GRANTING JOINT STIPULATION TO ENLARGE TIME FOR DEFENDANTS TO OPPOSE PLAINTIFFS' MOTION TO DISQUALIFY AND PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DISQUALIFY AS MODIFIED BY THE COURT. Signed by Judge Phyllis J. Hamilton on 5/20/2020. Opposition due 5/29/2020. Reply due June 5, 2020. (kcS, COURT STAFF) (Filed on 5/20/2020) (Entered: 05/20/2020) | 05/20/2020 |
| 75 | Certificate of Interested Entities by NSO Group Technologies Limited, Q Cyber Technologies Limited re 25 Certificate of Interested Entities, AMENDED (Akrotirianakis, Joseph) (Filed on 5/21/2020) (Entered: 05/21/2020) | 05/21/2020 |
| 76 | JOINT CASE MANAGEMENT STATEMENT and Proposed Order filed by Facebook Inc., WhatsApp Inc., Q Cyber Technologies Limited, and NSO Group Technologies Limited.(LeBlanc, Travis) (Filed on 5/21/2020) Modified on 5/22/2020 (ajsS, COURT STAFF). (Entered: 05/21/2020) | 05/21/2020 |

**ER-505**

              

| # | Docket Text | Date Filed |
|---|---|---|
| 77 | Certificate of Interested Entities by NSO Group Technologies Limited, Q Cyber Technologies Limited identifying Corporate Parent NSO Group Technologies Limited, Corporate Parent OSY Technologies SARL for NSO Group Technologies Limited, Q Cyber Technologies Limited. re 25 Certificate of Interested Entities, [AMENDED] (Akrotirianakis, Joseph) (Filed on 5/22/2020) (Entered: 05/22/2020) | 05/22/2020 |
|  | Electronic filing errorRe: 75 Certificate of Interested Entities filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Filer did not add all interested parties when prompted. Re-file this document in its entirety and when prompted, enter all affiliates or corporate parents. (ajsS, COURT STAFF) (Filed on 5/22/2020) (Entered: 05/22/2020) | 05/22/2020 |
|  | Electronic filing error Re: 77 Certificate of Interested Entities, filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Judge name or initials are incorrect. Counsel need not re-file the document, but should reference the correct judge name/initials on future filings. (ajsS, COURT STAFF) (Filed on 5/22/2020) (Entered: 05/22/2020) | 05/22/2020 |
| 78 | CLERK'S NOTICE RE INITIAL CASE MANAGEMENT CONFERENCE. YOU ARE HEREBY NOTIFIED that the Initial Case Management Conference set for May 28, 2020 at 2:00 p.m. is postponed pending determination of pending motions to dismiss. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kcS, COURT STAFF) (Filed on 5/26/2020) (Entered: 05/26/2020) | 05/26/2020 |
| 79 | Administrative Motion to File Under Seal filed by King & Spalding LLP. (Attachments: # 1 Declaration Of Jessica R. MacGregor, # 2 Proposed Order, # 3 REDACTED Opposition, # 4 SEALED Opposition, # 5 Declaration REDACTED Akrotirianakis Declaration, # 6 Declaration SEALED Akrotirianakis Declaration, # 7 Declaration REDACTED Arthur Declaration, # 8 Declaration SEALED Arthur Declaration, # 9 Declaration REDACTED Craig Declaration, # 10 Declaration SEALED Craig Declaration, # 11 Declaration REDACTED Dantiki Declaration, # 12 Declaration SEALED Dantiki Declaration, # 13 Declaration REDACTED Lloyd Declaration, # 14 Declaration SEALED Lloyd Declaration, # 15 Declaration REDACTED Mezzina Declaration, # 16 Declaration SEALED Mezzina Declaration, # 17 Declaration REDACTED Nolan Declaration, # 18 Declaration SEALED Nolan Declaration, # 19 Declaration REDACTED Noller Declaration, # 20 Declaration SEALED Noller Declaration, # 21 Declaration REDACTED Rosenstein Declaration, # 22 Declaration SEALED Rosenstein Declaration, # 23 Declaration REDACTED Thornton Declaration, # 24 Declaration SEALED Thornton Declaration)(MacGregor, Jessica) (Filed on 5/29/2020) (Entered: 05/29/2020) | 05/29/2020 |
| 80 | Declaration of Shmuel Sunray In Support Of King & Spalding LLP's 83 Opposition To Motion To Disqualify filed byKing & Spalding LLP. (MacGregor, Jessica) (Filed on 5/29/2020) Modified on 6/1/2020 (ajsS, COURT STAFF). (Entered: 05/29/2020) | 05/29/2020 |
| 81 | Request for Judicial Notice In Support Of King & Spalding LLP's 83 Opposition To Motion To Disqualify filed byKing & Spalding LLP. (Attachments: # 1 Proposed Order)(MacGregor, Jessica) (Filed on 5/29/2020) Modified on 6/1/2020 (ajsS, COURT STAFF). (Entered: 05/29/2020) | 05/29/2020 |
| 82 | CERTIFICATE OF SERVICE by King & Spalding LLP (MacGregor, Jessica) (Filed on 5/29/2020) (Entered: 05/29/2020) | 05/29/2020 |
| 83 | OPPOSITION/RESPONSE (re 79 Administrative Motion to File Under Seal ) filed byKing & Spalding LLP. (Attachments: # 1 Declaration Akrotirianakis Declaration, # 2 Declaration Arthur Declaration, # 3 Declaration Craig Declaration, # 4 Declaration Dantiki Declaration, # 5 Declaration Lloyd Declaration, # 6 Declaration Mezzina Declaration, # 7 Declaration Nolan Declaration, # 8 Declaration Noller Declaration, # 9 Declaration Rosenstein Declaration, # 10 Declaration Thornton Declaration)(MacGregor, Jessica) (Filed on 5/29/2020) (Entered: 05/29/2020) | 05/29/2020 |
| 83 | OPPOSITION/RESPONSE (re 79 Administrative Motion to File Under Seal ) filed byKing & Spalding LLP. (Attachments: # 1 Declaration Akrotirianakis Declaration, # 2 Declaration Arthur Declaration, # 3 Declaration Craig Declaration, # 4 Declaration Dantiki Declaration, # 5 Declaration Lloyd Declaration, # 6 Declaration Mezzina Declaration, # 7 Declaration Nolan Declaration, # 8 Declaration Noller Declaration, # 9 Declaration Rosenstein Declaration, # 10 Declaration Thornton Declaration)(MacGregor, Jessica) (Filed on 5/29/2020) (Entered: 05/29/2020) | 05/29/2020 |
| 84 | Proposed Order Denying Whatsapp's Motion To Disqualify by King & Spalding LLP. (MacGregor, Jessica) (Filed on 5/29/2020) (Entered: 05/29/2020) | 05/29/2020 |
| 84 | Proposed Order Denying Whatsapp's Motion To Disqualify by King & Spalding LLP. (MacGregor, Jessica) (Filed on 5/29/2020) (Entered: 05/29/2020) | 05/29/2020 |
| 85 | AMENDED CERTIFICATE OF SERVICE by King & Spalding LLP re 82 Certificate of Service (MacGregor, Jessica) (Filed on 5/30/2020) Modified on 6/1/2020 (ajsS, COURT STAFF). (Entered: 05/30/2020) | 05/30/2020 |
| 85 | AMENDED CERTIFICATE OF SERVICE by King & Spalding LLP re 82 Certificate of Service (MacGregor, Jessica) (Filed on 5/30/2020) Modified on 6/1/2020 (ajsS, COURT STAFF). (Entered: 05/30/2020) | 05/30/2020 |
| 86 | MOTION for leave to appear in Pro Hac Vice for Attorney Ian Shapiro ( Filing fee $ 310, receipt number 0971-14540225.) filed by Facebook Inc., WhatsApp Inc.. (Shapiro, Ian) (Filed on 6/4/2020) (Entered: 06/04/2020) | 06/04/2020 |
| 86 | MOTION for leave to appear in Pro Hac Vice for Attorney Ian Shapiro ( Filing fee $ 310, receipt number 0971-14540225.) filed by Facebook Inc., WhatsApp Inc.. (Shapiro, Ian) (Filed on 6/4/2020) (Entered: 06/04/2020) | 06/04/2020 |
| 87 | ORDER by Judge Phyllis J. Hamilton granting 86 Motion for Pro Hac Vice as to Ian Shapiro. (kcS, COURT STAFF) (Filed on 6/4/2020) (Entered: 06/04/2020) | 06/04/2020 |

        

| # | Docket Text | Date Filed |
|---|---|---|
| 87 | ORDER by Judge Phyllis J. Hamilton granting 86 Motion for Pro Hac Vice as to Ian Shapiro. (kcS, COURT STAFF) (Filed on 6/4/2020) (Entered: 06/04/2020) | 06/04/2020 |
| 88 | Administrative Motion to File Under Seal Documents Related to Reply Brief iso Motion to Disqualify Defense Counsel filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Daniel J. Grooms iso Motion to Seal - SEALED, # 2 Declaration of Daniel J. Grooms iso Motion to Seal - REDACTED, # 3 Proposed Order Granting Motion to Seal, # 4 Reply Brief iso Motion to Disqualify Defense Counsel Based on Prior Represenation in a Sealed Matter - SEALED, # 5 Reply Brief iso Motion to Disqualify Defense Counsel Based on Prior Represenation in a Sealed Matter - REDACTED, # 6 Declaration of Travis LeBlanc iso Reply Brief iso Motion to Disqualify Defense Counsel, # 7 Exhibit A to the Declaration of Travis LeBlanc, # 8 Exhibit B to the Declaration of Travis LeBlanc, # 9 Exhibit C to the Declaration of Travis LeBlanc, # 10 Certificate/Proof of Service SEALED, # 11 Certificate/Proof of Service REDACTED)(Rhodes, Michael) (Filed on 6/5/2020) (Entered: 06/05/2020) | 06/05/2020 |
| 89 | Application for Refund, Receipt Number 0971-14404516 by Facebook Inc., WhatsApp Inc.. (Dreeben, Michael) (Filed on 6/5/2020) (Entered: 06/05/2020) | 06/05/2020 |
| 90 | Declaration of Daniel J. Grooms in Support of 79 Administrative Motion to File Under Seal Pursuant to Local Rule 79-5(e) filed byFacebook Inc., WhatsApp Inc.. (Related document(s) 79 ) (Grooms, Daniel) (Filed on 6/5/2020) (Entered: 06/05/2020) | 06/05/2020 |
| 91 | Refund Status re [89] Application for Refund Declined. (rghS, COURT STAFF) (Filed on 6/8/2020) (Entered: 06/08/2020) | 06/08/2020 |
| 92 | Refund Status re 89 Application for Refund Declined. Correction of 91 Clerical error (rghS, COURT STAFF) (Filed on 6/8/2020) Modified on 6/8/2020 (ecgS, COURT STAFF). (Entered: 06/08/2020) | 06/08/2020 |
| 93 | Request For Hearing On WhatsApp's Motion To Disqualify by King & Spalding LLP (MacGregor, Jessica) (Filed on 6/15/2020) Modified on 6/16/2020 (ajsS, COURT STAFF). (Entered: 06/15/2020) | 06/15/2020 |
| 94 | ORDER DENYING MOTION TO DISQUALIFY by Judge Phyllis J. Hamilton denying [59-4] Motion to Disqualify Defense Counsel Based On Prior Representation in a Sealed Matter; granting 79 Administrative Motion to File Under Seal; granting 88 Administrative Motion to File Under Seal; granting [47-12] Ex Parte Motion for Protective Order. (kcS, COURT STAFF) (Filed on 6/16/2020) (Entered: 06/16/2020) | 06/16/2020 |
| 95 | MOTION to Stay DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 7/22/2020 09:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 6/30/2020. Replies due by 7/7/2020. (Attachments: # 1 Declaration Joseph N. Akrotirianakis In Support of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limiteds Motion to Stay Discovery Pending Resolution of Motion to Dismiss, # 2 Exhibit A to the Declaration of Joseph N. Akrotirianakis, # 3 Proposed Order Granting Defendants NSO Group Technologies Limited and Q Cyber Technologies Limiteds Motion to Stay Discovery Pending Resolution of Motion to Dismiss)(Akrotirianakis, Joseph) (Filed on 6/16/2020) (Entered: 06/16/2020) | 06/16/2020 |
| 96 | Document sealed. ORDER DENYING MOTION TO DISQUALIFY. Signed by Judge Phyllis J. Hamilton on 6/16/2020. (kcS, COURT STAFF) (Filed on 6/16/2020) (Entered: 06/16/2020) | 06/16/2020 |
| 97 | NOTICE of Appearance by Micah Galvin Block (Block, Micah) (Filed on 6/17/2020) (Entered: 06/17/2020) | 06/17/2020 |
| 98 | MOTION for leave to appear in Pro Hac Vice re: Antonio J. Perez-Marques ( Filing fee $ 310, receipt number 0971-14591881.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Certificate of Good Standing)(Perez-Marques, Antonio) (Filed on 6/17/2020) Modified on 6/18/2020 (ajsS, COURT STAFF). (Entered: 06/17/2020) | 06/17/2020 |
| 99 | MOTION for leave to appear in Pro Hac Vice re: Craig T. Cagney ( Filing fee $ 310, receipt number 0971-14591970.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Certificate of Good Standing)(Cagney, Craig) (Filed on 6/17/2020) Modified on 6/18/2020 (ajsS, COURT STAFF). (Entered: 06/17/2020) | 06/17/2020 |
| 100 | ORDER by Judge Phyllis J. Hamilton granting 98 Motion for Pro Hac Vice as to Antonio J. Perez-Marques. (kcS, COURT STAFF) (Filed on 6/18/2020) (Entered: 06/18/2020) | 06/18/2020 |
| 101 | ORDER by Judge Phyllis J. Hamilton granting 99 Motion for Pro Hac Vice as to Craig T. Cagney. (kcS, COURT STAFF) (Filed on 6/18/2020) (Entered: 06/18/2020) | 06/18/2020 |
| 102 | MOTION for leave to appear in Pro Hac Vice re: Greg D. Andres ( Filing fee $ 310, receipt number 0971-14596153.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Certificate of Good Standing)(Andres, Greg) (Filed on 6/18/2020) Modified on 6/19/2020 (ajsS, COURT STAFF). (Entered: 06/18/2020) | 06/18/2020 |
| 103 | ORDER by Judge Phyllis J. Hamilton granting 102 Motion for Pro Hac Vice as to Greg D. Andres. (kcS, COURT STAFF) (Filed on 6/22/2020) (Entered: 06/22/2020) | 06/22/2020 |
| 104 | CLERK'S NOTICE VACATING MOTION HEARING. You are hereby notified that the hearing re 95 MOTION to Stay Discovery Pending Resolution of Motion to Dismiss is VACATED. The matter is taken under submission on the papers. In the event that the court determines that oral argument is necessary, the court will issue a notice to the parties with instructions on the hearing procedure at a future date. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kcS, COURT STAFF) (Filed on 6/23/2020) (Entered: 06/23/2020) | 06/23/2020 |

**ER-507**

| # | Docket Text | Date Filed |
|---|---|---|
| 105 | MOTION to Dismiss Plaintiffs Request for Injunctive Relief Under Rule 12(B)(1) filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 7/29/2020 09:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 7/8/2020. Replies due by 7/15/2020. (Attachments: # 1 Proposed Order Granting Defendants NSO Group Technologies Limited and Q Cyber Technologies Limiteds Motion to Dismiss Plaintiffs Request for Injunctive Relief) (Akrotirianakis, Joseph) (Filed on 6/24/2020) Modified on 6/25/2020 (ajsS, COURT STAFF). Modified on 6/25/2020 (kcS, COURT STAFF). (Entered: 06/24/2020) | 06/24/2020 |
| 106 | OPPOSITION/RESPONSE (re 95 MOTION to Stay DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Perez-Marques, Antonio) (Filed on 6/30/2020) (Entered: 06/30/2020) | 06/30/2020 |
| 107 | CLERK'S NOTICE VACATING MOTION HEARING. You are hereby notified that the hearing re 105 Motion to Dismiss Plaintiffs Request for Injunctive Relief Under Rule 12(B)(1)is VACATED. The matter is taken under submission on the papers. In the event that the court determines that oral argument is necessary, the court will issue a notice to the parties with instructions on the hearing procedure at a future date. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kcS, COURT STAFF) (Filed on 7/2/2020) (Entered: 07/02/2020) | 07/02/2020 |
| 108 | REPLY (re 95 MOTION to Stay DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration Supplemental of Joseph N. Akrotirianakis, # 2 Exhibit 1 to the Declaration of Joseph N. Akrotirianakis, # 3 Exhibit 2 to the Declaration of Joseph N. Akrotirianakis)(Akrotirianakis, Joseph) (Filed on 7/7/2020) (Entered: 07/07/2020) | 07/07/2020 |
| 109 | Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Request for Injunctive Relief Under Rule 12(b)(1) (re 105 MOTION to Dismiss ) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Perez-Marques, Antonio) (Filed on 7/8/2020) Modified on 7/9/2020 (jmlS, COURT STAFF). (Entered: 07/08/2020) | 07/08/2020 |
| 110 | REPLY (re 105 MOTION to Dismiss ) PLAINTIFFS REQUEST FOR INJUNCTIVE RELIEF filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 7/15/2020) (Entered: 07/15/2020) | 07/15/2020 |
| 111 | ORDER by Judge Phyllis J. Hamilton granting in part and denying in part 45 Motion to Dismiss; denying 95 Motion to Stay. (pjhlc1S, COURT STAFF) (Filed on 7/16/2020) (Entered: 07/16/2020) | 07/16/2020 |
|  | ***DISREGARD ENTERED IN ERROR*** Electronic filing error Re: 110 Reply to Opposition/Response filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Incorrect event used. [err101]. Whenever a response or reply is filed in conjunction with a motion, the motion takes precedence. This document must be filed as a motion. This filing will not be processed by the clerks office. Please re-file in its entirety. (ajsS, COURT STAFF) (Filed on 7/16/2020) Modified on 7/16/2020 (ajsS, COURT STAFF). (Entered: 07/16/2020) | 07/16/2020 |
|  | Set Deadlines: Amended Pleadings due by 8/6/2020. (kcS, COURT STAFF) (Filed on 7/16/2020) (Entered: 07/17/2020) | 07/16/2020 |
| 112 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Appeal fee of $505 receipt number 0971-14718571 paid.) (Akrotirianakis, Joseph) (Filed on 7/21/2020) (Entered: 07/21/2020) | 07/21/2020 |
| 113 | USCA Case Number 20-16408 Ninth Circuit Court of Appeals for 112 Notice of Appeal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (cjlS, COURT STAFF) (Filed on 7/22/2020) (Entered: 07/22/2020) | 07/22/2020 |
| 114 | MOTION for Protective Order filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 9/9/2020 09:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 8/17/2020. Replies due by 8/24/2020. (Attachments: # 1 Exhibit A - Proposed Protective Order, # 2 Proposed Order Granting Defendants NSO Group Technologies Limited and Q Cyber Technologies Limiteds Motion for Entry of Protective Order)(Akrotirianakis, Joseph) (Filed on 8/3/2020) Modified on 8/4/2020 (jlmS, COURT STAFF). (Entered: 08/03/2020) | 08/03/2020 |
| 115 | MOTION to Shorten Time Deadlines for Motion for Entry of Protective Order filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis In Support of Motions of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited for A Protective Order and to Shorten Filing Deadline, # 2 Proposed Order Granting Defendants NSO Group Technologies Limited and Q Cyber Technologies Limiteds Motion to Shorten Deadlines for Motion for Entry of Protective Order)(Akrotirianakis, Joseph) (Filed on 8/3/2020) (Entered: 08/03/2020) | 08/03/2020 |
| 116 | Plaintiffs' Notice of Motion and MOTION to Compel Discovery; Memorandum of Points and Authorities in Support filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 9/9/2020 09:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 8/19/2020. Replies due by 8/26/2020. (Attachments: # 1 Declaration of Antonio J. Perez-Marques, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit B-1, # 5 Exhibit B-2, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Proposed Order)(Perez-Marques, Antonio) (Filed on 8/5/2020) Modified on 8/6/2020 (jmlS, COURT STAFF). (Entered: 08/05/2020) | 08/05/2020 |
| 117 | MOTION to Stay PENDING APPEAL filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 9/9/2020 09:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 8/19/2020. Replies due by 8/26/2020. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis in Support of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limiteds Motion to Stay Pending Appeal, # 2 Exhibit A, # 3 Proposed Order Granting Defendants NSO Group Technologies Limited and Q Cyber Technologies Limiteds Motion to Stay Pending Appeal)(Akrotirianakis, Joseph) (Filed on 8/5/2020) (Entered: 08/05/2020) | 08/05/2020 |

app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 118 | OPPOSITION/RESPONSE (re 115 MOTION to Shorten Time Deadlines for Motion for Entry of Protective Order ) Plaintiffs' Opposition to Defendants' Motion to Shorten Deadlines for Motion for Entry of Protective Order filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Block, Micah) (Filed on 8/7/2020) (Entered: 08/07/2020) | 08/07/2020 |
| 119 | MOTION for Extension of Time to File Response/Reply as to 116 MOTION to Compel filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis in Support of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limiteds Motion to Extend Time to Oppose Plaintiffs Motion to Compel, # 2 Exhibit A, # 3 Proposed Order Granting Defendants NSO Group Technologies Limited and Q Cyber Technologies Limiteds Motion to Extend Time to Oppose Plaintiffs Motion to Compel)(Akrotirianakis, Joseph) (Filed on 8/7/2020) (Entered: 08/07/2020) | 08/07/2020 |
| 120 | ORDER by Judge Phyllis J. Hamilton denying 115 Motion to Shorten Time. (pjhlc1S, COURT STAFF) (Filed on 8/10/2020) (Entered: 08/10/2020) | 08/10/2020 |
| 121 | Statement re 119 MOTION for Extension of Time to File Response/Reply as to 116 MOTION to Compel, filed by Facebook Inc., WhatsApp Inc.. (Related document(s) 119 ) (Block, Micah) (Filed on 8/11/2020) Modified on 8/12/2020 (jlmS, COURT STAFF). (Entered: 08/11/2020) | 08/11/2020 |
| 122 | ORDER by Judge Phyllis J. Hamilton granting 119 Motion for Extension of Time to File Response/Reply re 116 MOTION to Compel. Responses due by 9/2/2020. Replies due by 9/9/2020. (pjhlc1S, COURT STAFF) (Filed on 8/17/2020) (Entered: 08/17/2020) | 08/17/2020 |
| 123 | OPPOSITION/RESPONSE (re 114 MOTION for Protective Order ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order)(Block, Micah) (Filed on 8/17/2020) (Entered: 08/17/2020) | 08/17/2020 |
|  | Reset Deadlines as to 116 MOTION to Compel. Opposition due by 9/2/2020. Reply due by 9/9/2020. (kcS, COURT STAFF) (Filed on 8/17/2020) (Entered: 08/17/2020) | 08/17/2020 |
| 124 | STIPULATION WITH PROPOSED ORDER Extending Briefing Schedule on Defendants' Motion to Stay re 117 MOTION to Stay PENDING APPEAL filed by Facebook Inc., WhatsApp Inc., NSO Group Technologies Limited And Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Antonio J. Perez-Marques)(Perez-Marques, Antonio) (Filed on 8/18/2020) Modified on 8/19/2020 (jmlS, COURT STAFF). (Entered: 08/18/2020) | 08/18/2020 |
| 125 | OPPOSITION/RESPONSE (re 117 MOTION to Stay PENDING APPEAL ) Plaintiffs' Opposition to Defendants' Motion to Stay Pending Appeal filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Perez-Marques, Antonio) (Filed on 8/19/2020) (Entered: 08/19/2020) | 08/19/2020 |
| 126 | STIPULATION AND ORDER EXTENDING BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO STAY by Judge Phyllis J. Hamilton granting 124 Stipulation. (kcS, COURT STAFF) (Filed on 8/20/2020) (Entered: 08/20/2020) | 08/20/2020 |
| 127 | CLERK'S NOTICE VACATING MOTION HEARINGS. You are hereby notified that the hearings re 114 Motion for Protective Order, 116 Motion to Compel Discovery, and 117 Motion to Stay pending appeal are VACATED. The matters will be taken under submission on the papers. In the event that the court determines that oral argument is necessary, the court will issue a notice to the parties with instructions on the hearing procedure at a future date. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kcS, COURT STAFF) (Filed on 8/20/2020) (Entered: 08/20/2020) | 08/20/2020 |
| 128 | ANSWER to Complaint byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 8/20/2020) (Entered: 08/20/2020) | 08/20/2020 |
|  | Reset Deadlines as to 117 MOTION to Stay PENDING APPEAL. Opposition due by 9/2/2020. Reply due by 9/9/2020. (kcS, COURT STAFF) (Filed on 8/20/2020) (Entered: 08/20/2020) | 08/20/2020 |
| 129 | REPLY (re 114 MOTION for Protective Order ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit A)(Akrotirianakis, Joseph) (Filed on 8/24/2020) (Entered: 08/24/2020) | 08/24/2020 |
| 130 | STIPULATION REGARDING ENTERING INTERIM PROPOSED PROTECTIVE ORDER filed by Facebook Inc., WhatsApp Inc., NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order Stipulated Interim Protective Order)(Block, Micah) (Filed on 8/28/2020) Modified on 8/31/2020 (jlmS, COURT STAFF). (Entered: 08/28/2020) | 08/28/2020 |
| 131 | Notice of Withdrawal of 114 Motion for Entry of Protective Order (Akrotirianakis, Joseph) (Filed on 8/28/2020) Modified on 8/31/2020 (jlmS, COURT STAFF). (Entered: 08/28/2020) | 08/28/2020 |
| 132 | STIPULATED PROTECTIVE ORDER by Judge Phyllis J. Hamilton. (kcS, COURT STAFF) (Filed on 8/31/2020) (Entered: 08/31/2020) | 08/31/2020 |

**ER-509**

app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 133 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis ISO Motion to Seal, # 2 Proposed Order Granting Motion to Seal, # 3 Declaration of Joseph N. Akrotirianakis ISO Motion to Seal - REDACTED, # 4 Declaration of Roy Blecher - REDACTED, # 5 Declaration of Roy Blecher, # 6 Declaration of Chaim Gelfand - REDACTED, # 7 Declaration of Chaim Gelfand, # 8 Exhibit A to Gelfand Declaration, # 9 Exhibit B to Gelfand Declaration, # 10 Exhibit C to Gelfand Declaration, # 11 Exhibit D to Gelfand Declaration, # 12 Exhibit E to Gelfand Declaration, # 13 Exhibit F to Gelfand Declaration, # 14 Opposition of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited to Plaintiffs Motion to Compel [Dkt No. 116] REDACTED, # 15 Opposition of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited to Plaintiffs Motion to Compel [Dkt No. 116], # 16 Proposed Order Order Denying Plaintiffs Motion to Compel Discovery)(Akrotirianakis, Joseph) (Filed on 9/2/2020) (Entered: 09/02/2020) | 09/02/2020 |
| 134 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 133 Administrative Motion to File Under Seal Re Unredacted Declarations Served 09/02/2020 (Akrotirianakis, Joseph) (Filed on 9/3/2020) (Entered: 09/03/2020) | 09/03/2020 |
| 135 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 133 Administrative Motion to File Under Seal Re Unredacted Exhibits Served 09/02/2020 (Craig, Aaron) (Filed on 9/3/2020) (Entered: 09/03/2020) | 09/03/2020 |
| 136 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 133 Administrative Motion to File Under Seal (Akrotirianakis, Joseph) (Filed on 9/3/2020) (Entered: 09/03/2020) | 09/03/2020 |
| 137 | STIPULATION WITH PROPOSED ORDER to Enlarge Time by Two Days to File Replies in Support of (1) Motion to Stay Pending Appeal; and (2) Motion to Compel Discovery, filed by Facebook Inc., WhatsApp Inc., NSO Group Technologies Limited, Q Cyber Technologies Limited. (Block, Micah) (Filed on 9/4/2020) Modified on 9/8/2020 (jlmS, COURT STAFF). (Entered: 09/04/2020) | 09/04/2020 |
| 138 | STIPULATION AND ORDER TO ENLARGE TIME BY TWO DAYS TO FILE REPLIES IN SUPPORT OF (1) MOTION TO STAY PENDING APPEAL; AND (2) MOTION TO COMPEL DISCOVERY by Judge Phyllis J. Hamilton granting 137 Stipulation. (kcS, COURT STAFF) (Filed on 9/4/2020) (Entered: 09/04/2020) | 09/04/2020 |
| | Reset Deadlines as to 116 MOTION to Compel, 117 MOTION to Stay PENDING APPEAL. Replies due by 9/11/2020. (kcS, COURT STAFF) (Filed on 9/4/2020) (Entered: 09/04/2020) | 09/04/2020 |
| 139 | Administrative Motion to File Under Seal Portions of Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Strike Affirmative Defenses filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Antonio J. Perez-Marques in Support of Administrative Motion For Leave to File Under Seal, # 2 Exhibit A (Redacted Version of Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Strike Affirmative Defenses), # 3 Exhibit B (Unredacted Version of Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Strike Affirmative Defenses), # 4 Proposed Order)(Perez-Marques, Antonio) (Filed on 9/10/2020) (Entered: 09/10/2020) | 09/10/2020 |
| 140 | MOTION to Strike Affirmative Defenses; Memorandum of Points and Authorities in Support Thereof (Redacted Version of Document Sought to be Sealed) filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 10/21/2020 09:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 9/24/2020. Replies due by 10/1/2020. (Attachments: # 1 Proposed Order)(Perez-Marques, Antonio) (Filed on 9/10/2020) (Entered: 09/10/2020) | 09/10/2020 |
| 141 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 139 Administrative Motion to File Under Seal Portions of Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Strike Affirmative Defenses Certificate of Service of Unredacted Document Sought to be Sealed (Cagney, Craig) (Filed on 9/10/2020) (Entered: 09/10/2020) | 09/10/2020 |
| 142 | REPLY (re 117 MOTION to Stay Pending Appeal), filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 9/11/2020) Modified on 9/14/2020 (jlmS, COURT STAFF). (Entered: 09/11/2020) | 09/11/2020 |
| 143 | Administrative Motion to File Under Seal Portions of Reply Memorandum of Points and Authorities in Further Support of Plaintiffs' Motion to Compel Discovery filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Antonio J. Perez-Marques in Support of Administrative Motion For Leave to File Under Seal, # 2 Exhibit A (Redacted Version of Reply Memorandum of Points and Authorities in Further Support of Plaintiffs' Motion to Compel Discovery, # 3 Exhibit B (Unredacted Version of Reply Memorandum of Points and Authorities in Further Support of Plaintiffs' Motion to Compel Discovery, # 4 Proposed Order)(Perez-Marques, Antonio) (Filed on 9/11/2020) (Entered: 09/11/2020) | 09/11/2020 |
| 144 | REPLY (re 116 MOTION to Compel) [Redacted Version of Document Sought to be Sealed], filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Antonio J. Perez-Marques, # 2 Exhibit A)(Perez-Marques, Antonio) (Filed on 9/11/2020) Modified on 9/14/2020 (jlmS, COURT STAFF). (Entered: 09/11/2020) | 09/11/2020 |
| 145 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 143 Administrative Motion to File Under Seal Portions of Reply Memorandum of Points and Authorities in Further Support of Plaintiffs' Motion to Compel Discovery Certificate of Service of Unredacted Document Sought to be Sealed (Cagney, Craig) (Filed on 9/11/2020) (Entered: 09/11/2020) | 09/11/2020 |
| 146 | Declaration of Joseph N. Akrotirianakis in Support of 143 Administrative Motion to File Under Seal Portions of Reply Memorandum of Points and Authorities in Further Support of Plaintiffs' Motion to Compel Discovery filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Related document(s) 143 ) (Akrotirianakis, Joseph) (Filed on 9/14/2020) (Entered: 09/14/2020) | 09/14/2020 |
| 147 | OPPOSITION/RESPONSE (re 140 MOTION to Strike Affirmative Defenses; Memorandum of Points and Authorities in Support Thereof (Redacted Version of Document Sought to be Sealed) ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order Denying Plaintiffs Motion to Strike Affirmative Defenses)(Akrotirianakis, Joseph) (Filed on 9/24/2020) (Entered: 09/24/2020) | 09/24/2020 |

**ER-510**

| # | Docket Text | Date Filed |
|---|---|---|
| 148 | NOTICE of Withdrawal of Counsel of Travis LeBlanc filed by WhatsApp Inc., Facebook, Inc.. (LeBlanc, Travis) (Filed on 9/25/2020) Modified on 9/28/2020 (jlmS, COURT STAFF). Modified on 9/28/2020 (jlmS, COURT STAFF). (Entered: 09/25/2020) | 09/25/2020 |
| 149 | NOTICE of Withdrawal of Counsel of Michael Graham Rhodes, filed by WhatsApp Inc., Facebook, Inc.. (Rhodes, Michael) (Filed on 9/25/2020) Modified on 9/28/2020 (jlmS, COURT STAFF). (Entered: 09/25/2020) | 09/25/2020 |
| 150 | NOTICE of Withdrawal of Counsel of Daniel Joseph Grooms, filed by WhatsApp Inc., Facebook, Inc.. (Grooms, Daniel) (Filed on 9/25/2020) Modified on 9/28/2020 (jlmS, COURT STAFF). (Entered: 09/25/2020) | 09/25/2020 |
| 151 | NOTICE of Withdrawal of Counsel of Ian Shapiro filed by WhatsApp Inc., Facebook, Inc.. (Shapiro, Ian) (Filed on 9/25/2020) Modified on 9/28/2020 (jlmS, COURT STAFF). (Entered: 09/25/2020) | 09/25/2020 |
| 152 | NOTICE of Withdrawal of Counsel of Kyle Christopher Wong, filed by WhatsApp Inc., Facebook, Inc.. (Wong, Kyle) (Filed on 9/25/2020) Modified on 9/28/2020 (jlmS, COURT STAFF). (Entered: 09/25/2020) | 09/25/2020 |
| 153 | NOTICE of Withdrawal of Counsel of Elizabeth B Prelogar, filed by WhatsApp Inc., Facebook, Inc.. (Prelogar, Elizabeth) (Filed on 9/25/2020) Modified on 9/28/2020 (jlmS, COURT STAFF). (Entered: 09/25/2020) | 09/25/2020 |
| 154 | NOTICE of Withdrawal of Counsel of Joseph Douglas Mornin filed by WhatsApp Inc., Facebook, Inc.. (Mornin, Joseph) (Filed on 9/25/2020) Modified on 9/28/2020 (jlmS, COURT STAFF). (Entered: 09/25/2020) | 09/25/2020 |
| 155 | ORDER by Judge Phyllis J. Hamilton denying 116 Motion to Compel; granting 117 Motion to Stay; granting 133 Administrative Motion to File Under Seal; granting 143 Administrative Motion to File Under Seal. (pjhlc1S, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) | 09/29/2020 |
| | ***DISREGARD, ENTERED INTO THIS CASE IN ERROR***Set Deadlines: Class Certification Motion due by 2/26/2021. (kcS, COURT STAFF) (Filed on 10/14/2020) Modified on 10/14/2020 (kcS, COURT STAFF). (Entered: 10/14/2020) | 10/14/2020 |
| 156 | USCA Scheduling Order: That Appellee's motion to dismiss this appeal for lack of jurisdiction is denied without prejudice to renewing the arguments in the answering brief as to 112 Notice of Appeal. USCA No. 20-16408 (jlmS, COURT STAFF) (Filed on 10/16/2020) (Entered: 10/16/2020) | 10/16/2020 |
| 157 | OPINION of USCA as to 112 Notice of Appeal to the Ninth Circuit filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. AFFIRMED (dhm, COURT STAFF) (Filed on 11/8/2021) (Entered: 11/09/2021) | 11/08/2021 |
| 158 | ORDER of USCA as to 112 Notice of Appeal to the Ninth Circuit filed by NSO Group Technologies Limited, Q Cyber Technologies Limited (dhm, COURT STAFF) (Filed on 11/29/2021) (Entered: 11/29/2021) | 11/29/2021 |
| 159 | NOTICE of United States Supreme Court, The petition for a writ of certiorari in the above entitled case was filed on April 6, 2022 and placed on the docket April 8, 2022 as No. 21-1338. (dhm, COURT STAFF) (Filed on 4/11/2022) (Entered: 04/11/2022) | 04/11/2022 |
| 160 | CLERK'S NOTICE TERMINATING MOTIONS. YOU ARE HEREBY NOTIFIED that 105 Motion to Dismiss Plaintiffs' Request for Injunctive Relief, 139 Administrative Motion to Filed Under Seal, and 140 Motion to Strike Affirmative Defenses are administratively terminated without prejudice during pendency of appeal. Motions may be re-noticed for hearing after appeal is resolved. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 5/10/2022) (Entered: 05/10/2022) | 05/10/2022 |
| 161 | CLERKS NOTICE SETTING ZOOM CASE MANAGEMENT CONFERENCE. Joint Case Management Statement due by 2/9/2023. Initial Case Management Conference set for 2/16/2023 at 02:00 PM - Videoconference Only. This proceeding will be held via a Zoom webinar. Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/pjh Court Appearances: Advanc ed notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at pjhcrd@cand.uscourts.gov no later than February 15, 2023, at 12:00 PM PST General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/. (This is a text -only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 1/9/2023) (Entered: 01/09/2023) | 01/09/2023 |
| 162 | ORDER of United States Supreme Court: The petition for a writ of certiorari is denied. (dhm, COURT STAFF) (Filed on 1/9/2023) (Entered: 01/11/2023) | 01/09/2023 |
| 163 | JOINT CASE MANAGEMENT STATEMENT filed by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 2/9/2023) (Entered: 02/09/2023) | 02/09/2023 |
| 164 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis [Highlighted], # 2 Proposed Order, # 3 Exhibit A - Unredacted Version, # 4 Exhibit B - Unredacted Version)(Akrotirianakis, Joseph) (Filed on 2/9/2023) (Entered: 02/09/2023) | 02/09/2023 |

| # | Docket Text | Date Filed |
|---|---|---|
| 165 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Initial Case Management Conference held on 2/16/2023. Designation of Experts due by 2/26/2024. Rebuttal Expert Disclosures due by 4/8/2024. Close of Expert Discovery due by 5/27/2024. Dispositive Motions to be heard by 8/1/2024. Pretrial Conference set for 11/7/2024 at 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Jury Selection and Jury Trial (10 days) set for 12/2/2024 at 08:30 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Court Reporter: Recorded in Zoom, Assigned Transcriber Dipti Patel. (kc, COURT STAFF) (Date Filed: 2/16/2023) Modified on 2/17/2023 (kc, COURT STAFF). Modified on 3/15/2023 to add assigned transcriber. (wft, COURT STAFF). (Entered: 02/17/2023) | 02/16/2023 |
| 166 | STIPULATION WITH PROPOSED ORDER Joint Stipulation and [Proposed] Scheduling Order filed by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 2/23/2023) (Entered: 02/23/2023) | 02/23/2023 |
| 167 | JOINT STIPULATION AND SCHEDULING ORDER AS MODIFIED BY THE COURT by Judge Phyllis J. Hamilton granting 166 Stipulation. Close of Fact Discovery due by 3/11/2024. Status Conference re Discovery set for 11/9/2023 at 01:30 PM - Videoconference Only before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 2/27/2023) (Entered: 02/27/2023) | 02/27/2023 |
| 168 | CASE MANAGEMENT AND PRETRIAL ORDER. Case referred to Magistrate Judge for Settlement. Signed by Judge Phyllis J. Hamilton on 2/27/2023. (kc, COURT STAFF) (Filed on 2/27/2023) (Entered: 02/27/2023) | 02/27/2023 |
| 169 | CLERK'S NOTICE SETTING TELEPHONE CONFERENCE. Please note that you must be logged into an ECF account of counsel of record in order to view this document. Telephone Conference set for 8/24/2023 02:15 PM in Oakland, - Telephonic Only before Magistrate Judge Kandis A. Westmore. (wft, COURT STAFF) (Filed on 2/27/2023) (Entered: 02/27/2023) | 02/27/2023 |
|  | CASE REFERRED to Magistrate Judge Kandis A. Westmore for Settlement (mkl, COURT STAFF) (Filed on 2/27/2023) (Entered: 02/27/2023) | 02/27/2023 |
| 170 | Declaration of Aaron S. Craig in Support of 164 Administrative Motion to File Under Seal, filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order, # 2 Exhibit 1-Unredacted Version, # 3 Exhibit 1-A - Unredacted Version, # 4 Exhibit 1-B- Unredacted Version)(Related document(s) 164 ) (Craig, Aaron) (Filed on 3/3/2023) Modified text on 3/6/2023 (dhm, COURT STAFF). (Entered: 03/03/2023) | 03/03/2023 |
|  | Electronic filing error. Incorrect event used. [err101]Corrected by Clerk's Office. No further action is necessary. Re: 170 Exhibits to an Administrative Motion to File Under Seal, filed by NSO Group Technologies Limited, Q Cyber Technologies Limited (dhm, COURT STAFF) (Filed on 3/6/2023) (Entered: 03/06/2023) | 03/06/2023 |
| 171 | TRANSCRIPT ORDER for proceedings held on 2/16/2023 before Judge Phyllis J. Hamilton by Facebook Inc., WhatsApp Inc., for Court Reporter not listed - Oakland. (Block, Micah) (Filed on 3/14/2023) (Entered: 03/14/2023) | 03/14/2023 |
| 172 | Transcript of Proceedings held on 2/16/23, before Judge Phyllis J. Hamilton. Court Reporter/Transcriber Liberty Transcripts/Dipti Patel, telephone number (847) 848-4907. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 171 Transcript Order ) Redaction Request due 4/10/2023. Redacted Transcript Deadline set for 4/20/2023. Release of Transcript Restriction set for 6/19/2023. (Related documents(s) 171 ) (Patel, Dipti) (Filed on 3/20/2023) (Entered: 03/20/2023) | 03/20/2023 |
| 173 | TRANSCRIPT ORDER for proceedings held on 02/16/2023 before Judge Phyllis J. Hamilton by NSO Group Technologies Limited, Q Cyber Technologies Limited, for Court Reporter not listed - Oakland. (Craig, Aaron) (Filed on 3/27/2023) (Entered: 03/27/2023) | 03/27/2023 |
| 174 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC-18125240.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Certificate of Good Standing)(Lehmann, Ronald) (Filed on 3/30/2023) (Entered: 03/30/2023) | 03/30/2023 |
| 175 | ORDER by Judge Phyllis J. Hamilton granting 174 Motion for Pro Hac Vice as to Ronald Arthur Lehmann. (kc, COURT STAFF) (Filed on 3/30/2023) (Entered: 03/30/2023) | 03/30/2023 |
| 176 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit A - Unredacted Version, # 3 Exhibit B - Unredacted Version, # 4 Exhibit C - Unredacted Version, # 5 Proposed Order)(Akrotirianakis, Joseph) (Filed on 3/30/2023) (Entered: 03/30/2023) | 03/30/2023 |
| 177 | Declaration of Joseph N. Akrotirianakis in Support of 176 Administrative Motion to File Under Seal filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit A)(Related document(s) 176 ) (Akrotirianakis, Joseph) (Filed on 3/30/2023) (Entered: 03/30/2023) | 03/30/2023 |
| 178 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 176 Administrative Motion to File Under Seal (Akrotirianakis, Joseph) (Filed on 3/30/2023) (Entered: 03/30/2023) | 03/30/2023 |
| 179 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit A - Unredacted Version, # 3 Exhibit B - Unredacted Version, # 4 Exhibit C - Unredacted Version, # 5 Proposed Order)(Akrotirianakis, Joseph) (Filed on 4/10/2023) (Entered: 04/10/2023) | 04/10/2023 |
| 180 | Declaration of Joseph N. Akrotirianakis in Support of 179 Administrative Motion to File Under Seal [Exhibit A - Unredacted Version] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Related document(s) 179 ) (Akrotirianakis, Joseph) (Filed on 4/10/2023) (Entered: 04/10/2023) | 04/10/2023 |

**ER-512**

| # | Docket Text | Date Filed |
|---|---|---|
| 181 | Administrative Motion to File Under Seal filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Antonio J. Perez-Marques In Support of Administrative Motion to File Under Seal, # 2 Exhibit 1 - Memorandum of Points and Authorities In Support of Plaintiffs' Opposition to Motion for Protective Order, # 3 Exhibit 2 - Exhibit S, # 4 Proposed Order Granting Administrative Motion to Seal)(Perez-Marques, Antonio) (Filed on 4/24/2023) (Entered: 04/24/2023) | 04/24/2023 |
| 182 | Declaration of Antonio J. Perez-Marques in Support of 181 Administrative Motion to File Under Seal filed by Facebook Inc., WhatsApp Inc.. *Temporarily Locked at Filer's Request*(Attachments: # 1 Exhibit A through U)(Related document(s) 181 ) (Perez-Marques, Antonio) (Filed on 4/24/2023) Modified on 5/8/2023 (sfb, COURT STAFF). (Entered: 04/24/2023) | 04/24/2023 |
| 183 | Proposed Order Denying Motion for Protective Order by Facebook Inc., WhatsApp Inc.. (Perez-Marques, Antonio) (Filed on 4/24/2023) (Entered: 04/24/2023) | 04/24/2023 |
| 184 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit D- Unredacted Version, # 3 Exhibit E- Unredacted Version, # 4 Proposed Order)(Craig, Aaron) (Filed on 5/1/2023) (Entered: 05/01/2023) | 05/01/2023 |
| 185 | Administrative Motion to File Under Seal filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Antonio J. Perez-Marques, # 2 Exhibit A - Unredacted Version, # 3 Proposed Order)(Perez-Marques, Antonio) (Filed on 5/8/2023) (Entered: 05/08/2023) | 05/08/2023 |
| 186 | Amended MOTION for Protective Order [Redacted] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 5/25/2023. Replies due by 6/1/2023. (Akrotirianakis, Joseph) (Filed on 5/11/2023) (Entered: 05/11/2023) | 05/11/2023 |
|  | Reset Deadlines as to 186 Amended MOTION for Protective Order [Redacted]. Opposition due by 4/13/2023. Reply due by 4/20/2023. (kc, COURT STAFF) (Filed on 5/11/2023) (Entered: 05/16/2023) | 05/11/2023 |
| 187 | ORDER re briefing and hearing on motion for protective order. Signed by Judge Hamilton on 5/15/2023. (pjhlc3, COURT STAFF) (Filed on 5/15/2023) (Entered: 05/15/2023) | 05/15/2023 |
| 187 | ORDER re briefing and hearing on motion for protective order. Signed by Judge Hamilton on 5/15/2023. (pjhlc3, COURT STAFF) (Filed on 5/15/2023) (Entered: 05/15/2023) | 05/15/2023 |
| 188 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit 1 - Declaration of Antonio J. Perez-Marques in Support of Plaintiffs' Opposition to Motion for Protective Order [Redacted], # 2 Exhibit A through U, # 3 Proposed Order)(Perez-Marques, Antonio) (Filed on 5/16/2023) (Entered: 05/16/2023) | 05/16/2023 |
| 189 | OPPOSITION/RESPONSE (re 186 Amended MOTION for Protective Order [Redacted] ) Memorandum of Points and Authorities in Opposition to Defendants' Motion for a Protective Order [Redacted] filed byFacebook Inc., WhatsApp Inc.. (Perez-Marques, Antonio) (Filed on 5/16/2023) (Entered: 05/16/2023) | 05/16/2023 |
| 190 | REPLY (re 186 Amended MOTION for Protective Order [Redacted] ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 5/17/2023) (Entered: 05/17/2023) | 05/17/2023 |
| 191 | Administrative Motion to File Under Seal DEFENDANTS LOCAL RULE 79-5(f)(3) STATEMENT [RE DOCKET NO. 188] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Proposed Order)(Craig, Aaron) (Filed on 5/23/2023) (Entered: 05/23/2023) | 05/23/2023 |
| 192 | Declaration of Aaron S. Craig in Support of 191 Administrative Motion to File Under Seal DEFENDANTS LOCAL RULE 79-5(f)(3) STATEMENT [RE DOCKET NO. 188] [REDACTED] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Related document(s) 191 ) (Craig, Aaron) (Filed on 5/23/2023) (Entered: 05/23/2023) | 05/23/2023 |
| 193 | Administrative Motion to File Under Seal [STATUS REPORT] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit F - Unredacted, # 3 Declaration of Aaron s. Craig - Redacted, # 4 Exhibit F - Redacted)(Craig, Aaron) (Filed on 5/25/2023) (Entered: 05/25/2023) | 05/25/2023 |
| 194 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 193 Administrative Motion to File Under Seal [STATUS REPORT] (Craig, Aaron) (Filed on 5/25/2023) (Entered: 05/25/2023) | 05/25/2023 |
| 195 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Carla Christofferson - Unredacted Version, # 2 Declaration of Carla Christofferson - Redacted Version, # 3 Exhibit A - Unredacted Version, # 4 Exhibit B - Unredacted Version, # 5 Further Status Report - Unredacted Version, # 6 Further Status Report - Redacted, # 7 Proposed Order)(Akrotirianakis, Joseph) (Filed on 6/13/2023) (Entered: 06/13/2023) | 06/13/2023 |
| 196 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 195 Administrative Motion to File Under Seal [SEALED DOCUMENTS] (Akrotirianakis, Joseph) (Filed on 6/13/2023) (Entered: 06/13/2023) | 06/13/2023 |

| # | Docket Text | Date Filed |
|---|---|---|
| 197 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Administrative Motion for an Order Regarding NSOs Document Preservation Obligations [SEALED], # 2 Administrative Motion for an Order Regarding NSOs Document Preservation Obligations [REDACTED], # 3 Declaration of Antonio J. Perez-Marques In Support Of Administrative Motion for an Order Regarding NSOs Document Preservation Obligations [SEALED], # 4 Declaration of Antonio J. Perez-Marques In Support Of Administrative Motion for an Order Regarding NSOs Document Preservation Obligations [REDACTED], # 5 [Proposed] Order Granting Administrative Motion Regarding NSOs Document Preservation Obligations [SEALED], # 6 [Proposed] Order Granting Administrative Motion Regarding NSOs Document Preservation Obligations [REDACTED], # 7 [Proposed] Order Regarding Administrative Motion to Consider Whether Another Partys Documents Should Be Filed Under Seal)(Perez-Marques, Antonio) (Filed on 6/23/2023) (Entered: 06/23/2023) | 06/23/2023 |
| 198 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit A - Unredacted Version, # 3 Declaration of Aaron S. Craig - Redacted, # 4 Exhibit A - Redacted, # 5 Proposed Order)(Akrotirianakis, Joseph) (Filed on 6/27/2023) (Entered: 06/27/2023) | 06/27/2023 |
| 199 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 198 Administrative Motion to File Under Seal (Akrotirianakis, Joseph) (Filed on 6/27/2023) (Entered: 06/27/2023) | 06/27/2023 |
| 200 | Administrative Motion to File Under Seal DEFENDANTS LOCAL RULE 79-5(f)(3) STATEMENT [RE DOCKET NO. 197-1, 197-3 AND 197-5] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Declaration of Aaron S. Craig - Redacted, # 3 Proposed Order)(Craig, Aaron) (Filed on 6/30/2023) (Entered: 06/30/2023) | 06/30/2023 |
| 201 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 200 Administrative Motion to File Under Seal DEFENDANTS LOCAL RULE 79-5(f)(3) STATEMENT [RE DOCKET NO. 197-1, 197-3 AND 197-5] (Craig, Aaron) (Filed on 6/30/2023) (Entered: 06/30/2023) | 06/30/2023 |
| 202 | Administrative Motion to File Under Seal Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Redacted Version of Declaration of Micah G. Block, # 2 Unredacted Version of Declaration of Micah G. Block, # 3 Proposed Order, # 4 Redacted Version of Administrative Motion for Leave to File Supplemental Brief, # 5 Unredacted Version of Administrative Motion for Leave to File Supplemental Brief, # 6 Redacted Version of Exhibit A, # 7 Unredacted Version of Exhibit A, # 8 Redacted Version Exhibit B, # 9 Unredacted Version of Exhibit B, # 10 Proposed Order Granting Administrative Motion for Leave to File Supplemental Brief)(Block, Micah) (Filed on 8/21/2023) (Entered: 08/21/2023) | 08/21/2023 |
| 203 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 202 Administrative Motion to File Under Seal Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (Block, Micah) (Filed on 8/21/2023) (Entered: 08/21/2023) | 08/21/2023 |
| 204 | Minute Entry Minute Entry for proceedings held before Magistrate Judge Kandis A. Westmore: Pre-Settlement Telephonic Conference held on 8/24/2023. Settlement Conference set for 5/8/2024 08:00 AM - 1:00 PM in Oakland, - Videoconference Only. Confidential settlement conference statements are due on 4/29/2024. The parties are directed to review and comply with the Court's Settlement Conference Standing Order, available at: https://www.cand.uscourts.gov/judges/westmore-kandis-a-kaw/ Total Time in Court: 44 minutes. Not Reported.(wft, COURT STAFF) (Date Filed: 8/24/2023) (Entered: 08/25/2023) | 08/24/2023 |
| 205 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Declaration of Aaron S. Craig - Redacted, # 3 Opposition to Plaintiffs' Admin Motion - Unredacted, # 4 Proposed Order)(Craig, Aaron) (Filed on 8/25/2023) (Entered: 08/25/2023) | 08/25/2023 |
| 206 | OPPOSITION/RESPONSE (re 202 Administrative Motion to File Under Seal Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 8/25/2023) (Entered: 08/25/2023) | 08/25/2023 |
| 207 | NOTICE of Appearance by Catalina Joos Vergara as Counsel for Plaintiffs WhatsApp LLC and Meta Platforms, Inc. (Vergara, Catalina) (Filed on 8/25/2023) (Entered: 08/25/2023) | 08/25/2023 |
| 208 | Joint Letter Brief re: Discovery Dispute filed by Facebook Inc., WhatsApp Inc. (Vergara, Catalina) (Filed on 8/25/2023) Modified on 11/2/2023 (kc, COURT STAFF). (Entered: 08/25/2023) | 08/25/2023 |
| 209 | Administrative Motion to File Under Seal / Consider Whether Another Party's Material Should be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Joint Letter Brief re: Discovery Dispute (Unredacted Version), # 2 Proposed Order)(Vergara, Catalina) (Filed on 8/25/2023) (Entered: 08/25/2023) | 08/25/2023 |
| 210 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 208 Letter Brief, 209 Administrative Motion to File Under Seal / Consider Whether Another Party's Material Should be Sealed (Vergara, Catalina) (Filed on 8/25/2023) (Entered: 08/25/2023) | 08/25/2023 |
| 211 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 205 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 8/28/2023) (Entered: 08/28/2023) | 08/28/2023 |
| 212 | Administrative Motion to File Under Seal DEFENDANTS LOCAL RULE 79-5(F)(3) STATEMENT [RE DOCKET NOS. 202-2, 202-5, 202-7, 202-9, 209-1] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Declaration of Aaron S. Craig - Redacted, # 3 Proposed Order)(Craig, Aaron) (Filed on 8/28/2023) (Entered: 08/28/2023) | 08/28/2023 |

ER-514

| # | Docket Text | Date Filed |
|---|---|---|
| 213 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 212 Administrative Motion to File Under Seal DEFENDANTS LOCAL RULE 79-5(F)(3) STATEMENT [RE DOCKET NOS. 202-2, 202-5, 202-7, 202-9, 209-1] (Craig, Aaron) (Filed on 8/28/2023) (Entered: 08/28/2023) | 08/28/2023 |
| 214 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit 1 - Unredacted Version, # 3 Exhibit 2 - Unredacted Version, # 4 Declaration of Aaron S. Craig - Redacted, # 5 Proposed Order)(Craig, Aaron) (Filed on 9/8/2023) (Entered: 09/08/2023) | 09/08/2023 |
| 215 | MOTION to Dismiss FOR FORUM NON CONVENIENS filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 10/26/2023 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 9/22/2023. Replies due by 9/29/2023. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit A to the Declaration of Joseph N. Akrotirianakis, # 3 Exhibit B to the Declaration of Joseph N. Akrotirianakis, # 4 Exhibit C to the Declaration of Joseph N. Akrotirianakis, # 5 Declaration of Chaim Gelfand, # 6 Declaration of Roy Blecher - Redacted, # 7 Exhibit A to Declaration of Roy Blecher - Redacted, # 8 Exhibit B to Declaration of Roy Blecher - Redacted, # 9 Exhibit C to Declaration of Roy Blecher - Redacted, # 10 Exhibit D to Declaration of Roy Blecher - Redacted, # 11 Proposed Order)(Akrotirianakis, Joseph) (Filed on 9/8/2023) (Entered: 09/08/2023) | 09/08/2023 |
| 216 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 214 Administrative Motion to File Under Seal (Akrotirianakis, Joseph) (Filed on 9/8/2023) (Entered: 09/08/2023) | 09/08/2023 |
| 217 | ORDER by Judge Hamilton granting 164 , 176 , 179 , 181 , 184 , 185 , 188 , 191 , 195 , 197 , 198 , 200 , 202 , 205 , 209 , 212 , 214 motions to seal, setting hearing on 186 motion for protective order and 215 motion to dismiss (pjhlc3, COURT STAFF) (Filed on 9/14/2023) (Entered: 09/14/2023) | 09/14/2023 |
|  | Reset Hearings as to 215 MOTION to Dismiss for Forum Non Conveniens and 186 Amended MOTION for Protective Order. Motion Hearing set for 10/19/2023 at 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 9/14/2023) (Entered: 09/14/2023) | 09/14/2023 |
| 218 | STIPULATION WITH PROPOSED ORDER to Enlarge Time to Respond to Motion to Dismiss for Forum Non Conveniens filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block)(Block, Micah) (Filed on 9/18/2023) (Entered: 09/18/2023) | 09/18/2023 |
|  | Reset Hearing as to 215 MOTION to Dismiss for Forum Non Conveniens, 186 Amended MOTION for Protective Order. Motion Hearing set for 10/19/2023 at 10:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 9/18/2023) (Entered: 09/18/2023) | 09/18/2023 |
| 219 | JOINT STIPULATION AND ORDER TO ENLARGE TIME TO RESPOND TO MOTION TO DISMISS FOR FORUM NON CONVENIENS by Judge Phyllis J. Hamilton granting 218 Stipulation. (kc, COURT STAFF) (Filed on 9/19/2023) (Entered: 09/19/2023) | 09/19/2023 |
|  | Reset Deadlines and Hearings as to 215 MOTION to Dismiss for Forum Non Conveniens, 186 Amended MOTION for Protective Order [Redacted]. Opposition to Motion to Dismiss for Forum Non Conveniens due by 9/29/2023. Reply to Motion to Dismiss for Forum Non Conveniens due by 10/13/2023. Motion Hearings set for 11/2/2023 at 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 9/19/2023) (Entered: 09/19/2023) | 09/19/2023 |
| 220 | Administrative Motion to File Under Seal filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 1 (Unredacted Version of Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Motion to Dismiss, # 3 Proposed Order)(Block, Micah) (Filed on 9/29/2023) (Entered: 09/29/2023) | 09/29/2023 |
| 221 | OPPOSITION/RESPONSE (re 215 MOTION to Dismiss FOR FORUM NON CONVENIENS ) Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Motion to Dismiss (Redacted Version) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Antonio J. Perez-Marques, # 2 Declaration of Ronald A. Lehmann)(Perez-Marques, Antonio) (Filed on 9/29/2023) (Entered: 09/29/2023) | 09/29/2023 |
| 222 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 220 Administrative Motion to File Under Seal Certificate of Service of Unredacted Document Filed Under Seal (Perez-Marques, Antonio) (Filed on 9/29/2023) (Entered: 09/29/2023) | 09/29/2023 |
| 223 | Statement re 220 Administrative Motion to File Under Seal [LOCAL RULE 79-5(F)(3)] by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 10/6/2023) (Entered: 10/06/2023) | 10/06/2023 |
| 224 | Letter Brief [JOINT] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 10/10/2023) (Entered: 10/10/2023) | 10/10/2023 |
| 225 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted, # 2 Exhibit 1 - Reply Brief - Unredacted, # 3 Proposed Order)(Craig, Aaron) (Filed on 10/13/2023) (Entered: 10/13/2023) | 10/13/2023 |
| 226 | REPLY (re 225 Administrative Motion to File Under Seal ) [Reply In Support of Motion to Dismiss For Forum Non Conveniens] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 10/13/2023) (Entered: 10/13/2023) | 10/13/2023 |

| # | Docket Text | Date Filed |
|---|---|---|
| 227 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 226 Reply to Opposition/Response, 225 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 10/16/2023) (Entered: 10/16/2023) | 10/16/2023 |
| 228 | ORDER re 224 discovery letter brief. Signed by Judge Hamilton on 10/24/2023. (pjhlc3, COURT STAFF) (Filed on 10/24/2023) (Entered: 10/24/2023) | 10/24/2023 |
| 229 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC-18779297.) filed by Facebook Inc., WhatsApp Inc.. (Kopczynski, Jeffrey) (Filed on 10/26/2023) (Entered: 10/26/2023) | 10/26/2023 |
| 230 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 215 MOTION to Dismiss FOR FORUM NON CONVENIENS Statement of Recent Decision (Attachments: # 1 Exhibit Order granting motion to dismiss, Khashoggi v. NSO Grp. Techs. Ltd.)(Akrotirianakis, Joseph) (Filed on 10/27/2023) (Entered: 10/27/2023) | 10/27/2023 |
| 231 | ORDER by Judge Phyllis J. Hamilton granting 229 Motion for Pro Hac Vice as to Jeffrey A. N. Kopczynski.(kc, COURT STAFF) (Filed on 10/30/2023) (Entered: 10/30/2023) | 10/30/2023 |
| 232 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Motion Hearing held on 11/2/2023 re 215 MOTION to Dismiss FOR FORUM NON CONVENIENS filed by NSO Group Technologies Limited, Q Cyber Technologies Limited, 114 MOTION for Protective Order filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Status Hearing re Discovery set for 11/9/2023 is VACATED. Transcript of proceedings ordered sealed. Digital Recording Time: 1:33-3:16 (Sealed see minutes). (kc, COURT STAFF) (Date Filed: 11/2/2023) (Entered: 11/02/2023) | 11/02/2023 |
| 233 | ORDER by Judge Hamilton denying 186 Motion for Protective Order; denying 208 Discovery Letter Brief; denying 215 Motion to Dismiss; granting 220 Administrative Motion to File Under Seal; granting 225 Administrative Motion to File Under Seal. (pjhlc3, COURT STAFF) (Filed on 11/15/2023) (Entered: 11/15/2023) | 11/15/2023 |
| 234 | NOTICE by Facebook Inc., WhatsApp Inc. Notice of Withdrawal of Appearance of Michael Dreeben (Vergara, Catalina) (Filed on 12/15/2023) (Entered: 12/15/2023) | 12/15/2023 |
| 235 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 1 (Unredacted Version of Plaintiff's Notice of Motion and Motion to Compel Discovery; Memorandum of Points and Authorities in Support), # 3 Exhibit 2 (Unredacted Version of Declaration of Craig T. Cagney), # 4 Exhibit 3 (Unredacted Version of Exhibits A - P), # 5 Proposed Order)(Block, Micah) (Filed on 12/21/2023) (Entered: 12/21/2023) | 12/21/2023 |
| 236 | MOTION to Compel Plaintiffs' Notice of Motion and Motion to Compel Discovery; Memorandum of Points and Authorities in Support filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 2/8/2024 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 1/4/2024. Replies due by 1/11/2024. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 12/21/2023) (Entered: 12/21/2023) | 12/21/2023 |
| 237 | Declaration of Craig T. Cagney in Support of 236 MOTION to Compel Plaintiffs' Notice of Motion and Motion to Compel Discovery; Memorandum of Points and Authorities in Support filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit A - P)(Related document(s) 236 ) (Cagney, Craig) (Filed on 12/21/2023) (Entered: 12/21/2023) | 12/21/2023 |
| 238 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 235 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Cagney, Craig) (Filed on 12/21/2023) (Entered: 12/21/2023) | 12/21/2023 |
| 239 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Christine B. Choi, # 2 Exhibit 1 - Unredacted Version, # 3 Exhibit 2 - Unredacted Version, # 4 Exhibit 3, # 5 Proposed Order)(Craig, Aaron) (Filed on 12/22/2023) (Entered: 12/22/2023) | 12/22/2023 |
| 240 | MOTION to Compel filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 1/5/2024. Replies due by 1/12/2024. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit A-X, # 3 Proposed Order)(Craig, Aaron) (Filed on 12/22/2023) (Entered: 12/22/2023) | 12/22/2023 |
| 241 | OPPOSITION/RESPONSE (re 235 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 12/26/2023) (Entered: 12/26/2023) | 12/26/2023 |
| 242 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 239 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Craig, Aaron) (Filed on 12/26/2023) (Entered: 12/26/2023) | 12/26/2023 |
| 243 | STIPULATION WITH PROPOSED ORDER to Enlarge Time to Respond to Motions to Compel filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration)(Block, Micah) (Filed on 12/27/2023) (Entered: 12/27/2023) | 12/27/2023 |
| 244 | Declaration of AARON S. CRAIG in Support of 243 STIPULATION WITH PROPOSED ORDER to Enlarge Time to Respond to Motions to Compel filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Related document(s) 243 ) (Craig, Aaron) (Filed on 12/28/2023) (Entered: 12/28/2023) | 12/28/2023 |
| 245 | JOINT STIPULATION AND ORDER TO ENLARGE TIME TO RESPOND TO MOTIONS TO COMPEL by Judge Phyllis J. Hamilton granting 243 Stipulation to Enlarge Time to Respond to Motions to Compel. Reset Deadlines as to 240 MOTION to Compel, 236 MOTION to Compel. Opposition due by 1/9/2024. Reply due by 1/16/2024. (kc, COURT STAFF) (Filed on 1/2/2024) (Entered: 01/02/2024) | 01/02/2024 |

| # | Docket Text | Date Filed |
|---|---|---|
| 246 | Joint ADMINISTRATIVE MOTION To Obtain Sealed Transcript of November 2, 2023 Hearing filed by Facebook Inc., WhatsApp Inc.. Responses due by 1/8/2024. (Attachments: # 1 Stipulation)(Block, Micah) (Filed on 1/4/2024) (Entered: 01/04/2024) | 01/04/2024 |
| 247 | Proposed Order re 246 Joint ADMINISTRATIVE MOTION To Obtain Sealed Transcript of November 2, 2023 Hearing by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 1/4/2024) (Entered: 01/04/2024) | 01/04/2024 |
| 248 | ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO OBTAIN SEALED TRANSCRIPT OF NOVEMBER 2, 2023 HEARING by Judge Phyllis J. Hamilton granting 246 Administrative Motion. (kc, COURT STAFF) (Filed on 1/5/2024) (Entered: 01/05/2024) | 01/05/2024 |
| 249 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit 1 - Opposition to Motion to Compel Further Discovery Responses (Unredacted Version), # 3 Exhibit 2 - Declaration of Joseph N. Akrotirianakis in Support of Opposition - (Unredacted Version), # 4 Exhibit 3 - Declaration of Yaron Shohat (Unredacted Version), # 5 Declaration of Aaron S. Craig (Redacted), # 6 Proposed Order) (Craig, Aaron) (Filed on 1/9/2024) (Entered: 01/09/2024) | 01/09/2024 |
| 250 | OPPOSITION/RESPONSE (re 240 MOTION to Compel ) Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Compel filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 1/9/2024) (Entered: 01/09/2024) | 01/09/2024 |
| 251 | Declaration of Craig T. Cagney in Support of 250 Opposition/Response to Motion, Declaration of Craig T. Cagney in Support of Plaintiffs' Opposition to Defendants' Motion to Compel filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 250 ) (Cagney, Craig) (Filed on 1/9/2024) (Entered: 01/09/2024) | 01/09/2024 |
| 252 | OPPOSITION/RESPONSE (re 249 Administrative Motion to File Under Seal , 236 MOTION to Compel Plaintiffs' Notice of Motion and Motion to Compel Discovery; Memorandum of Points and Authorities in Support ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis (Redacted), # 2 Declaration of Yaron Shohat (Redacted), # 3 Proposed Order)(Akrotirianakis, Joseph) (Filed on 1/9/2024) (Entered: 01/09/2024) | 01/09/2024 |
| 253 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 249 Administrative Motion to File Under Seal (Akrotirianakis, Joseph) (Filed on 1/9/2024) (Entered: 01/09/2024) | 01/09/2024 |
| 254 | TRANSCRIPT ORDER for proceedings held on November 2, 2023 before Judge Phyllis J. Hamilton by NSO Group Technologies Limited, Q Cyber Technologies Limited, for Recorded Proceeding - Oakland. (Craig, Aaron) (Filed on 1/10/2024) (Entered: 01/10/2024) | 01/10/2024 |
| 255 | TRANSCRIPT ORDER for proceedings held on 11/2/2023 before Judge Phyllis J. Hamilton by Facebook Inc., WhatsApp Inc., for Recorded Proceeding - Oakland. (Block, Micah) (Filed on 1/11/2024) (Entered: 01/11/2024) | 01/11/2024 |
| 256 | Sealed Transcript of Proceedings held on November 2, 2023, before Judge Phyllis J. Hamilton. Transcriber Raynee H. Mercado, Telephone number 510-565-7228, cacsr8258@gmail.com. Tape Number: 1:33 p.m. - 3:16 p.m. (Sealed). Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 2/2/2024. Redacted Transcript Deadline set for 2/12/2024. (Mercado, Raynee) (Filed on 1/15/2024) (Entered: 01/15/2024) | 01/15/2024 |
| 257 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Christine B. Choi, # 2 Exhibit 1- Reply - Unredacted, # 3 Exhibit 2- Declaration of Matthew V.H. Noller and Exhibits (A-Q) Unredacted, # 4 Proposed Order)(Akrotirianakis, Joseph) (Filed on 1/16/2024) (Entered: 01/16/2024) | 01/16/2024 |
| 258 | REPLY (re 240 MOTION to Compel ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Matthew V.H. Noller - Redacted)(Akrotirianakis, Joseph) (Filed on 1/16/2024) (Entered: 01/16/2024) | 01/16/2024 |
| 259 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 257 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Akrotirianakis, Joseph) (Filed on 1/16/2024) (Entered: 01/16/2024) | 01/16/2024 |
| 260 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Exhibit 1 (Unredacted Version of Reply Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel))(Block, Micah) (Filed on 1/16/2024) (Entered: 01/16/2024) | 01/16/2024 |
| 261 | REPLY (re 236 MOTION to Compel Plaintiffs' Notice of Motion and Motion to Compel Discovery; Memorandum of Points and Authorities in Support ) Reply Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel (Public Redacted Version) filed byFacebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 1/16/2024) (Entered: 01/16/2024) | 01/16/2024 |
| 262 | Declaration of Craig T. Cagney in Support of 261 Reply to Opposition/Response, Declaration of Craig T. Cagney in Further Support of Plaintiffs' Motion to Compel filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit Q, # 2 Exhibit R)(Related document(s) 261 ) (Cagney, Craig) (Filed on 1/16/2024) (Entered: 01/16/2024) | 01/16/2024 |
| 263 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 260 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Cagney, Craig) (Filed on 1/16/2024) (Entered: 01/16/2024) | 01/16/2024 |

2/11/26, 3:38 PM                                              app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 264 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit 1 - Notice of Motion and Motion to Modify Case Schedule - Unredacted, # 3 Exhibit 2 - Declaration of R. Solomon - Unredacted, # 4 Exhibit 3 - Declaration of C. Gelfand - Unredacted, # 5 Proposed Order, # 6 Declaration of Aaron S. Craig - Redacted)(Craig, Aaron) (Filed on 1/18/2024) (Entered: 01/18/2024) | 01/18/2024 |
| 265 | MOTION for Relief from Case Management Schedule filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Ronni D. Solomon - Redacted, # 2 Declaration of Chaim Gelfand - Redacted, # 3 Declaration of Joseph N. Akrotirianakis, # 4 Exhibit A to the Declaration of Joseph N. Akrotirianakis, # 5 Declaration of Daniel Whelan, # 6 Proposed Order)(Akrotirianakis, Joseph) (Filed on 1/18/2024) Modified on 1/19/2024 (kc, COURT STAFF). (Entered: 01/18/2024) | 01/18/2024 |
| 266 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 264 Administrative Motion to File Under Seal (Akrotirianakis, Joseph) (Filed on 1/18/2024) (Entered: 01/18/2024) | 01/18/2024 |
|  | Set Deadlines/Hearing as to 265 MOTION to Continue Case Management Schedule: Opposition due by 2/2/2024. Reply due by 2/9/2024. Motion Hearing set for 2/22/2024 at 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 1/19/2024) (Entered: 01/19/2024) | 01/19/2024 |
| 267 | Statement re 260 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [IN RESPONSE TO PLAINTIFFS ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE FILED UNDER SEAL [RE DOCKET NO. 260, 260-3] by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 1/23/2024) (Entered: 01/23/2024) | 01/23/2024 |
| 268 | Statement re 257 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 1/23/2024) (Entered: 01/23/2024) | 01/23/2024 |
| 269 | Declaration of Craig T. Cagney in Support of 268 Statement, Declaration of Craig T. Cagney in Support of Plaintiffs' Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal filed byFacebook Inc., WhatsApp Inc.. (Related document(s) 268 ) (Cagney, Craig) (Filed on 1/23/2024) (Entered: 01/23/2024) | 01/23/2024 |
| 270 | STIPULATION WITH PROPOSED ORDER RE HEARING DATES AND BRIEFING SCHEDULE filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig In Support of Joint Stipulation) (Akrotirianakis, Joseph) (Filed on 1/24/2024) (Entered: 01/24/2024) | 01/24/2024 |
| 271 | JOINT STIPULATION **AS MODIFIED BY THE COURT** AND ORDER RE HEARING DATE FOR MOTIONS TO COMPEL (DKT. NOS. 236, 240) AND BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE (DKT. NO. 265) by Judge Phyllis J. Hamilton granting 270 Stipulation. (kc, COURT STAFF) (Filed on 1/26/2024) (Entered: 01/26/2024) | 01/26/2024 |
| 272 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Memorandum of Points and Authorities in Opposition of Defendants' Motion for Relief from Case Management Schedule)(Block, Micah) (Filed on 1/26/2024) (Entered: 01/26/2024) | 01/26/2024 |
| 273 | OPPOSITION/RESPONSE (re 265 MOTION for Relief from Case Management Schedule ) Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Relief from Case Management Schedule (Public Redacted Version) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 1/26/2024) (Entered: 01/26/2024) | 01/26/2024 |
| 274 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 272 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Cagney, Craig) (Filed on 1/26/2024) (Entered: 01/26/2024) | 01/26/2024 |
|  | Reset Hearing as to 240 MOTION to Compel , 236 MOTION to Compel Discovery. Motion Hearing set for 2/15/2024 at 01:00 PM - Videoconference Only before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 1/26/2024) (Entered: 01/26/2024) | 01/26/2024 |
|  | Reset Deadlines/Hearings as to 265 MOTION for Relief from Case Management Schedule. Opposition due by 1/26/2024. Reply due by 2/2/2024. Motion Hearing set for 2/15/2024 at 01:00 PM - Videoconference Only before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 1/26/2024) (Entered: 01/26/2024) | 01/26/2024 |
| 275 | Statement re 272 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed LOCAL RULE 79-5(F)(3) by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 1/30/2024) (Entered: 01/30/2024) | 01/30/2024 |
| 276 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted, # 2 Exhibit 1 - Reply Brief - Unredacted, # 3 Proposed Order, # 4 Declaration of Aaron S. Craig - Redacted version)(Craig, Aaron) (Filed on 2/2/2024) (Entered: 02/02/2024) | 02/02/2024 |
| 277 | REPLY (re 265 MOTION for Relief from Case Management Schedule ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration [Supplemental] of Joseph N. Akrotirianakis)(Akrotirianakis, Joseph) (Filed on 2/2/2024) (Entered: 02/02/2024) | 02/02/2024 |
| 278 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 276 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 2/2/2024) (Entered: 02/02/2024) | 02/02/2024 |

ER-518

| # | Docket Text | Date Filed |
|---|---|---|
| 279 | MOTION to Continue Motion for Interim Schedule Relief filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit A to the Declaration of Micah G. Block in Support of Motion for Interim Schedule Relief, # 3 Proposed Order)(Block, Micah) (Filed on 2/6/2024) (Entered: 02/06/2024) | 02/06/2024 |
| 280 | ADMINISTRATIVE MOTION To Shorten Time to Respond to Plaintiffs' Motion for Interim Schedule Relief re 279 MOTION to Continue Motion for Interim Schedule Relief filed by Facebook Inc., WhatsApp Inc.. Responses due by 2/7/2024. (Attachments: # 1 Declaration, # 2 Proposed Order)(Block, Micah) (Filed on 2/6/2024) (Entered: 02/06/2024) | 02/06/2024 |
| 281 | CLERKS NOTICE SETTING ZOOM HEARING. Motion Hearing re 236 Motion to Compel Discovery, 240 Motion to Compel Discovery, and 265 Motion for Relief from Case Management Schedule set for 2/15/2024 at 01:00 PM - Videoconference Only before Judge Phyllis J. Hamilton. This proceeding will be held via a Zoom webinar. Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/pjh General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/. (Related documents(s) 240 , 265 , 236 ) (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 2/8/2024) (Entered: 02/08/2024) | 02/08/2024 |
| 282 | NOTICE of Appearance by Sheri B. Pan as counsel for Non-Party Bill Marczak (Pan, Sheri) (Filed on 2/13/2024) (Entered: 02/13/2024) | 02/13/2024 |
| 283 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-19118533.) filed by Bill Marczak. (Attachments: # 1 Exhibit DC Certificate of Good Standing)(Zwillinger, Marc) (Filed on 2/13/2024) (Entered: 02/13/2024) | 02/13/2024 |
| 284 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-19118537.) filed by Bill Marczak. (Attachments: # 1 Exhibit DC Certificate of Good Standing)(Lane, Steven) (Filed on 2/13/2024) (Entered: 02/13/2024) | 02/13/2024 |
| 285 | CLERKS NOTICE SETTING ZOOM HEARING. Motion Hearing re 236 Motion to Compel Discovery, 240 Motion to Compel Discovery, and 265 Motion for Relief from Case Management Schedule set for 2/15/2024 at 01:00 PM - Videoconference Only before Judge Phyllis J. Hamilton. This proceeding will be held via a Zoom webinar. ***NOTE NEW LINK BELOW*** Webinar Access: All counsel, members of the public and press please click the link or use the information below to join the webinar:https://cand-uscourts.zoomgov.com/j/1607976056?pwd=aW5IeE14UkJRbkdPTGJFWFUrRG1Cdz09Meeting ID: 160 797 6056Passcode: 129759 General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 2/13/2024) (Entered: 02/13/2024) | 02/13/2024 |
| 286 | ORDER by Judge Phyllis J. Hamilton granting 283 Motion for Pro Hac Vice as to Marc J. Zwillinger. (kc, COURT STAFF) (Filed on 2/13/2024) (Entered: 02/13/2024) | 02/13/2024 |
| 287 | ORDER by Judge Phyllis J. Hamilton granting 284 Motion for Pro Hac Vice as to Steven L. Lane. (kc, COURT STAFF) (Filed on 2/13/2024) (Entered: 02/13/2024) | 02/13/2024 |
| 288 | MOTION for Issuance of Letters Rogatory To the Ontario (Canada) Superior Court of Justice for the Citizen Lab at the University of Torontos Munk School of Global Affairs filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Letter Rogatory, # 2 Declaration of Aaron S. Craig, # 3 Exhibit 1, # 4 Exhibit 2)(Akrotirianakis, Joseph) (Filed on 2/14/2024) (Entered: 02/14/2024) | 02/14/2024 |
| 289 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Motion Hearing held on 2/15/2024 re 240 MOTION to Compel, 265 MOTION for Relief from Case Management Schedule, 236 MOTION to Compel. Designation of Experts due by 8/30/2024. Jury Selection and Jury Trial (10 days) continued to 3/3/2025 08:30 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Court Reporter: Marla Knox. Transcript of hearing SEALED.(kc, COURT STAFF) (Date Filed: 2/15/2024) (Entered: 02/15/2024) | 02/15/2024 |
| 290 | TRANSCRIPT ORDER for proceedings held on 2/15/2024 before Judge Phyllis J. Hamilton by Facebook Inc., WhatsApp Inc., for Court Reporter Marla Knox. (Block, Micah) (Filed on 2/15/2024) (Entered: 02/15/2024) | 02/15/2024 |
| 291 | TRANSCRIPT ORDER for proceedings held on February 15, 2024 before Judge Phyllis J. Hamilton by Bill Marczak, for Court Reporter Marla Knox. (Zwillinger, Marc) (Filed on 2/16/2024) (Entered: 02/16/2024) | 02/16/2024 |
| 292 | ORDER by Judge Hamilton granting in part and denying in part 236 motion to compel; denying 240 motion to compel; granting 265 motion for relief from case management schedule. (pjhlc3, COURT STAFF) (Filed on 2/23/2024) (Entered: 02/23/2024) | 02/23/2024 |
| 293 | OPPOSITION/RESPONSE (re 288 MOTION for Issuance of Letters Rogatory To the Ontario (Canada) Superior Court of Justice for the Citizen Lab at the University of Torontos Munk School of Global Affairs ) Plaintiffs' Opposition to Defendants' Motion for Issuance of Letter Rogatory filed byFacebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 2/28/2024) (Entered: 02/28/2024) | 02/28/2024 |
| 294 | MOTION for Leave to File an Amicus Brief to Oppose Defendants' Motion for Issuance of a Letter Rogatory or, to Specially Appear filed by The Citizen Lab. (Attachments: # 1 Declaration of Steven Lane, # 2 Exhibit A to Lane Decl.-Proposed Opposition, # 3 Exhibit B to Lane Decl., # 4 Exhibit C to Lane Decl., # 5 Exhibit D to Lane Decl., # 6 Exhibit E to Lane Decl., # 7 Exhibit F to Lane Decl., # 8 Exhibit G to Lane Decl., # 9 Proposed Order)(Lane, Steven) (Filed on 2/28/2024) (Entered: 02/28/2024) | 02/28/2024 |

| # | Docket Text | Date Filed |
|---|---|---|
| 295 | TRANSCRIPT ORDER for proceedings held on 02/15/2024 before Judge Phyllis J. Hamilton by NSO Group Technologies Limited, Q Cyber Technologies Limited, for Court Reporter Marla Knox. (Craig, Aaron) (Filed on 2/29/2024) (Entered: 02/29/2024) | 02/29/2024 |
| 296 | SETTLEMENT CONFERENCE MEET AND CONFER ORDER, Signed by Judge Kandis A. Westmore on 3/1/2024. (wft, COURT STAFF) (Filed on 3/1/2024) (Entered: 03/01/2024) | 03/01/2024 |
| 297 | Sealed Transcript of Proceedings held on February 15, 2024, before Judge Phyllis J. Hamilton. Court Reporter, Marla F. Knox, RPR, CRR, RMR, Telephone number (602) 391-6990/email marla_knox@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 4/3/2024. (mfk, COURT STAFF) (Filed on 3/6/2024) (Entered: 03/06/2024) | 03/06/2024 |
| 298 | REPLY (re 288 MOTION for Issuance of Letters Rogatory To the Ontario (Canada) Superior Court of Justice for the Citizen Lab at the University of Torontos Munk School of Global Affairs ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 3/6/2024) (Entered: 03/06/2024) | 03/06/2024 |
| 299 | ORDER by Judge Hamilton denying in part 288 Motion for Issuance of Letters Rogatory; granting 294 Motion for Leave to File. (pjhlc3, COURT STAFF) (Filed on 3/26/2024) (Entered: 03/26/2024) | 03/26/2024 |
| 300 | RESPONSE re 299 Order on Motion for Issuance of Letters Rogatory, Order on Motion for Leave to File Plaintiffs' Response to Order on Motion for Issuance of Letter Rogatory by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 4/5/2024) (Entered: 04/05/2024) | 04/05/2024 |
| 301 | CLERK'S NOTICE VACATING SETTLEMENT CONFERENCE: In light of the continuance in certain case deadlines, the Court vacates the May 8, 2024 settlement conference at the request of the parties. Telephone Conference set for 6/13/2024 02:15 PM in Oakland, - Telephonic Only before Magistrate Judge Kandis A. Westmore. Parties are instructed to use the same dial-in information contained within 169 . (This is a text-only entry generated by the court. There is no document associated with this entry.) (wft, COURT STAFF) (Filed on 4/8/2024) (Entered: 04/08/2024) | 04/08/2024 |
| 302 | RESPONSE re 299 Order on Motion for Issuance of Letters Rogatory, Order on Motion for Leave to File The Citizen Lab's Response Pursuant to Order on Motion for Issuance of Letter Rogatory by The Citizen Lab. (Lane, Steven) (Filed on 4/12/2024) (Entered: 04/12/2024) | 04/12/2024 |
| 303 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Christine B. Choi, # 2 Exhibit A - Unredacted Version, # 3 Exhibit B - Unredacted Version, # 4 Proposed Order)(Akrotirianakis, Joseph) (Filed on 4/12/2024) (Entered: 04/12/2024) | 04/12/2024 |
| 304 | RESPONSE re 300 Response ( Non Motion ), TO PLAINTIFFS BRIEF ON DISCOVERY FROM CITIZEN LAB by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Redacted Version) (Akrotirianakis, Joseph) (Filed on 4/12/2024) (Entered: 04/12/2024) | 04/12/2024 |
| 305 | ORDER by Judge Hamilton re 288 motion for issuance of letter rogatory, 303 motion to seal. (pjhlc3, COURT STAFF) (Filed on 5/2/2024) (Entered: 05/02/2024) | 05/02/2024 |
| 306 | Joint Discovery Letter Brief re: Production of Documents Associated with WhatsApp Deponent filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 6/12/2024) (Entered: 06/12/2024) | 06/12/2024 |
| 307 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit 1 - Unredacted, # 3 Exhibit 2 - Unredacted, # 4 Exhibit 3 - Unredacted, # 5 Exhibit 4 - Unredacted, # 6 Proposed Order)(Akrotirianakis, Joseph) (Filed on 6/12/2024) (Entered: 06/12/2024) | 06/12/2024 |
| 308 | Joint Discovery Letter Brief - Redacted filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit A, # 2 Exhibit B - Redacted, # 3 Exhibit C - Redacted, # 4 Exhibit D, # 5 Exhibit E - Redacted)(Craig, Aaron) (Filed on 6/12/2024) (Entered: 06/12/2024) | 06/12/2024 |
| 309 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 307 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Akrotirianakis, Joseph) (Filed on 6/12/2024) (Entered: 06/12/2024) | 06/12/2024 |
| 310 | Minute Entry for proceedings held before Magistrate Judge Kandis A. Westmore: Pre-Settlement Telephonic Conference held on 6/13/2024. Settlement Conference set for 11/20/2024 08:00 AM in Oakland, - Videoconference Only. Confidential settlement conference statements are due on 11/8/2024. The parties are directed to review and comply with the Court's Settlement Conference Standing Order, available at: https://www.cand.uscourts.gov/judges/westmore-kandis-a-kaw/ Total Time in Court: 29 minutes. Not Reported. (wft, COURT STAFF) (Date Filed: 6/13/2024) (Entered: 06/13/2024) | 06/13/2024 |
| 311 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-19519940.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Certificate of Good Standing)(Marzorati, Luca) (Filed on 6/14/2024) (Entered: 06/14/2024) | 06/14/2024 |
| 312 | SECOND SETTLEMENT CONFERENCE MEET AND CONFER ORDER re 310 Signed by Judge Kandis A. Westmore on 6/14/2024. (wft, COURT STAFF) (Filed on 6/14/2024) (Entered: 06/14/2024) | 06/14/2024 |

app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 313 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit 1 - Unredacted, # 3 Exhibit 2 - Unredacted, # 4 Exhibit 3 - Unredacted, # 5 Proposed Order)(Akrotirianakis, Joseph) (Filed on 6/14/2024) (Entered: 06/14/2024) | 06/14/2024 |
| 314 | Letter Brief re 313 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Related document(s) 313 ) (Akrotirianakis, Joseph) (Filed on 6/14/2024) (Entered: 06/14/2024) | 06/14/2024 |
| 315 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 313 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 314 Letter Brief, (Akrotirianakis, Joseph) (Filed on 6/14/2024) (Entered: 06/14/2024) | 06/14/2024 |
| 316 | ORDER by Judge Phyllis J. Hamilton granting 311 Motion for Pro Hac Vice as to Luca Marzorati. (kc, COURT STAFF) (Filed on 6/17/2024) (Entered: 06/17/2024) | 06/17/2024 |
| 317 | Statement re 307 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Materials Should be Filed Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Cagney, Craig) (Filed on 6/20/2024) (Entered: 06/20/2024) | 06/20/2024 |
| 318 | Statement re 313 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Cagney, Craig) (Filed on 6/21/2024) (Entered: 06/21/2024) | 06/21/2024 |
| 319 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 1 - Unredacted Version of Motion for Issuance of Letters Rogatory, # 3 Exhibit 2 - Unredacted Version of Declaration of C. Cagney, # 4 Exhibit 3 - Unredacted Version of Exhibits A through M to Declaration of C. Cagney, # 5 Proposed Order)(Block, Micah) (Filed on 6/26/2024) (Entered: 06/26/2024) | 06/26/2024 |
| 320 | MOTION for Issuance of Letters Rogatory Plaintiffs' Notice of Motion and Motion for Issuance of A Letter Rogatory Pursuant to the Hague Convention; Memorandum of Points and Authorities in Support [REDACTED] filed by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 6/26/2024) (Entered: 06/26/2024) | 06/26/2024 |
| 321 | Declaration of Craig T. Cagney in Support of 320 MOTION for Issuance of Letters Rogatory Plaintiffs' Notice of Motion and Motion for Issuance of A Letter Rogatory Pursuant to the Hague Convention; Memorandum of Points and Authorities in Support [REDACTED] filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit A through M)(Related document(s) 320 ) (Cagney, Craig) (Filed on 6/26/2024) (Entered: 06/26/2024) | 06/26/2024 |
| 322 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 319 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Cagney, Craig) (Filed on 6/26/2024) (Entered: 06/26/2024) | 06/26/2024 |
| 323 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Bill Marczak. (Attachments: # 1 Declaration of Steven Lane, # 2 Exhibit A-Unredacted, # 3 Proposed Order)(Lane, Steven) (Filed on 6/27/2024) (Entered: 06/27/2024) | 06/27/2024 |
| 324 | Letter Brief re 323 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed byBill Marczak. (Attachments: # 1 Exhibit A-subpoena, # 2 Exhibit B-subpoena)(Related document(s) 323 ) (Lane, Steven) (Filed on 6/27/2024) (Entered: 06/27/2024) | 06/27/2024 |
| 325 | CERTIFICATE OF SERVICE by Bill Marczak re 323 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Lane, Steven) (Filed on 6/27/2024) (Entered: 06/27/2024) | 06/27/2024 |
| 326 | Statement re 319 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 7/1/2024) (Entered: 07/01/2024) | 07/01/2024 |
| 327 | NOTICE of Appearance by Matthew Gordon Ball (Ball, Matthew) (Filed on 7/3/2024) (Entered: 07/03/2024) | 07/03/2024 |
| 328 | Statement re: Maintaining Seal of Materials Filed by Plaintiffs by Francisco Partners LP. (Attachments: # 1 Declaration of Steve Eisner in Support of Third-Party Francisco Partners Management L.P.'s L.R. 79-5(f)(3) Statement re: Maintaining Seal of Materials filed by Plaintiffs in Support of Motion for Issuance of a Letter Rogatory Pursuant to the Hague Convention [ECF No. 319], # 2 Proposed Order) (Ball, Matthew) (Filed on 7/3/2024) Modified on 7/5/2024 (kc, COURT STAFF). (Entered: 07/03/2024) | 07/03/2024 |
| 329 | Statement re 323 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Nonparty Dr. William Marczak's Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 7/3/2024) (Entered: 07/03/2024) | 07/03/2024 |
| 330 | Declaration of Craig T. Cagney in Support of 329 Statement, Declaration of Craig T. Cagney in Support of Plaintiffs' Statement in Response to Nonparty Dr. William Marczak's Administrative Motion to Consider Whether Another Party's Materials Should be Filed Under Seal filed byFacebook Inc., WhatsApp Inc.. (Related document(s) 329 ) (Cagney, Craig) (Filed on 7/3/2024) (Entered: 07/03/2024) | 07/03/2024 |

**ER-521**

| # | Docket Text | Date Filed |
|---|---|---|
| 331 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of M. Block, # 2 Exhibit 1 (Unredacted Version of Motion to Compel Discovery Regarding AWS Server), # 3 Exhibit 2 (Unredacted Version of Declaration of C. Cagney in Support of Motion to Compel), # 4 Exhibit 3 (Unredacted Version of Exhibits A through F to Declaration of C. Cagney), # 5 Proposed Order)(Block, Micah) (Filed on 7/5/2024) (Entered: 07/05/2024) | 07/05/2024 |
| 332 | MOTION to Compel Discovery Regarding AWS Server (Redacted Version) filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 8/1/2024 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 7/12/2024. Replies due by 7/15/2024. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 7/5/2024) (Entered: 07/05/2024) | 07/05/2024 |
| 333 | Declaration of Craig T. Cagney in Support of 332 MOTION to Compel Discovery Regarding AWS Server (Redacted Version) (Redacted Version) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibits A through F (Redacted Version))(Related document(s) 332 ) (Cagney, Craig) (Filed on 7/5/2024) (Entered: 07/05/2024) | 07/05/2024 |
| 334 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 331 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Cagney, Craig) (Filed on 7/5/2024) (Entered: 07/05/2024) | 07/05/2024 |
| 335 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - Unredacted Version, # 2 Exhibit 1 - Unredacted Version, # 3 Proposed Order, # 4 Declaration of Aaron S. Craig - Redacted)(Craig, Aaron) (Filed on 7/10/2024) (Entered: 07/10/2024) | 07/10/2024 |
| 336 | OPPOSITION/RESPONSE (re 320 MOTION for Issuance of Letters Rogatory Plaintiffs' Notice of Motion and Motion for Issuance of A Letter Rogatory Pursuant to the Hague Convention; Memorandum of Points and Authorities in Support [REDACTED] ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig) (Akrotirianakis, Joseph) (Filed on 7/10/2024) (Entered: 07/10/2024) | 07/10/2024 |
| 337 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 335 Administrative Motion to File Under Seal (Akrotirianakis, Joseph) (Filed on 7/10/2024) (Entered: 07/10/2024) | 07/10/2024 |
| 338 | CLERK'S NOTICE VACATING MOTION HEARING. You are hereby notified that the hearing re 332 Motion to Compel Discovery Regarding AWS Server, set for 8/1/2024, is VACATED. The matter will be taken under submission on the papers. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 7/11/2024) (Entered: 07/11/2024) | 07/11/2024 |
| 339 | OPPOSITION/RESPONSE (re 332 MOTION to Compel Discovery Regarding AWS Server (Redacted Version) ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Chaim Gelfand, # 2 Declaration of Aaron S. Craig, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Akrotirianakis, Joseph) (Filed on 7/12/2024) (Entered: 07/12/2024) | 07/12/2024 |
| 340 | REPLY (re 332 MOTION to Compel Discovery Regarding AWS Server (Redacted Version) ) Reply Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel Regarding AWS Server filed byFacebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 7/15/2024) (Entered: 07/15/2024) | 07/15/2024 |
| 341 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 1 (Unredacted Version of Reply Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Issuance of a Letter Rogatory Pursuant to the Hague Convention), # 3 Proposed Order)(Block, Micah) (Filed on 7/17/2024) (Entered: 07/17/2024) | 07/17/2024 |
| 342 | REPLY (re 320 MOTION for Issuance of Letters Rogatory Plaintiffs' Notice of Motion and Motion for Issuance of A Letter Rogatory Pursuant to the Hague Convention; Memorandum of Points and Authorities in Support [REDACTED] ) filed byFacebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 7/17/2024) (Entered: 07/17/2024) | 07/17/2024 |
| 343 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 341 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 7/17/2024) (Entered: 07/17/2024) | 07/17/2024 |
| 344 | STIPULATION WITH PROPOSED ORDER Stipulation and [Proposed] Scheduling Order filed by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 7/18/2024) (Entered: 07/18/2024) | 07/18/2024 |
| 345 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Christine B. Choi, # 2 Exhibit 1 - Unredacted Version, # 3 Exhibit 2 - Unredacted Version, # 4 Exhibit 3 - Unredacted, # 5 Proposed Order)(Akrotirianakis, Joseph) (Filed on 7/19/2024) (Entered: 07/19/2024) | 07/19/2024 |
| 346 | MOTION for Leave to File Surreply Re Motion to Compel Discovery Regarding AWS Server filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit 1 - Surreply [Redacted], # 2 Exhibit 2 - Supplemental Declaration of Aaron S. Craig [Redacted], # 3 Exhibit 3 - Exhibits A and D [Redacted], # 4 Proposed Order)(Akrotirianakis, Joseph) (Filed on 7/19/2024) (Entered: 07/19/2024) | 07/19/2024 |
| 347 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 345 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Akrotirianakis, Joseph) (Filed on 7/19/2024) (Entered: 07/19/2024) | 07/19/2024 |

**ER-522**

2/11/26, 3:38 PM                                        app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 348 | ***DISREGARD ENTERED INTO THIS CASE IN ERROR.*** MOTION to Continue Case Management Conference filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Proposed Order)(Akrotirianakis, Joseph) (Filed on 7/19/2024) Modified on 7/22/2024 (kc, COURT STAFF). (Entered: 07/19/2024) | 07/19/2024 |
| 349 | ERRATA re 348 MOTION to Continue Case Management Conference by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 7/21/2024) (Entered: 07/21/2024) | 07/21/2024 |
| 350 | Statement PURSUANT TO LOCAL RULE 79-5(F)(3) by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 7/24/2024) (Entered: 07/24/2024) | 07/24/2024 |
| 351 | OPPOSITION/RESPONSE (re 346 MOTION for Leave to File Surreply Re Motion to Compel Discovery Regarding AWS Server ) filed byFacebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 7/24/2024) (Entered: 07/24/2024) | 07/24/2024 |
| 352 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-19660818.) filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Certificate of Good Standing, # 2 Certificate of Good Standing, # 3 Certificate of Good Standing)(Falik, Roy) (Filed on 7/25/2024) (Entered: 07/25/2024) | 07/25/2024 |
| 353 | ORDER by Judge Phyllis J. Hamilton granting 352 Motion for Pro Hac Vice as to Roy Falik. (kc, COURT STAFF) (Filed on 7/26/2024) (Entered: 07/26/2024) | 07/26/2024 |
| 354 | Statement re 345 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 7/26/2024) (Entered: 07/26/2024) | 07/26/2024 |
| 355 | Declaration of Craig T. Cagney in Support of 354 Statement, Declaration of Craig T. Cagney in Support of Plaintiffs' Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Materials Should be Filed Under Seal filed byFacebook Inc., WhatsApp Inc.. (Related document(s) 354 ) (Cagney, Craig) (Filed on 7/26/2024) (Entered: 07/26/2024) | 07/26/2024 |
| 356 | ORDER denying request for telephone conference. Signed by Judge Hamilton on 7/30/2024. (pjhlc3, COURT STAFF) (Filed on 7/30/2024) (Entered: 07/30/2024) | 07/30/2024 |
| 357 | STIPULATION AND SCHEDULING ORDER by Judge Phyllis J. Hamilton granting 344 Stipulation. Designation of Experts due by 8/30/2024. Close of Fact Discovery due by 9/13/2024. Rebuttal Reports due by 9/21/2024. Dispositive Motions to be filed by 9/27/2024. Opposition due 10/11/2024. Reply due 10/18/2024. Close of Expert Discovery due by 10/25/2024. Hearing on Dispositive Motions set for 11/1/2024 at 1:30 p.m. Pretrial Conference set for 2/13/2025 at 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Jury Selection and Jury Trial (10 days) set for 3/3/2025 at 8:30 a.m. (kc, COURT STAFF) (Filed on 7/31/2024) (Entered: 07/31/2024) | 07/31/2024 |
| 358 | ORDER by Judge Hamilton granting 331 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; granting in part and denying in part 332 Motion to Compel; granting 335 Administrative Motion to File Under Seal; granting 341 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; granting 345 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; granting 346 Motion for Leave to File; denying 306 Discovery Letter Brief; granting 307 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; denying 308 Discovery Letter Brief; granting 313 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; granting 319 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; denying 320 Motion for Issuance of Letters Rogatory; granting 323 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. (pjhlc3, COURT STAFF) (Filed on 8/1/2024) (Entered: 08/01/2024) | 08/01/2024 |
| 359 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A - Joint Letter (Unredacted), # 3 Exhibit 1-7 (Unredacted), # 4 Proposed Order)(Craig, Aaron) (Filed on 8/13/2024) (Entered: 08/13/2024) | 08/13/2024 |
| 360 | Letter Brief re 359 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Related document(s) 359 ) (Akrotirianakis, Joseph) (Filed on 8/13/2024) (Entered: 08/13/2024) | 08/13/2024 |
| 361 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 360 Letter Brief, 359 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Akrotirianakis, Joseph) (Filed on 8/13/2024) (Entered: 08/13/2024) | 08/13/2024 |
| 362 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited OF APPEARANCE OF JONATHAN WEINBERG (Akrotirianakis, Joseph) (Filed on 8/16/2024) (Entered: 08/16/2024) | 08/16/2024 |
| 363 | Statement re 359 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 8/20/2024) (Entered: 08/20/2024) | 08/20/2024 |
| 364 | Declaration of Craig T. Cagney in Support of 363 Statement, Declaration of Craig T. Cagney in Support of Plaintiffs' Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal filed byFacebook Inc., WhatsApp Inc.. (Related document(s) 363 ) (Cagney, Craig) (Filed on 8/20/2024) (Entered: 08/20/2024) | 08/20/2024 |

**ER-523**

2/11/26, 3:38 PM                                              app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 365 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of M. Block, # 2 Exhibit 1 (Unredacted Version of Letter re Designation of Experts), # 3 Exhibit 2 (Unredacted Version of Declaration of Craig T. Cagney), # 4 Exhibit 3 (Unredacted Version of Exhibits A through E of Cagney Declaration), # 5 Proposed Order)(Block, Micah) (Filed on 8/21/2024) (Entered: 08/21/2024) | 08/21/2024 |
| 366 | Letter from Craig T. Cagney Regarding Designation of Experts and Disclosure of Confidential Information Pursuant to Stipulated Protective Order. (Attachments: # 1 Declaration, # 2 Exhibit A through E (Redacted Version))(Cagney, Craig) (Filed on 8/21/2024) (Entered: 08/21/2024) | 08/21/2024 |
| 367 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 365 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Cagney, Craig) (Filed on 8/22/2024) (Entered: 08/22/2024) | 08/22/2024 |
| 368 | Statement re 366 Letter, by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 8/22/2024) (Entered: 08/22/2024) | 08/22/2024 |
| 369 | Statement re 366 Letter, by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 8/23/2024) (Entered: 08/23/2024) | 08/23/2024 |
| 370 | ORDER by Judge Hamilton re 360 366 368 369 discovery letter briefs. (pjhlc3, COURT STAFF) (Filed on 8/27/2024) (Entered: 08/27/2024) | 08/27/2024 |
| 371 | Letter Brief re Court's Order (Dkt. No. 370 ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 8/28/2024) (Entered: 08/28/2024) | 08/28/2024 |
| 372 | ORDER re 371 letter brief. Signed by Judge Hamilton on 8/30/2024. (pjhlc3, COURT STAFF) (Filed on 8/30/2024) (Entered: 08/30/2024) | 08/30/2024 |
| 373 | MOTION for Reconsideration re 372 Order filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Akrotirianakis, Joseph) (Filed on 9/3/2024) (Entered: 09/03/2024) | 09/03/2024 |
| 374 | OPPOSITION/RESPONSE (re 373 MOTION for Reconsideration re 372 Order ) filed byFacebook Inc., WhatsApp Inc.. (Cagney, Craig) (Filed on 9/4/2024) (Entered: 09/04/2024) | 09/04/2024 |
| 375 | Declaration of C. Cagney in Support of 374 Opposition/Response to Motion filed byFacebook Inc., WhatsApp Inc.. (Related document(s) 374 ) (Cagney, Craig) (Filed on 9/4/2024) (Entered: 09/04/2024) | 09/04/2024 |
| 376 | Administrative Motion to File Under Seal Ex. A to the Declaration of C. Cagney in Support of Plaintiffs' Opposition (Dkt. Nos. 374 and 375) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of C. Cagney in Support of Sealing, # 2 Unredacted version of Ex. A, # 3 Redacted version of Ex. A, # 4 Proposed Order, # 5 Certificate/Proof of Service)(Cagney, Craig) (Filed on 9/5/2024) (Entered: 09/05/2024) | 09/05/2024 |
| 377 | ORDER by Judge Hamilton re 373 Motion for Reconsideration. (pjhlc3, COURT STAFF) (Filed on 9/5/2024) (Entered: 09/05/2024) | 09/05/2024 |
| 378 | STIPULATION WITH PROPOSED ORDER RE SCHEDULING OF DEPOSITIONS filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 9/13/2024) (Entered: 09/13/2024) | 09/13/2024 |
| 379 | Declaration of AARON S. CRAIG in Support of 378 STIPULATION WITH PROPOSED ORDER RE SCHEDULING OF DEPOSITIONS filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Related document(s) 378 ) (Craig, Aaron) (Filed on 9/13/2024) (Entered: 09/13/2024) | 09/13/2024 |
| 380 | JOINT STIPULATION AND ORDER RE SCHEDULING OF DEPOSITIONS by Judge Phyllis J. Hamilton granting 378 Stipulation. (kc, COURT STAFF) (Filed on 9/16/2024) (Entered: 09/16/2024) | 09/16/2024 |
| 381 | Joint Discovery Letter Brief filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Akrotirianakis, Joseph) (Filed on 9/17/2024) (Entered: 09/17/2024) | 09/17/2024 |
| 382 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A - Unredacted, # 3 Proposed Order)(Craig, Aaron) (Filed on 9/20/2024) (Entered: 09/20/2024) | 09/20/2024 |
| 383 | Joint Discovery Letter Brief filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 9/20/2024) (Entered: 09/20/2024) | 09/20/2024 |
| 384 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Proposed Order)(Craig, Aaron) (Filed on 9/20/2024) (Entered: 09/20/2024) | 09/20/2024 |
| 385 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 382 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Craig, Aaron) (Filed on 9/20/2024) (Entered: 09/20/2024) | 09/20/2024 |
| 386 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A - Unredacted, # 3 Proposed Order)(Craig, Aaron) (Filed on 9/20/2024) (Entered: 09/20/2024) | 09/20/2024 |

**ER-524**

2/11/26, 3:38 PM | app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 387 | Joint Discovery Letter Brief filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 9/20/2024) (Entered: 09/20/2024) | 09/20/2024 |
| 388 | ADMINISTRATIVE MOTION to Enlarge Plaintiffs' Time to File Discovery-Related Motions filed by Facebook Inc., WhatsApp Inc.. Responses due by 9/24/2024. (Attachments: # 1 Declaration, # 2 Proposed Order)(Block, Micah) (Filed on 9/20/2024) (Entered: 09/20/2024) | 09/20/2024 |
| 389 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-19874194.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Certificate of Good Standing)(Cora, Gina) (Filed on 9/23/2024) (Entered: 09/23/2024) | 09/23/2024 |
| 390 | ORDER by Judge Phyllis J. Hamilton granting 389 Motion for Pro Hac Vice as to Gina Cora. (kc, COURT STAFF) (Filed on 9/23/2024) (Entered: 09/23/2024) | 09/23/2024 |
| 391 | OPPOSITION/RESPONSE (re 388 ADMINISTRATIVE MOTION to Enlarge Plaintiffs' Time to File Discovery-Related Motions ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit A)(Akrotirianakis, Joseph) (Filed on 9/24/2024) (Entered: 09/24/2024) | 09/24/2024 |
| 392 | ADMINISTRATIVE MOTION for Leave to File Reply re 388 ADMINISTRATIVE MOTION to Enlarge Plaintiffs' Time to File Discovery-Related Motions filed by Facebook Inc., WhatsApp Inc.. Responses due by 9/30/2024. (Attachments: # 1 Exhibit A (Reply Brief), # 2 Declaration, # 3 Proposed Order)(Block, Micah) (Filed on 9/24/2024) (Entered: 09/24/2024) | 09/24/2024 |
| 393 | Statement re 382 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Cagney, Craig) (Filed on 9/26/2024) (Entered: 09/26/2024) | 09/26/2024 |
| 394 | ORDER by Judge Hamilton granting 388 Administrative Motion ; denying 392 Administrative Motion. (pjhlc3, COURT STAFF) (Filed on 9/27/2024) (Entered: 09/27/2024) | 09/27/2024 |
| 395 | Statement re 386 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 5 (Redacted), # 3 Proposed Order)(Cagney, Craig) (Filed on 9/27/2024) (Entered: 09/27/2024) | 09/27/2024 |
| 396 | Administrative Motion to File Under Seal [Defendants' Motion for Summary Judgment filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig (Unredacted), # 2 Exhibit 1 - Defendants' Motion for Summary Judgement (Unredacted), # 3 Exhibit 2 - Declaration of Yaron Shohat (Unredacted), # 4 Exhibit 3 - Declaration of Terrence McGraw (Unredacted), # 5 Exhibit 4 - Declaration of J. Akrotirianakis (Unredacted), # 6 Proposed Order, # 7 Declaration of Aaron S. Craig (Redacted))(Craig, Aaron) (Filed on 9/27/2024) (Entered: 09/27/2024) | 09/27/2024 |
| 397 | MOTION for Summary Judgment filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion for Summary Judgment Hearing set for 11/1/2024 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 10/11/2024. Replies due by 10/18/2024. (Attachments: # 1 Declaration of Yaron Shohat (Redacted), # 2 Declaration of Terrence McGraw (Redacted), # 3 Declaration of Joseph N. Akrotirianakis (Redacted), # 4 Proposed Order)(Craig, Aaron) (Filed on 9/27/2024) (Entered: 09/27/2024) | 09/27/2024 |
| 398 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 396 Administrative Motion to File Under Seal [Defendants' Motion for Summary Judgment (Akrotirianakis, Joseph) (Filed on 9/27/2024) (Entered: 09/27/2024) | 09/27/2024 |
| 399 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Unredacted Version of Plaintiffs' Motion for Partial Summary Judgment, # 3 Unredacted Version of Declaration of Micah Block, # 4 Unredacted Version of Exhibits 1, 5-10, 12-17, 20-22, 24-27, 29-32, and 34-36 to Declaration of Micah Block, # 5 Unredacted Version of Declaration of Meghan Andre, # 6 Unredacted Version of Exhibit A to Declaration of Meghan Andre, # 7 Proposed Order)(Cagney, Craig) (Filed on 9/27/2024) (Entered: 09/27/2024) | 09/27/2024 |
| 400 | Administrative Motion to File Under Seal filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Unredacted Version of Exhibits 3-4, 12, 18-19, 26, 28, 34 to Declaration of Micah Block, # 3 Unredacted Version of Exhibit A to Declaration of Meghan Andre, # 4 Proposed Order)(Cagney, Craig) (Filed on 9/27/2024) (Entered: 09/27/2024) | 09/27/2024 |
| 401 | MOTION for Summary Judgment filed by Facebook Inc., WhatsApp Inc.. Motion for Summary Judgment Hearing set for 11/1/2024 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 10/11/2024. Replies due by 10/18/2024. (Attachments: # 1 Declaration, # 2 Exhibit 1 through 36 to Declaration of Micah Block, # 3 Declaration of Meghan Andre, # 4 Proposed Order)(Block, Micah) (Filed on 9/27/2024) (Entered: 09/27/2024) | 09/27/2024 |
| 402 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 399 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 400 Administrative Motion to File Under Seal (Block, Micah) (Filed on 9/28/2024) (Entered: 09/28/2024) | 09/28/2024 |
|  | Set Deadlines re 394 Order: Discovery related motions due by 10/2/2024. (kc, COURT STAFF) (Filed on 9/30/2024) (Entered: 09/30/2024) | 09/30/2024 |

**ER-525**

        

| # | Docket Text | Date Filed |
|---|---|---|
| 403 | CLERK'S NOTICE CONTINUING MOTIONS HEARING. YOU ARE HEREBY NOTIFIED that the hearing re 397 MOTION for Summary Judgment and 401 MOTION for Summary Judgment, previously set for 11/1/2024, is continued to 11/7/2024 at 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (This is a text-only entry generated by the court. There is no document associated with this entry.), Set/Reset Deadlines as to , (kc, COURT STAFF) (Filed on 10/1/2024) (Entered: 10/01/2024) | 10/01/2024 |
| 404 | MOTION FOR CLARIFICATION WITH RESPECT TO COURTS ORDER RE ADMINISTRATIVE MOTIONS [DKT. NO 394] re 394 Order on Administrative Motion per Civil Local Rule 7-11, filed by Josh Shaner, Terry Divittorio. Motion Hearing set for 11/7/2024 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 10/16/2024. Replies due by 10/23/2024. (Attachments: # 1 Declaration of Matthew H. Dawson, # 2 Proposed Order)(Dawson, Matthew) (Filed on 10/2/2024) (Entered: 10/02/2024) | 10/02/2024 |
| 405 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Unredacted Version of Plaintiffs' Motion for Sanctions, # 3 Unredacted Version of Declaration of Micah Block, # 4 Unredacted Version of Exhibits A-L, and N-Q to Declaration of Micah Block, # 5 Proposed Order)(Block, Micah) (Filed on 10/2/2024) (Entered: 10/02/2024) | 10/02/2024 |
| 406 | MOTION for Sanctions filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 11/7/2024 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 10/16/2024. Replies due by 10/23/2024. (Attachments: # 1 Declaration, # 2 Exhibits A through Q to Declaration of Micah G. Block, # 3 Proposed Order)(Block, Micah) (Filed on 10/2/2024) (Entered: 10/02/2024) | 10/02/2024 |
| 407 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 405 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 10/2/2024) (Entered: 10/02/2024) | 10/02/2024 |
| 408 | Joint Discovery Letter Brief filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit A)(Block, Micah) (Filed on 10/2/2024) (Entered: 10/02/2024) | 10/02/2024 |
| 409 | Joint Discovery Letter Brief filed by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 10/2/2024) (Entered: 10/02/2024) | 10/02/2024 |
| 410 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit 1-6 (Unredacted), # 3 Joint Letter Brief (Unredacted), # 4 Proposed Order)(Craig, Aaron) (Filed on 10/2/2024) (Entered: 10/02/2024) | 10/02/2024 |
| 411 | Joint Discovery Letter Brief[NSOS POSITION PLAINTIFFS SHOULD BE SANCTIONED FOR FAILING TO PRESERVE RELEVANT COMMUNICATIONS AND DATA ON EMPLOYEE FACT WITNESSES MOBILE PHONES] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 10/2/2024) (Entered: 10/02/2024) | 10/02/2024 |
| 412 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 410 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Craig, Aaron) (Filed on 10/2/2024) (Entered: 10/02/2024) | 10/02/2024 |
| 413 | Statement re 399 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 10/4/2024) (Entered: 10/04/2024) | 10/04/2024 |
| 414 | Statement re 396 Administrative Motion to File Under Seal [Defendants' Motion for Summary Judgment Statement in Response Pursuant to L.R. 79-5(f)(3) by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proposed Order)(Cagney, Craig) (Filed on 10/4/2024) (Entered: 10/04/2024) | 10/04/2024 |
| 415 | RESPONSE re 413 Statement, Plaintiffs' Response to the Statement Pursuant to Local Rule 79-5(f)(3) of Defendants and Non-Parties in Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed by Facebook Inc., WhatsApp Inc.. (Cagney, Craig) (Filed on 10/8/2024) (Entered: 10/08/2024) | 10/08/2024 |
| 416 | Statement re 410 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Cagney, Craig) (Filed on 10/8/2024) (Entered: 10/08/2024) | 10/08/2024 |
| 417 | Statement re 405 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [PURSUANT TO LOCAL RULE 79-5(F)(3)] by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 10/9/2024) (Entered: 10/09/2024) | 10/09/2024 |
| 418 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment, # 4 Unredacted Version of Declaration of Micah G. Block, # 5 Unredacted Version of Exhibits 5-12, 16-17, 19-28, 30-39, 43 to Declaration of Micah G. Block, # 6 Unredacted Version of Exhibits B & C to Declaration of Dana Trexler, # 7 Unredacted Version of Exhibit B to Declaration of Anthony Vance, # 8 Unredacted Version of Declaration of David Youssef and Exhibits B & C)(Cagney, Craig) (Filed on 10/11/2024) (Entered: 10/11/2024) | 10/11/2024 |

    

2/11/26, 3:38 PM                                    app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 419 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig (Unredacted), # 2 Exhibit 1 - NSO-Opposition to Plaintiffs' MSJ (Unredacted), # 3 Exhibit 2 - Declaration of Terrence McGraw (Unredacted), # 4 Exhibit 3 - Declaration of Tamir Gazneli (Unredacted), # 5 Exhibit 4 - Declaration of J. Akrotirianakis (Unredacted), # 6 Exhibit 5 - Declaration of Col. Ty M. Shepard (ret), # 7 Exhibit 6 - Declaration of John Jay Town, # 8 Declaration of Aaron S. Craig (Redacted), # 9 Proposed Order)(Craig, Aaron) (Filed on 10/11/2024) (Entered: 10/11/2024) | 10/11/2024 |
| 420 | Administrative Motion to File Under Seal filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Exhibits 2-3, 15, 19-21, 40-42 to Declaration of Micah G. Block in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment, # 4 Unredacted Version of Exhibits B & C to Declaration of Dana Trexler)(Cagney, Craig) (Filed on 10/11/2024) (Entered: 10/11/2024) | 10/11/2024 |
| 421 | OPPOSITION/RESPONSE (re 401 MOTION for Summary Judgment ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Terrence McGraw (Ex A-B Redacted), # 2 Declaration of Tamir Gazneli (Redacted), # 3 Declaration of Joseph N. Akrotirianakis (Redacted), # 4 Declaration of Col. Ty M. Shepard (ret), # 5 Declaration of John Jay Town)(Akrotirianakis, Joseph) (Filed on 10/11/2024) (Entered: 10/11/2024) | 10/11/2024 |
| 422 | OPPOSITION/RESPONSE (re 397 MOTION for Summary Judgment ) Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Exhibits 1 through 44 to Declaration of Micah G. Block, # 3 Declaration of Dana Trexler, # 4 Declaration of Anthony Vance, # 5 Declaration of David Youssef)(Block, Micah) (Filed on 10/11/2024) (Entered: 10/11/2024) | 10/11/2024 |
| 423 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 419 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 10/11/2024) (Entered: 10/11/2024) | 10/11/2024 |
| 424 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 418 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 420 Administrative Motion to File Under Seal (Cagney, Craig) (Filed on 10/11/2024) (Entered: 10/11/2024) | 10/11/2024 |
| 425 | Statement re 419 Administrative Motion to File Under Seal Plaintiffs' Opposition and Statement in Response to Defendants' Administrative Motion to File Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proposed Order)(Cagney, Craig) (Filed on 10/15/2024) (Entered: 10/15/2024) | 10/15/2024 |
| 426 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Opposition to Motion for Clarification, # 4 Unredacted Version of Micah G. Block in Support of Plaintiffs' Opposition to Motion for Clarification, # 5 Unredacted Version of Exhibits A through C to Declaration of Micah G. Block)(Cagney, Craig) (Filed on 10/16/2024) (Entered: 10/16/2024) | 10/16/2024 |
| 427 | OPPOSITION/RESPONSE (re 404 MOTION FOR CLARIFICATION WITH RESPECT TO COURTS ORDER RE ADMINISTRATIVE MOTIONS [DKT. NO 394] re 394 Order on Administrative Motion per Civil Local Rule 7-11, ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Exhibits A through C to Declaration of Micah G. Block)(Block, Micah) (Filed on 10/16/2024) (Entered: 10/16/2024) | 10/16/2024 |
| 428 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 426 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 10/16/2024) (Entered: 10/16/2024) | 10/16/2024 |
| 429 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Matthew H. Dawson (Unredacted), # 2 Exhibit A - Opposition to Motion for Sanctions (Unredacted), # 3 Exhibit B - Declaration of Aaron S. Craig (Unredacted), # 4 Exhibit 1-10 to A. Craig Dec, # 5 Exhibit 11-21 to A. Craig Dec, # 6 Exhibit 22-25 to A. Craig Dec, # 7 Exhibit 26 to A. Craig Dec, # 8 Exhibit 27-28 to A. Craig Dec, # 9 Exhibit 29-37 to A. Craig Dec, # 10 Exhibit 38-45 to A. Craig Dec, # 11 Exhibit 46-56 to A. Craig Dec, # 12 Exhibit 57-62 to A. Craig Dec, # 13 Exhibit 63-75 to A. Craig Dec, # 14 Exhibit 76-90 to A. Craig, # 15 Exhibit 91-99 to A. Craig Dec, # 16 Exhibit 100 and 2045 to A. Craig Dec, # 17 Exhibit C Declaration of Terrence McGraw in Support of Opposition to Motion for Sanctions (Unredacted), # 18 Exhibit D - Declaration of Tamir Gazneli in Support of Opposition to Sanctions Motion (Unredacted), # 19 Exhibit E Declaration of C. Gelfand in Support of Opposition to Sanctions Motion (Unredacted), # 20 Declaration of Matthew H. Dawson (Redacted), # 21 Proposed Order)(Craig, Aaron) (Filed on 10/16/2024) (Entered: 10/16/2024) | 10/16/2024 |
| 430 | OPPOSITION/RESPONSE (re 406 MOTION for Sanctions ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig (Redacted), # 2 Declaration of Terrence McGraw (Redacted), # 3 Declaration of Tamir Gazneli (Redacted), # 4 Declaration of Chaim Gelfand (Redacted))(Akrotirianakis, Joseph) (Filed on 10/16/2024) (Entered: 10/16/2024) | 10/16/2024 |
| 431 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 429 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 10/16/2024) (Entered: 10/16/2024) | 10/16/2024 |
| 432 | Statement re 418 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 10/17/2024) (Entered: 10/17/2024) | 10/17/2024 |

**ER-527**

| # | Docket Text | Date Filed |
|---|---|---|
| 433 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Matthew H. Dawson (Unredacted), # 2 Exhibit 1 -Defendants' Reply in Support of MSJ (Unredacted), # 3 Exhibit 2 - Declaration of Tamir Gazneli (Unredacted), # 4 Exhibit 3 - Declaration of Terrence McGraw (Unredacted), # 5 Exhibit 4 - Supp. Declaration of J. Akrotirianakis (Unredacted), # 6 Declaration of Matthew H. Dawson (Redacted), # 7 Proposed Order)(Craig, Aaron) (Filed on 10/18/2024) (Entered: 10/18/2024) | 10/18/2024 |
| 434 | REPLY (re 397 MOTION for Summary Judgment ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Tamir Gazneli (Redacted), # 2 Declaration of Terrence McGraw (Redacted), # 3 Declaration Supplemental of Joseph N. Akrotirianakis (Redacted Exhibits Z-CC))(Akrotirianakis, Joseph) (Filed on 10/18/2024) (Entered: 10/18/2024) | 10/18/2024 |
| 435 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 433 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 10/18/2024) (Entered: 10/18/2024) | 10/18/2024 |
| 436 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Reply Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Partial Summary Judgment, # 4 Unredacted Version of Exhibits 37, 38, 40, and 41 to Reply Declaration of Micah G. Block in Support of Plaintiffs' Motion for Partial Summary Judgment, # 5 Unredacted Version of Reply Declaration of David J. Youssef in Support of Plaintiffs' Motion for Partial Summary Judgment, # 6 Unredacted Version of Exhibits A and B to Reply Declaration of David J. Youssef in Support of Plaintiffs' Motion for Partial Summary Judgment)(Cagney, Craig) (Filed on 10/18/2024) (Entered: 10/18/2024) | 10/18/2024 |
| 437 | REPLY (re 401 MOTION for Summary Judgment ) Reply Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Partial Summary Judgment filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Exhibits 37 through 46 to Declaration of Micah G. Block, # 3 Declaration of David J. Youssef, # 4 Exhibits A and B to Declaration of David J. Youssef)(Block, Micah) (Filed on 10/18/2024) (Entered: 10/18/2024) | 10/18/2024 |
| 438 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 436 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 10/18/2024) (Entered: 10/18/2024) | 10/18/2024 |
| 439 | OPPOSITION/RESPONSE (re 429 Administrative Motion to File Under Seal ) Plaintiffs' Opposition and Statement in Response to Defendants' Administrative Motion to File Under Seal filed byFacebook Inc., WhatsApp Inc.. (Cagney, Craig) (Filed on 10/21/2024) (Entered: 10/21/2024) | 10/21/2024 |
| 440 | OPPOSITION/RESPONSE (re 433 Administrative Motion to File Under Seal ) Plaintiffs' Opposition and Statement in Response to Defendants' Administrative Motion to File Under Seal filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit AA, # 3 Exhibit BB, # 4 Proposed Order)(Cagney, Craig) (Filed on 10/22/2024) (Entered: 10/22/2024) | 10/22/2024 |
| 441 | Statement re 426 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed PURSUANT TO LOCAL RULE 79-5(F)(3) by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 10/23/2024) (Entered: 10/23/2024) | 10/23/2024 |
| 442 | REPLY (re 404 MOTION FOR CLARIFICATION WITH RESPECT TO COURTS ORDER RE ADMINISTRATIVE MOTIONS [DKT. NO 394] re 394 Order on Administrative Motion per Civil Local Rule 7-11, ) filed byTerry Divittorio, Josh Shaner, Westbridge Technologies, Inc.. (Dawson, Matthew) (Filed on 10/23/2024) (Entered: 10/23/2024) | 10/23/2024 |
| 443 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Motion for Sanctions, # 4 Unredacted Version of Exhibit R to Reply Declaration of Micah G. Block in Support of Plaintiffs' Motion for Sanctions)(Block, Micah) (Filed on 10/23/2024) (Entered: 10/23/2024) | 10/23/2024 |
| 444 | REPLY (re 406 MOTION for Sanctions ) Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Sanctions filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Exhibit R to Declaration of Micah G. Block)(Block, Micah) (Filed on 10/23/2024) (Entered: 10/23/2024) | 10/23/2024 |
| 445 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 443 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 10/23/2024) (Entered: 10/23/2024) | 10/23/2024 |
| 446 | Statement re 436 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 10/25/2024) (Entered: 10/25/2024) | 10/25/2024 |
| 447 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Matthew H. Dawson (Unredacted), # 2 Exhibit 1 - (Unredacted), # 3 Proposed Order)(Craig, Aaron) (Filed on 10/25/2024) (Entered: 10/25/2024) | 10/25/2024 |
| 448 | OBJECTIONS to re 437 Reply to Opposition/Response, by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig)(Akrotirianakis, Joseph) (Filed on 10/25/2024) (Entered: 10/25/2024) | 10/25/2024 |
| 449 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 447 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 10/25/2024) (Entered: 10/25/2024) | 10/25/2024 |

**ER-528**

| # | Docket Text | Date Filed |
|---|---|---|
| 450 | STIPULATION WITH PROPOSED ORDER Stipulation and [Proposed] Scheduling Order filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration)(Block, Micah) (Filed on 10/25/2024) (Entered: 10/25/2024) | 10/25/2024 |
| 451 | NOTICE OF VIDEO SCHEDULING CONFERENCE FOR SETTLEMENT CONFERENCE. Scheduling Conference set for 11/14/2024 at 9:00 AM in San Francisco - Videoconference Only before Magistrate Judge Sallie Kim. Signed by Magistrate Judge Sallie Kim on 10/29/2024. (bxl, COURT STAFF) (Filed on 10/29/2024) (Entered: 10/29/2024) | 10/29/2024 |
| 452 | NOTICE OF SETTLEMENT CONFERENCE AND SETTLEMENT CONFERENCE ORDER. Settlement Conference set for 1/22/2025 at 8:30 AM in San Francisco - Videoconference Only. Signed by Magistrate Judge Sallie Kim on 10/29/2024. (bxl, COURT STAFF) (Filed on 10/29/2024) (Entered: 10/29/2024) | 10/29/2024 |
| 453 | CLERKS NOTICE REGARDING SCHEDULING CONFERENCE AND SETTING ZOOM MEETING: Scheduling Conference reset for 11/12/2024 at 9:00 AM in San Francisco - Videoconference Only before Magistrate Judge Sallie Kim. This proceeding will be held via a Zoom Meeting. Counsel shall use Meeting ID: 161 399 7742 and Passcode: 530648 to join the conference. Meeting Access: All counsel, members of the public, and media may access the Meeting information at https://www.cand.uscourts.gov/sk General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/. (This is a text-only entry generated by the court. There is no document associated with this entry.) (bxl, COURT STAFF) (Filed on 10/30/2024) (Entered: 10/30/2024) | 10/30/2024 |
| 454 | Statement re 443 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Statement Per Rule 79-5(F)(3) in Response to Plaintiffs' Motion to Consider by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 10/30/2024) (Entered: 10/30/2024) | 10/30/2024 |
| 455 | ADMINISTRATIVE MOTION to Close the November 7, 2024 Hearing filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 11/5/2024. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Proposed Order)(Akrotirianakis, Joseph) (Filed on 11/1/2024) (Entered: 11/01/2024) | 11/01/2024 |
| 456 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Errata, # 2 Exhibit H (Unredacted))(Craig, Aaron) (Filed on 11/5/2024) (Entered: 11/05/2024) | 11/05/2024 |
| 457 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 456 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 11/5/2024) (Entered: 11/05/2024) | 11/05/2024 |
| 458 | OPPOSITION/RESPONSE (re 455 ADMINISTRATIVE MOTION to Close the November 7, 2024 Hearing ) filed byFacebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 11/5/2024) (Entered: 11/05/2024) | 11/05/2024 |
| 459 | ORDER by Judge Hamilton denying 455 Administrative Motion. (pjhlc3, COURT STAFF) (Filed on 11/6/2024) (Entered: 11/06/2024) | 11/06/2024 |
| 460 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Motion Hearing held on 11/7/2024 re 406 MOTION for Sanctions, 397 MOTION for Summary Judgment, 401 MOTION for Summary Judgment. Court Reporter: Summer Fisher. (kc, COURT STAFF) (Date Filed: 11/7/2024) (Entered: 11/07/2024) | 11/07/2024 |
| 461 | TRANSCRIPT ORDER for proceedings held on 11/7/2024 before Judge Phyllis J. Hamilton by Facebook Inc., WhatsApp Inc., for Court Reporter Summer Fisher. (Block, Micah) (Filed on 11/7/2024) (Entered: 11/07/2024) | 11/07/2024 |
| 462 | STIPULATION AND SCHEDULING ORDER by Judge Phyllis J. Hamilton granting 450 Stipulation. Close of Expert Discovery due by 12/16/2024. (kc, COURT STAFF) (Filed on 11/8/2024) (Entered: 11/08/2024) | 11/08/2024 |
| 463 | Minute Entry for proceedings held by Zoom before Magistrate Judge Sallie Kim: Scheduling Conference held on 11/12/2024. Settlement Conference set for 1/22/2025 at 7:30 AM in San Francisco - Videoconference Only. Please note the start time was moved to 7:30 AM. Total Time in Court: 15 minutes. Court Reporter: Not Reported. Attorney for Plaintiffs: Micah Block, Luca Marzorati. Attorney for Defendants: Joseph Akrotirianakis. (This is a text-only entry generated by the court. There is no document associated with this entry.) (bxl, COURT STAFF) (Date Filed: 11/12/2024) Modified on 11/12/2024 (bxl, COURT STAFF). (Entered: 11/12/2024) | 11/12/2024 |
| 464 | Transcript of Proceedings held on 11/7/2024, before Judge Phyllis J. Hamilton. Court Reporter/Transcriber Summer Fisher, telephone number summer_fisher@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 461 Transcript Order ) Redaction Request due 12/3/2024. Redacted Transcript Deadline set for 12/13/2024. Release of Transcript Restriction set for 2/10/2025. (Related documents(s) 461 ) (Fisher, Summer) (Filed on 11/12/2024) (Entered: 11/12/2024) | 11/12/2024 |
| 465 | REDACTION to 460 Terminate Hearings,, Motion Hearing, Unsealed Version of Plaintiffs' Notice of Motion and Motion for Partial Summary Judgment per Docket Number 460 by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 466 | REDACTION to 460 Terminate Hearings,, Motion Hearing, Unsealed Version of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment or Partial Summary Judgment per Docket Number 460 by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |

**ER-529**

| # | Docket Text | Date Filed |
|---|---|---|
| 467 | REDACTION to 460 Terminate Hearings,, Motion Hearing, Unsealed Version of Reply Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Partial Summary Judgment per Docket Number 460 by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 468 | REDACTION to 460 Terminate Hearings,, Motion Hearing, [UNSEALED VERSION] DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS OR FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION AND FOR PARTIAL SUMMARY JUDGMENT by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 469 | REDACTION to 460 Terminate Hearings,, Motion Hearing, [UNREDACTED] DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 470 | REDACTION to 460 Terminate Hearings,, Motion Hearing, [UNREDACTED] REPLY IN SUPPORT OF DEFENDANTS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION AND FOR PARTIAL SUMMARY JUDGMENT by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 471 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Motion for Sanctions, # 4 Unredacted Version of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Motion for Sanctions)(Block, Micah) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 472 | REDACTION to 460 Terminate Hearings,, Motion Hearing, Plaintiffs' Notice of Motion and Motion for Sanctions per Docket Number 460 by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 473 | REDACTION to 460 Terminate Hearings,, Motion Hearing, Plaintiffs' Reply Memorandum of Points and Authorities in Support of Motion for Sanctions per Docket Number 460 by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 474 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 471 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 475 | REDACTION to 460 Terminate Hearings,, Motion Hearing, DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITEDS OPPOSITION TO MOTION FOR SANCTIONS by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 476 | TRANSCRIPT ORDER for proceedings held on 11-07-2024 before Judge Phyllis J. Hamilton by NSO Group Technologies Limited, Q Cyber Technologies Limited, for Court Reporter Summer Fisher. (Akrotirianakis, Joseph) (Filed on 11/14/2024) (Entered: 11/14/2024) | 11/14/2024 |
| 477 | NOTICE of Intent to Request Redaction of Transcript by Joseph N. Akrotirianakis (Akrotirianakis, Joseph) (Filed on 11/18/2024) (Entered: 11/18/2024) | 11/18/2024 |
| 478 | Statement re 471 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 11/21/2024) (Entered: 11/21/2024) | 11/21/2024 |
| 479 | NOTICE of Change of Address by Micah Galvin Block (Block, Micah) (Filed on 12/10/2024) (Entered: 12/10/2024) | 12/10/2024 |
| 480 | MOTION TO SUBSTITUTE EXPERT filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 1/16/2025 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 12/26/2024. Replies due by 1/2/2025. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Proposed Order)(Akrotirianakis, Joseph) (Filed on 12/11/2024) (Entered: 12/11/2024) | 12/11/2024 |
| 481 | ADMINISTRATIVE MOTION TO SHORTEN BRIEFING SCHEDULE FOR DEFENDANTS MOTION TO SUBSTITUTE EXPERT re 480 MOTION TO SUBSTITUTE EXPERT filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 12/16/2024. (Attachments: # 1 Proposed Order)(Akrotirianakis, Joseph) (Filed on 12/11/2024) (Entered: 12/11/2024) | 12/11/2024 |
| 482 | STIPULATION WITH PROPOSED ORDER [JOINT] RE BRIEFING SCHEDULE filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig)(Craig, Aaron) (Filed on 12/12/2024) (Entered: 12/12/2024) | 12/12/2024 |
| 483 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 480 MOTION TO SUBSTITUTE EXPERT (Craig, Aaron) (Filed on 12/16/2024) (Entered: 12/16/2024) | 12/16/2024 |
| 484 | OPPOSITION/RESPONSE (re 481 ADMINISTRATIVE MOTION TO SHORTEN BRIEFING SCHEDULE FOR DEFENDANTS MOTION TO SUBSTITUTE EXPERT re 480 MOTION TO SUBSTITUTE EXPERT ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Cora, Gina) (Filed on 12/16/2024) (Entered: 12/16/2024) | 12/16/2024 |

| # | Docket Text | Date Filed |
|---|---|---|
| 485 | JOINT STIPULATION AND ORDER RE BRIEFING SCHEDULE by Judge Phyllis J. Hamilton granting 482 Stipulation. Defendants' motion to strike the supplemental report of Dana Trexler and Plaintiffs' motion to strike the second supplemental report of Greg Pinsonneault due by 12/19/2024. Oppositions due by 1/13/2025. Replies due by 1/23/2025. (kc, COURT STAFF) (Filed on 12/18/2024) (Entered: 12/18/2024) | 12/18/2024 |
| 486 | ORDER by Judge Hamilton denying 481 Administrative Motion. (pjhlc3, COURT STAFF) (Filed on 12/18/2024) (Entered: 12/18/2024) | 12/18/2024 |
| 487 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit 1 - Motion to Strike (Unredacted), # 3 Exhibit A - Trexler Expert Report (Unredacted), # 4 Exhibit B - 2045 Sarit Bizinsky (Unredacted), # 5 Exhibit C - G. Pinsonneault Expert Report (Unredacted), # 6 Exhibit D - HC-AEO Trexler Supplemental Expert Report (Unredacted), # 7 Proposed Order)(Craig, Aaron) (Filed on 12/18/2024) (Entered: 12/18/2024) | 12/18/2024 |
| 488 | MOTION to Strike 487 Administrative Motion to File Under Seal [MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF DANA TREXLER, CPA/CFF ] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 1/2/2025. Replies due by 1/9/2025. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 12/18/2024) (Entered: 12/18/2024) | 12/18/2024 |
| 489 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 487 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 12/18/2024) (Entered: 12/18/2024) | 12/18/2024 |
| 490 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Motion to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault, # 4 Unredacted Version of Exhibits A through D to Declaration of Luca Marzorati)(Marzorati, Luca) (Filed on 12/19/2024) (Entered: 12/19/2024) | 12/19/2024 |
| 491 | MOTION to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 2/13/2025 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 1/13/2025. Replies due by 1/23/2025. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 12/19/2024) (Entered: 12/19/2024) | 12/19/2024 |
| 492 | Declaration of Luca Marzorati in Support of 491 MOTION to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibits A through D (Public Redacted Version))(Related document(s) 491 ) (Marzorati, Luca) (Filed on 12/19/2024) (Entered: 12/19/2024) | 12/19/2024 |
| 493 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 490 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Marzorati, Luca) (Filed on 12/19/2024) (Entered: 12/19/2024) | 12/19/2024 |
| 494 | ORDER by Judge Hamilton re 397 Motion for Summary Judgment; 401 Motion for Summary Judgment; 406 Motion for Sanctions. (pjhlc3, COURT STAFF) (Filed on 12/20/2024) (Entered: 12/20/2024) | 12/20/2024 |
| 495 | OPPOSITION/RESPONSE (re 480 MOTION TO SUBSTITUTE EXPERT ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Perez-Marques, Antonio) (Filed on 12/23/2024) (Entered: 12/23/2024) | 12/23/2024 |
| 496 | Declaration of Gina Cora in Support of 495 Opposition/Response to Motion to Substitute Expert filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit A)(Related document(s) 495 ) (Cora, Gina) (Filed on 12/23/2024) (Entered: 12/23/2024) | 12/23/2024 |
| 497 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig (Unredacted), # 2 Exhibit A (Unredacted), # 3 Proposed Order, # 4 Declaration of Aaron S. Craig (Redacted))(Craig, Aaron) (Filed on 12/23/2024) (Entered: 12/23/2024) | 12/23/2024 |
| 498 | Joint Discovery Letter Brief filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit A [Redacted])(Craig, Aaron) (Filed on 12/23/2024) (Entered: 12/23/2024) | 12/23/2024 |
| 499 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 497 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 12/23/2024) (Entered: 12/23/2024) | 12/23/2024 |
| 500 | Statement re 490 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 12/30/2024) (Entered: 12/30/2024) | 12/30/2024 |
| 501 | REPLY (re 480 MOTION TO SUBSTITUTE EXPERT ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 1/2/2025) (Entered: 01/02/2025) | 01/02/2025 |
| 502 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit 1-UNREDACTED, # 3 Exhibit A-UNREDACTED, # 4 Exhibit B-UNREDACTED, # 5 Exhibit C-UNREDACTED, # 6 Exhibit D-UNREDACTED, # 7 Exhibit E-UNREDACTED, # 8 Exhibit F-UNREDACTED, # 9 Proposed Order)(Craig, Aaron) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 503 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A-UNREDACTED, # 3 Exhibit F-UNREDACTED, # 4 Proposed Order)(Craig, Aaron) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |

| # | Docket Text | Date Filed |
|---|---|---|
| 504 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Notice of Motion and Motion to Exclude the Expert Testimony of Col. Ty Shepard, # 4 Unredacted Version of Exhibit B to Declaration of Micah G. Block in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Col. Ty Shepard)(Block, Micah) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 505 | MOTION to Exclude the Expert Testimony of Col. Ty Shepard filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 2/13/2025 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 1/23/2025. Replies due by 1/30/2025. (Attachments: # 1 Declaration, # 2 Exhibits A and B to Declaration, # 3 Proposed Order)(Block, Micah) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 506 | MOTION TO EXCLUDE CERTAIN OPINIONS OF DANA TREXLER, CPA/CFF filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 2/13/2025 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 1/23/2025. Replies due by 1/30/2025. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A-REDACTED, # 3 Exhibit B-REDACTED, # 4 Exhibit C-REDACTED, # 5 Exhibit D-REDACTED, # 6 Exhibit E, # 7 Exhibit F-REDACTED, # 8 Proposed Order)(Akrotirianakis, Joseph) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 507 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig (Unredacted), # 2 Exhibit C-UNREDACTED, # 3 Exhibit D-UNREDACTED-(Part 1), # 4 Exhibit D-UNREDACTED-(Part 2), # 5 Exhibit E-UNREDACTED, # 6 Proposed Order, # 7 Declaration of Aaron S. Craig (Redacted))(Craig, Aaron) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 508 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Notice of Motion and Motion to Exclude Certain Expert Testimony of Gregory A. Pinsonneault, # 4 Unredacted Version of Exhibits A through G to Declaration of Micah G. Block in Support of Motion to Exclude Certain Expert Testimony of Gregory A. Pinsonneault)(Block, Micah) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 509 | MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT ANTHONY VANCE, PH.D. filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 2/13/2025 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 1/23/2025. Replies due by 1/30/2025. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C-REDACTED, # 5 Exhibit D-REDACTED, # 6 Exhibit E-REDACTED, # 7 Proposed Order)(Akrotirianakis, Joseph) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 510 | MOTION to Exclude Certain Expert Testimony of Gregory A. Pinsonneault filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 2/13/2025 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 1/23/2025. Replies due by 1/30/2025. (Attachments: # 1 Declaration, # 2 Exhibits A through G to Declaration, # 3 Proposed Order)(Block, Micah) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 511 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig (Unredacted), # 2 Exhibit A-UNREDACTED, # 3 Exhibit B-UNREDACTED, # 4 Exhibit C-UNREDACTED, # 5 Exhibit D-UNREDACTED, # 6 Exhibit E-UNREDACTED, # 7 Exhibit F-UNREDACTED, # 8 Exhibit G-UNREDACTED, # 9 Exhibit H-UNREDACTED, # 10 Exhibit I-UNREDACTED, # 11 Proposed Order, # 12 Declaration of Aaron S. Craig (Redacted))(Craig, Aaron) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 512 | MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT DAVID J. YOUSSEF filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 2/13/2025 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 1/23/2025. Replies due by 1/30/2025. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Proposed Order)(Akrotirianakis, Joseph) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 513 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Notice of Motion and Motion to Exclude the Expert Testimony of Terrence McGraw, # 4 Unredacted Version of Exhibits A through E to Declaration of Micah G. Block in Support of Unredacted Version of Plaintiffs' Notice of Motion and Motion to Exclude the Expert Testimony of Terrence McGraw)(Block, Micah) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 514 | MOTION to Exclude the Expert Testimony of Terrence McGraw filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 2/13/2025 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 1/23/2025. Replies due by 1/30/2025. (Attachments: # 1 Declaration, # 2 SEE #532 FOR CORRECTION - Exhibits A through F to Declaration, # 3 Proposed Order)(Block, Micah) (Filed on 1/9/2025) **Locked per filer's request. ** Modified on 1/15/2025 (ddk, COURT STAFF). Modified on 1/17/2025 (dhm, COURT STAFF). (Entered: 01/09/2025) | 01/09/2025 |
| 515 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 513 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 508 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 504 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 1/9/2025) (Entered: 01/09/2025) | 01/09/2025 |
| 516 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 507 Administrative Motion to File Under Seal , 503 Administrative Motion to File Under Seal , 511 Administrative Motion to File Under Seal (Akrotirianakis, Joseph) (Filed on 1/9/2025) (Entered: 01/10/2025) | 01/09/2025 |

**ER-532**

| # | Docket Text | Date Filed |
|---|---|---|
| 517 | ERRATA re 512 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT DAVID J. YOUSSEF by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit 1)(Akrotirianakis, Joseph) (Filed on 1/10/2025) (Entered: 01/10/2025) | 01/10/2025 |
| 518 | Declaration of Joseph N. Akrotirianakis in Support of 512 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT DAVID J. YOUSSEF [CORRECTED] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Related document(s) 512 ) (Akrotirianakis, Joseph) (Filed on 1/10/2025) (Entered: 01/10/2025) | 01/10/2025 |
| 519 | ORDER by Judge Hamilton granting 480 Motion to substitute expert; denying 498 Discovery Letter Brief. (pjhlc3, COURT STAFF) (Filed on 1/10/2025) (Entered: 01/10/2025) | 01/10/2025 |
| 520 | STIPULATION WITH PROPOSED ORDER [JOINT STIPULATION AND [PROPOSED] ORDER RE PRETRIAL FILING DEADLINES [BASED ON UNAVAILABILITY OF COUNSEL DUE TO EATON WILDFIRE]] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis)(Akrotirianakis, Joseph) (Filed on 1/11/2025) (Entered: 01/11/2025) | 01/11/2025 |
| 521 | Statement re 502 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' First Administrative Motion to Consider Whether Another Party's Material Should be Sealed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Cora, Gina) (Filed on 1/13/2025) (Entered: 01/13/2025) | 01/13/2025 |
| 522 | Declaration of Joseph N. Akrotirianakis in Support of 520 STIPULATION WITH PROPOSED ORDER [JOINT STIPULATION AND [PROPOSED] ORDER RE PRETRIAL FILING DEADLINES [BASED ON UNAVAILABILITY OF COUNSEL DUE TO EATON WILDFIRE]] [SUPPLEMENTAL] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Related document(s) 520 ) (Akrotirianakis, Joseph) (Filed on 1/13/2025) (Entered: 01/13/2025) | 01/13/2025 |
| 523 | OPPOSITION/RESPONSE (re 491 MOTION to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A)(Craig, Aaron) (Filed on 1/13/2025) (Entered: 01/13/2025) | 01/13/2025 |
| 524 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Opposition to Defendants' Motion to Strike the Supplemental Expert Report of Dana Trexler, # 4 Unredacted Version of Exhibits A and B to the Declaration of Micah G. Block in Support of Plaintiffs' Opposition to Defendants' Motion to Strike the Supplemental Expert Report of Dana Trexler)(Block, Micah) (Filed on 1/13/2025) (Entered: 01/13/2025) | 01/13/2025 |
| 525 | OPPOSITION/RESPONSE (re 488 MOTION to Strike 487 Administrative Motion to File Under Seal [MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF DANA TREXLER, CPA/CFF ] ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Exhibits A and B to Declaration of Micah G. Block, # 3 Proposed Order)(Block, Micah) (Filed on 1/13/2025) (Entered: 01/13/2025) | 01/13/2025 |
| 526 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 524 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 1/13/2025) (Entered: 01/13/2025) | 01/13/2025 |
| 527 | JOINT STIPULATION AND ORDER RE PRETRIAL FILING DEADLINES [BASED ON UNAVAILABILITY OF COUNSEL DUE TO EATON WILDFIRE] by Judge Phyllis J. Hamilton granting 520 Stipulation. (kc, COURT STAFF) (Filed on 1/14/2025) (Entered: 01/14/2025) | 01/14/2025 |
| 528 | Letter Joint Letter Regarding Expert-Related Motions per the Court's December 20, 2024 Order (Dkt. No. 494). (Block, Micah) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 529 | ORDER re pretrial conference and trial dates. Signed by Judge Hamilton on 1/16/2025. (pjhlc3, COURT STAFF) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 530 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Exhibit F to Declaration of Micah G. Block in Support of Motion to Exclude the Expert Testimony of Terrence McGraw)(Block, Micah) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 531 | ADMINISTRATIVE MOTION to Remove Incorrectly Filed Document (Dkt No. 514-2) re 514 MOTION to Exclude the Expert Testimony of Terrence McGraw filed by Facebook Inc., WhatsApp Inc.. Responses due by 1/21/2025. (Attachments: # 1 Proposed Order)(Block, Micah) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 532 | EXHIBITS re 514 MOTION to Exclude the Expert Testimony of Terrence McGraw CORRECTION OF DOCKET # 514-2 filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibits A through F to Declaration of Micah G. Block in Support of Motion to Exclude the Expert Testimony of Terrence McGraw)(Related document(s) 514 ) (Block, Micah) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 533 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 530 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 534 | Statement re 508 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |

**ER-533**

2/11/26, 3:38 PM                                    app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 535 | CLERK'S NOTICE CONTINUING MOTIONS HEARING. YOU ARE HERBY NOTIFIED THAT the hearing re 491 MOTION to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault, 505 MOTION to Exclude the Expert Testimony of Col. Ty Shepard, 506 MOTION TO EXCLUDE CERTAIN OPINIONS OF DANA TREXLER, CPA/CFF, 509 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT ANTHONY VANCE, PH.D., 510 MOTION to Exclude Certain Expert Testimony of Gregory A. Pinsonneault, 512 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT DAVID J. YOUSSEF, and 514 MOTION to Exclude the Expert Testimony of Terrence McGraw, previously set for 2/13/2025 at 2:00 p.m., is continued to 2/27/2025 at 9:30 a.m. before Hon. Phyllis J. Hamilton, Courtroom 3, Third Floor. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 536 | Statement re 513 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 537 | Statement re 504 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 538 | STIPULATION WITH PROPOSED ORDER RE CONTINUANCE OF TRIAL AND CERTAIN PRETRIAL DEADLINES [BASED ON UNAVAILABILITY OF COUNSEL DUE TO EATON WILDFIRE] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis)(Akrotirianakis, Joseph) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
|  | Reset Hearings re 529 Order: Pretrial Conference set for 2/27/2025 at 09:30 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Jury Selection and Jury Trial (5 days) set for 3/10/2025 at 08:30 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 1/16/2025) (Entered: 01/16/2025) | 01/16/2025 |
| 539 | Statement re 524 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 1/20/2025) (Entered: 01/20/2025) | 01/20/2025 |
| 540 | ORDER by Judge Hamilton granting 538 stipulation to continue trial date. (pjhlc3, COURT STAFF) (Filed on 1/22/2025) (Entered: 01/22/2025) | 01/22/2025 |
| 541 | CLERK'S NOTICE CONTINUING MOTIONS HEARING. YOU ARE HEREBY NOTIFIED that the hearing re 491 MOTION to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault, 505 MOTION to Exclude the Expert Testimony of Col. Ty Shepard, 506 MOTION TO EXCLUDE CERTAIN OPINIONS OF DANA TREXLER, CPA/CFF, 509 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT ANTHONY VANCE, PH.D., 510 MOTION to Exclude Certain Expert Testimony of Gregory A. Pinsonneault, 512 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT DAVID J. YOUSSEF, and 514 MOTION to Exclude the Expert Testimony of Terrence McGraw, previously set for 2/27/2025 at 9:30 a.m., is continued to 4/10/2025 at 2:00 p.m. before Hon. Phyllis J. Hamilton, Courtroom 3, Third Floor. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 1/22/2025) (Entered: 01/22/2025) | 01/22/2025 |
| 542 | Minute Entry for ZOOM proceedings held before Magistrate Judge Sallie Kim: Settlement Conference held on 1/22/2025. Case did not settle. Digital Recording Time: Not Reported. Total Time: 7 Hours 15 M. Plaintiff Attorney: Greg Andres, Antonio Perez-Marques, Micah Block, Gina Cora, Luca Marzorati. Defendant Attorney: Joseph N. Akrotirianakis, Aaron Craig. (This is a text-only entry generated by the court. There is no document associated with this entry.) (klh, COURT STAFF) (Date Filed: 1/22/2025) (Entered: 01/22/2025) | 01/22/2025 |
|  | Reset Hearings re 540 Order on Stipulation: Pretrial Conference set for 4/10/2025 at 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Jury Selection and Jury Trial (5 days) set for 4/28/2025 at 08:30 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 1/22/2025) (Entered: 01/22/2025) | 01/22/2025 |
| 543 | CLERK'S NOTICE CONTINUING MOTION HEARING. YOU ARE HEREBY NOTIFIED that the hearing re 488 Motion to Strike the Supplemental Expert Report of Dana Trexler, CPA/CFF, previously set for 2/27/2025 at 9:30 a.m., is continued to 4/10/2025 at 2:00 p.m. before Hon. Phyllis J. Hamilton, Courtroom 3, Third Floor. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 1/23/2025) (Entered: 01/23/2025) | 01/23/2025 |
| 544 | Statement re 530 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 1/23/2025) (Entered: 01/23/2025) | 01/23/2025 |
| 545 | REPLY (re 488 MOTION to Strike 487 Administrative Motion to File Under Seal [MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF DANA TREXLER, CPA/CFF ] ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 1/23/2025) (Entered: 01/23/2025) | 01/23/2025 |

## ER-534

| # | Docket Text | Date Filed |
|---|---|---|
| 546 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Reply in Support of Motion to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault, # 4 Unredacted Version of Exhibit A to Declaration of Micah G. Block in Support of Plaintiffs' Reply in Support of Motion to Strike the Second Supplemental Rebuttal Report of Gregory A. Pinsonneault)(Block, Micah) (Filed on 1/23/2025) (Entered: 01/23/2025) | 01/23/2025 |
| 547 | REPLY (re 491 MOTION to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit A)(Block, Micah) (Filed on 1/23/2025) (Entered: 01/23/2025) | 01/23/2025 |
| 548 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 546 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 1/23/2025) (Entered: 01/23/2025) | 01/23/2025 |
| 549 | Administrative Motion to File Under Seal Plaintiffs' Unopposed Omnibus Administrative Motion to Seal filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Block, Micah) (Filed on 1/24/2025) (Entered: 01/24/2025) | 01/24/2025 |
| 550 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit A, # 2 Declaration of Aaron S. Craig (UNREDACTED), # 3 Proposed Order, # 4 Declaration of Aaron S. Craig (REDACTED))(Craig, Aaron) (Filed on 1/24/2025) (Entered: 01/24/2025) | 01/24/2025 |
| 551 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 550 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 1/24/2025) (Entered: 01/24/2025) | 01/24/2025 |
| 552 | MOTION for leave to appear in Pro Hac Vice re: Patrick F. Philbin ( Filing fee $ 328, receipt number ACANDC-20361381.) filed by NSO Group Technologies Limited. (Philbin, Patrick) (Filed on 2/18/2025) (Entered: 02/18/2025) | 02/18/2025 |
| 553 | MOTION for leave to appear in Pro Hac Vice re: John V. Coghlan ( Filing fee $ 328, receipt number ACANDC-20361462.) filed by NSO Group Technologies Limited. (Coghlan, John) (Filed on 2/18/2025) (Entered: 02/18/2025) | 02/18/2025 |
| 554 | ORDER by Judge Phyllis J. Hamilton granting 552 Motion for Pro Hac Vice as to Patrick F. Philbin. (kc, COURT STAFF) (Filed on 2/19/2025) (Entered: 02/19/2025) | 02/19/2025 |
| 555 | ORDER by Judge Phyllis J. Hamilton granting 553 Motion for Pro Hac Vice as to John V. Coghlan. (kc, COURT STAFF) (Filed on 2/19/2025) (Entered: 02/19/2025) | 02/19/2025 |
| 556 | Letter from Joseph N. Akrotirianakis [Under Rule 1.12 of the California Rules of Professional Conduct]. (Akrotirianakis, Joseph) (Filed on 2/19/2025) (Entered: 02/19/2025) | 02/19/2025 |
| 557 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Notice of Motion and Motion for Permanent Injunction)(Block, Micah) (Filed on 2/24/2025) (Entered: 02/24/2025) | 02/24/2025 |
| 558 | MOTION for Permanent Injunction filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 4/10/2025 09:30 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 3/10/2025. Replies due by 3/17/2025. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Proposed Order)(Block, Micah) (Filed on 2/24/2025) (Entered: 02/24/2025) | 02/24/2025 |
| 559 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 557 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 2/24/2025) (Entered: 02/24/2025) | 02/24/2025 |
| 560 | ADMINISTRATIVE MOTION CONTINUE BRIEFING DEADLINES AND HEARING DATE ON PLAINTIFFS MOTION FOR PERMANENT INJUNCTION re 558 MOTION for Permanent Injunction filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 3/3/2025. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Proposed Order)(Craig, Aaron) (Filed on 2/26/2025) (Entered: 02/26/2025) | 02/26/2025 |
| 561 | MOTION for leave to appear in Pro Hac Vice Attorney Jonathan Freiman ( Filing fee $ 328, receipt number ACANDC-20402446.) filed by NSO Group Technologies Limited. (Attachments: # 1 Certificate of Standing)(Freiman, Jonathan) (Filed on 2/28/2025) (Entered: 02/28/2025) | 02/28/2025 |
| 562 | MOTION for leave to appear in Pro Hac Vice Attorney Emmett Gilles ( Filing fee $ 328, receipt number ACANDC-20402672.) filed by NSO Group Technologies Limited. (Attachments: # 1 Certificate of Standing)(Gilles, Emmett) (Filed on 2/28/2025) (Entered: 02/28/2025) | 02/28/2025 |
| 563 | ORDER by Judge Phyllis J. Hamilton granting 561 Motion for Pro Hac Vice as to Jonathan M. Freiman. (kc, COURT STAFF) (Filed on 2/28/2025) (Entered: 02/28/2025) | 02/28/2025 |
| 564 | ORDER by Judge Phyllis J. Hamilton granting 562 Motion for Pro Hac Vice as to Emmett Gilles. (kc, COURT STAFF) (Filed on 2/28/2025) (Entered: 02/28/2025) | 02/28/2025 |
| 565 | MOTION for leave to appear in Pro Hac Vice Attorney Steven Malech ( Filing fee $ 328, receipt number ACANDC-20407979.) filed by NSO Group Technologies Limited. (Attachments: # 1 Certificate of Standing)(Malech, Steve) (Filed on 3/3/2025) (Entered: 03/03/2025) | 03/03/2025 |
| 566 | ORDER by Judge Phyllis J. Hamilton granting 565 Motion for Pro Hac Vice as to Steven B. Malech. (kc, COURT STAFF) (Filed on 3/3/2025) (Entered: 03/03/2025) | 03/03/2025 |

**ER-535**

| # | Docket Text | Date Filed |
|---|---|---|
| 567 | Statement re 557 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 3/3/2025) (Entered: 03/03/2025) | 03/03/2025 |
| 568 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Opposition to Defendants' Administrative Motion to Continue Briefing Deadlines and Hearing Date on Plaintiffs' Motion for Permanent Injunction) (Block, Micah) (Filed on 3/3/2025) (Entered: 03/03/2025) | 03/03/2025 |
| 569 | OPPOSITION/RESPONSE (re 560 ADMINISTRATIVE MOTION CONTINUE BRIEFING DEADLINES AND HEARING DATE ON PLAINTIFFS MOTION FOR PERMANENT INJUNCTION re 558 MOTION for Permanent Injunction ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Proposed Order)(Perez-Marques, Antonio) (Filed on 3/3/2025) (Entered: 03/03/2025) | 03/03/2025 |
| 570 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 568 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Perez-Marques, Antonio) (Filed on 3/3/2025) (Entered: 03/03/2025) | 03/03/2025 |
| 571 | STIPULATION WITH PROPOSED ORDER [ORDER RE BRIEFING DEADLINES ON PLAINTIFFS MOTION FOR PERMANENT INJUNCTION] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig)(Craig, Aaron) (Filed on 3/6/2025) (Entered: 03/06/2025) | 03/06/2025 |
| 572 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Notice of Motion and Motion to Exclude the Expert Testimony of Joshua J. Minkler, # 4 Unredacted Version of Exhibits A and B to Declaration of Gina Cora in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Joshua J. Minkler)(Cora, Gina) (Filed on 3/6/2025) (Entered: 03/06/2025) | 03/06/2025 |
| 573 | MOTION to Exclude the Expert Testimony of Joshua J. Minkler filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 4/10/2025 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 3/20/2025. Replies due by 3/27/2025. (Attachments: # 1 Proposed Order)(Andres, Greg) (Filed on 3/6/2025) (Entered: 03/06/2025) | 03/06/2025 |
| 574 | Declaration of Gina Cora in Support of 573 MOTION to Exclude the Expert Testimony of Joshua J. Minkler filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibits A and B)(Related document(s) 573 ) (Cora, Gina) (Filed on 3/6/2025) (Entered: 03/06/2025) | 03/06/2025 |
| 575 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 572 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Cora, Gina) (Filed on 3/6/2025) (Entered: 03/06/2025) | 03/06/2025 |
| 576 | Statement re 568 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [PURSUANT TO LOCAL RULE 79-5(F)(3) ] by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 3/10/2025) (Entered: 03/10/2025) | 03/10/2025 |
| 577 | ORDER by Judge Hamilton re 560 Administrative Motion; 571 Stipulation. (pjhlc3, COURT STAFF) (Filed on 3/10/2025) (Entered: 03/10/2025) | 03/10/2025 |
| | Reset Deadlines as to 558 MOTION for Permanent Injunction. Opposition due by 3/14/2025. Reply due by 3/25/2025. (kc, COURT STAFF) (Filed on 3/11/2025) (Entered: 03/11/2025) | 03/11/2025 |
| 578 | Statement re 572 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [PURSUANT TO LOCAL RULE 79-5(F)(3) ] by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 579 | Proposed Voir Dire by Facebook Inc., WhatsApp Inc. Joint [Proposed] Voir Dire Questions. (Andres, Greg) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 580 | Witness List by Facebook Inc., WhatsApp Inc. Plaintiffs' Witness List. (Andres, Greg) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 581 | Exhibit List Plaintiffs' Trial Exhibit List by Facebook Inc., WhatsApp Inc... (Attachments: # 1 Exhibit 1)(Andres, Greg) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 582 | Witness List by Facebook Inc., WhatsApp Inc. Plaintiffs' List of Deposition Excerpts and Other Discovery Responses. (Andres, Greg) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 583 | Exhibit List by NSO Group Technologies Limited, Q Cyber Technologies Limited.. (Akrotirianakis, Joseph) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 584 | Witness List by NSO Group Technologies Limited, Q Cyber Technologies Limited . (Akrotirianakis, Joseph) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 585 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited REQUEST REGARDING THE TREATMENT OF CONFIDENTIAL OR SEALED DOCUMENTS AT TRIAL (Akrotirianakis, Joseph) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 586 | NOTICE by Facebook Inc., WhatsApp Inc. Plaintiffs' Request Regarding Treatment of Confidential or Sealed Documents (Andres, Greg) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |

| # | Docket Text | Date Filed |
|---|---|---|
| 587 | Proposed Jury Instructions by Facebook Inc., WhatsApp Inc. . (Attachments: # 1 Exhibit A - Joint Instructions, # 2 Exhibit B - Joint Instructions (blind copy), # 3 Exhibit C - Plaintiffs' Disputed Instructions, # 4 Exhibit D - Plaintiffs' Disputed Instructions (blind copy), # 5 Exhibit E - Defendants' Disputed Instructions, # 6 Exhibit F - Defendants' Disputed Instructions (blind copy))(Andres, Greg) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 588 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited DEFENDANTS DEPOSITION DESIGNATIONS TO BE OFFERED AT TRIAL (Akrotirianakis, Joseph) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 589 | Proposed Form of Verdict by Facebook Inc., WhatsApp Inc. . (Attachments: # 1 Exhibit A - Plaintiffs' Proposed Verdict Form, # 2 Exhibit B - Defendants' Proposed Verdict Form)(Andres, Greg) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 590 | OBJECTIONS to re 587 Proposed Jury Instructions, by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 591 | Pretrial Conference Statement by Facebook Inc., WhatsApp Inc. . (Andres, Greg) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 592 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Motions in Limine, # 4 Unredacted Version of Exhibits 2-5, 10-12, and 15 to Declaration of Micah G. Block in Support of Plaintiffs' Motions in Limine)(Cora, Gina) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 593 | MOTION in Limine Plaintiffs' Motions in Limine filed by Facebook Inc., WhatsApp Inc.. Motion Hearing set for 4/10/2025 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 3/27/2025. (Attachments: # 1 Declaration, # 2 Exhibits 1 through 15, # 3 Proposed Order)(Block, Micah) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 594 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 592 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 595 | TRIAL BRIEF by Facebook Inc., WhatsApp Inc.. (Andres, Greg) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 596 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - UNREDACTED, # 2 Exhibit 1 - UNREDACTED, # 3 Exhibit 2 - UNREDACTED, # 4 Exhibit 3 UNREDACTED, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C - UNREDACTED, # 8 Exhibit D - UNREDACTED, # 9 Exhibit E - UNREDACTED, # 10 Exhibit F - UNREDACTED, # 11 Exhibit G - UNREDACTED, # 12 Exhibit H, # 13 Exhibit I, # 14 Exhibit J - UNREDACTED, # 15 Exhibit K - UNREDACTED, # 16 Exhibit L - UNREDACTED, # 17 Exhibit M - UNREDACTED, # 18 Exhibit N, # 19 Exhibit O, # 20 Proposed Order)(Craig, Aaron) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 597 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 598 | Declaration of Aaron S. Craig in Support of 597 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 596 Administrative Motion to File Under Seal filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit 1 - Trial Brief - Redacted, # 2 Exhibit 2 - Defendants MILS 1-10 - Redacted, # 3 Exhibit 3 - Declaration of Joseph N. Akrotirianakis - Redacted, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C - Redacted, # 7 Exhibit D - Redacted, # 8 Exhibit E- Redacted, # 9 Exhibit F- Redacted, # 10 Exhibit G- Redacted, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J- Redacted, # 14 Exhibit K- Redacted, # 15 Exhibit L- Redacted, # 16 Exhibit M - Redacted, # 17 Exhibit N, # 18 Exhibit O)(Related document(s) 597 , 596 ) (Craig, Aaron) (Filed on 3/13/2025) Modified on 3/21/2025 (dhm, COURT STAFF). 598-1 AND 598-3 LOCKED. COUNSEL TO FILE ADMINISTRATIVE MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS. (Entered: 03/13/2025) | 03/13/2025 |
| 599 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 596 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 3/13/2025) (Entered: 03/13/2025) | 03/13/2025 |
| 600 | TRIAL BRIEF by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration Declaration of Joseph N. Akrotirianakis - Redacted, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C - Redacted, # 5 Exhibit D - Redacted, # 6 Exhibit E - Redacted, # 7 Exhibit F - Redacted, # 8 Exhibit G - Redacted, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J - Redacted, # 12 Exhibit K - Redacted, # 13 Exhibit L - Redacted, # 14 Exhibit M - Redacted, # 15 Exhibit N, # 16 Exhibit O)(Akrotirianakis, Joseph) (Filed on 3/14/2025) Modified on 3/21/2025 (dhm, COURT STAFF). . 600, 600-1 LOCKED. COUNSEL TO FILE ADMINISTRATIVE MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS. (Entered: 03/14/2025) | 03/14/2025 |
| 601 | MOTION in Limine filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 4/10/2025 02:00 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 3/27/2025. (Attachments: # 1 Declaration Declaration of Joseph N. Akrotirianakis - Redacted, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C - Redacted, # 5 Exhibit D - Redacted, # 6 Exhibit E - Redacted, # 7 Exhibit F - Redacted, # 8 Exhibit G - Redacted, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J - Redacted, # 12 Exhibit K - Redacted, # 13 Exhibit L - Redacted, # 14 Exhibit M - Redacted, # 15 Exhibit N, # 16 Exhibit O) (Akrotirianakis, Joseph) (Filed on 3/14/2025) Modified on 3/21/2025 (dhm, COURT STAFF). 601-1 LOCKED. COUNSEL TO FILE ADMINISTRATIVE MOTION TO REMOVE INCORRECTLY FILED DOCUMENT. (Entered: 03/14/2025) | 03/14/2025 |
| 602 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 601 MOTION in Limine , 600 Trial Brief,, [RE PUBLIC FILINGS OF DEFENDANTS TRIAL BRIEF AND MOTIONS IN LIMINE ] (Craig, Aaron) (Filed on 3/14/2025) (Entered: 03/14/2025) | 03/14/2025 |

**ER-537**

| # | Docket Text | Date Filed |
|---|---|---|
| 603 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited [Regarding Exhibit O to the Declaration of Joseph N. Akrotirianakis (USB Flash Drive)] (Craig, Aaron) (Filed on 3/14/2025) (Entered: 03/14/2025) | 03/14/2025 |
| 604 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - UNREDACTED, # 2 Exhibit A-Opposition - UNREDACTED, # 3 Exhibit B-Declaration Yaron Shohat - UNREDACTED, # 4 Exhibit C-Declaration of J Minkler - UNREDACTED, # 5 Proposed Order, # 6 Declaration of Aaron S. Craig - REDACTED)(Craig, Aaron) (Filed on 3/14/2025) (Entered: 03/14/2025) | 03/14/2025 |
| 605 | OPPOSITION/RESPONSE (re 558 MOTION for Permanent Injunction ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Declaration of Yaron Shohat - REDACTED, # 3 Declaration of Tamir Gazneli, # 4 Declaration of Joshua Minkler - REDACTED)(Craig, Aaron) (Filed on 3/14/2025) (Entered: 03/14/2025) | 03/14/2025 |
| 606 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 604 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 3/14/2025) (Entered: 03/14/2025) | 03/14/2025 |
| 607 | Statement re 592 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 3/19/2025) (Entered: 03/19/2025) | 03/19/2025 |
| 608 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Matthew H. Dawson, # 2 Exhibit 1 - UNREDACTED, # 3 Exhibit 2 - UNREDACTED, # 4 Exhibit 3 UNREDACTED, # 5 Proposed Order)(Craig, Aaron) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 609 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 610 | OPPOSITION/RESPONSE (re 510 MOTION to Exclude Certain Expert Testimony of Gregory A. Pinsonneault , 508 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - [REDACTED], # 2 Declaration of Yifa Idisis - [REDACTED])(Craig, Aaron) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 611 | Statement re 597 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 596 Administrative Motion to File Under Seal by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Cora, Gina) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 612 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - UNREDACTED, # 2 Exhibit 1 - UNREDACTED, # 3 Exhibit 2 - UNREDACTED, # 4 Proposed Order, # 5 Declaration of Aaron S. Craig - REDACTED)(Craig, Aaron) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 613 | OPPOSITION/RESPONSE (re 572 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 573 MOTION to Exclude the Expert Testimony of Joshua J. Minkler ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis [Redacted Ex. A])(Akrotirianakis, Joseph) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 614 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 612 Administrative Motion to File Under Seal (Akrotirianakis, Joseph) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 615 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 610 Opposition/Response to Motion, (Akrotirianakis, Joseph) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 616 | Administrative Motion to File Under Seal [OPPOSITION TO PLAINTIFFS MOTION TO EXCLUDE EXPERT TESTIMONY OF COL. TY SHEPARD] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - UNREDACTED, # 2 Exhibit 1 - UNREDACTED, # 3 Declaration of Joseph N. Akrotirianakis - Redacted Ex. A, # 4 Proposed Order, # 5 Declaration of Aaron S. Craig - REDACTED)(Craig, Aaron) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 617 | OPPOSITION/RESPONSE (re 505 MOTION to Exclude the Expert Testimony of Col. Ty Shepard , 504 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis [Redacted Ex. A])(Akrotirianakis, Joseph) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 618 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 616 Administrative Motion to File Under Seal [OPPOSITION TO PLAINTIFFS MOTION TO EXCLUDE EXPERT TESTIMONY OF COL. TY SHEPARD] (Craig, Aaron) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 619 | Administrative Motion to File Under Seal [OPPOSITION TO PLAINTIFFS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF TERRANCE MCGRAW] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit 1 - UNREDACTED, # 3 Proposed Order)(Craig, Aaron) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 620 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |

| # | Docket Text | Date Filed |
|---|---|---|
| 621 | OPPOSITION/RESPONSE (re 514 MOTION to Exclude the Expert Testimony of Terrence McGraw , 513 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 622 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 619 Administrative Motion to File Under Seal [OPPOSITION TO PLAINTIFFS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF TERRANCE MCGRAW] (Craig, Aaron) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 623 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Gina Cora, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Opposition to Defendants' Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert Anthony Vance, Ph.D.)(Cora, Gina) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 624 | OPPOSITION/RESPONSE (re 509 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT ANTHONY VANCE, PH.D. ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Gina Cora, # 2 Exhibit A to Declaration of Gina Cora, # 3 Proposed Order)(Andres, Greg) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 625 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Opposition to Defendants' Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert David J. Youssef, # 4 Unredacted Version of Exhibit A to the Declaration of Micah G. Block in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude or Limit the Opinions of Plaintiffs' Proposed Expert David J. Youssef)(Block, Micah) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 626 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 623 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Andres, Greg) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 627 | OPPOSITION/RESPONSE (re 512 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT DAVID J. YOUSSEF ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Exhibit A [Redacted], # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Proposed Order)(Block, Micah) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 628 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 625 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 629 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Opposition to Defendants' Motion to Exclude Certain Opinions of Dana Trexler, # 4 Unredacted Version of Exhibit C to the Block Declaration in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Certain Opinions of Dana Trexler)(Block, Micah) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 630 | Administrative Motion to File Under Seal filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Luca Marzorati, # 2 Proposed Order, # 3 Unredacted Version of Exhibit B to the Block Declaration in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Certain Opinions of Dana Trexler)(Marzorati, Luca) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 631 | OPPOSITION/RESPONSE (re 506 MOTION TO EXCLUDE CERTAIN OPINIONS OF DANA TREXLER, CPA/CFF ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Micah G. Block, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proposed Order)(Block, Micah) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 632 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 629 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 630 Administrative Motion to File Under Seal (Block, Micah) (Filed on 3/20/2025) (Entered: 03/20/2025) | 03/20/2025 |
| 633 | ORDER by Judge Hamilton granting in part and denying in part 549 Administrative Motion to File Under Seal; granting in part and denying in part 550 Administrative Motion to File Under Seal. (pjhlc3, COURT STAFF) (Filed on 3/21/2025) (Entered: 03/21/2025) | 03/21/2025 |
| 634 | MOTION to Remove Incorrectly Filed Document (DKT. 598-1, 598-3, 600, 600-1 AND 601-1) filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Akrotirianakis, Joseph) (Filed on 3/21/2025) (Entered: 03/21/2025) | 03/21/2025 |
| 635 | EXHIBIT O in Support (Flash-Drive Manually Filed) re 601 MOTION in Limine filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Related document(s) 601 ) (jlm, COURT STAFF) (Filed on 3/24/2025) (Entered: 03/24/2025) | 03/24/2025 |
| 636 | Brief re 601 MOTION in Limine , 600 Trial Brief,, 598 Declaration in Support,,,, [CORRECTION OF DKT. NOS. 598-1, 598-3, 600, 600-1 AND 601-1] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Corrected Public Defendants Trial Brief re Dkt. Nos. 598-1 and 600, # 2 Corrected Public Declaration of Joseph N. Akrotirianakis re Dkt. Nos. 598-3, 600-1 and 601-1)(Related document(s) 601 , 600 , 598 ) (Craig, Aaron) (Filed on 3/25/2025) (Entered: 03/25/2025) | 03/25/2025 |
| 637 | REPLY (re 558 MOTION for Permanent Injunction ) Plaintiffs' Reply Brief in Support of Motion for Permanent Injunction filed byFacebook Inc., WhatsApp Inc.. (Perez-Marques, Antonio) (Filed on 3/25/2025) (Entered: 03/25/2025) | 03/25/2025 |

**ER-539**

app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 638 | Statement re 625 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 639 | RESPONSE re 588 Notice (Other) Plaintiffs' Counter-Deposition Designations in Response to Defendants' Deposition Designations by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit A)(Andres, Greg) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 640 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Trexler Reply (Unredacted), # 2 Declaration of Aaron S. Craig, # 3 Exhibit A - UNREDACTED, # 4 Exhibit B - UNREDACTED, # 5 Exhibit C - UNREDACTED, # 6 Proposed Order)(Akrotirianakis, Joseph) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 641 | REPLY (re 506 MOTION TO EXCLUDE CERTAIN OPINIONS OF DANA TREXLER, CPA/CFF ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A - REDACTED, # 3 Exhibit B - REDACTED, # 4 Exhibit C - REDACTED)(Akrotirianakis, Joseph) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 642 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Reply in Support of Motion to Exclude Certain Expert Testimony of Gregory A. Pinsonneault)(Block, Micah) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 643 | REPLY (re 510 MOTION to Exclude Certain Expert Testimony of Gregory A. Pinsonneault ) filed byFacebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 644 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Opposition to Defendants' Motions in Limine)(Block, Micah) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 645 | OPPOSITION/RESPONSE (re 601 MOTION in Limine ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 1)(Block, Micah) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 646 | REPLY (re 509 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT ANTHONY VANCE, PH.D. ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 647 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 582 Witness List [DEFENDANTS COUNTER DEPOSITION DESIGNATIONS] (Craig, Aaron) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 648 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Reply in Support of Motion to Exclude Col. Ty Shepard, # 4 Unredacted Version of Exhibit B to Declaration of Gina Cora in Support of Plaintiffs' Reply in Support of Motion to Exclude Col. Ty Shepard)(Cora, Gina) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 649 | OPPOSITION/RESPONSE (re 593 MOTION in Limine Plaintiffs' Motions in Limine ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 650 | REPLY (re 505 MOTION to Exclude the Expert Testimony of Col. Ty Shepard ) filed byFacebook Inc., WhatsApp Inc.. (Andres, Greg) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 651 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of Plaintiffs' Reply in Support of Motion to Exclude the Expert Testimony of Terrence McGraw, # 4 Unredacted Version of Exhibit B to Declaration of Antonio J. Perez-Marques in Support of Plaintiffs' Reply in Support of Motion to Exclude the Expert Testimony of Terrence McGraw)(Perez-Marques, Antonio) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 652 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Reply David J. Youssef - UNREDACTD, # 2 Proposed Order)(Akrotirianakis, Joseph) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 653 | REPLY (re 514 MOTION to Exclude the Expert Testimony of Terrence McGraw ) filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibits A through B)(Perez-Marques, Antonio) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 654 | REPLY (re 512 MOTION TO EXCLUDE OR LIMIT THE OPINIONS OF PLAINTIFFS PROPOSED EXPERT DAVID J. YOUSSEF ) [REDACTED] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 655 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 654 Reply to Opposition/Response, (Craig, Aaron) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 656 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 640 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Craig, Aaron) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |

| # | Docket Text | Date Filed |
|---|---|---|
| 657 | Declaration of Gina Cora in Support of 650 Reply to Opposition/Response Declaration of Gina Cora in Support of Plaintiffs' Reply in Support of Motion to Exclude Col. Ty Shepard filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibits A and B)(Related document(s) 650 ) (Cora, Gina) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 658 | REPLY (re 573 MOTION to Exclude the Expert Testimony of Joshua J. Minkler ) filed byFacebook Inc., WhatsApp Inc.. (Andres, Greg) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 659 | Declaration of Gina Cora in Support of 658 Reply to Opposition/Response Declaration of Gina Cora in Support of Plaintiffs' Reply in Support of Motion to Exclude Joshua J. Minkler filed byFacebook Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit A)(Related document(s) 658 ) (Cora, Gina) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 660 | CERTIFICATE OF SERVICE by Facebook Inc., WhatsApp Inc. re 642 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 651 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 644 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 648 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Block, Micah) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 661 | Statement re 609 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Cora, Gina) (Filed on 3/27/2025) (Entered: 03/27/2025) | 03/27/2025 |
| 662 | Emergency MOTION to Stay OF PORTIONS OF THE ORDER DENYING IN PART MOTION TO SEAL filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 5/8/2025 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 4/11/2025. Replies due by 4/18/2025. (Attachments: # 1 Declaration of Tamir Gazneli, # 2 Declaration of Michal Alcheh, # 3 Proposed Order)(Akrotirianakis, Joseph) (Filed on 3/28/2025) (Entered: 03/28/2025) | 03/28/2025 |
| 663 | ADMINISTRATIVE MOTION Shortening Briefing Schedule or Granting Administrative Stay re 662 Emergency MOTION to Stay OF PORTIONS OF THE ORDER DENYING IN PART MOTION TO SEAL filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 3/31/2025. (Attachments: # 1 Declaration, # 2 Proposed Order Shortening Briefing Schedule, # 3 Proposed Order Granting Administrative Stay)(Craig, Aaron) (Filed on 3/28/2025) (Entered: 03/28/2025) | 03/28/2025 |
| 664 | CLERK'S NOTICE ADVANCING PRETRIAL CONFERENCE AND MOTIONS HEARING TIME. YOU ARE HEREBY NOTIFIED THAT the Pretrial Conference and Motions Hearing, previously set for 4/10/2025 at 2:00 p.m. are advanced to 4/10/2025 at 10:00 a.m. in Courtroom 3, Third Floor. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 3/31/2025) (Entered: 03/31/2025) | 03/31/2025 |
| 665 | ORDER by Judge Hamilton re 662 Motion to Stay; 663 Administrative Motion. (pjhlc3, COURT STAFF) (Filed on 3/31/2025) (Entered: 03/31/2025) | 03/31/2025 |
| 666 | Statement re 642 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 4/3/2025) (Entered: 04/03/2025) | 04/03/2025 |
| 667 | Statement re 651 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 4/3/2025) (Entered: 04/03/2025) | 04/03/2025 |
| 668 | Statement re 648 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 4/3/2025) (Entered: 04/03/2025) | 04/03/2025 |
| 669 | Statement re 640 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Local Rule 79-5(f)(3) Statement in Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (Dkt. No. 640) by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(Marzorati, Luca) (Filed on 4/3/2025) (Entered: 04/03/2025) | 04/03/2025 |
| 670 | Statement re 644 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Craig, Aaron) (Filed on 4/3/2025) (Entered: 04/03/2025) | 04/03/2025 |
| 671 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 633 Order on Administrative Motion to File Under Seal, [EXHIBIT Z IN SUPPORT OF DEFENDANTS REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (DKT. 433-5)] (Craig, Aaron) (Filed on 4/4/2025) (Entered: 04/04/2025) | 04/04/2025 |
| 672 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 633 Order on Administrative Motion to File Under Seal, [EXHIBITS M, N, AND O IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT (DKT. 419-5)] (Craig, Aaron) (Filed on 4/4/2025) (Entered: 04/04/2025) | 04/04/2025 |
| 673 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 633 Order on Administrative Motion to File Under Seal, [EXHIBITS J, M, P, Q, R, S, T, U, AND V IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT (DKT. 396-5)] (Craig, Aaron) (Filed on 4/4/2025) (Entered: 04/04/2025) | 04/04/2025 |

| # | Docket Text | Date Filed |
|---|---|---|
| 674 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 633 Order on Administrative Motion to File Under Seal, [EXHIBITS 9, 10, 13, 14, 15, 16, 17, AND 18 IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION SANCTIONS (DKT. 429-4 AND DKT. 429-5)] (Craig, Aaron) (Filed on 4/4/2025) (Entered: 04/04/2025) | 04/04/2025 |
| 675 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 633 Order on Administrative Motion to File Under Seal, [OF PUBLIC FILING OF REDACTED EXHIBITS] (Craig, Aaron) (Filed on 4/4/2025) (Entered: 04/04/2025) | 04/04/2025 |
| 676 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A - UNREDACTED, # 3 Exhibit B - UNREDACTED, # 4 Exhibit C - UNREDACTED, # 5 Exhibit D - UNREDACTED, # 6 Exhibit E - UNREDACTED, # 7 Proposed Order)(Craig, Aaron) (Filed on 4/4/2025) (Entered: 04/04/2025) | 04/04/2025 |
| 677 | MOTION OMNIBUS MOTION TO SEAL re 676 Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 4/18/2025. Replies due by 4/25/2025. (Attachments: # 1 Declaration of Aaron S. Craig, # 2 Exhibit A - REDACTED, # 3 Exhibit B - REDACTED, # 4 Exhibit C - REDACTED, # 5 Exhibit D - REDACTED, # 6 Exhibit E - REDACTED, # 7 Proposed Order)(Craig, Aaron) (Filed on 4/4/2025) (Entered: 04/04/2025) | 04/04/2025 |
| 678 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 676 Administrative Motion to File Under Seal (Craig, Aaron) (Filed on 4/4/2025) (Entered: 04/04/2025) | 04/04/2025 |
| 679 | NOTICE by Facebook Inc., WhatsApp Inc. re 633 Order on Administrative Motion to File Under Seal, Plaintiffs' Notice of Filing Public Versions of Material Filed in Connection with Summary Judgment and Sanctions Briefings (Attachments: # 1 Declaration of Micah G. Block filed in Support of Plaintiffs Motion for Summary Judgment, # 2 Exhibits 3-4, 12, 16, 18-19, 26-28, 31, 34 to Declaration of Micah G. Block filed in Support of Plaintiffs Motion for Summary Judgment, # 3 Declaration of Meghan Andre filed in Support of Plaintiffs Motion for Summary Judgment, # 4 Exhibit A to Declaration of Meghan Andre filed in Support of Plaintiffs Motion for Summary Judgment, # 5 Declaration of Micah G. Block filed in Opposition to Defendants Motion for Summary Judgment, # 6 Exhibits 2-3, 15, 19-21, 23, 25, 28, 35, 37-42 to Declaration of Micah G. Block filed in Opposition to Defendants Motion for Summary Judgment, # 7 Exhibits B-C to Declaration of Dana Trexler filed in Opposition to Defendants Motion for Summary Judgment, # 8 Exhibit 40 to the Declaration of Micah G. Block filed in Support of Plaintiffs Summary Judgment Reply, # 9 Exhibits B, C, H, J, K to the Declaration of Micah G. Block filed in Support of Plaintiffs Motion for Sanctions)(Marzorati, Luca) (Filed on 4/4/2025) (Entered: 04/04/2025) | 04/04/2025 |
| 680 | NOTICE of Appearance filed by Matthew Vincent Noller on behalf of NSO Group Technologies Limited, Q Cyber Technologies Limited (Noller, Matthew) (Filed on 4/10/2025) (Entered: 04/10/2025) | 04/10/2025 |
| 681 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Pretrial Conference held on 4/10/2025. Court Reporter: Stephen Franklin. (kc, COURT STAFF) (Date Filed: 4/10/2025) (Entered: 04/10/2025) | 04/10/2025 |
| 682 | TRANSCRIPT ORDER for proceedings held on April 10, 2025 before Judge Phyllis J. Hamilton by Facebook Inc., WhatsApp Inc., for Court Reporter Stephen Franklin. (Block, Micah) (Filed on 4/10/2025) (Entered: 04/10/2025) | 04/10/2025 |
| 683 | TRANSCRIPT ORDER for proceedings held on April 10, 2025 before Judge Phyllis J. Hamilton by NSO Group Technologies Limited, Q Cyber Technologies Limited, for Court Reporter Stephen Franklin. (Craig, Aaron) (Filed on 4/10/2025) (Entered: 04/10/2025) | 04/10/2025 |
| 684 | Transcript of Proceedings held on 04/10/2025, before Judge Phyllis J. Hamilton. Court Reporter/Transcriber Stephen W. Franklin, telephone number (561)313-8439. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 683 Transcript Order, 682 Transcript Order ) Release of Transcript Restriction set for 7/14/2025. (Related documents(s) 683 , 682 ) (Franklin, Stephen) (Filed on 4/14/2025) (Entered: 04/14/2025) | 04/14/2025 |
| 685 | Exhibit List [AMENDED] by NSO Group Technologies Limited, Q Cyber Technologies Limited.. (Craig, Aaron) (Filed on 4/14/2025) (Entered: 04/14/2025) | 04/14/2025 |
| 686 | Final pretrial order by Judge Hamilton. (pjhlc3, COURT STAFF) (Filed on 4/15/2025) (Entered: 04/15/2025) | 04/15/2025 |
| | Set Hearings re 686 Order: Jury Trial set for 4/28/2025, 4/29/2025, 4/30/2025, 5/1/2025, 5/2/2025, and 5/5/2025 at 08:30 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 4/16/2025) (Entered: 04/16/2025) | 04/16/2025 |
| 687 | MOTION for Leave to File MOTION FOR RECONSIDERATION [L.R. 7-9(a)] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Proposed Order)(Akrotirianakis, Joseph) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 688 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-20583913.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Supplement Certificate of Good Standing)(Sardar, Muhammad) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 689 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-20583982.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Supplement Certificate of Good Standing)(Johnson, Gersham) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |

## ER-542

| # | Docket Text | Date Filed |
|---|---|---|
| 690 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-20584016.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Supplement Certificate of Good Standing)(Ullrich, Quentin) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 691 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-20584073.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Supplement Certificate of Good Standing)(Birnie, Amelia) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 692 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-20584110.) filed by Facebook Inc., WhatsApp Inc.. (Attachments: # 1 Supplement Certificate of Good Standing)(Mathews, Meenu) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 693 | ORDER by Judge Phyllis J. Hamilton granting 688 Motion for Pro Hac Vice as to Muhammad B. Sardar. (kc, COURT STAFF) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 694 | ORDER by Judge Phyllis J. Hamilton granting 689 Motion for Pro Hac Vice as to Gersham A. Johnson, III. (kc, COURT STAFF) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 695 | ORDER by Judge Phyllis J. Hamilton granting 690 Motion for Pro Hac Vice as to Quentin J. Ullrich. (kc, COURT STAFF) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 696 | ORDER by Judge Phyllis J. Hamilton granting 691 Motion for Pro Hac Vice as to Amelia Birnie. (kc, COURT STAFF) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 697 | ORDER by Judge Phyllis J. Hamilton granting 692 Motion for Pro Hac Vice as to Meenu A. Mathews. (kc, COURT STAFF) (Filed on 4/18/2025) (Entered: 04/18/2025) | 04/18/2025 |
| 698 | ORDER re 687 motion for leave to file motion for reconsideration. Signed by Judge Hamilton on 4/21/2025. (pjhlc3, COURT STAFF) (Filed on 4/21/2025) (Entered: 04/21/2025) | 04/21/2025 |
| 699 | ORDER clarifying summary judgment order re conspiracy. Signed by Judge Hamilton on 4/21/2025. (pjhlc3, COURT STAFF) (Filed on 4/21/2025) (Entered: 04/21/2025) | 04/21/2025 |
| 700 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 588 Notice (Other) DEFENDANTS REVISED DEPOSITION DESIGNATIONS (Craig, Aaron) (Filed on 4/21/2025) (Entered: 04/21/2025) | 04/21/2025 |
| 701 | NOTICE by Facebook Inc., WhatsApp Inc. re 686 Order on Motion to Strike,, Order on Motion for Miscellaneous Relief,,,,,,, Order on Motion in Limine, Joint Filing Identifying Provisionally-Sealed Documents Parties Intend to Introduce as Trial Exhibits [Dkt. No. 686] (Andres, Greg) (Filed on 4/21/2025) (Entered: 04/21/2025) | 04/21/2025 |
| 702 | Proposed Form of Verdict by Facebook Inc., WhatsApp Inc. The Parties' Jointly Proposed Verdict Form. (Andres, Greg) (Filed on 4/21/2025) (Entered: 04/21/2025) | 04/21/2025 |
| 703 | Proposed Jury Instructions by Facebook Inc., WhatsApp Inc. . (Attachments: # 1 Exhibit A - Additional Joint Proposed Instructions, # 2 Exhibit B - Additional Joint Proposed Instructions (blind copy), # 3 Exhibit C - Plaintiffs' Disputed Instructions, # 4 Exhibit D - Plaintiffs' Disputed Instructions (blind copy), # 5 Exhibit E - Defendants' Disputed Instructions, # 6 Exhibit F - Defendants' Disputed Instructions (blind copy))(Andres, Greg) (Filed on 4/21/2025) (Entered: 04/21/2025) | 04/21/2025 |
| 704 | Witness List by Facebook Inc., WhatsApp Inc. Amended Plaintiffs' List of Deposition Excerpts and Other Discovery Responses. (Andres, Greg) (Filed on 4/21/2025) (Entered: 04/21/2025) | 04/21/2025 |
| 705 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 700 Notice (Other), 588 Notice (Other) AMENDED DEPOSITION DESIGNATIONS (Craig, Aaron) (Filed on 4/22/2025) (Entered: 04/22/2025) | 04/22/2025 |
| 706 | TRANSCRIPT ORDER for Future Trial with Daily Transcripts by Facebook Inc., WhatsApp Inc.. (Block, Micah) (Filed on 4/22/2025) (Entered: 04/22/2025) | 04/22/2025 |
| 707 | RESPONSE re 698 Order Plaintiffs' Response to Order re Motion for Leave to Seek Reconsideration [Dkt. No. 698] by Facebook Inc., WhatsApp Inc.. (Andres, Greg) (Filed on 4/22/2025) (Entered: 04/22/2025) | 04/22/2025 |
| 708 | ORDER by Judge Hamilton denying 687 Motion for Leave to File. (pjhlc3, COURT STAFF) (Filed on 4/23/2025) (Entered: 04/23/2025) | 04/23/2025 |
| 709 | CLERKS NOTICE SETTING ZOOM HEARING. Status Conference set for 4/24/2025 at 10:30 AM - Videoconference Only before Judge Phyllis J. Hamilton. This proceeding will be held via a Zoom webinar. Webinar Access: All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/pjh General Order 58. Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. Zoom Guidance and Setup: https://www.cand.uscourts.gov/zoom/. (Related documents(s) 708 ) (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 4/23/2025) (Entered: 04/23/2025) | 04/23/2025 |
| 710 | OBJECTIONS to re 703 Proposed Jury Instructions,, by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 4/23/2025) (Entered: 04/23/2025) | 04/23/2025 |

**ER-543**

| # | Docket Text | Date Filed |
|---|---|---|
| 711 | OBJECTIONS to INTRODUCTORY VIDEO FOR POTENTIAL JURORS by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 4/23/2025) (Entered: 04/23/2025) | 04/23/2025 |
| 712 | OBJECTIONS to re 704 Witness List [OBJECTIONS AND COUNTER DEPOSITION DESIGNATIONS TO PLAINTIFFS AMENDED LIST OF DEPOSITION EXCERPTS ] by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Craig, Aaron) (Filed on 4/23/2025) (Entered: 04/23/2025) | 04/23/2025 |
| 713 | TRANSCRIPT ORDER for proceedings held on 4/24/2025 before Judge Phyllis J. Hamilton by Facebook Inc., WhatsApp Inc., for Court Reporter Marla Knox. (Block, Micah) (Filed on 4/24/2025) (Entered: 04/24/2025) | 04/24/2025 |
| 714 | TRANSCRIPT ORDER for proceedings held on 04/24/2025 before Judge Phyllis J. Hamilton by NSO Group Technologies Limited, Q Cyber Technologies Limited, for Court Reporter Marla Knox. (Craig, Aaron) (Filed on 4/24/2025) (Entered: 04/24/2025) | 04/24/2025 |
| 715 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited SUBMISSION OF AUTHORITY RE INADMISSIBILITY OF EVIDENCE RELATED TO NSOS PROFITS FROM 2018-2020 (Craig, Aaron) (Filed on 4/24/2025) (Entered: 04/24/2025) | 04/24/2025 |
| 716 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Status Conference held on 4/24/2025.Total Time in Court: 1 hour, 55 minutes. Court Reporter: Marla Knox. Plaintiff Attorney: Greg Andres, Antonio Perez-Marques, Micah Block, Gina Cora, Luca Marzorati. Defendant Attorney: Joseph Akrotirianakis, Aaron Craig, Matthew Noller. (jlg, COURT STAFF) (Date Filed: 4/24/2025) (Entered: 04/24/2025) | 04/24/2025 |
| 717 | NOTICE by Facebook Inc., WhatsApp Inc. Plaintiffs' Submission of Authority re Admissibility of Evidence of NSO's Profit Motive in 2018-2020 (Perez-Marques, Antonio) (Filed on 4/24/2025) (Entered: 04/24/2025) | 04/24/2025 |
| 718 | Joint Submission for Use During Voir Dire by Facebook Inc., WhatsApp Inc. re 686 Final Pretrial Order (Andres, Greg) (Filed on 4/24/2025) Modified text on 4/25/2025 (dhm, COURT STAFF). (Entered: 04/24/2025) | 04/24/2025 |
| 719 | Second final pretrial order. Signed by Judge Hamilton on 4/25/2025. (pjhlc3, COURT STAFF) (Filed on 4/25/2025) (Entered: 04/25/2025) | 04/25/2025 |
| 720 | Proposed Form of Verdict by Facebook Inc., WhatsApp Inc. . (Andres, Greg) (Filed on 4/26/2025) (Entered: 04/26/2025) | 04/26/2025 |
| 721 | TRANSCRIPT ORDER for Future Trial with Daily Transcripts by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 4/27/2025) (Entered: 04/27/2025) | 04/27/2025 |
| 722 | Proposed Jury Instructions by Facebook Inc., WhatsApp Inc. . (Attachments: # 1 Exhibit A - Plaintiffs' Proposed Jury Instructions, # 2 Exhibit B - Plaintiffs' Proposed Jury Instructions (blind copy), # 3 Exhibit C - Defendants' Proposed Jury Instructions, # 4 Exhibit D - Defendants' Proposed Jury Instructions (blind copy))(Andres, Greg) (Filed on 4/27/2025) (Entered: 04/27/2025) | 04/27/2025 |
| 723 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Jury Selection held on 4/28/2025. Jury trial set for April 29, 2025, at 8:00 a.m. for counsel. Jury trial set for April 29, 2025, at 8:30 a.m. for jury. Court Reporter: Lee-Anne Shortridge. (Attachments: # 1 Trial Log)(kc, COURT STAFF) (Date Filed: 4/28/2025) (Entered: 04/28/2025) | 04/28/2025 |
| 724 | Statement Concerning Inadmissibility of Evidence of Export Control Restrictions by Facebook Inc., WhatsApp Inc.. (Andres, Greg) (Filed on 4/28/2025) (Entered: 04/28/2025) | 04/28/2025 |
| 725 | Statement RE EVIDENCE OF EXPORT CONTROLS by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 4/29/2025) (Entered: 04/29/2025) | 04/29/2025 |
| 726 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Jury Trial held on 4/29/2025. Further Jury trial set for April 30, 2025, at 8:30 a.m. Court Reporter: Lee-Anne Shortridge. (Attachments: # 1 Trial Log)(kc, COURT STAFF) (Date Filed: 4/29/2025) (Entered: 04/29/2025) | 04/29/2025 |
| 727 | ORDER FOR JURY MEALS DURING DELIBERATIONS. Signed by Judge Phyllis J. Hamilton on 4/29/2025. (kc, COURT STAFF) (Filed on 4/29/2025) (Entered: 04/29/2025) | 04/29/2025 |
| 728 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Jury Trial held on 4/30/2025. Further Jury trial set for 5/1/2025 at 8:30 a.m. Court Reporter: Lee-Anne Shortridge. (Attachments: ***Disregard, entered in error. See attachment #2 for corrected entry.*** # 1 Trial Log)(kc, COURT STAFF) (Date Filed: 4/30/2025) (Additional attachment(s) added on 5/1/2025: # 2 Trial Log) (kc, COURT STAFF). Modified on 5/1/2025 (kc, COURT STAFF). (Entered: 04/30/2025) | 04/30/2025 |
| 729 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Jury Trial held on 5/1/2025. Further Jury trial set for 5/2/2025, at 8:30 a.m.Court Reporter: Lee-Anne Shortridge. (Attachments: # 1 Witness and Exhibit Log) (kc, COURT STAFF) (Date Filed: 5/1/2025) (Entered: 05/01/2025) | 05/01/2025 |

**ER-544**

| # | Docket Text | Date Filed |
|---|---|---|
| 730 | Transcript of Proceedings held on April 24, 2025, before Judge Phyllis J. Hamilton. Court Reporter, Marla F. Knox, RPR, CRR, RMR, telephone number (602) 391-6990/email marla_knox@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 713 Transcript Order ) Release of Transcript Restriction set for 7/31/2025. (Related documents(s) 713 ) (mfk, COURT STAFF) (Filed on 5/2/2025) (Entered: 05/02/2025) | 05/02/2025 |
| 731 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Jury Trial held on 5/2/2025. Further Jury trial set for May 5, 2025, at 8:30 a.m. Court Reporter: Lee-Anne Shortridge. (Attachments: # 1 Witness and Exhibit Log) (kc, COURT STAFF) (Date Filed: 5/2/2025) (Entered: 05/02/2025) | 05/02/2025 |
| 732 | Proposed Jury Instructions by Meta Platforms, Inc., WhatsApp Inc. . (Attachments: # 1 Exhibit A - Parties' Jointly Proposed Jury Instructions, # 2 Exhibit B - Blind Copy of Parties' Jointly Proposed Jury Instructions, # 3 Exhibit C - Plaintiffs' Proposed Jury Instructions, # 4 Exhibit D - Blind Copy of Plaintiffs' Proposed Jury Instructions, # 5 Exhibit E - Defendants' Proposed Jury Instructions, # 6 Exhibit F - Blind Copy of Defendants' Proposed Jury Instructions)(Andres, Greg) (Filed on 5/3/2025) (Entered: 05/04/2025) | 05/03/2025 |
| 733 | ORDER re proposed final jury instructions. Signed by Judge Hamilton on 5/4/2025. (pjhlc3, COURT STAFF) (Filed on 5/4/2025) (Entered: 05/04/2025) | 05/04/2025 |
| 734 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Jury Trial held on 5/5/2025. Further Jury Trial set for 5/6/2025 at 08:30 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Court Reporter: Lee-Anne Shortridge. (Attachments: # 1 Witness and Exhibit Log)(kc, COURT STAFF) (Date Filed: 5/5/2025) (Entered: 05/05/2025) | 05/05/2025 |
| 735 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Jury Trial completed on 5/6/2025. Deadline to file exhibits by 5/16/2025.Court Reporter: Lee-Anne Shortridge. (Attachments: # 1 Trial Log and Exhibit List) (kc, COURT STAFF) (Date Filed: 5/6/2025) (Entered: 05/06/2025) | 05/06/2025 |
| 736 | JURY VERDICT. (kc, COURT STAFF) (Filed on 5/6/2025) (Entered: 05/06/2025) | 05/06/2025 |
| 737 | Final Jury Instructions. (kc, COURT STAFF) (Filed on 5/6/2025) (Entered: 05/06/2025) | 05/06/2025 |
| 738 | Jury Notes. (kc, COURT STAFF) (Filed on 5/6/2025) (Entered: 05/06/2025) | 05/06/2025 |
| 739 | CLERK'S NOTICE SETTING MOTION HEARING. YOU ARE HEREBY NOTIFIED THAT the hearing re 558 MOTION for Permanent Injunction is set for 7/17/2025 at 10:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Parties shall exchange witness lists, if any, 21 days before the motion hearing. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 5/15/2025) (Entered: 05/15/2025) | 05/15/2025 |
| 740 | Joint Administrative Motion to File Under Seal (Admitted Trial Exhibits) filed by Meta Platforms, Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Unredacted Version of PTX-0320, # 4 Unredacted Version of PTX-0321, # 5 Unredacted Version of PTX-0932, # 6 Unredacted Version of A-1131, # 7 Unredacted Version of A-1156, # 8 Unredacted Version of A-1511) (Marzorati, Luca) (Filed on 5/16/2025) (Entered: 05/16/2025) | 05/16/2025 |
| 741 | ADMITTED EXHIBITS Parties' Joint Certification of Counsel Regarding Admitted Trial Exhibits by Meta Platforms, Inc., WhatsApp Inc... (Attachments: # 1 PTX-0010, # 2 PTX-0013, # 3 PTX-0034, # 4 PTX-0035, # 5 PTX-0036, # 6 PTX-0044, # 7 PTX-0059, # 8 PTX-0060, # 9 PTX-0062, # 10 PTX-0064, # 11 PTX-0065, # 12 PTX-0066, # 13 PTX-0112, # 14 PTX-0264, # 15 PTX-0287, # 16 PTX-0288, # 17 PTX-0289, # 18 PTX-0290, # 19 PTX-0291, # 20 PTX-0292, # 21 PTX-0293, # 22 PTX-0295, # 23 PTX-0296, # 24 PTX-0297, # 25 PTX-0299, # 26 PTX-0300, # 27 PTX-0301, # 28 PTX-0302, # 29 PTX-0303, # 30 PTX-0304, # 31 PTX-0307, # 32 PTX-0308, # 33 PTX-0310, # 34 PTX-0312, # 35 PTX-0314, # 36 PTX-0320, # 37 PTX-0321, # 38 PTX-0322, # 39 PTX-0323, # 40 PTX-0324, # 41 PTX-0930, # 42 PTX-0932, # 43 A-1083, # 44 A-1131, # 45 A-1148, # 46 A-1156, # 47 A-1204, # 48 A-1511, # 49 A-1779, # 50 A-1780, # 51 A-1781, # 52 A-1782)(Marzorati, Luca) (Filed on 5/16/2025) (Entered: 05/16/2025) | 05/16/2025 |
| 742 | EXHIBITS NOT ADMITTED Parties' Joint Certification of Counsel Regarding Non-Admitted Trial Exhibits by Meta Platforms, Inc., WhatsApp Inc... (Attachments: # 1 PTX-0009, # 2 PTX-0928, # 3 PTX-0929, # 4 PTX-0936, # 5 A-1021, # 6 A-1517, # 7 A-2093) (Marzorati, Luca) (Filed on 5/16/2025) (Entered: 05/16/2025) | 05/16/2025 |
| 743 | Administrative Motion to File Under Seal [Declaration of Aaron S. Craig in Support of Joint Parties' Joint Administrative Motion to File Admitted Trial Exhibits Under Seal] filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit 1 - PTX-0034, # 2 Exhibit 2 - PTX-0035, # 3 Exhibit 3 - PTX-0064, # 4 Exhibit 4 - PTX-0065, # 5 Exhibit 5 - PTX-0066, # 6 Exhibit 6 - PTX-0044, # 7 Exhibit 7 - PTX-0059, # 8 Exhibit 8 - PTX-0060, # 9 Exhibit 9 - PTX-0062)(Craig, Aaron) (Filed on 5/16/2025) (Entered: 05/16/2025) | 05/16/2025 |
| 744 | Declaration of Aaron S. Craig in Support of 740 Joint Administrative Motion to File Under Seal (Admitted Trial Exhibits), 743 Administrative Motion to File Under Seal [Declaration of Aaron S. Craig in Support of Joint Parties' Joint Administrative Motion to File Admitted Trial Exhibits Under Seal] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit 1 - PTX-0034 [REDACTED], # 2 Exhibit 2 - PTX-0035 [REDACTED], # 3 Exhibit 3 - PTX-0064 [REDACTED], # 4 Exhibit 4 - PTX-0065 [REDACTED], # 5 Exhibit 5 - PTX-0066 [REDACTED], # 6 Exhibit 6 - PTX-0044 [REDACTED], # 7 Exhibit 7 - PTX-0059 [REDACTED], # 8 Exhibit 8 - PTX-0060 [REDACTED], # 9 Exhibit 9 - PTX-0062 [REDACTED])(Related document(s) 740 , 743 ) (Craig, Aaron) (Filed on 5/16/2025) (Entered: 05/16/2025) | 05/16/2025 |

**ER-545**

app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 745 | CERTIFICATE OF SERVICE by Meta Platforms, Inc., WhatsApp Inc. re 740 Joint Administrative Motion to File Under Seal (Admitted Trial Exhibits) (Marzorati, Luca) (Filed on 5/16/2025) (Entered: 05/16/2025) | 05/16/2025 |
| 746 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 743 Administrative Motion to File Under Seal [Declaration of Aaron S. Craig in Support of Joint Parties' Joint Administrative Motion to File Admitted Trial Exhibits Under Seal] (Craig, Aaron) (Filed on 5/16/2025) (Entered: 05/16/2025) | 05/16/2025 |
| 747 | MOTION for New Trial filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 7/17/2025 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 6/12/2025. Replies due by 6/20/2025. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Proposed Order)(Akrotirianakis, Joseph) (Filed on 5/29/2025) (Entered: 05/29/2025) | 05/29/2025 |
| 748 | Transcript of Proceedings held on 4-28-25 (Vol. 1, pages 1-264), before Judge Phyllis J. Hamilton. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 8/6/2025. (las, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) | 06/05/2025 |
| 749 | Transcript of Proceedings held on 4-29-25 (Vol. 2, pages 265-516), before Judge Phyllis J. Hamilton. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 8/6/2025. (las, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) | 06/05/2025 |
| 750 | Transcript of Proceedings held on 4-30-25 (Vol. 3, pages 517-635), before Judge Phyllis J. Hamilton. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 8/6/2025. (las, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) | 06/05/2025 |
| 751 | Transcript of Proceedings held on 5-1-25 (Vol. 4, pages 636-847), before Judge Phyllis J. Hamilton. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 8/6/2025. (las, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) | 06/05/2025 |
| 752 | CLERK'S NOTICE ADVANCING MOTION HEARING. YOU ARE HEREBY NOTIFIED THAT the Hearing re 747 Motion for New Trial, previously set for 1:30 p.m. on 7/17/2025, is advanced to 10:00 a.m. on 7/17/2025 in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) | 06/05/2025 |
| 753 | Transcript of Proceedings held on 5-2-25 (Vol. 5, pages 848-1175), before Judge Phyllis J. Hamilton. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 8/6/2025. (las, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) | 06/05/2025 |
| 754 | Transcript of Proceedings held on 5-5-25 (Vol. 6, pages 1176-1369), before Judge Phyllis J. Hamilton. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 8/6/2025. (las, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) | 06/05/2025 |
| 755 | Transcript of Proceedings held on 5-6-25 (Vol. 7, pages 1370-1401), before Judge Phyllis J. Hamilton. Court Reporter Lee-Anne Shortridge, email: lee-anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 706 Transcript Order - Future Trial with Daily Transcripts ) Release of Transcript Restriction set for 8/6/2025. (Related documents(s) 706 ) (las, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) | 06/05/2025 |
| 756 | TRANSCRIPT ORDER for proceedings held on 5-1-25 before Judge Phyllis J. Hamilton for Court Reporter Lee-Anne Shortridge (las, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) | 06/05/2025 |

**ER-546**

| # | Docket Text | Date Filed |
|---|---|---|
| 757 | TRANSCRIPT ORDER for proceedings held on 4/29/25, 4/30/25 before Judge Phyllis J. Hamilton for Court Reporter Lee-Anne Shortridge (las, COURT STAFF) (Filed on 6/11/2025) (Entered: 06/11/2025) | 06/11/2025 |
| 758 | OPPOSITION/RESPONSE (re 747 MOTION for New Trial ) Plaintiffs' Opposition to Defendants' Motion for Remittitur or a New Trial filed byMeta Platforms, Inc., WhatsApp Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Proposed Order)(Perez-Marques, Antonio) (Filed on 6/12/2025) (Entered: 06/12/2025) | 06/12/2025 |
| 759 | Administrative Motion to File Under Seal filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Aaron S. Craig - UNREDACTED, # 2 Exhibit 1 - Revised Opposition - UNREDACTED, # 3 Exhibit 2 - Declaration of Yaron Shohat - UNREDACTED, # 4 Exhibit A - to Declaration of Yaron Shohat - UNREDACTED, # 5 Exhibit B - to Declaration of Yaron Shohat - UNREDACTED, # 6 Exhibit C - to Declaration of Yaron Shohat - UNREDACTED, # 7 Exhibit D - to Declaration of Yaron Shohat - UNREDACTED, # 8 Exhibit E - to Declaration of Yaron Shohat - UNREDACTED, # 9 Exhibit F - to Declaration of Yaron Shohat - UNREDACTED, # 10 Exhibit G - to Declaration of Yaron Shohat - UNREDACTED, # 11 Exhibit H - to Declaration of Yaron Shohat - UNREDACTED, # 12 Exhibit 3 - Declaration of Joshua Minkler, # 13 Proposed Order, # 14 Declaration of Aaron S. Craig - REDACTED)(Craig, Aaron) (Filed on 6/18/2025) (Entered: 06/18/2025) | 06/18/2025 |
| 760 | OPPOSITION/RESPONSE (re 558 MOTION for Permanent Injunction ) [REVISED] filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Yaron Shohat (Supplemental) - REDACTED, # 2 Declaration of Tamir Gazneli, # 3 Declaration of Joshua Minkler - REDACTED, # 4 Declaration of Joseph N. Akrotirianakis)(Akrotirianakis, Joseph) (Filed on 6/18/2025) (Entered: 06/18/2025) | 06/18/2025 |
| 761 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 759 Administrative Motion to File Under Seal (Shepard, Michael) (Filed on 6/18/2025) (Entered: 06/18/2025) | 06/18/2025 |
| 762 | REPLY (re 747 MOTION for New Trial ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 6/20/2025) (Entered: 06/20/2025) | 06/20/2025 |
| 763 | NOTICE of Withdrawal filed by Michael J. Shepard, no longer appearing on behalf of NSO Group Technologies Limited, Q Cyber Technologies Limited in this case (Shepard, Michael) (Filed on 6/23/2025) (Entered: 06/23/2025) | 06/23/2025 |
| 764 | STIPULATION WITH PROPOSED ORDER CONTINUING HEARING ON PLAINTIFFS MOTION FOR PERMANENT INJUNCTION filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis)(Akrotirianakis, Joseph) (Filed on 6/25/2025) (Entered: 06/25/2025) | 06/25/2025 |
| 765 | MOTION to Strike Plaintiffs' Notice of Motion and Motion to Strike NSO's Supplemental Brief; Memorandum of Points and Authorities in Support Thereof filed by Meta Platforms, Inc., WhatsApp Inc.. Motion Hearing set for 8/7/2025 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 7/10/2025. Replies due by 7/17/2025. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Block, Micah) (Filed on 6/26/2025) (Entered: 06/26/2025) | 06/26/2025 |
| 766 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited [WITNESS LIST OF DEFENDANTS NSO GROUP TECHS. LTD AND Q CYBER TECHS. LTD. FOR HEARING ON PLAINTIFFS MOTION FOR PERMANENT INJUNCTION] (Akrotirianakis, Joseph) (Filed on 6/26/2025) (Entered: 06/26/2025) | 06/26/2025 |
| 767 | Plaintiffs' Witness List for Hearing on Motion for Permanent Injunction by Meta Platforms, Inc., WhatsApp Inc. (Andres, Greg) (Filed on 6/26/2025) Modified text on 6/27/2025 (dhm, COURT STAFF). (Entered: 06/26/2025) | 06/26/2025 |
| 768 | JOINT STIPULATION AND ORDER CONTINUING HEARING ON PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION by Judge Phyllis J. Hamilton granting 764 Stipulation. Motion Hearing re 558 Motion for Permanent Injunction and 747 Motion for New Trial continued to 8/28/2025 at 10:00 AM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 6/27/2025) (Entered: 06/27/2025) | 06/27/2025 |
| 769 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit 1 - UNREDACTED, # 2 Proposed Order)(Craig, Aaron) (Filed on 7/9/2025) (Entered: 07/09/2025) | 07/09/2025 |
| 770 | MOTION to Strike UNDISCLOSED WITNESSES FROM PLAINTIFFS WITNESS LIST FOR AUGUST 28, 2025 EVIDENTIARY HEARING AND FOR SANCTIONS filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Motion Hearing set for 8/14/2025 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 7/23/2025. Replies due by 7/30/2025. (Attachments: # 1 Proposed Order)(Akrotirianakis, Joseph) (Filed on 7/9/2025) (Entered: 07/09/2025) | 07/09/2025 |
| 771 | Declaration of Aaron S. Craig in Support of 770 MOTION to Strike UNDISCLOSED WITNESSES FROM PLAINTIFFS WITNESS LIST FOR AUGUST 28, 2025 EVIDENTIARY HEARING AND FOR SANCTIONS filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Related document(s) 770 ) (Craig, Aaron) (Filed on 7/9/2025) (Entered: 07/09/2025) | 07/09/2025 |
| 772 | OPPOSITION/RESPONSE (re 765 MOTION to Strike Plaintiffs' Notice of Motion and Motion to Strike NSO's Supplemental Brief; Memorandum of Points and Authorities in Support Thereof ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit 1)(Akrotirianakis, Joseph) (Filed on 7/9/2025) (Entered: 07/09/2025) | 07/09/2025 |

**ER-547**

2/11/26, 3:38 PM                                      app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 773 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 769 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Craig, Aaron) (Filed on 7/9/2025) (Entered: 07/09/2025) | 07/09/2025 |
| 774 | CLERK'S NOTICE VACATING MOTION HEARINGS. You are hereby notified that the hearing re 765 Motion to Strike NSO's Supplemental Brief and 770 Motion to Strike Undisclosed Witnesses from Plaintiffs' Witness List for August 28, 2025 Evidentiary Hearing and for Sanctions are VACATED. The matters will be decided on the papers. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 7/10/2025) (Entered: 07/10/2025) | 07/10/2025 |
| 775 | REPLY (re 765 MOTION to Strike Plaintiffs' Notice of Motion and Motion to Strike NSO's Supplemental Brief; Memorandum of Points and Authorities in Support Thereof ) filed byMeta Platforms, Inc., WhatsApp Inc.. (Andres, Greg) (Filed on 7/17/2025) (Entered: 07/17/2025) | 07/17/2025 |
| 776 | OPPOSITION/RESPONSE (re 770 MOTION to Strike UNDISCLOSED WITNESSES FROM PLAINTIFFS WITNESS LIST FOR AUGUST 28, 2025 EVIDENTIARY HEARING AND FOR SANCTIONS ) Plaintiffs' Opposition to Defendants' Motion to Strike Undisclosed Witnesses filed byMeta Platforms, Inc., WhatsApp Inc.. (Andres, Greg) (Filed on 7/23/2025) (Entered: 07/23/2025) | 07/23/2025 |
| 777 | Declaration of Micah G. Block in Support of 776 Opposition/Response to Motion, Declaration of Micah G. Block in Support of Plaintiffs' Opposition to Defendants' Motion to Strike Undisclosed Witnesses filed byMeta Platforms, Inc., WhatsApp Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Related document(s) 776 ) (Block, Micah) (Filed on 7/23/2025) (Entered: 07/23/2025) | 07/23/2025 |
| 778 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit 1 - UNREDACTED, # 2 Proposed Order)(Craig, Aaron) (Filed on 7/30/2025) (Entered: 07/30/2025) | 07/30/2025 |
| 779 | REPLY (re 770 MOTION to Strike UNDISCLOSED WITNESSES FROM PLAINTIFFS WITNESS LIST FOR AUGUST 28, 2025 EVIDENTIARY HEARING AND FOR SANCTIONS ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Supplement Declaration of Aaron Craig, # 2 Exhibit 8 - REDACTED)(Akrotirianakis, Joseph) (Filed on 7/30/2025) (Entered: 07/30/2025) | 07/30/2025 |
| 780 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 778 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Akrotirianakis, Joseph) (Filed on 7/30/2025) (Entered: 07/30/2025) | 07/30/2025 |
| 781 | ORDER by Judge Hamilton denying 765 Motion to Strike ; denying 770 Motion to Strike. (pjhlc3, COURT STAFF) (Filed on 8/1/2025) (Entered: 08/01/2025) | 08/01/2025 |
|  | Set Deadline as to 558 MOTION for Permanent Injunction. Revised Reply Brief due by 8/7/2025. (kc, COURT STAFF) (Filed on 8/1/2025) (Entered: 08/01/2025) | 08/01/2025 |
| 782 | REPLY (re 558 MOTION for Permanent Injunction ) Plaintiffs' Revised Reply Brief in Support of Motion for Permanent Injunction filed byMeta Platforms, Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Andrew Blaich)(Andres, Greg) (Filed on 8/7/2025) (Entered: 08/07/2025) | 08/07/2025 |
| 783 | AMENDED DOCUMENT by Meta Platforms, Inc., WhatsApp Inc.. Plaintiffs' Amended Witness List for Hearing on Motion for Permanent Injunction. (Andres, Greg) (Filed on 8/7/2025) (Entered: 08/07/2025) | 08/07/2025 |
| 784 | ORDER by Judge Hamilton re various motions to seal. (pjhlc3, COURT STAFF) (Filed on 8/11/2025) (Entered: 08/11/2025) | 08/11/2025 |
|  | Set Deadlines re 784] Order: Joint Omnibus Motion to Seal due by 9/5/2025. (kc, COURT STAFF) (Filed on 8/11/2025) (Entered: 08/11/2025) | 08/11/2025 |
| 785 | OBJECTIONS to re 782 Reply to Opposition/Response, [to Reply Evidence] by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 8/14/2025) (Entered: 08/14/2025) | 08/14/2025 |
| 786 | ORDER re reply objections. Signed by Judge Hamilton on 8/18/2025. (pjhlc3, COURT STAFF) (Filed on 8/18/2025) (Entered: 08/18/2025) | 08/18/2025 |
| 787 | RESPONSE re 786 Order, 785 Objection Plaintiffs' Response to Defendants' Objections to Reply Evidence by Meta Platforms, Inc., WhatsApp Inc.. (Perez-Marques, Antonio) (Filed on 8/21/2025) (Entered: 08/21/2025) | 08/21/2025 |

**ER-548**

| # | Docket Text | Date Filed |
|---|---|---|
| 788 | NOTICE OF PUBLIC FILING OF PREVIOUSLY-SEALED BRIEFS by NSO Group Technologies Limited, Q Cyber Technologies Limited re 784 Order on Administrative Motion to Consider Whether Another Partys Material Should Be Sealed,,,,,,,,, Order on Administrative Motion to File Under Seal,,,,,,,,,,, Order on Administrative Motion per Civil Local Rule 7-11,,,,,,,,,,,,,,,, Order on Motion to Remove Incorrectly Filed Document,,,,,,, Order on Motion for Miscellaneous Relief,,,,, OF PUBLIC FILING OF PREVIOUSLY-SEALED BRIEFS (Attachments: # 1 MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF DANA TREXLER, CPA/CFF dated December 18, 2024, # 2 DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITEDS MOTION TO EXCLUDE CERTAIN OPINIONS OF DANA TREXLER, CPA/CFF dated January 9, 2025, # 3 DEFENDANTS TRIAL BRIEF dated March 13, 2025, # 4 DEFENDANTS MOTIONS IN LIMINE NOS. 1-10 dated March 13, 2025, # 5 DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PERMANENT INJUNCTION dated March 14, 2025, # 6 DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITEDS OPPOSITION TO PLAINTIFFS MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF GREGORY A. PINSONNEAULT dated March 20, 2025, # 7 OPPOSITION TO PLAINTIFFS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF JOSHUA J. MINKLER dated March 20, 2025, # 8 DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITEDS OPPOSITION TO PLAINTIFFS MOTION TO EXCLUDE EXPERT TESTIMONY OF COL. TY SHEPARD dated March 20, 2025, # 9 OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF TERRANCE MCGRAW dated March 20, 2025, # 10 REPLY IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITEDS MOTION TO EXCLUDE CERTAIN OPINIONS OF DANA TREXLER, CPA/CFF dated March 27, 2025, # 11 REPLY IN SUPPORT OF DEFENDANTS MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DAVID J. YOUSSEF dated March 27, 2025, # 12 DEFENDANTS REVISED OPPOSITION TO PLAINTIFFS MOTION FOR PERMANENT INJUNCTION dated June 18, 2025)(Craig, Aaron) (Filed on 8/22/2025) Modified on 8/22/2025 (kc, COURT STAFF). (Entered: 08/22/2025) | 08/22/2025 |
| 789 | NOTICE OF FILING PUBLIC VERSIONS PURSUANT TO THE COURT ORDER RE VARIOUS MOTIONS TO SEAL by Meta Platforms, Inc., WhatsApp Inc. re 784 Order on Administrative Motion to Consider Whether Another Partys Material Should Be Sealed, Order on Administrative Motion to File Under Seal, Order on Administrative Motion per Civil Local Rule 7-11, Order on Motion to Remove Incorrectly Filed Document, Order on Motion for Miscellaneous Relief. (Attachments: # 1 Plaintiffs Opposition to Motion of Third Parties Westbridge Technologies, Josh Shaner, and Terrence DiVittorio for Clarification, # 2 Plaintiffs Notice of Motion and Motion to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault, # 3 Plaintiffs Notice of Motion and Motion to Exclude the Expert Testimony of Col. Ty Shepard, # 4 Plaintiffs Notice of Motion and Motion to Exclude Certain Expert Testimony of Gregory A. Pinsonneault, # 5 Plaintiffs Notice of Motion and Motion to Exclude the Expert Testimony of Terrence McGraw, # 6 Plaintiffs Opposition to Defendants Motion to Strike the Supplemental Expert Report of Dana Trexler, # 7 Plaintiffs Reply in Support of Motion to Strike the Second Supplemental Rebuttal Expert Report of Gregory A. Pinsonneault, # 8 Plaintiffs Notice of Motion and Motion for Permanent Injunction, # 9 Plaintiffs Opposition to Defendants Administrative Motion to Continue Briefing Deadlines and Hearing Date on Plaintiffs Motion for Permanent Injunction, # 10 Plaintiffs Notice of Motion and Motion to Exclude the Expert Testimony of Joshua J. Minkler, # 11 Plaintiffs Motions in Limine, # 12 Plaintiffs Opposition to Defendants Motion to Exclude or Limit the Opinions of Plaintiffs Proposed Expert Anthony Vance, Ph.D., # 13 Plaintiffs Opposition to Defendants Motion to Exclude or Limit the Opinions of Plaintiffs Proposed Expert David J. Youssef, # 14 Plaintiffs Opposition to Defendants Motion to Exclude Certain Opinions of Dana Trexler, # 15 Plaintiffs Reply in Support of Motion to Exclude Certain Expert Testimony of Gregory A. Pinsonneault, # 16 Plaintiffs Opposition to Defendants Motions in Limine, # 17 Plaintiffs Reply in Support of Motion to Exclude Col. Ty Shepard, # 18 Plaintiffs Reply in Support of Motion to Exclude the Expert Testimony of Terrence McGraw)(Block, Micah) (Filed on 8/22/2025) Modified on 8/25/2025 (kc, COURT STAFF). (Entered: 08/22/2025) | 08/22/2025 |
| 790 | Administrative Motion to File Under Seal REPLY TO PLAINTIFFS RESPONSE TO DEFENDANTS OBJECTIONS TO REPLY EVIDENCE filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit A- Reply, # 2 Proposed Order)(Akrotirianakis, Joseph) (Filed on 8/25/2025) (Entered: 08/25/2025) | 08/25/2025 |
| 791 | ADMINISTRATIVE MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFFS RESPONSE TO DEFENDANTS OBJECTIONS TO REPLY EVIDENCE re 787 Response ( Non Motion ) filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 8/29/2025. (Attachments: # 1 Exhibit A- Reply, # 2 Proposed Order)(Akrotirianakis, Joseph) (Filed on 8/25/2025) (Entered: 08/25/2025) | 08/25/2025 |
| 792 | Minute Entry for proceedings held before Judge Phyllis J. Hamilton: Motion Hearing held on 8/28/2025 re 558 MOTION for Permanent Injunction, 747 MOTION for New Trial. Court Reporter: Melanie Sonntag. (Attachments: # 1 Witness and Exhibit Log) (kc, COURT STAFF) (Date Filed: 8/28/2025) (Entered: 08/29/2025) | 08/28/2025 |
| 793 | TRANSCRIPT ORDER for proceedings held on 8/28/2025 before Judge Phyllis J. Hamilton by Meta Platforms, Inc., WhatsApp Inc., for Court Reporter Melanie Sonntag. (Block, Micah) (Filed on 8/29/2025) (Entered: 08/29/2025) | 08/29/2025 |
| 794 | NOTICE of Withdrawal filed by Gina M Cora, no longer appearing on behalf of Meta Platforms, Inc., WhatsApp Inc. in this case (Cora, Gina) (Filed on 9/2/2025) (Entered: 09/02/2025) | 09/02/2025 |
| 795 | Transcript of Proceedings held on 8/28/2025, before Judge Phyllis J. Hamilton. Court Reporter/Transcriber Melanie L. Humphrey-Sonntag, telephone number (307) 433-2169. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 793 Transcript Order ) Release of Transcript Restriction set for 12/1/2025. (Related documents(s) 793 ) (Humphrey-Sonntag, Melanie) (Filed on 9/2/2025) (Entered: 09/02/2025) | 09/02/2025 |

2/11/26, 3:38 PM                                                         app.pacerpro.com/cases/11756078/print?q=

| # | Docket Text | Date Filed |
|---|---|---|
| 796 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited [OF PUBLIC FILING OF PREVIOUSLY-SEALED EXHIBITS] (Attachments: # 1 DKT. 396-4 EXHIBIT 3 TO THE DECLARATION OF AARON CRAIG, # 2 DKT. 396-5 EXHIBIT 4 TO THE DECLARATION OF JOSEPH N. AKROTIRIANAKIS, # 3 DKT. 399-4 EXHIBITS 1, 5-6, 8, 10, 17, 21, 25, 29-30 TO THE DECLARATION OF MICAH G. BLOCK, # 4 DKT. 405-4 EXHIBITS N-Q TO DECLARATION OF MICAH G. BLOCK, # 5 DKT. 418-5 EXHIBITS 5, 7, 9, 22, 26-27, 30 TO THE DECLARATION OF MICAH G. BLOCK, # 6 DKT. 418-7 EXHBIT B TO THE DECLARATION OF ANTHONY VANCE, # 7 DKT. 418-8 DECLARATION OF DAVID YOUSSEF, # 8 DKT. 419-3 EXHIBIT 2 TO DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT, # 9 DKT. 419-4 EXHIBIT 3 TO DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT, # 10 DKT. 419-5 EXHBIT D-E TO THE DECLARATION OF JOSEPH A. AKROTIRIANAKIS, # 11 DKT. 429-4 EXHBITS 1, 6, 10 TO THE DECLARATION OF AARON CRAIG, # 12 DKT. 429-5 EXHIBIT 21 TO THE DECLARATION OF AARON CRAIG, # 13 DKT. 429-6 EXHIBIT 22-25 TO THE DECLARATION OF AARON CRAIG, # 14 DKT. 429-7 EXHIBIT 26-28 TO THE DECLARATION OF AARON CRAIG, # 15 DKT. 429-9 EXHIBIT 32-33 TO THE DECLARATION OF AARON CRAIG, # 16 DKT. 429-10 EXHIBIT 38-45 TO THE DECLARATION OF AARON CRAIG, # 17 DKT. 429-11 EXHIBIT 46-56 TO THE DECLARATION OF AARON CRAIG, # 18 DKT. 429-12 EXHIBIT 57-62 TO THE DECLARATION OF AARON CRAIG, # 19 DKT. 429-13 EXHIBIT 63-75 TO THE DECLARATION OF AARON CRAIG, # 20 DKT. 429-14 EXHIBIT 76-90 TO THE DECLARATION OF AARON CRAIG, # 21 DKT. 429-15 EXHIBIT 91-99 TO THE DECLARATION OF AARON CRAIG, # 22 DKT. 429-18 EXHIBIT D, DECLARATION OF TAMIR GAZNELI, # 23 DKT. 433-3 EXHIBIT 2 TO THE REPLY IN SUPPORT OF DEFENDANTS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, # 24 DKT. 433-4 EXHIBIT 3 TO THE REPLY IN SUPPORT OF DEFENDANTS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, # 25 DKT. 433-5 EXHIBIT CC TO THE SUPPLEMENTAL DECLARATION OF JOSEPH N. AKROTIRIANAKIS, # 26 DKT. 436-4 EXHIBITS 37-38 TO THE REPLY DECLARATION OF MICAH G. BLOCK, # 27 DKT. 436-5 REPLY DECLARATION OF DAVID YOUSSEF, # 28 KT. 436-6 EXHIBITS A-B TO THE REPLY DECLARATION OF DAVID YOUSSEF, # 29 DKT. 443-4 EXHIBIT R TO THE REPLY DECLARATION OF MICAH G. BLOCK)(Craig, Aaron) (Filed on 9/15/2025) (Entered: 09/15/2025) | 09/15/2025 |
| 797 | Administrative Motion to File Under Seal Joint Omnibus Administrative Motion to File Under Seal filed by Meta Platforms, Inc., WhatsApp Inc.. (Marzorati, Luca) (Filed on 9/20/2025) (Entered: 09/20/2025) | 09/20/2025 |
| 798 | DOCUMENT E-FILED UNDER SEAL re 784 Order on Administrative Motion to Consider Whether Another Partys Material Should Be Sealed,,,,,,,,,,, Order on Administrative Motion to File Under Seal,,,,,,,,,,, Order on Administrative Motion per Civil Local Rule 7-11,,,,,,,,,,,,,,,,,, Order on Motion to Remove Incorrectly Filed Document,,,,,,,, Order on Motion for Miscellaneous Relief,,,,, by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 DKT 507-1 - UNREDACTED, # 2 DKT 507-2 - UNREDACTED, # 3 DKT 511-1 - UNREDACTED, # 4 DKT 511-3 - UNREDACTED, # 5 DKT 511-4 - UNREDACTED, # 6 DKT 513-4 - UNREDACTED, # 7 DKT 514-2 - UNREDACTED, # 8 DKT 592-4 - UNREDACTED, # 9 DKT 596-1 - UNREDACTED, # 10 DKT 596-16 - UNREDACTED, # 11 DKT 604-1 - UNREDACTED, # 12 DKT 604-3 - UNREDACTED, # 13 DKT 608-3 - UNREDACTED, # 14 DKT 612-1 - UNREDACTED, # 15 DKT 616-1 - UNREDACTED, # 16 DKT 640-4 - UNREDACTED, # 17 DKT 648-4 - UNREDACTED, # 18 DKT 759-1 - UNREDACTED, # 19 DKT 759-3 - UNREDACTED)(Craig, Aaron) (Filed on 9/20/2025) (Entered: 09/20/2025) | 09/20/2025 |
| 799 | CERTIFICATE OF SERVICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re 798 Document E-Filed Under Seal,,,, (Craig, Aaron) (Filed on 9/22/2025) (Entered: 09/22/2025) | 09/22/2025 |
| 800 | STIPULATION WITH PROPOSED ORDER Joint Stipulation and [Proposed] Order re Deposition Designations filed by Meta Platforms, Inc., WhatsApp Inc.. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Appendix D, # 5 Appendix E) (Marzorati, Luca) (Filed on 9/23/2025) (Entered: 09/23/2025) | 09/23/2025 |
| 801 | JOINT STIPULATION AND ORDER RE DEPOSITION DESIGNATIONS by Judge Phyllis J. Hamilton granting 800 Stipulation. (kc, COURT STAFF) (Filed on 9/24/2025) (Entered: 09/24/2025) | 09/24/2025 |
| 802 | ORDER by Judge Hamilton re 558 motion for permanent injunction; 747 motion for new trial. (pjhlc3, COURT STAFF) (Filed on 10/17/2025) (Entered: 10/17/2025) | 10/17/2025 |
| 803 | NOTICE by Meta Platforms, Inc., WhatsApp Inc. Plaintiffs' Notice of Filing of [Proposed] Order Granting Plaintiffs' Motion for Permanent Injunction and [Proposed] Final Judgment (Attachments: # 1 1 - [Proposed] Order Granting Plaintiffs' Motion for Permanent Injunction, # 2 2 - Annotated Version of [Proposed] Order Granting Plaintiffs' Motion for Permanent Injunction, # 3 3 - [Proposed] Final Judgment)(Andres, Greg) (Filed on 10/31/2025) (Entered: 10/31/2025) | 10/31/2025 |
| 804 | NOTICE by Meta Platforms, Inc., WhatsApp Inc. Plaintiffs' Notice of Acceptance of Remittitur (Andres, Greg) (Filed on 10/31/2025) (Entered: 10/31/2025) | 10/31/2025 |
| 805 | RESPONSE re 803 Notice (Other), [RESPONSE AND OBJECTION TO PLAINTIFFS SECOND PROPOSED ORDER GRANTING MOTION FOR PERMANENT INJUNCTION AND REQUEST FOR ADMINISTRATIVE STAY AND FOR BRIEFING SCHEDULE FOR MOTION TO STAY] by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Akrotirianakis, Joseph) (Filed on 11/4/2025) (Entered: 11/04/2025) | 11/04/2025 |
| 806 | ORDER re defendants' response and objection to proposed injunction order. Signed by Judge Hamilton on 11/5/2025. (pjhlc3, COURT STAFF) (Filed on 11/5/2025) (Entered: 11/05/2025) | 11/05/2025 |
| 807 | RESPONSE re 805 Response ( Non Motion ), Plaintiffs' Response to Defendants' Objections to Plaintiffs' Second Proposed Order Granting Motion for Permanent Injunction and Request for Administrative Stay and for Briefing Schedule for Motion to Stay by Meta Platforms, Inc., WhatsApp Inc.. (Andres, Greg) (Filed on 11/10/2025) (Entered: 11/10/2025) | 11/10/2025 |

**ER-550**

| # | Docket Text | Date Filed |
|---|---|---|
| 808 | ORDER resolving defendants' objections to proposed injunction order. Signed by Judge Hamilton on 11/12/2025. (pjhlc3, COURT STAFF) (Filed on 11/12/2025) (Entered: 11/12/2025) | 11/12/2025 |
| 809 | ORDER granting plaintiffs' motion for permanent injunction. Signed by Judge Hamilton on 11/12/2025. (pjhlc3, COURT STAFF) (Filed on 11/12/2025) (Entered: 11/12/2025) | 11/12/2025 |
| 810 | Final judgment. Signed by Judge Hamilton on 11/12/2025. (pjhlc3, COURT STAFF) (Filed on 11/12/2025) (Entered: 11/12/2025) | 11/12/2025 |
| 811 | ORDER re administrative stay and setting briefing schedule for motion to stay pending appeal. Signed by Judge Hamilton on 11/12/2025. (pjhlc3, COURT STAFF) (Filed on 11/12/2025) (Entered: 11/12/2025) | 11/12/2025 |
|  | Set Deadlines re 811 Order: Motion to Stay due by 11/19/2025. Opposition due by 11/26/2025. Reply due by 12/3/2025. (kc, COURT STAFF) (Filed on 11/12/2025) (Entered: 11/12/2025) | 11/12/2025 |
| 812 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Appeal fee of $605 receipt number ACANDC-21367872 paid.) (Akrotirianakis, Joseph) (Filed on 11/19/2025) (Entered: 11/19/2025) | 11/19/2025 |
| 813 | MOTION to Stay PERMANENT INJUNCTION PENDING APPEAL filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Responses due by 12/3/2025. Replies due by 12/10/2025. (Attachments: # 1 Declaration of Yaron Shohat, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Proposed Order)(Akrotirianakis, Joseph) (Filed on 11/19/2025) (Entered: 11/19/2025) | 11/19/2025 |
|  | Reset Deadlines as to 813 MOTION to Stay Permanent Injunction Pending Appeal. Opposition due by 11/26/2025. Reply due by 12/3/2025. (kc, COURT STAFF) (Filed on 11/20/2025) (Entered: 11/20/2025) | 11/20/2025 |
| 814 | USCA Case Number 25-7380 Ninth Circuit for 812 Notice of Appeal to the Ninth Circuit filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. TIME SCHEDULE ORDER: Appeal Opening Brief Due (Appellant) 2/11/2026, Appeal Transcript Order Due (Appellant) 12/4/2025, Appeal Transcript Due (Appellant) 1/5/2026, Mediation Questionnaire due (Appellant) 12/1/2025, Appeal Answering Brief Due (Appellee) 3/13/2026. Failure of the petitioner(s)/appellant(s) to comply with this briefing schedule will result in automatic dismissal of the appeal. (dhm, COURT STAFF) (Filed on 11/24/2025) (Entered: 11/25/2025) | 11/24/2025 |
| 815 | OPPOSITION/RESPONSE (re 813 MOTION to Stay PERMANENT INJUNCTION PENDING APPEAL ) filed byMeta Platforms, Inc., WhatsApp Inc.. (Andres, Greg) (Filed on 11/26/2025) (Entered: 11/26/2025) | 11/26/2025 |
| 816 | MOTION for Attorney Fees filed by Meta Platforms, Inc., WhatsApp Inc.. Motion for Attorney Fees Hearing set for 1/8/2026 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. Responses due by 12/10/2025. Replies due by 12/17/2025. (Attachments: # 1 Declaration of Micah G. Block, # 2 Declaration of Ronald A. Lehmann, # 3 Declaration of Phillip E. Morton, # 4 Declaration of Catalina Vergara, # 5 Proposed Order)(Block, Micah) (Filed on 11/26/2025) (Entered: 11/26/2025) | 11/26/2025 |
| 817 | CLERK'S NOTICE. Notice is hereby given that counsel must re-notice NOT re-file 816 Motion for Attorney Fees. Hearing date of January 8, 2026, is vacated due to Judge's unavailability. The briefing schedule remains in effect. Counsel is directed to check the Judge's webpage on the Court's website regarding scheduling before re-noticing the motion for a new hearing date. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kc, COURT STAFF) (Filed on 12/1/2025) (Entered: 12/01/2025) | 12/01/2025 |
| 818 | Transcript Designation Form for proceedings held on 11/2/23, 2/15/24, 11/7/24, 4/10/25, 4/24/25, 4/28/25, 4/29/25, 4/30/25, 5/1/25, 5/2/25, 5/5/25, 5/6/25, and 8/28/25 before Judge Phyllis J. Hamilton, (Akrotirianakis, Joseph) (Filed on 12/1/2025) (Entered: 12/01/2025) | 12/01/2025 |
| 819 | Renotice motion hearing re 816 MOTION for Attorney Fees Plaintiffs' Amended Notice of Motion for Attorney's Fees filed byMeta Platforms, Inc., WhatsApp Inc.. (Related document(s) 816 ) (Block, Micah) (Filed on 12/1/2025) (Entered: 12/01/2025) | 12/01/2025 |
| 820 | STIPULATION WITH PROPOSED ORDER ON BRIEFING SCHEDULE FOR PLAINTIFFS MOTION FOR ATTORNEYS FEES filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis) (Akrotirianakis, Joseph) (Filed on 12/2/2025) (Entered: 12/02/2025) | 12/02/2025 |
|  | Reset Deadlines as to 816 MOTION for Attorney Fees. Motion Hearing set for 1/22/2026 at 01:30 PM in Oakland, Courtroom 3, 3rd Floor before Judge Phyllis J. Hamilton. (kc, COURT STAFF) (Filed on 12/2/2025) (Entered: 12/02/2025) | 12/02/2025 |
| 821 | REPLY (re 813 MOTION to Stay PERMANENT INJUNCTION PENDING APPEAL ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 12/3/2025) (Entered: 12/03/2025) | 12/03/2025 |
| 822 | STIPULATION AND ORDER ON BRIEFING SCHEDULE FOR PLAINTIFFS' MOTION FOR ATTORNEY'S FEES by Judge Phyllis J. Hamilton granting 820 Stipulation. Opposition due by 12/17/2025. Reply due by 1/7/2026. (kc, COURT STAFF) (Filed on 12/4/2025) (Entered: 12/04/2025) | 12/04/2025 |
| 823 | OPPOSITION/RESPONSE (re 816 MOTION for Attorney Fees ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Attachments: # 1 Declaration of Joseph N. Akrotirianakis, # 2 Exhibit A - (Gheorghe Excerpts), # 3 Exhibit B - (Woog Excerpts))(Akrotirianakis, Joseph) (Filed on 12/17/2025) (Entered: 12/17/2025) | 12/17/2025 |

**ER-551**

| # | Docket Text | Date Filed |
|---|---|---|
| 824 | ORDER by Judge Hamilton denying 813 motion to stay permanent injunction; extending administrative stay for 45 days.(pjhlc3, COURT STAFF) (Filed on 12/19/2025) (Entered: 12/19/2025) | 12/19/2025 |
| 825 | Copy of Motion to Stay Permanent Injunction Pending Appeal re 812 Notice of Appeal to the Ninth Circuit, USCA #25-7380. (dhm, COURT STAFF) (Filed on 12/26/2025) (Entered: 12/29/2025) | 12/26/2025 |
| 826 | Copy of Response to Motion to Stay Lower Court or Agency Proceedings, Order, or Judgment filed by Appellee WhatsApp, Appellee Meta Platforms, Inc. re 812 Notice of Appeal to the Ninth Circuit. (dhm, COURT STAFF) (Filed on 1/6/2026) (Entered: 01/07/2026) | 01/06/2026 |
| 827 | REPLY (re 816 MOTION for Attorney Fees ) filed byMeta Platforms, Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Phillip E. Morton, # 2 Supplemental Declaration of Catalina Vergara (w/ Exhibit A) - Redacted)(Block, Micah) (Filed on 1/7/2026) (Entered: 01/07/2026) | 01/07/2026 |
| 828 | Administrative Motion to File Under Seal the Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees and Its Exhibit A filed by Meta Platforms, Inc., WhatsApp Inc.. (Attachments: # 1 Declaration of Catalina Vergara in Support of Motion to Seal, # 2 Exhibit 1 to Vergara Declaration - UNREDACTED Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees, # 3 Exhibit 2 to Vergara Declaration - UNREDACTED Exhibit A to Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees, # 4 Proposed Order)(Vergara, Catalina) (Filed on 1/7/2026) (Entered: 01/07/2026) | 01/07/2026 |
| 829 | CERTIFICATE OF SERVICE by Meta Platforms, Inc., WhatsApp Inc. re 828 Administrative Motion to File Under Seal the Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees and Its Exhibit A (Vergara, Catalina) (Filed on 1/7/2026) (Entered: 01/07/2026) | 01/07/2026 |
| 830 | OPPOSITION/RESPONSE (re 828 Administrative Motion to File Under Seal the Supplemental Declaration of Catalina Vergara in Support of Plaintiffs' Motion for Attorney's Fees and Its Exhibit A ) filed byNSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 1/12/2026) (Entered: 01/12/2026) | 01/12/2026 |
| 831 | OBJECTIONS to re 827 Reply to Opposition/Response, [DEFENDANTS OBJECTIONS TO REPLY EVIDENCE [L.R. 7-3(d)]] by NSO Group Technologies Limited, Q Cyber Technologies Limited. (Akrotirianakis, Joseph) (Filed on 1/12/2026) (Entered: 01/12/2026) | 01/12/2026 |
| 832 | CLERK'S NOTICE VACATING MOTION HEARING. Before the Court is [816} Motion for Attorney Fees filed by Meta Platforms, Inc., WhatsApp Inc.. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument. The hearing on this matter that is currently scheduled for 1/22/2026, at 1:30 PM is hereby VACATED. The Court will issue a written decision on the papers. (This is a text-only entry generated by the court. There is no document associated with this entry.) (nmh, COURT STAFF) (Filed on 1/12/2026) (Entered: 01/12/2026) | 01/12/2026 |
| 833 | NOTICE of Appearance filed by Derek Lawrence Shaffer on behalf of NSO Group Technologies Limited, Q Cyber Technologies Limited (Shaffer, Derek) (Filed on 1/22/2026) (Entered: 01/22/2026) | 01/22/2026 |
| 834 | ORDER of USCA as to 812 Notice of Appeal to the Ninth Circuit filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. The motion to stay the permanent injunction is denied. The existing briefing schedule remains in effect. (dhm, COURT STAFF) (Filed on 1/28/2026) (Entered: 01/29/2026) | 01/28/2026 |
| 835 | ORDER by Judge Hamilton granting 816 Motion for Attorney's Fees; denying 828 Administrative Motion to File Under Seal. (pjhlc3, COURT STAFF) (Filed on 1/30/2026) (Entered: 01/30/2026) | 01/30/2026 |
| 836 | NOTICE by NSO Group Technologies Limited, Q Cyber Technologies Limited re Denial of Motion for Stay Pending Appeal (Noller, Matthew) (Filed on 2/2/2026) (Entered: 02/02/2026) | 02/02/2026 |
|  | ***Civil Case Terminated.*** (nmh, COURT STAFF) (Filed on 2/2/2026) (Entered: 02/02/2026) | 02/02/2026 |
| 837 | NOTICE by Meta Platforms, Inc., WhatsApp Inc. /Notice of Public Filing of Supplemental Declaration of Catalina Vergara in Support of Plaintiffs Motion for Attorneys Fees and Exhibit A (Attachments: # 1 Exhibit 1 to Notice of Public Filing, # 2 Exhibit 2 to Notice of Public Filing)(Vergara, Catalina) (Filed on 2/6/2026) (Entered: 02/06/2026) | 02/06/2026 |
| 838 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by NSO Group Technologies Limited, Q Cyber Technologies Limited. Appeal of Order on Motion for Attorney Fees, Order on Administrative Motion to File Under Seal[835] (Appeal fee of $605 receipt number ACANDC-21642975 paid.) (Akrotirianakis, Joseph) (Filed on 2/11/2026) (Entered: 02/11/2026) | 02/11/2026 |

## ER-552